1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   CHARLES L. THOMPSON IV (State Bar No. 139927)
    Email: thompson@kmm.com
3   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
4   San Francisco, California 94104
    Telephone:   (415) 421-3111
5   Facsimile:   (415) 421-0938

6   Attorneys for Defendant
    CITY OF SANTA ROSA
7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMES A. MITCHEL,                         CASE NO.
                                              (Sonoma County Superior Court
12              Plaintiff,                     Case No. SCV 242901)

13  v.                                        NOTICE OF REMOVAL
                                              28 U.S.C. Section 1441(b)
14  CITY OF SANTA ROSA, and DOES 1            [FEDERAL QUESTION]
    through 50, inclusive,
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF REMOVAL                    CASE NO. _____ (SONOMA COUNTY
28 U.S.C. SECTION 1441(B) [FEDERAL QUESTION]   SUPERIOR COURT CASE NO. SCV 242901)

1   **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

2   **CALIFORNIA, AND TO PLAINTIFF JAMES A. MITCHEL AND HIS ATTORNEYS OF**

3   **RECORD:**

4         **PLEASE TAKE NOTICE** that Defendant City of Santa Rosa ("Defendant"

5   or "the City") hereby removes the above-captioned action from the Superior Court for the

6   State of California, in and for the County of Sonoma, to the United States District Court,

7   Northern District of California. Defendant asserts that original federal jurisdiction exists

8   pursuant to 28 U.S.C. Section 1331 (Federal Question).

9         **PROCEDURAL BACKGROUND**

10       1.    On May 22, 2008, Plaintiff James A. Mitchel ("Plaintiff") filed a

11  Complaint for Damages ("the Complaint") against the City, in the Superior Court of the

12  State of California, in and for the County of Sonoma, Case Number SCV 242901 ("the

13  State Court Action"), entitled: *James A. Mitchel v. City of Santa Rosa, and Does 1*

14  *through 50*. True and correct copies of the Summons and Complaint are attached

15  hereto as **Exhibit A**.

16       2.    On May 22, 2008, the City was served with the Summons and

17  Complaint. The following documents were served with the Summons and Complaint: (1)

18  Notice of Assignment to One Judge for All Purposes, Notice of Case Management

19  Conference and Order to Show Cause; and (2) Civil Case Cover Sheet. True and

20  correct copies of all documents served with the Summons and Complaint are attached

21  hereto as **Exhibit B**. Exhibits A and B constitute all process, proceedings and orders

22  served in the State Court Action.

23       3.    Plaintiff purports to assert causes of action against the City for

24  (1) breach of duty of confidentiality: Employer-Employee Relations Ordinance (City of

25  Santa Rosa); (2) violation of California Constitution Article 1, Section 1 (privacy);

26  (3) violation of 42 U.S.C. Section 1983 (violation of U.S. Constitution fundamental right to

27  privacy); (4) violation of 42 U.S.C. Section 1983 (violation of U.S. Constitution due

28  process rights); (5) conspiracy to violate civil rights to due process of law; (6) conspiracy

-1-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF REMOVAL                 CASE NO.               (SONOMA COUNTY
28 U.S.C. SECTION 1441(B) [FEDERAL QUESTION]         SUPERIOR COURT CASE NO. SCV 242901)

1    to violate right to privacy; (7) negligent infliction of emotional distress; (8) intentional

2    infliction of emotional distress; (9) intentional interference with prospective economic

3    relations; (10) municipal liability; and (11) gender discrimination.

**TIMELINESS OF REMOVAL**

4    4.    Pursuant to 28 U.S.C. Section 1446(b), the City has filed this

5    removal within thirty (30) days after its receipt, through service or otherwise, of a copy of

6    the Summons and Complaint in the State Court Action.

**FEDERAL QUESTION JURISDICTION**

7    5.    This is a civil action of which this Court has original jurisdiction

8    pursuant to 28 U.S.C. Section 1331, in that it is a civil action arising under the

9    Constitution or laws of the United States.  It is one which may be removed to this Court

10   by the City pursuant to 28 U.S.C. Section 1441(b) in that it is a civil action of which the

11   district courts have original jurisdiction founded on a claim or right arising under the

12   Constitution or laws of the United States.  Specifically, Plaintiff alleges claims for relief

13   arising under the laws of the United States (42 U.S.C. Section 1983), and the United

14   States Constitution.

15   6.    This Court has supplemental jurisdiction over Plaintiff's state law

16   causes of action pursuant to 28 U.S.C. Section 1367(a), in that Plaintiff's state law

17   causes of action form part of the same case or controversy under Article III of the United

18   States Constitution as those claims for relief over which the Court has original

19   jurisdiction.

20   7.    The City is the only non-fictitious defendant named in the Complaint,

21   and the only defendant that has been served with the Summons and Complaint.

**VENUE**

22   8.    Plaintiff commenced the State Court Action in the Superior Court for

23   the State of California, in and for the County of Sonoma.  Accordingly, pursuant to 28

24   U.S.C. Sections 84 and 1441(a), venue lies in the United States District Court, Northern

25   District of California.

- 2 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF REMOVAL                                    CASE NO. _____ (SONOMA COUNTY
28 U.S.C. SECTION 1441(B) [FEDERAL QUESTION]         SUPERIOR COURT CASE NO. SCV 242901)

1        9.    The Complaint alleges activities occurring in the County of Sonoma.

2    Pursuant to United States District Court, Northern District Local Rule 3-2(d), the

3    appropriate assignment of this action is to the San Francisco or Oakland division of this

4    Court.

5             **NOTICE TO PLAINTIFF AND THE SUPERIOR COURT**

6        10.    As required by 28 U.S.C. Section 1446(d), the City will provide

7    Plaintiff through his counsel, with prompt written notice of the removal of the State Court

8    Action.

9        11.    The City will also file a copy of the Notice of Removal with the

10    Superior Court of the State of California, in and for the County of Sonoma, pursuant to

11    28 U.S.C. Section 1446(d).

