1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  CHARLES L. THOMPSON IV (State Bar No. 139927)
   Email: thompson@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:  (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   CITY OF SANTA ROSA
7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 JAMES A. MITCHEL,                    CASE NO. C 08-02698 SI

12           Plaintiff,                 **MEMORANDUM OF POINTS
                                        AND AUTHORITIES IN SUPPORT
13     v.                               OF DEFENDANT'S *EX PARTE*
                                        APPLICATION TO FILE UNDER
14 CITY OF SANTA ROSA, and DOES 1       SEAL**
   through 50, inclusive,
15
             Defendants.
16                                      DEPT:    10, 19th Floor
                                        JUDGE:   Hon. Susan Illston
17
                                        COMPLAINT FILED:  May 22, 2008
18                                      TRIAL DATE:       No date set.

19
20
21
22
23
24
25
26
27
28

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL                CASE NO. C 08-02698 SI

## I. INTRODUCTION

This is an ex parte application brought by Defendant City of Santa Rosa (the "City") for leave to file documents under seal. The City seeks to file these documents in support of the Special Motion to Strike (the "anti-SLAPP" motion) that it intends to file on June 11, 2008.

By this application, the City seeks to file the following documents under seal:

1. Declaration of Deputy City Manager Greg D. Scoles;
2. Notice of Intent to Render Discipline (Exh. 2 to the Scoles Declaration);
3. Supplemental Notice of Intent to Render Discipline (Exh. 4 to the Scoles Declaration);
4. Followup Investigation Report dated March 21, 2008 (Exh. 3 to the Scoles Declaration);
5. Notice of Disciplinary Action (Exh. 5 to the Scoles Declaration); and
6. Supporting documents such as the Memorandum of Points and Authorities in support of Defendant's anti-SLAPP motion that refer to the specific contents (as opposed to a general reference) of any of the above documents.

These documents contain confidential information that Mitchel may find embarrassing. The documents also identify witnesses who may wish their identities to remain confidential. Accordingly, the City seeks to file them under seal.

Ironically, Mitchel himself refused to stipulate to the City filing any of these documents under seal. In refusing to so stipulate, Mitchel contended that the City must follow procedures set forth in California Evidence Code Section 1043.

The City disagreed, and this ex parte application followed.

- 1 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL

CASE NO. C 08-02698 SI

## II. BACKGROUND

Plaintiff James A. Mitchel is a former police captain in the City of Santa Rosa Police Department ("SRPD"). He filed this litigation approximately one week before his employment with the City ended on May 30, 2008.

As set forth in his Complaint, individuals employed by the City of Santa Rosa Police Department alleged "unlawful discrimination, hostile work environment, and retaliation" against Mitchel (Complaint ¶14). At least one of the complainants retained an attorney (Complaint ¶14).

The City initiated an internal affairs investigation of the allegations (Complaint ¶16) and the investigator prepared a written report (Complaint ¶19). The City gave a copy of the report to Plaintiff (Complaint ¶19). Plaintiff alleges that the City also provided a copy of the report to one of the complainants (Complaint ¶20).

Mitchel's complaint alleges eleven (11) causes of action based on the City providing a copy of the report to one of the complainants. His claims include violation of 42 U.S.C. §1983, the California Constitution, and a free-floating duty of confidentiality. He contends that the City released the investigation report to "complainants and their attorney specifically to appease them." (Complaint ¶26).

Defendant intends to file a Special Motion to Strike Counts 1, 2, and 7-11 of the Complaint on June 11, 2008. This motion (the "anti-SLAPP" motion) will be brought pursuant to California Civil Code Section 425.16, which is more generally known as the California anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute. Defendant will contend that Plaintiff's suit seeks to punish Defendant for having engaged in activity that is protected by various privileges, including the litigation and mediation privileges, that relate to the formal allegations brought by the complainants and their attorney (Declaration of Charles Thompson ¶¶3, 5).

