1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   CHARLES L. THOMPSON IV (State Bar No. 139927)
    Email: thompson@kmm.com
3   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
4   San Francisco, California 94104
    Telephone:   (415) 421-3111
5   Facsimile:   (415) 421-0938

6   Attorneys for Defendant
    CITY OF SANTA ROSA
7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMES A. MITCHEL,                      CASE NO.  C 08-02698 SI

12              Plaintiff,                 **DECLARATION OF CHARLES L.
                                           THOMPSON IN SUPPORT OF EX
13  v.                                     PARTE APPLICATION FOR
                                           LEAVE TO FILE UNDER SEAL**
14  CITY OF SANTA ROSA, and DOES 1
    through 50, inclusive,
15
                Defendants.                **DEPT:**    10, 19th Floor
16                                         **JUDGE:**   Hon. Susan Illston

17                                         **COMPLAINT FILED:**  May 22, 2008
                                           **TRIAL DATE:**       No date set.
18

19              I, CHARLES THOMPSON, hereby declare and state:

20              1.      I am a partner associated with the law firm of Kauff McClain &

21  McGuire LLP, counsel of record for Defendant City of Santa Rosa ("the City"). I have

22  personal knowledge of the facts set forth herein and, if called as a witness, I could and

23  would competently testify hereto.

24              2.      Plaintiff James A. Mitchel ("Plaintiff") filed his Complaint in Superior

25  Court of California, County of Sonoma. The Complaint included causes of action for

26  violation of 42 U.S.C. §1983. Defendant removed on the basis of federal question

27  jurisdiction.

28              3.      Defendant intends to file a Special Motion to Strike Counts 1, 2, and

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DECLARATION OF CHARLES L. THOMPSON IN SUPPORT OF EX
PARTE APPLICATION FOR LEAVE TO FILE UNDER SEAL                    CASE NO.  C 08-02698 SI

1    7-11 of Plaintiff's Complaint no later than June 11, 2008.  This motion will be brought

2    under California Code of Civil Procedure Section 425.16, which is more generally known

3    as the California anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP")

4    statute.

5         4.    Defendant intends to file the Declaration of Greg Scoles and

6    attached exhibits in support of Defendant's anti-SLAPP motion.  Scoles currently is

7    employed as the Deputy City Manager for the City of Santa Rosa.  In his declaration,

8    Scoles explains the scope of the two investigations of which Mitchel was a subject.

9    Scoles also explains that he was the Skelly hearing officer for the discipline of Mitchel

10   and signed the final Notice of Disciplinary Action.  Further, through his declaration,

11   Scoles authenticates documents relating to the City's intent to and ultimate discipline of

12   Mitchel.

13        5.    The Scoles Declaration and its exhibits include personnel

14   information regarding Plaintiff and others that Plaintiff may wish to keep confidential.

15   The Declaration includes facts that (1) identify specific complainants; (2) identify some of

16   the complainants' specific allegations against Mitchel; and (3) identify the reasons for

17   and the results of an investigation into Mitchel's conduct.  The Notice of Intent to Render

18   Discipline (Scoles Decl., Exh. 2) sets forth the specific policies at issue in Mitchel's

19   disciplinary proceeding.  This exhibit also sets forth evidence the City believed supported

20   its intent to render discipline.  The Followup Investigation report (Scoles Decl., Exh. 3)

21   constitutes the investigation upon which the City in part based its disciplinary decision.

22   The report identifies specific individuals who spoke with the investigator and *still are*

23   *employed* by the SRPD.  The report also describes the statements made by the police

24   department employees to the investigator.  The Supplemental Notice of Intent to Redner

25   Discipline (Scoles Decl., Exh. 4) sets forth another ground on which the City believed it

26   had a basis for rendering discipline.  The Notice of Disciplinary Action (Scoles Decl.,

27   Exh. 5) states the discipline imposed and sets forth the factual findings to support the

28   discipline.  At the same time, the Scoles Declaration and its exhibits provide critical

- 2 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DECLARATION OF CHARLES L. THOMPSON IN SUPPORT OF EX
PARTE APPLICATION FOR LEAVE TO FILE UNDER SEAL                    CASE NO. C 08-02698 SI

1    evidence upon which the City's anti-SLAPP motion is based. An anti-SLAPP motion

2    requires that the moving party engage in activity that is protected under the statute. The

3    Scoles Declaration and the attached exhibits provide the foundation for establishing that

4    Defendant engaged in activity that is protected by the litigation privilege, the mediation

5    confidentiality provision of California Evidence Code Sections 1115-1128, and the

6    settlement protections of California Evidence Code Sections 1152, 1154 and Federal

7    Rule of Evidence 408.

8        6.    On Monday, June 9, 2008, at approximately 9:30 a.m., I spoke with

9    Scott Lewis, counsel of record for Plaintiff. I informed him that Defendant intended to file

10   an anti-SLAPP motion against particular counts. I further informed him that Defendant

11   intended to use documents relating to disciplinary proceedings against his client as

12   support for Defendant's anti-SLAPP motion. I asked Mr. Lewis to stipulate to filing such

13   documents under seal. Mr. Lewis declined.