12        **WHEREFORE**, Defendant hereby removes this action from the Superior

13    Court of the State of California, in and for the County of Sonoma, to the United States

14    District Court, Northern District of California.

15    DATED:    May 29, 2008        Respectfully submitted,

16                          KAUFF MCCLAIN & MCGUIRE LLP

17

18                          By:_____

19                                MAUREEN E. MCCLAIN

20                          Attorneys for Defendant
                                 CITY OF SANTA ROSA

21

22    4838-4374-2210.1

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF REMOVAL
28 U.S.C. SECTION 1441(B) [FEDERAL QUESTION]

CASE NO. _____ (SONOMA COUNTY
SUPERIOR COURT CASE NO. SCV 242901)

EXHIBIT A

**SU MONS** ON COMPLAINT
*(CITACION JUDICIAL)*

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED

MAY 22 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ROSA.

and

DOES 1 through 50, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES A. MITCHEL

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya una formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SONOMA COUNTY SUPERIOR COURT<br>600 ADMINISTRATION DRIVE<br><br>SANTA ROSA, CA  95403 | **CASE NUMBER:**<br>*(Número del Caso):*   SCV  242901 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL G. MILLER, SBN: 136491          (707) 525-8800  (707) 545-8242
SCOTT A. LEWIS, SBN: 149094
PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ, LLP, 438 1st Street, 4th Floor
Santa Rosa, CA  95402

| DATE:  **MAY 2 2 2008** | | KAREN TUMANENG | |
|---|---|---|---|
| *(Fecha)* | DENISE L. GORDON | Clerk, by | , Deputy |
| | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons  (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br><br>under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)<br>        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>        ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):*      Page 1 of 1 |
|---|---|

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

1  MICHAEL G. MILLER (SBN: 136491)
   SCOTT A. LEWIS (SBN: 149094)
2  PERRY, JOHNSON, ANDERSON,
   MILLER & MOSKOWITZ, LLP
3  438 First Street, Fourth Floor
   Post Office Box 1028
4  Santa Rosa, CA 95404
   Telephone: (707) 525-8800
5  Facsimile: (707) 545-8242

6

Attorneys for Plaintiff JAMES A. MITCHEL

7

ENDORSED
FILED

MAY 22 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

8          SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

9

10  JAMES A. MITCHEL,                    CASE NO. SCV  242901

11              Plaintiff,               COMPLAINT FOR DAMAGES

12  vs.                                  (Unlimited Civil Case)

13  CITY OF SANTA ROSA, and DOES 1       1.   Breach of Duty of Confidentiality:
14  through 50, inclusive,                    Employer-Employee Relations
                                              Ordinance (City of Santa Rosa)
15              Defendants.              2.   Violation of California Constitution
                                              Article 1, § 1: Privacy
16  _____ /      3.   42 U.S.C. § 1983 Violation of U.S.
                                              Constitution Fundamental Right to
17                                            Privacy
                                        4.   42 U.S.C. § 1983 Violation of U.S.
18                                            Constitution Due Process Rights
                                        5.   Conspiracy to Violate Civil Rights
19                                            To Due Process of Law
                                        6.   Conspiracy to Violate Right to
20                                            Privacy
                                        7.   Negligent Infliction of Emotional
21                                            Distress
                                        8.   Intentional Infliction of Emotional
22                                            Distress
                                        9.   Intentional Interference With
23                                            Prospective Economic Relations
                                        10.  Municipal Liability
24                                       11.  Gender Discrimination

25      PLAINTIFF alleges:

26      1.   Plaintiff JAMES A. MITCHEL ("PLAINTIFF") was, at all times relevant to the

27  issues herein, a resident of the State of California and an employee of defendant CITY OF

28  SANTA ROSA ("CITY").

**COMPLAINT FOR DAMAGES**                    1

1     2.     CITY is a general law city incorporated as such under the laws of the State of

2   California.

3     3.     JEFF KOLIN (hereafter "KOLIN") was and is the City Manager of the CITY and

4   the managing agent of his department. Further, KOLIN is responsible for making, deciding and

5   executing policy and customs within his department. KOLIN is fully authorized under the

6   governing body to decide and execute the actions of his department. Further, KOLIN was in

7   complete control of the policy, decision-making and execution of the workings of his department

8   as City Manager.

9     4.     CAROLINE FOWLER (hereafter "FOWLER") was and is the City Attorney

10  Designate of the CITY and the managing agent of her department. Further, FOWLER is

11  responsible for making, deciding and executing policy and customs within her department.

12  FOWLER is fully authorized under the governing body to decide and execute the actions of her

13  department. FOWLER was in complete control of the policy, decision-making and execution of

14  the workings of her department as the City Attorney Designate. Further, FOWLER has over ten

15  years experience working as an attorney for the CITY, with direct and extensive involvement

16  with the Santa Rosa Police Department (SRPD). This vast experience placed her in a position of

17  influence, authority, and complete knowledge of the proper procedures for such investigations.

18    5.     PLAINTIFF has no knowledge of the true names and capacities of the defendants

19  sued herein as DOES 1 through 50, inclusive, and therefore PLAINTIFF sues these DOE

20  defendants by such fictitious names. PLAINTIFF will amend this Complaint to allege the true

21  names and capacities of these DOE defendants when the same has been ascertained.