In support of its anti-SLAPP Motion, Defendant intends to file the Declaration of Greg D. Scoles. Scoles is the Deputy City Manager of the City. In his declaration, Scoles explains the scope of the two investigations of which Mitchel was a

- 2 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL

CASE NO. C 08-02698 SI

subject. Scoles also explains that he was the Skelly hearing officer for the discipline of Mitchel. Further, through his declaration, Scoles authenticates documents relating to the City's intent to and ultimate discipline of Mitchel. (Thompson Decl. ¶4).

Prior to filing this ex parte application, the City asked Mitchel to stipulate to the filing under seal of the Scoles Declaration and its attached exhibits. Mitchel refused, largely on the premise that the City was required to follow California Evidence Code Section 1043. Mitchel continued to refuse even after the City referred him to federal district court decisions that expressly rejected application of Section 1043 in federal litigation. (Thompson Decl. ¶¶6-10).

The City notified Mitchel that it would be seeking an ex parte order for leave to file under seal. (Thompson Decl. ¶10). This ex parte application followed.

## III. ARGUMENT

### A. The City Has Good Cause to File the Identified Documents Under Seal

Here, the City has good cause to file the identified documents under seal:

*Declaration of Greg D. Scoles.* Scoles is the Deputy City Manager of the City. He was the hearing officer for the Skelly hearing that resulted in discipline for Mitchel. He signed the final Notice of Disciplinary Action. The Declaration includes facts that (1) identify specific complainants; (2) identify some of the complainants' specific allegations against Mitchel; and (3) identify the reasons for and the results of an investigation into Mitchel's conduct. Each of these facts relate to information that Mitchel presumably has an interest in keeping confidential.

*Notice of Intent to Render Discipline (Exh. 2 to Scoles Decl.).* This exhibit sets forth the specific policies at issue in Mitchel's disciplinary proceeding. This exhibit also sets forth evidence the City believed supported its intent to render discipline. Again, Mitchel presumably has a personal interest in keeping this document confidential.

*Followup Investigation Report (Exh. 3 to Scoles Decl.).* This exhibit constitutes the investigation upon which the City in part based its disciplinary decision. The report identifies specific individuals who spoke with the investigator and *still are*

- 3 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL

CASE NO. C 08-02698 SI

*employed* by the SRPD. The report also describes the statements made by the police department employees to the investigator. The City believes the investigation report should be sealed in order to keep the names of these witnesses confidential, to the extent possible. The City does not wish to subject these individuals to possible negative workplace repercussions by others.

*Supplement to Notice of Intent to Render Discipline (Exh. 4 to Scoles Decl.).* This document sets forth another ground on which the City believed it had a basis for rendering discipline. Presumably Mitchel has a personal interest in having this document remain confidential rather than public.

*Notice of Disciplinary Action (Exh. 5 to Scoles Decl.).* This exhibit states the discipline imposed and sets forth the factual findings to support the discipline. The City believes that Mitchel may have an interest in this notice remaining under seal.

### B. California Evidence Code Section 1043 Does Not Apply

During discussions prior to this ex parte application, Plaintiff represented that he was relying on California Evidence Code Section 1043 in refusing to stipulate to Defendant filing the identified documents under seal. Section 1043 requires the following:

> In any case in which discovery or disclosure is sought of peace or custodial officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code[1] or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision(b) of Section 1005 of the

---

[1] Penal Code Section 832.5 requires peace officer employers to establish a procedure to investigate complaints by members of the public against peace officers.

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL

CASE NO. C 08-02698 SI

California Code of Civil Procedure.[2]  Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.  (Cal. Evid. Code Section 1043)(a).

Section 1043 also requires that the motion identify (1) the proceeding in which discovery/disclosure is sought; (2) the officer about whom records are sought; (3) the party seeking discovery; (4) the agency that has control/custody of the records; (5) time and place of the motion; and (6) a description of the records or information sought. Cal. Evid. Code Section 1043(b).