14       7.    On Monday, June 9, 2008, I communicated with Mr. Lewis via e-

15   correspondence. I confirmed with Mr. Lewis Plaintiff's position that Plaintiff would not

16   stipulate to leave to file under seal. I also provided notice to Mr. Lewis that Defendant

17   would proceed ex parte. Mr. Lewis responded and confirmed that Plaintiff would not so

18   stipulate. Mr. Lewis based Plaintiff's refusal on California Evidence Code Section 1043.

19   A true and correct copy of this e-correspondence is attached hereto as **EXHIBIT A**.

20       8.    On Monday, June 9, 2008, I subsequently e-communicated with Mr.

21   Lewis. In the e-correspondence, I asked that Plaintiff reconsider his position. I

22   specifically identified the documents that Defendant wished to file under seal: (1) April 7,

23   2008, Notice of Intent to Render Discipline; (2) May 2, 2008, Supplement to Notice of

24   Intent to Render Discipline; (3) May 28, 2008, Notice of Disciplinary Action; and (4)

25   Krein's March 21, 2008, Followup Investigation Report. I also referred Mr. Lewis to two

26   federal district court cases expressly holding that federal courts were not bound by

27   Section 1043 of the California Evidence Code. I subsequently e-mailed Mr. Lewis

28   Defendant's proposed stipulation.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

CASE NO. C 08-02698 SI

1          9.    Mr. Lewis responded via e-correspondence later that day.  He

2   acknowledged having read the authorities I provided but still declined to stipulate to file

3   documents relating to his client under seal.  He expressed Plaintiff's intent to oppose the

4   ex parte application.

5          10.   I subsequently e-communicated with Mr. Lewis and notified him that

6   Defendant would proceed ex parte for leave to file under seal.  I notified him that Judge

7   Illston's clerk had informed me that there would be no hearing on the application.  I also

8   referred him to the Court's Standing Order stating that "[o]ppositions to ex-parte

9   applications and proposed order must be submitted to the Court immediately." A true

10   and correct copy of the subsequent e-correspondence is attached hereto as **EXHIBIT B**.

11   A true and correct copy of the stipulation I forwarded to Mr. Lewis is attached hereto as

12   **EXHIBIT C**.

13          11.    The dispute between the City and Mitchel has been the subject of

14   attention by the local press.  On May 31, 2008, the Press Democrat published an article

15   entitled "SRPD's No. 2 fired amid staff complaints."  The article stated that Mitchel had

16   "cleared out his office" and "was informed Friday evening that he has been terminated."

17   A true and correct copy of the Press Democrat article is attached hereto as **EXHIBIT D**.

18          I declare under the penalty of perjury of the laws of the United States of

19   California that the foregoing is true and correct.

20          Executed this 11th day of June, 2008 at San Francisco, California.

21

22                     /s/ _____

23                     CHARLES L. THOMPSON IV

24   4813-3227-5970.1

25

26

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DECLARATION OF CHARLES L. THOMPSON IN SUPPORT OF EX
PARTE APPLICATION FOR LEAVE TO FILE UNDER SEAL

CASE NO. C 08-02698 SI

# EXHIBIT A

## Thompson, Charles L.

**From:**     Scott A. Lewis [Lewis@perrylaw.net]
**Sent:**     Monday, June 09, 2008 12:57 PM
**To:**        Thompson, Charles L.
**Subject:** RE: Mitchel: Ex Parte

Charles,

Let me clarify our position. All files concerning Captain Mitchel are personnel files for purposes of his privacy. The investigation and other disciplinary documents are part of that file. California law states that these confidential files "shall not" be disclosed in "any" civil proceeding without following the procedure outlined in Evidence Code Section 1043. The City has not followed this mandatory provision when it gave up his personnel files to other parties. Evidence Code Section 1043 has no provision for a stipulation.