22    6.     Each of the defendants, including the DOE defendants, is responsible in some

23  manner for the occurrences herein alleged, and that each defendant acted as the agent of the other

24  defendants, and that PLAINTIFF'S damages as herein alleged were proximately caused, in whole

25  or in part, by the wrongful acts and/or omissions of these defendants. Each of the defendants

26  herein, including the DOE defendants, gave consent to, ratified, and/or authorized the acts or

27  omissions herein alleged of each of the remaining defendants.

28

---

**COMPLAINT FOR DAMAGES**         2

7.    PLAINTIFF had been an employee of the Sacramento County Sheriff's Department since 1978 and a law enforcement officer since 1976, in good standing when he retired in March 2005. PLAINTIFF was never disciplined for anything.

8.    PLAINTIFF was sought out and actively recruited by the CITY as a Police Captain for the SRPD, being hired June 6, 2005. The Command Staff of the SRPD, consisting of lieutenants and other ranking members of the department, was dysfunctional when he arrived to assume his position. The hiring of PLAINTIFF was intended, among other things, to address said dysfunctions as well as problems within SRPD.

9.    PLAINTIFF sold his Sacramento residence and purchased one in Sonoma County. Upon his hiring, PLAINTIFF was assigned Commander for the Special Services Division and had two lieutenants reporting directly to him – Jerry Briggs ("BRIGGS") and James Zboralske ("ZBORALSKE").

10.    In January 2007, SRPD Officer Erin Holroyd ("HOLROYD") intended to make an informal complaint about gender disparity at the SRPD. HOLROYD made such complaint, but made no specific allegations against PLAINTIFF to ZBORALSKE. ZBORALSKE usurped the chain of command and ordered Sophia Selivanoff ("SELIVANOFF") to take HOLROYD to the City of Santa Rosa Human Resources Department headed by Karen Walker ("WALKER"). Thereafter, ZBORALSKE refused to divulge the substance of HOLROYD'S complaint to the SRPD Chief of Police, Edwin Flint ("FLINT"), or PLAINTIFF.

11.    In August 2007, PLAINTIFF, as a part of normal and routine rotations, became Commander of the SRPD Field Services Division. He was then no longer the direct supervisor of ZBORALSKE.

12.    On December 19, 2007, SELIVANOFF filed a formal complaint of unlawful retaliation against FLINT. In that two page complaint, SELIVANOFF does not mention any actions on the part of PLAINTIFF, nor does she mention any activities conducted by PLAINTIFF. SELIVANOFF claimed she was not promoted to a coveted SRPD Administrative Services Officer position due to her support of HOLROYD'S complaint of gender disparity.

13.    In January 2008, PLAINTIFF was advised by FLINT that ZBORALSKE

1    had filed a 28 page complaint of discrimination against him and PLAINTIFF. The formal

2    complaint against FLINT and PLAINTIFF alleged unlawful discrimination, hostile work

3    environment, and retaliation. More than half of the allegations were leveled at FLINT. A copy

4    of the complaint was sent to ZBORALSKE'S personal attorney, Toni Lisoni ("LISONI"). Upon

5    receipt of said complaint of discrimination, WALKER opined that ZBORALSKE'S complaint

6    was filed for the purpose of obtaining "a financial settlement" when ZBORALSKE left work.

7    WALKER insisted that the City be "very assertive" about keeping ZBORALSKE at work and

8    resolving his complaint.

9      14.    On February 5, 2008, FOWLER emailed PLAINTIFF, informing him that Kathy

10    Warr ("WARR"), manager of the SRPD Technical Services Division, filed a formal complaint

11    against PLAINTIFF and FLINT alleging gender discrimination, hostile work environment and

12    illegal retaliation.

13      15.    FOWLER told the PLAINTIFF she is a personal friend of ZBORALSKE.

14      16.    On February 7, 2008, PLAINTIFF was informed that an internal affairs

15    investigation had commenced regarding the formal complaints of SELIVANOFF, HOLROYD,

16    ZBORALSKE and WARR (collectively "COMPLAINANTS").

17      17.    PLAINTIFF understands that investigator Edward S. Kreins ("KREINS"),

18    appointed by DEFENDANTS, has a personal connection to attorney Lisoni.

19      18.    On February 14, 2008, PLAINTIFF was interviewed by KREINS. PLAINTIFF

20    fully cooperated with KREINS and the investigative process, relying on the duty of

21    confidentiality owed to him by DEFENDANTS and the language of CITY laws and ordinances.

22      19.    PLAINTIFF was informed on March 14, 2008, by then Santa Rosa City Attorney,

23    Brien Farrell, that the investigative report ( "REPORT") was complete, and a copy was available

24    for PLAINTIFF because he was the subject of the investigation. Upon said notice, PLAINTIFF

25    was sent to pick up his copy of the report directly from FOWLER that same day.

26      20.    In the presence of PLAINTIFF, FOWLER unlawfully gave a full and complete

27    copy of this highly confidential and privileged REPORT to WARR, which constituted a breach

28    of Duty of Confidentiality as cited by the CITY Ordinances Chapter 2-36, Personnel Rules and

---

**COMPLAINT FOR DAMAGES**      4

1  Regulations, as well as blatant, willful, and reckless violations of CITY Anti-Harassment Policy

2  #700-03 C.1.b., CITY Employer-Employee Relations Ordinance Section 10 Rule 8

3  (ORDINANCE), California Constitution Article 1, § 1: Privacy, Penal Code § 832.7; Attorney

4  General Opinion 99-503, U.S. Constitutional Right to Privacy, and U.S. Constitutional Due

5  Process Rights. Each of the above quoted laws are incorporated and agreed to by the CITY in

6  Article 9 of PLAINTIFF'S Memorandum of Understanding, Exhibit A to Resolution No. 26880

7  effective July 1, 2007 through June 30, 2008 ("MOU"). In spite of these separate bodies of law,