The moving party must show good cause for disclosure.  Cal. Evid. Code Section 1043(c).  The government agency with custody of the records may waive the hearing.  Cal. Evid. Code Section 1043(d).

The Court should reject Plaintiff's reliance on Section 1043.

*First*, Section 1043 does not apply at all to the Scoles Declaration itself.  The Scoles Declaration does not fall within the ambit of Section 1043 because it is not a police officer personnel record.

*Second*, federal courts have expressly rejected Section 1043's application in federal litigation.  In *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995), the plaintiff sought the personnel files of police officers for allegedly violating his civil rights under 42 U.S.C. § 1983.  In reaching its decision, the court expressly noted that "California statutory privileges would *not* apply."  *Id.* at 609 (emphasis added).  The court further explained that Cal. Evid. Code § 1043 and Penal Code § 832.5 were inconsistent with federal discovery:

> The federal policy on discovery is a liberal standard, and applying California privilege law, such as California Evidence Code § 1043 and Penal Code § 832.5 would

---

[2] CCP Section 1005 requires at least 16 days service before the hearing.  (CCP Section 1005(b)).

- 5 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL

CASE NO. C 08-02698 SI

severely limit Plaintiff from gaining access to the police files in question. Under [Section] 1043, the requesting party must make a showing of materiality, which is not required under federal law and is *expressly rejected* in Federal Rule of Evidence 402 . . . . In addition, under [Section] 1043, the burden of overcoming the assertion of a privilege is placed on the party requesting discovery, whereas under federal law, the burden of resisting discovery is on the party opposing discovery. Finally, under California law, the requesting party must come forward with affidavits showing good cause for the disclosure, whereas in federal privilege cases, the party resisting discovery has the burden of specifically identifying the disputed records so the requesting party has an opportunity to challenge the assertion of the privilege. *Id.* at 609 n.2.

Similarly, in *Jackson v. County of Sacramento*, 175 F.R.D. 653 (E.D. Cal. 1997), the plaintiff sought the personnel records of a Deputy Sheriff who the plaintiff claimed had used excessive force against him. In determining whether to allow discovery of the records, the court expressly noted that "the law of California, the forum states, does not inform federal privilege law." *Id.* at 654. Moreover, in discussing Section 1040, the court expressly noted, "Ca. Evid. Code §1043 provides a procedure for discovery of peace officer personnel records in *state* judicial proceedings that is *not* binding upon this court." *Id.* at 655 (emphasis added).

*Third*, neither Section 1043 nor Penal Code Section 832.5 indicate in any way that the statutes were meant to apply to this situation. Instead, both statutes contemplate protecting officer privacy interests when a third party sues the employing agency and/or the officer for various claims, including violation of civil rights. For example, Section 832.5 expressly refers to citizen complaints against officers. Here,

- 6 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL

CASE NO. C 08-02698 SI

however, the *officer* has initiated an employment suit against the City and seeks to prevent the City from using records to defend itself.

*Fourth*, the City in seeking to file under seal is trying to protect the privacy of Mitchel, which is one of the goals of Section 1043. In opposing this ex parte and in refusing to stipulate, Mitchel, paradoxically, is at odds with his own self-interest.

*Fifth*, the City in filing this motion has complied with all requirements of Section 1043. It specifically identified the documents and the party seeking to disclose them. Furthermore, it has established good cause.[3] The only protection Mitchel is not receiving is the 16 day notice period called for by CCP Section 1005.

## IV.  CONCLUSION

For the reasons set forth above, Defendant City of Santa Rosa respectfully requests that this Court GRANT its ex parte application to file the identified documents under seal.

DATED:   June 11, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /s/
CHARLES L. THOMPSON IV

Attorneys for Defendant
CITY OF SANTA ROSA

4824-9416-3714.1

---

[3] The "good cause" showing under Section 1043 is, in any event, a "relatively low threshold for discovery." *City of Santa Cruz v. Municipal Court*, 49 Cal. 3d 74, 83 (1989).

- 7 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL

CASE NO. C 08-02698 SI