I am assuming that the Federal Court will be bound by state law, absent a peremptory provision in the Federal Evidence Code which I am not aware of. Thus, it is our provision you must give us notice of what portions you intend to use and then present the request to use those documents to the court after establishing good cause.

We will defend the ex parte application on that basis as well. However, I don't understand your email below and whether the court will review a letter brief, telephone or otherwise.

When I say "strike at the heart" of Captain Mitchel's complaint, I am sure you can see the difficulty of providing private information to others, especially unfounded complaints, to the public domain without establishing good cause and materiality.

Scott Lewis

**From:** Thompson, Charles L. [mailto:thompson@kmm.com]
**Sent:** Monday, June 09, 2008 11:26 AM
**To:** Scott A. Lewis
**Subject:** Mitchel: Ex Parte

Scott:

This e-correspondence confirms our discussion of this morning regarding filing documents under seal in connection with Defendant's Motion to Strike.

As we discussed, Defendant City of Santa Rosa intends to file an anti-SLAPP motion with respect to certain causes of action. In connection with the anti-SLAPP motion, the City intends to file a declaration that includes documents relating to discipline regarding your client. I represented to you that the Court allows the parties to stipulate to filing documents under seal and asked you to stipulate to sealing the documents.

You declined to so stipulate. Instead, you informed me that Mitchel would stipulate after the City presented the disciplinary documents to the Court. When I asked why, you informed me that to stipulate without the court seeing the document would violate the "heart of Captain Mitchel's complaint."

As a result of our discussion, the City will be proceeding ex parte before the Court for leave to file under seal. We intend to file the papers this afternoon, although we may be delayed until early tomorrow morning. Judge Ilston's clerk informs me that the Court will not be conducting a hearing regarding the ex parte application.

Please let me know as soon as possible whether Plaintiff intends to oppose the ex parte application.

Charles Thompson
Kauff McClain & McGuire
415.421.3111

6/9/2008

# EXHIBIT B

**Thompson, Charles L.**

| | |
|---|---|
| **From:** | Thompson, Charles L. |
| **Sent:** | Monday, June 09, 2008 7:55 PM |
| **To:** | Scott A. Lewis |
| **Cc:** | Thompson, Charles L. |
| **Subject:** | RE: Ex Parte Application/Stipulation |

Scott:

The City regrets that Plaintiff did not find federal authority that is directly on point persuasive. Defendant will proceed ex parte tomorrow morning in Judge Illston's chambers, Courtroom 10, 19th Floor, of the federal courthouse, at 450 Golden Gate Avenue, San Francisco, California for an order for leave to file under seal the Declaration of Greg Scoles and the attached exhibits that I identified in correspondence of earlier today. Judge Illston's standing order expressly mandates that "[o]ppositions to ex parte applications and proposed order must be submitted to the Court *immediately*." (emphasis added). The City will provide your office by PDF its ex parte application and supporting documents prior to proceeding to court.

Please let me know if Plaintiff has any questions.

Charles Thompson
Kauff McClain & McGuire
One Post Street, 26th Floor
SF CA 94104
415.421.3111

---

**From:** Scott A. Lewis [mailto:Lewis@perrylaw.net]
**Sent:** Monday, June 09, 2008 4:50 PM
**To:** Thompson, Charles L.
**Subject:** RE: Ex Parte Application/Stipulation

Charles,

Thanks again for the continuing discussion. I read the authorities you provided. My concern is that the California Evidence Code provides a vehicle by which to release information contained in police personnel files. That law does not provide a vehicle by which an individual officer may release information by way of stipulation. Though the City has grown comfortable violating state law, Plaintiff is not so.

It is also important to keep in mind that the investigations and outcomes conducted by Mr. Kreins contains statements made by others that were taken by a promise of confidentiality. At least one person has put that complaint of two faced conduct into writing not including Captain Mitchel. Plaintiff cannot waive their confidentiality. Please forgive me but you should check with them before doing so.

Finally, the federal rules are not without safeguards. You must demonstrate that disclosure outweighs the protections afforded by the promise of confidentiality. Plaintiff does not have the power of the federal bench.

Your statements regarding my client's robust media relations violates our anti-slamming promise. He has not

gone to the media. The quotes in the paper appear to belong to Chief Flint and Mr. Farrell.