8  of which FOWLER has complete knowledge, FOWLER willfully violated such laws in favor of

9  WARR knowing full well and intending that COMPLAINANTS have the REPORT, destroying

10  PLAINTIFF'S right to impartial witnesses and a fair disciplinary hearing.

11      21.  FOWLER provided such information to WARR as a personal favor, with full

12  knowledge as City Attorney that such disclosure violated state law, specifically Penal Code §

13  832.7 and Attorney General Opinion 99-503 which proclaims it a misdemeanor under

14  Government Code § 1222 if such violations are found.

15      22.  Attorney Maureen McClain, who represents CITY, admitted to allowing all

16  COMPLAINANTS and LISONI to have a copy of the REPORT.

17            **FIRST CAUSE OF ACTION**

18     **(Breach of Duty of Confidentiality - Employer/Employee Relations**

19            **Ordinance for CITY)**

20      23.  PLAINTIFF realleges and incorporates herein by reference the allegations

21  contained in paragraphs 1 through 22 above.

22      24.  The ORDINANCE, Section 10, Rule 8, states, "Data collected on a promise to

23  keep its source confidential may be made available in statistical summaries, but shall not be

24  made available in such form as to disclose the source. Nothing in this rule shall be construed to

25  require disclosure that are: A. Personnel, medical, or similar files, the disclosure of which would

26  constitute an unwarranted invasion of personal privacy or be contrary to merit system principles."

27  Said ORDINANCE is made specifically applicable by the MOU (Article 9) between PLAINTIFF

28  and the CITY.

COMPLAINT FOR DAMAGES        5

25.    DEFENDANTS are the employer of PLAINTIFF and had information relating to PLAINTIFF (the REPORT) that DEFENDANTS knew or should have known was confidential. DEFENDANTS used said confidential information for their own benefit, to the detriment of PLAINTIFF, and also communicated this confidential information to third parties. This confidential information was not a matter of general knowledge.

26.    Without any express agreement by PLAINTIFF, DEFENDANTS proceeded with an unauthorized release of the REPORT to all four complainants and their attorney specifically to appease them, thus constituting a breach of the Duty of Confidentiality as described by the ORDINANCE and MOU.

27.    As a result of said breach, the investigative process was and is tainted, as is potential witness testimony, depriving PLAINTIFF of his privacy and due process rights.

28.    As a further actual and proximate result of said breach, PLAINTIFF has suffered embarrassment, humiliation, mental anguish, depression, loss of self-esteem, situational stress/anxiety, mental anguish and emotional and physical distress, all to his general damage in an amount according to proof.

29.    DEFENDANTS have demonstrated "oppression, fraud or malice" within the meaning of California Civil Code section 2394. PLAINTIFF is therefore entitled to recover punitive damages against DEFENDANTS in addition to his actual damages.

### SECOND CAUSE OF ACTION

### (Violation of California Constitution Article 1, § 1 Privacy)

30.    PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 29 above.

31.    California Constitution Article 1, § 1 states, "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

32.    FOWLER personally, illegally, unlawfully, and knowingly released the REPORT directly to WARR on March 14, 2008, which revealed to WARR confidential investigative

COMPLAINT FOR DAMAGES          6

1   material to which she had no legal right to view or receive pursuant to state law, CITY

2   ordinances, and the MOU.

3       33.    KOLIN conspired with FOWLER to release said REPORT in an effort to

4   scapegoat PLAINTIFF and appease COMPLAINANTS.

5       34.    DEFENDANTS publicized private information concerning PLAINTIFF that a

6   reasonable person in PLAINTIFF'S position would consider highly offensive which includes

7   unfounded allegations of wrongdoing. DEFENDANTS knew, or acted with reckless disregard of

8   the fact, that a reasonable person in PLAINTIFF'S position would consider the publicity highly

9   offensive, as the private information was not of legitimate public concern. PLAINTIFF was

10  guaranteed confidentiality by state law and local law. PLAINTIFF was harmed in that witnesses

11  and potential evidence have been tainted or destroyed, and DEFENDANTS' conduct as aforesaid

12  was a substantial factor in causing PLAINTIFF'S harm.

13      35.    Said serious invasion of privacy caused PLAINTIFF to suffer injury, damage, loss

14  or harm. The intentional acts or omissions of DEFENDANTS as set forth herein were extreme

15  and outrageous and made with an intentional or reckless disregard of the possibility that such

16  actions or omissions would cause PLAINTIFF emotional distress.

17      36.    Further, the intentional acts or omissions of DEFENDANTS as set forth herein

18  were in contravention of statutes, violated important public policies, and deviated from standards

19  of acceptable conduct and relationships in the CITY workplace.

20      37.    As a further actual and proximate result of DEFENDANTS' intentional acts or

21  omissions, PLAINTIFF has suffered embarrassment, humiliation, mental anguish, depression,

22  loss of self-esteem situational stress/anxiety, mental anguish and emotional and physical distress,

23  all to his general damage in an amount according to proof.

24      38.    By the foregoing wilful acts and/or omissions, DEFENDANTS have

25  demonstrated "oppression, fraud, or malice" within the meaning of California Civil Code section

26  3294. PLAINTIFF is therefore entitled to recover punitive damages against DEFENDANTS in

27  addition to his actual damages.

28

COMPLAINT FOR DAMAGES                    7

THIRD CAUSE OF ACTION

(42 U.S.C. § 1983 Violation of U.S. Constitutional Fundamental Right to Privacy)

39.   PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 38 above.

40.   Title 42 U.S.C. § 1983 provides for protection and remedies to violations of the U.S. Constitution's fundamental Right to Privacy. This code section states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

41.   California Penal Code § 832.7(a) provides, "Peace officer or custodial personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code."