Scott Lewis

---

**From:** Thompson, Charles L. [mailto:thompson@kmm.com]
**Sent:** Monday, June 09, 2008 2:29 PM
**To:** Scott A. Lewis
**Subject:** Ex Parte Application/Stipulation

Scott:

Via this e-correspondence, the City of Santa Rosa requests that Plaintiff reconsider his position regarding a stipulation to file under seal disciplinary records and documents referring to those records.  These records are (1) April 7, 2008, Notice of Intent to Render Discipline; (2) May 2, 2008, Supplement to Notice of Intent to Render Discipline; (3) May 28, 2008, Notice of Disciplinary Action.  The City also intends to file under seal Krein's March 21, 2008, Followup Investigation report.

Plaintiff's position regarding the application of California Evidence Code simply has no merit, as even brief research will reveal.  In *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995), the court contrasted the liberal federal policy on discovery with Section 1043.  The court specifically found that Section 1043's required showing of materiality "is expressly rejected in Federal of Evidence 402."  The court also explained that Section 1043 put the burden on the party requesting discovery, while federal rules placed the burden of resisting discovery on the party opposing discovery.  *Id.* at 609 n.2; *see also Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal. 1997) ("Ca. Evid. Code Section 1043 provides a procedure for discovery of peace officer personnel records in state judicial proceedings that is not binding upon this court.").

Judge Ilson also likely is going to find it quite curious that Plaintiff is opposing an ex parte application that seeks to *protect* Plaintiff's privacy.  This is particularly so in light of Plaintiff's robust engagement in media public relations regarding his situation.

Finally, given that the district courts clearly and unequivocally have rejected Plaintiff's position, the City will have no choice but to seek sanctions for making it go through the motions of an ex parte application.

I will email you the proposed stipulation within moments.  Please let me know by end of business as to whether Plaintiff will sign it.

Charles Thompson
Kauff McClain & McGuire
415.421.3111

6/9/2008

6/9/2008

# EXHIBIT C

## Thompson, Charles L.

| | |
|---|---|
| **From:** | Thompson, Charles L. |
| **Sent:** | Monday, June 09, 2008 2:34 PM |
| **To:** | 'Scott A. Lewis' |
| **Subject:** | Mitchel-PLD-Stipulation.doc |
| **Attachments:** | Mitchel-PLD-Stipulation.doc |

1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  CHARLES L. THOMPSON IV (State Bar No. 139927)
   Email: thompson@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:   (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   CITY OF SANTA ROSA
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMES A. MITCHEL,                          CASE NO.  C 08-02698 SI

12            Plaintiff,                        **STIPULATION AND [PROPOSED]
                                                ORDER FOR LEAVE TO FILE
13  v.                                          UNDER SEAL THE DECLARATION
                                                OF GREG D. SCOLES**
14  CITY OF SANTA ROSA, and DOES 1
    through 50, inclusive,                      DATE:        **August 22, 2008**
15                                              TIME:        **9:00 a.m.**
             Defendants.                        COURTROOM:   **10, 19th Floor**
16                                              JUDGE:       **Hon. Susan Illston**

17                                              COMPLAINT FILED: May 22, 2008
                                                TRIAL DATE: No date set.
18

19

20

21

22

23

24

25

26

27

28
   C:\Documents and Settings\thompson\Local
   Settings\Temporary Internet Files\OLK104\Mitchel-
   PLD-Stipulation.doc

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE          CASE NO. C 08-02698 SI
UNDER SEAL THE DECLARATION OF GREG D. SCOLES

1    WHEREAS, defendant CITY OF SANTA ROSA ("Defendant") intends to

2  file a Special Motion to Strike Portions of the Complaint on June 11, 2008;

3    WHEREAS, Defendant will file the Declaration of Greg D. Scoles in support

4  of its Special Motion to Strike Portions of the Complaint and exhibits thereto;

5    WHEREAS, the Declaration of Greg D. Scoles will contain facts and attach

6  as exhibits documents related to the termination of plaintiff JAMES A. MITCHEL's

7  employment and Defendant's asserted reasons for his termination;

8    WHEREAS, Defendant and plaintiff James A. Mitchel ("Plaintiff") are in

9  agreement that the Declaration of Greg D. Scoles contains personnel-related information

10  that is properly filed under seal; and

11    WHEREAS, the standing order of this Court encourages and permits the

12  filing of such documents under seal pursuant to an agreed stipulation of the parties;

13    IT IS HEREBY STIPULATED by and between Plaintiff and Defendant

14  through their designated counsel that the Declaration of Greg D. Scoles in Support of