42.   CITY'S own Employer-Employee Relations Ordinance provides privacy protections as described in paragraph 24 of this Complaint.

43.   The action that is the basis of the invasion of privacy was the handing over of the full and complete copy of the highly confidential investigative REPORT by FOWLER to WARR, as well as the COMPLAINANTS and their attorney.

44.   The disclosure by DEFENDANTS was a public disclosure to the complaining individuals, and as a result tainted the investigative process as detailed in the CITY Personnel Rule and Regulations which specifically state that such disclosure is "contrary to merit system principles."

45.   The illegal disclosure by DEFENDANTS of the REPORT was offensive and objectionable to PLAINTIFF and to a reasonable person of ordinary sensibilities in that all persons have the right to protect their privacy. The right to such privacy is codified by CITY

COMPLAINT FOR DAMAGES                8

1  ordinance.

2      46.    As a proximate result of the above illegal disclosure, PLAINTIFF has been caused

3  great humiliation, embarrassment, hurt feelings, mental anguish, and suffering, all to his general

4  damage in an amount according to proof.

5      47.    In making the illegal disclosure described above, DEFENDANTS were guilty of

6  oppression, fraud, or malice, in that they made the disclosure with the intent to vex, injure, and

7  annoy PLAINTIFF or willfully and consciously disregarded PLAINTIFF'S rights. PLAINTIFF

8  therefore is entitled to an award of punitive damages.

9                          **FOURTH CAUSE OF ACTION**

10        **(42 U.S.C. § 1983 Violation of U.S. Constitutional Due Process Rights)**

11      48.    PLAINTIFF realleges and incorporates herein by reference the allegations

12  contained in paragraphs 1 through 47 above.

13      49.    Section 1 of the Fourteenth Amendment of the United States Constitution

14  provides, "All persons born or naturalized in the United States, and subject to the jurisdiction

15  thereof, are citizens of the United States and of the State wherein they reside. No state shall make

16  or enforce any law which shall abridge the privileges or immunities of citizens of the United

17  States; nor shall any State deprive any person of life, liberty, or property, without due process of

18  law; nor deny to any person within its jurisdiction the equal protection of the laws."

19      50.    Title 42 U.S.C. § 1983 provides for protection and remedies to violations of the

20  U.S. Constitution's Right to Due Process. This code section states, "Every person who, under

21  color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

22  District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

23  person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

24  secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit

25  in equity, or other proper proceeding for redress."

26      51.    Furthermore, the CITY'S own Personnel Rules and Regulations provide for a very

27  specific and thorough procedure, which was consciously and recklessly disregarded by

28  DEFENDANTS in releasing highly confidential information tainting witnesses and evidence.

_____

COMPLAINT FOR DAMAGES                    9

1    .52.    As an actual and proximate result of DEFENDANTS' conduct, PLAINTIFF has

2    suffered embarrassment, humiliation, mental anguish, depression, loss of self-esteem, situational

3    stress/anxiety, mental anguish, and emotional and physical distress, all to his general damage in

4    an amount according to proof.

5    53.    By the foregoing wilful acts and/or omissions and the fact that DEFENDANTS

6    have demonstrated "oppression, fraud or malice" within the meaning of California Civil Code

7    section 2394, PLAINTIFF is entitled to recover punitive damages against DEFENDANTS in

8    addition to his actual damages.

## FIFTH CAUSE OF ACTION

### (Conspiracy to Violate Civil Right of Due Process of Law)

11    54.    PLAINTIFF realleges and incorporates herein by reference the allegations

12    contained in paragraphs 1 through 53 above.

13    55.    PLAINTIFF has a constitutional right of due process of law as aforesaid.

14    56.    DEFENDANTS conspired to violate that right as evidenced by oral and written

15    agreements as set forth above relative to the illegal disclosure of the REPORT.

16    57.    DEFENDANTS employed a common, agreed upon and illegal plan to wrongfully

17    terminate PLAINTIFF'S employment with the CITY for the sole purpose of appeasing a small

18    group of people (COMPLAINANTS) who have made unfounded complaints out of concern for

19    SRPD dysfunction that existed prior to PLAINTIFF'S hiring by CITY. DEFENDANTS

20    specifically usurped the SRPD chain of command and merit system rules of discipline and made

21    promises to the COMPLAINANTS to terminate PLAINTIFF.

22    58.    DEFENDANTS knew, or should have known, they were planning to violate

23    PLAINTIFF'S right to due process of law by depriving PLAINTIFF of objective and impartial

24    investigative procedures. DEFENDANTS agreed among themselves and intended that the

25    violation of due process rights be committed relative to the plan for the illegal disclosure of the

26    REPORT, all to appease COMPLAINANTS and make PLAINTIFF a scapegoat for SRPD

27    dysfunction that preexisted his hiring by the CITY.

28    59.    By reason of the above-mentioned conduct of the DEFENDANTS, PLAINTIFF

COMPLAINT FOR DAMAGES          10

1  was deprived of rights, privileges, and immunities secured to him by the Constitution of the

2  United States and laws enacted thereunder by the State of California and the CITY, in that said

3  illegal disclosure of the REPORT constituted an arbitrary and illegal intrusion by

4  DEFENDANTS upon the security of PLAINTIFF'S due process rights not authorized by law and

5  beyond DEFENDANTS' authority as employers.

6      60.    As a result of such deprivations of PLAINTIFF'S rights caused by the above-

7  mentioned conduct, PLAINTIFF is entitled to relief under Section 1983 of Title 42 of the United

8  States Code.

9      61.    As a further result of the acts of the DEFENDANTS, PLAINTIFF was subjected

10 to humiliation and indignity, suffering great mental pain and suffering, to his damage in a sum to

11 according to proof.