15  Defendant's Special Motion to Strike shall be filed under seal.

16

17  DATED:      June _____, 2008          KAUFF MCCLAIN & MCGUIRE LLP

18

19                                        By:_____
                                              MAUREEN E. MCCLAIN
20

21                                        Attorneys for Defendant
                                          CITY OF SANTA ROSA

22  DATED:      June _____, 2008          PERRY, JOHNSON, ANDERSON, MILLER
                                          & MOSKOWITZ, LLP
23

24

25                                        By:_____
                                              SCOTT A. LEWIS
26

27                                        Attorney for Plaintiff
                                          JAMES A. MITCHEL

28   C:\Documents and Settings\thompson\Local          - 2 -
     Settings\Temporary Internet Files\OLK104\Mitchel-
     PLD-Stipulation.doc

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE          CASE NO. C 08-02698 SI
UNDER SEAL THE DECLARATION OF GREG D. SCOLES

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

2

3  DATED: _____          _____

4  4827-4044-4930.2                SUSAN ILLSTON
                                   United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C:\Documents and Settings\thompson\Local
Settings\Temporary Internet Files\OLK104\Mitchel-
PLD-Stipulation.doc

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE
UNDER SEAL THE DECLARATION OF GREG D. SCOLES

CASE NO. C 08-02698 SI

# EXHIBIT D

- ○ WITH PHOTO
- ○ NO PHOTO
- ○ DIGG
- ○ FACEBOOK
- ○      Yahoo! Buzz
- ○ YAHOO
- ○ NEWSVINE
- ○ DEL.ICIO.US

# SRPD's No. 2 fired amid staff complaints

## Capt. Mitchel sues, claiming city conspired to unlawfully dismiss him over 'unfounded' criticism

By L. A. CARTER
THE PRESS DEMOCRAT

Published: Saturday, May 31, 2008 at 4:30 a.m.
Last Modified: Saturday, May 31, 2008 at 5:20 a.m.

A series of discrimination complaints targeting the top brass at the Santa Rosa Police Department has led to the firing of the second-in-command, who is fighting back with a lawsuit against the city claiming his rights were violated.

The events have exposed deep rifts within the Police Department, with some factions expressing dissatisfaction with management styles under Police Chief Ed Flint.

Capt. Jamie Mitchel, 53, the commander of the patrol division, was placed on administrative leave with pay in March and has since cleared out his office. He met with city officials last week in a disciplinary hearing to determine his future and was informed Friday evening that he has been terminated, according to sources close to Mitchel.

Amid the turmoil, the city has created an in-house "chief's advisory board" to help solve internal distress in the department. The city has also hired a consulting firm to advise the chief and other department managers on improving supervisory skills.

According to Mitchel's suit, all of the complaints from employees -- including assertions of unequal treatment of women and discriminatory conduct based on sexual orientation -- also name Flint, who apparently hasn't faced disciplinary proceedings.

Santa Rosa City Manager Jeff Kolin confirmed the city had decided to fire Mitchel following the disciplinary hearing. He declined to discuss the details of the hearing, calling it a personnel matter.

The chief was out of town Friday and didn't return phone calls to his office seeking comment.

Employee complaints lodged with the city in the past year reflect a climate of discontent among Police Department employees, particularly at the management level. Several people in the department have said the dissatisfaction focuses primarily on the perception of unequal treatment of people and arbitrary management styles.

"The Police Department is not a happy place," said one source from within the department. "People want to know what's happening, and the chief is not addressing them."

Several police and city sources said the department is marked by divided camps that support either Mitchel or the other captain on the force, Tom Schwedhelm, a veteran of the department whose name has surfaced as a possible candidate to be the next police chief.

Some members of the department have been seen wearing custom T-shirts that read "Stand your ground" or "The Jamie Mitchel legal defense fund."

Flint was hired in 2004 and his contract expires in January 2009. He was paid $189,398 in 2007. Mitchel was paid $151,956.

Schwedhelm declined to comment Friday about the complaints or any troubles within the department.

Vice Mayor John Sawyer said council members were apprised of the situation last week, but he refused to elaborate. "It s a personnel issue," he said.

According to Mitchel's lawsuit, at least four formal employee complaints were filed between January 2007 and February of this year, all naming Flint. At least two of the complaints also named Mitchel.

The complaints:

A gender disparity claim filed by a female officer, Erin Holroyd.

An allegation that Flint engaged in retaliation, filed by Sophia Selivanoff, a female personnel supervisor who said she wasn't promoted because of her support of Holroyd's complaint.