12                          **SIXTH CAUSE OF ACTION**

13                     **(Conspiracy to Violate Right to Privacy)**

14     62.    PLAINTIFF realleges and incorporates herein by reference the allegations

15 contained in paragraphs 1 through 61 above.

16     63.    PLAINTIFF has a constitutional right to privacy as foresaid.

17     64.    DEFENDANTS conspired to violate PLAINTIFF'S privacy rights as evidenced

18 by oral and written agreements, as set forth above relative to the illegal disclosure of the

19 REPORT.

20     65.    DEFENDANTS employed a common, agreed-upon and illegal plan to terminate

21 PLAINTIFF'S employment with the CITY to appease COMPLAINANTS and make PLAINTIFF

22 a scapegoat for SRPD dysfunction that pre-existed his hiring by the CITY.

23     66.    DEFENDANTS knew, or should have known, they were planning to violate

24 PLAINTIFF'S right to privacy by publicly distributing the confidential investigative REPORT,

25 which DEFENDANTS knew would be unlawful. DEFENDANTS agreed among themselves and

26 intended that the violation of privacy be committed relative to the plan for the illegal disclosure

27 of the REPORT.

28     67.    By reason of the above-mentioned conduct of the DEFENDANTS, PLAINTIFF

---

**COMPLAINT FOR DAMAGES**                    11

1  was deprived of rights, privileges, and immunities secured to him by the Constitution of the

2  United States and laws enacted thereunder by the State of California and Santa Rosa, in that such

3  conduct constituted an arbitrary intrusion by DEFENDANTS upon the security of PLAINTIFF'S

4  privacy right not authorized by law and was beyond DEFENDANTS' authority as employers.

5      68.    As a result of such deprivations of PLAINTIFF'S privacy rights caused by the

6  above-mentioned conduct, PLAINTIFF is entitled to relief under Section 1983 of Title 42 of the

7  United States Code.

8      69.    As a further result of the acts of the DEFENDANTS, PLAINTIFF was subjected

9  to humiliation and indignity, suffering great mental pain and suffering, to his damage in a sum

10  according to proof.

11                    SEVENTH CAUSE OF ACTION

12              (Negligent Infliction of Emotional Distress)

13      70.    PLAINTIFF realleges and incorporates herein by reference the allegations

14  contained in paragraphs 1 through 69 above.

15      71.    PLAINTIFF alleges DEFENDANTS were negligent, breaching a duty arising out

16  of the employer-employee relationship and afore stated laws and agreements by recklessly

17  handling the investigative process and intentionally releasing the confidential REPORT which

18  COMPLAINANTS were not entitled to have by law.

19      72.    As a result, DEFENDANTS' conduct was a substantial factor in causing

20  PLAINTIFF serious emotional distress in an amount according to proof.

21                     EIGHTH CAUSE OF ACTION

22              (Intentional Infliction of Emotional Distress)

23      73.    PLAINTIFF realleges and incorporates herein by reference the allegations

24  contained in paragraphs 1 through 72 above.

25      74.    PLAINTIFF alleges DEFENDANTS acted with reckless disregard of the

26  probability that PLAINTIFF would suffer emotional distress, knowing that PLAINTIFF was

27  present when the REPORT was illegally given to the COMPLAINANTS.

28      75.    DEFENDANTS breached a duty owing to PLAINTIFF arising out of the

COMPLAINT FOR DAMAGES                    12

1  employer-employee relationship by recklessly handling the investigative process and

2  intentionally releasing the confidential REPORT which COMPLAINANTS were not entitled to

3  have by law.

4    76.    FOWLER handed WARR a full and complete copy of the REPORT which was

5  privileged. FOWLER told PLAINTIFF directly she had given the REPORT to WARR,

6  Furthermore, Maureen McClain, for the CITY, admitted to allowing all COMPLAINANTS and

7  LISONI to have a copy of the REPORT.

8    77.    As a result, DEFENDANTS' intentional conduct was a substantial factor in

9  causing PLAINTIFF severe emotional distress in an amount according to proof.

10                    **NINTH CAUSE OF ACTION**

11            **(Intentional Interference with Prospective Economic Relations)**

12    78.    PLAINTIFF realleges and incorporates herein by reference the allegations

13  contained in paragraphs 1 through 77 above.

14    79.    PLAINTIFF and DEFENDANTS were in an economic relationship that would

15  have resulted in continued economic benefit to PLAINTIFF. DEFENDANTS knew of said

16  relationship and intended to disrupt it by engaging in said wrongful conduct of violating federal,

17  state, and local privacy and due process laws. PLAINTIFF suffered economic damages as a

18  result of DEFENDANTS' wrongful conduct in an amount according to proof.

19    80.    Public employees such as PLAINTIFF are not "at will" employees; therefore,

20  absent termination for cause or retirement, the employer cannot end the relationship.

21    81.    DEFENDANTS intentionally and illegally interfered with PLAINTIFF'S right to

22  continued public employment with the CITY.

23                    **TENTH CAUSE OF ACTION**

24                      **(Municipal Liability)**

25    82.    PLAINTIFF realleges and incorporates herein by reference the allegations

26  contained in paragraphs 1 through 81 above.

27    83.    DEFENDANTS intentionally violated PLAINTIFF'S civil rights by unlawfully

28  distributing said confidential REPORT to COMPLAINANTS, which then tainted witnesses and

1 | the overall investigative process.

2 |     84.    DEFENDANTS' actions were taken under color of authority with FOWLER and

3 | KOLIN being policy makers of the CITY, and their decisions are the actionable custom or policy

4 | of the CITY.

5 |     85.    Said violations of PLAINTIFF'S rights occurred as a result of the decisions made

6 | by DEFENDANTS when carrying out the official laws of the CITY.