A claim of discrimination, hostile work environment and retaliation by Flint and Mitchel, filed by James Zboralske, a lieutenant and onetime supervisor of Holroyd who said he was singled out because of his sexual orientation.

A claim of gender discrimination, hostile work environment and retaliation filed against Flint and Mitchel by Kathy Warr, a police technical services department manager.

Mitchel's lawsuit, filed last week in Sonoma County Superior Court, claims that the city -- specifically City Manager Jeff Kolin and incoming City Attorney Caroline Fowler -- conspired to unlawfully terminate him to satisfy "unfounded complaints" of employees "who claim to be in a protected class."

A former Beverly Hills police chief conducted an investigation into the complaints, Mitchel's suit and other sources said. The results of the investigation and the specifics of the complaints are confidential.

The suit alleges Fowler committed a misdemeanor by releasing the results of the investigation to those who filed the complaints. It says such a release violates a city ordinance and state law and infringes on his constitutional privacy rights.

Fowler didn't return calls Friday seeking comment. Outgoing City Attorney Brien Farrell said the city has acted in a legal and appropriate manner. He said the city has moved the case to federal court because of the allegations of constitutional issues and soon will move for dismissal.

The suit seeks unspecified monetary damages for Mitchel's economic losses, infliction of emotional distress and punitive damages against the city.

Mitchel claims city officials engaged in a conspiracy to "wrongfully terminate (his) employment . . . for the sole purpose of appeasing a small group of people who have made unfounded complaints out of concern for SRPD dysfunction that existed" before Mitchel was hired.

The suit also claims that Mitchel was subjected to gender discrimination. It says Mitchel, a white, heterosexual male, is being disciplined as a conciliatory gesture to those who alleged discrimination based on their gender or sexual orientation.

Farrell scoffed at that contention. "That's indicative of the merits of this case," he said.

Kolin declined to comment on the complaints, citing confidentiality of personnel matters.

He said there has been no "management review of the Police Department" and "no review of police practices" in the wake of the complaints.

He acknowledged creating a "chief's advisory board" of police department employees to help resolve issues within police department management and the hiring of a Santa Rosa consulting firm to help with "training, organizational development and facilitation."

The city manager said the consultant "will work with the chief and the command staff, including sworn and non-sworn personnel."

Ken Johnson, head of the Police Officers Association, the union that represents line officers, said his association and the Police Management Association sent a joint letter to the city asking for help solving the department's management conflicts.

"It's not so much a letter in support of Capt. Mitchel, it's that both boards agreed to send it to the city asking them to intervene and resolve any issues in management, instead of terminating one person and thinking this is going to solve any problems there are," he said.

"Personally, I don't think terminating Capt. Mitchel is going to resolve any problems in the department. He's got a lot of support in our department, especially for the short time he's been here."

Flint was a 26-year veteran of the Sacramento County Sheriff's Department with a history of military service in the Army, National Guard and Army Reserves when he was hired in 2004 to take over for former Chief Mike Dunbaugh.

Flint hired Mitchel in 2005 when Mitchel retired from Sacramento County after 27 years there. In his lawsuit, Mitchel says he has been a law enforcement officer since 1976, with no history of discipline.

Mitchel was recently commended by the Sonoma County Latino Peace Officers Association for his commitment to the community. Mitchel is a member of the Latino officers group.

Mitchel said he was brought in to fix dysfunction left over from Dunbaugh's era.

Staff writer Mike McCoy contributed to this report. Staff writer L.A. Carter can be reached at 568-5312 or lori.carter@ pressdemocrat.com.

- _
- _
- _
- Enlarge Text
- Email
- Print
- Share

  - Your Name
  - Your Email
  - Recipient's Email
  - Send

  - WITH PHOTO
  - NO PHOTO
  - DIGG
  - FACEBOOK
  - Yahoo! Buzz
  - YAHOO
  - NEWSVINE
  - DEL.ICIO.US

**DIRECTV Official Site**
Limited Time DIRECTV offer. Get 150 ch pkg for $29.99/mo (1yr). www.directv.com

**Get Digital Satellite TV**
3 Months Free & Free DVR Upgrade. From $19.99/mth. Order DISH TV www.DishNetwork.us

**Satellite Dish Advantage**
No Hidden Fees for Your Satellite Internet - DSL - TV - Phone satellitedishadvan

Ads by Yahoo!

## COMMENTS

Post a comment | View all comments on this topic.

1.  wiseokieson says...
    May 31, 2008 7:40:43 am

    RE: http://www.pressdemocrat.com/article/20080531/NEWS/805310355