7 |     86.    Neither FOWLER or KOLIN can assert agent/employee immunity because

8 | although they were acting in their official capacities on behalf of the CITY, they were also acting

9 | to advance their own personal interests by helping and protecting personal friends and their jobs.

10 | **ELEVENTH CAUSE OF ACTION**

11 | **(State FEHA Claim for Discrimination Based on Gender)**

12 |     87.    PLAINTIFF realleges and incorporates herein by reference the allegations

13 | contained in paragraphs 1 through 86 above.

14 |     88.    California Government Code § 12940, *et seq.*, prohibits discrimination on the

15 | basis of sex and defines sex discrimination to include discrimination based on "gender."

16 |     89.    DEFENDANTS, and each of them, planned and conspired to wrongfully

17 | terminate PLAINTIFF because of his gender for the purpose of appeasing COMPLAINANTS

18 | who claimed to be in a protected class. As part of said scheme, KOLIN and FOWLER sought to

19 | ruin PLAINTIFF'S 30 years plus of stellar law enforcement work by making weak and false

20 | allegations akin to defamation and slander all for the purposes of appeasing COMPLAINANTS

21 | and treating PLAINTIFF differently than others similarly situated.

22 |     90.    As an actual and proximate result of enduring the differential treatment described

23 | above, PLAINTIFF has suffered substantial lost earnings, bonuses and other compensation,

24 | according to proof.

25 |     91.    As a further actual and proximate result of enduring the differential treatment

26 | described above, PLAINTIFF has suffered embarrassment, humiliation, mental anguish,

27 | depression, loss of self-esteem, situational stress/anxiety, mental anguish and emotional and

28 | physical distress, all to his general damage in an amount according to proof.

---

**COMPLAINT FOR DAMAGES**        14

92. By the foregoing wilful acts and/or omissions and the fact that all defendants were and continue to be managing agents of CITY, they have demonstrated "oppression, fraud, or malice" within the meaning of California Civil Code section 3294. PLAINTIFF is therefore entitled to recover punitive damages against defendants in addition to his actual damages.

93. A complaint was timely filed with the Department of Fair Employment and Housing. A right to sue letter is pending. PLAINTIFF has also filed a tort claim with CITY whose disposition is pending. PLAINTIFF will seek to amend this complaint upon the issuance of the right to sue letter and the denial of the tort claim.

WHEREFORE, PLAINTIFF prays for judgment to include:

1. Actual damages according to proof at trial;

2. Punitive damages to punish, deter and make an example of DEFENDANTS;

3. Reasonable attorney's fees pursuant to Government Code section 12900, *et seq.*, and 42 U.S.C. § 1988.

4. For costs of suit incurred herein;

5. Prejudgment interest;

6. For such other and further relief as this Court may deem just and proper.


DATED: __5/22/2008__                              PERRY, JOHNSON, ANDERSON,
                                                  MILLER & MOSKOWITZ LLP


                                                  SCOTT A. LEWIS
                                                  Attorneys for Plaintiff JAMES A. MITCHEL

COMPLAINT FOR DAMAGES                    15

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)                                                    TELEPHONE NUMBER (INCLUDE AREA CODE)
MR. JAMES A. MITCHEL.                                          COUNSEL (707) 525-8800
ADDRESS
1817 REIMAN LANE
CITY/STATE/ZIP                                                          COUNTY                    COUNTY CODE
WINDSOR, CA  95492                                           SONOMA

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL
GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:
NAME                                                                     TELEPHONE NUMBER (Include Area Code)
CITY OF SANTA ROSA / JEFF KOLIN, CITY MANAGER                      (707) 543-3010
ADDRESS                                                                                      DFEH USE ONLY
100 SANTA ROSA AVENUE
CITY/STATE/ZIP                                                          COUNTY                    COUNTY CODE
SANTA ROSA, CA  95404                                        SONOMA
NO. OF EMPLOYEES/MEMBERS (if known)          DATE MOST RECENT OR CONTINUING DISCRIMINATION  RESPONDENT CODE
250±                                         TOOK PLACE (month, day, and year)  APRIL 2008

THE PARTICULARS ARE:

I allege that on _____ 2008 _____, the
following conduct occurred:

| | | |
|---|---|---|
| X termination | X denial of employment | denial of family or medical leave |
| lay-off | denial of promotion | denial of pregnancy leave |
| demotion | denial of transfer | denial of equal pay |
| X harassment | denial of accommodation | denial of right to wear pants |
| genetic characteristics testing | X failure to prevent discrimination or retaliation | denial of pregnancy accommodation |
| constructive discharge (forced to quit) | X retaliation | |
| impermissible non-job-related inquiry | X other (specify) SEE SONOMA COUNTY SUPERIOR COURT ACTION INCORPORATED IN THIS REFERENCE | |

by _____
            Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

because of:

| | | |
|---|---|---|
| X sex | national origin/ancestry | disability (physical or mental) | X retaliation for engaging in protected activity or requesting a protected leave or accommodation |
| X age | X marital status | medical condition (cancer or genetic characteristic) | |
| X religion | X sexual orientation | | |
| X race/color | X association | X other (specify) SEE SONOMA COUNTY SUPERIOR COURT ACTION | |

State what you
believe to be
the reason(s)
for
discrimination

THE CITY ATTORNEY HAS SCAPEGOATED ME AND USED ME TO APPEASE MEMBERS OF A
PROTECTED CLASS WHO COMPLAINED ABOUT THE CHIEF.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  5/22/2008                        ATTORNEY FOR COMPLAINANT    _Scott E. Lewis_
                                                                     COMPLAINANT'S SIGNATURE

At  SANTA ROSA
            City

DATE FILED:

DFEH-300-03 (03/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                                          STATE OF CALIFORNIA

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE/ETHNICITY (Check one)
__ African-American
__ African - Other
__ Asian/Pacific Islander (specify)_____
_x_ Caucasian (Non-Hispanic)
__ Native American
__ Hispanic (specify)_____

YOUR PRIMARY LANGUAGE (specify)
—ENGLISH—

YOUR AGE: __ __

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
__ Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify)

IF FILING BECAUSE OF SEX, THE REASON:
_X_ Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
_X_ Other Allegations (List) RETALIATION, ETC.

DFEH-300-03-1 (03/08)
Department of Fair Employment and Housing
State of California

YOUR GENDER: __ Female _✓_ Male

YOUR OCCUPATION:
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
__ Manager
__ Paraprofessional
_x_ Professional
__ Sales
__ Service
__ Supervisor
__ Technician

HOW YOU HEARD ABOUT DFEH:
_X_ Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

_X_ Yes    __ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

SCOTT A. LEWIS

438 1ST STREET, FOURTH FL.

SANTA ROSA, CA 95401

_Scott A. Lewis_          5/22/08
Your Signature            Date

# EXHIBIT B



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
CIVIL DIVISION
600 ADMINISTRATION DRIVE, ROOM 107-J
SANTA ROSA, CALIFORNIA 95403-2878
(707) 521-6500
www.sonomasuperiorcourt.com

(FOR COURT USE ONLY)

ENDORSED
FILED

MAY 22 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**
**NOTICE OF CASE MANAGEMENT CONFERENCE,**
**and ORDER TO SHOW CAUSE**

Case number:

SCV 242901

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.** GARY NADLER **FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. A Case Management Conference has been set at the time and place indicated below:

   Date: SEP 2 3 2008        Time: 3:00 pm        Courtroom: 2b
   Location: 3035 CLEVELAND AVE STE 200
   SANTA ROSA, CA 95403

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|

MICHAEL G. MILLER, SBN: 136491
SCOTT A. LEWIS, SBN: 149094
PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ, LLP
438 First Street, 4th Floor, P.O. Box 1028
Santa Rosa, CA 95402
TELEPHONE NO.: (707) 525-8800    FAX NO.: (707) 545-8242
ATTORNEY FOR (Name): Plaintiff JAMES A. MITCHEL

ENDORSED
FILED

MAY 22 2008

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 600 ADMINISTRATION DRIVE
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ROSA, CA 95403
BRANCH NAME:

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | SCV 242901 |
| | | | | JUDGE: |
| | | | | DEPT: GARY NADLER |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action (specify): 11

5. This case [ ] is [x] is not    a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 22, 2008

SCOTT A. LEWIS, SBN: 149094
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach—Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JAMES A. MITCHEL,

    Plaintiff (s),

    v.

SANTA ROSA CITY OF,
                Defendant(s).

No. C 08-02698 EMC

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 5/29/2008 | Notice of removal filed | |
| 8/13/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil_L.R. 16-8 |
| 8/27/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil_L.R . 16-9 |
| 9/3/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom C,15th Floor,SF at 1:30 PM | Civil_L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(8/9/07)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

### A.    STANDING ORDER RE MOTIONS AND CONFERENCES

1. Criminal Law and Motion is heard on Wednesdays at 9:30 a.m. Civil Law and Motion is heard on Wednesdays at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2. Case Management Conferences are heard on Wednesdays at 1:30 p.m. Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3. In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4. All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5. Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6. In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's

Office that has already been filed electronically. A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed. With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

     7.     The Court can no longer supply a court reporter. If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.

## B.     STANDING ORDER RE DISCOVERY DISPUTES

     This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

     8.     Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2. Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

     9.     Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3. The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

     10.     Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.

## PRODUCTION OF DOCUMENTS

11.     In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.     In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.     Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14.     To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15.     As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16.     Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17.     Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

18.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

19.    Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.
copy.

_____

Edward M. Chen
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts:  A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues:  A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions:  All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings:  The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation:  Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures:  Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery:  Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions:  If a class action, a proposal for how and when the class will be certified.

10.    Related Cases:  Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief:  All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3–5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

E-filing

CV 08 2698

EMC

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45.  **This means that you must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that – it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on.  You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system.  Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF ASSIGNMENT OF CASE
# TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

## EDWARD M. CHEN

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____          _____
                                    Signature

                                    Counsel for _____
                                    (Plaintiff, Defendant or indicate "pro se")

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

v.

DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

Defendant(s).
                                    /

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____        Signature _____

                                       Counsel for _____
                                       (Plaintiff, Defendant, or indicate "pro se")

### SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

### SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

### OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### DROP BOX FILING PROCEDURES

1.     The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.     The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.     Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page.** Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.     After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.     If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY:   (NAME, FIRM) .**" Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.     A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.     Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1. Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3. The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4. In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6. The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7. The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8. Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9. Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.   Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.   There are no filing fees once a case has been opened.

12.   New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the <u>complaint</u>. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.   Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.   Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.   A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.   The Clerk's Office can only accept payment by **<u>exact change or check</u>** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.   Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## PROOF OF SERVICE BY HAND DELIVERY

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Post Street, Suite 2600, San Francisco, California 94104. On **May 29, 2008**, I served a true and correct copy of the within documents:

## NOTICE TO STATE COURT OF REMOVAL OF ACTION

on the interested parties in said action by uploading true and correct copies and forwarding via email to **ONE LEGAL** for hand delivery to the parties as follows:

> **Michael G. Miller**
> **Scott A. Lewis, Esq.**
> **Perry, Johnson, Anderson,**
> **Miller & Moskowitz**
> **438 First St., Fourth Floor**
> **Santa Rosa, CA 95402**
>
> **Attorneys for Plaintiff**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 29, 2008**, at San Francisco, California.

JENNIFER A. LLEWELYN

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111