MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
CHARLES L. THOMPSON IV (State Bar No. 139927)
Email: thompson@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California  94104
Telephone:   (415) 421-3111
Facsimile:    (415) 421-0938

Attorneys for Defendant
CITY OF SANTA ROSA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, and DOES 1 through 50, inclusive,<br><br>            Defendants. | CASE NO.  C 08-02698 SI<br><br>**DEFENDANT CITY OF SANTA ROSA'S NOTICE OF MOTION AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Fed. R. Civ. Proc. 12(f)<br><br>DATE:      August 22, 2008<br>TIME:      9:00 a.m.<br>DEPT:      Crtrm 10, 19th Floor<br>JUDGE:    Hon. Susan Illston<br><br>COMPLAINT FILED:   May 22, 2008<br>TRIAL DATE:              No date set. |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT CITY OF SANTA ROSA'S NOTICE OF MOTION AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES     CASE NO. C 08-02698 SI

TO PLAINTIFF JAMES MITCHEL AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 22, 2008, in Courtroom 10 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California at 9:00 a.m., or as soon thereafter as counsel may be heard, Defendant City of Santa Rosa will, and hereby does, move for an order striking Plaintiff James Mitchel's demands for an award of punitive damages. Specifically, Defendant requests that paragraphs 29, 38, 47, 53 and 92 be stricken from the Complaint. The motion is made pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that any demand for punitive damages is immaterial to the claims alleged in the action.

The motion will be based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the pleadings and papers filed herein, and any other matters considered by the Court.

DATED:   June 11, 2008                KAUFF MCCLAIN & MCGUIRE LLP


By: _____/ s /_____
     CHARLES L. THOMPSON IV

Attorneys for Defendant
CITY OF SANTA ROSA

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT CITY OF SANTA ROSA'S NOTICE OF MOTION AND MOTION TO STRIIKE DEMAND FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. C 08-02698 SI

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff James Mitchel ("Plaintiff") alleges several claims against defendant City of Santa Rosa ("the City" or "Defendant"), each of which arises from his employment with the City. These claims include breach of the duty of confidentiality (count 1), violation of Article 1, Section 1 of the California Constitution (count 2), violation of 42 U.S.C Section 1983 (counts 3 and 4), and gender discrimination in violation of the California Fair Employment and Housing Act (count 11). Plaintiff seeks an award of punitive damages in connection with each of these claims. Defendant brings the instant motion to strike Plaintiff's requests for punitive damages because such damages cannot be recovered from the City on these claims as a matter of law.

### II. FACTUAL BACKGROUND

As relevant to this motion to strike, the Complaint alleges the following facts. On or about June 6, 2005, Plaintiff was hired by the Santa Rosa Police Department in the position of Captain. (Complaint ¶ 8). He initially had oversight over the Special Services Division, and, in August 2007, transferred to the Field Services Division. (Complaint ¶¶ 9, 11.)

In December 2007, Sophia Selivanoff ("Selivanoff") filed a complaint of retaliation against Chief of Police Edwin Flint. (Complaint ¶¶ 10, 12.) In January 2008, Plaintiff learned that James Zboralske ("Zboralske"), a Special Services Lieutenant, had filed a complaint against both Flint and Plaintiff. (Complaint ¶¶ 9, 13.) In February 2008, Plaintiff learned that Kathy Warr ("Warr"), Manager of the Department's Technical Services Division had filed a complaint of harassment, discrimination, and retaliation against Plaintiff and Flint. (Complaint ¶ 14.)

In February 2008, Plaintiff learned that the Department had begun an internal investigation of the complaints. (Complaint ¶ 16.) As part of that investigation, Plaintiff was interviewed by investigator Edward S. Kreins. (Complaint ¶¶ 17, 18.) On March 14, 2008, Plaintiff was informed by the City Attorney that the investigative report

- 2 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT CITY OF SANTA ROSA'S NOTICE OF MOTION AND MOTION TO STRIIKE DEMAND FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. C 08-02698 SI

was complete and that Plaintiff could obtain a copy from City Attorney Designate Caroline Fowler ("Fowler"). (Complaint ¶¶ 4, 19.) Plaintiff was present when Fowler gave a copy of the investigative report to Warr. (Complaint ¶ 20.) Plaintiff contends that the disclosure of the investigative report violated city ordinances and policies, as well as state and federal laws and constitutional provisions. (*Id.*) On May 22, 2008, Plaintiff filed the instant Complaint, in which he alleges *inter alia,* (1) breach of duty of confidentiality, (2) violation of California Constitution (Article 1, § 1: privacy), (3) violation of 42 U.S.C. § 1983 (right to privacy), (4) violation of 42 U.S.C. § 1983 (denial of due process), (5) conspiracy to violate civil rights under § 1983 (due process), (6) conspiracy to violate civil rights under § 1983 (privacy), (7) negligent infliction of emotional distress, (8) intentional infliction of emotional distress, (9) intentional interference with prospective economic advantage, (10) municipal liability, and (11) gender discrimination. The Complaint included a demand for an award of punitive damages on the first, second, third, fourth and eleventh claims for relief. (Complaint ¶¶ 29, 38, 47, 53, 92.)

### III.   ARGUMENT

#### A.   Legal Authority.

A party may bring a motion to strike any matter from a pleading that is "redundant, immaterial, impertinent, or scandalous." (Fed. R. Civ. Proc. 12(f).) The purpose of motions to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). In the context of a motion to strike, matter is deemed immaterial if it "has no essential or important relationship to the claim for relief or defenses pleaded." *Id.* A motion to strike should be granted where "the allegations or language in question have no possible relation to the controversy." *Reyn's Pasta Bella, LLC v. Visa U.S.A., Inc.*, 259 F.Supp.2d 992, 1001 (N.D. Cal. 2003).

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

DEFENDANT CITY OF SANTA ROSA'S NOTICE OF MOTION AND MOTION TO STRIIKE DEMAND FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. C 08-02698 SI

B. **Plaintiff Cannot Recover Punitive Damages From The City As A Matter Of Law, And His Requests For Punitive Damages Should Be Stricken.**

As a matter of law, punitive damages cannot be awarded against a governmental entity based on alleged violation of 42 U.S.C. Section 1983. *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). An award of punitive damages is not permitted on such claims because its central purpose—deterrence—is frustrated when the award is imposed on a governmental entity. *City of Newport v. Fact Concerts, Inc*, 453 U.S. 247, 267 (1981). As the United States Supreme Court has noted:

> punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayer

*Id.; see also Westlands Water District v. Amoco Chemical Co.*, 953 F.2d 1109, 1113 (9th Cir. 1991) ("[T]o allow punitive damages against a public entity would punish the general public, which is the group ultimately intended to be benefited by the punishment.") For this sound public policy reason, Plaintiff cannot properly seek an award of punitive damages on his third and fourth claims for relief. The motion to strike paragraphs 47 and 53 from the Complaint should be granted.

Punitive damages also may not be recovered from the City on the state law claims alleged in the Complaint. California Government Code section 818 specifically provides that public entities may not be held liable for punitive damages. The code section provides in relevant part:

> Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

Cal. Gov't Code section 818.

Each of Plaintiff's demands for punitive damages in connection with state law claims is premised on Civil Code Section 3294. (Complaint ¶¶ 29, 38, 92.)

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT CITY OF SANTA ROSA'S NOTICE OF MOTION AND MOTION TO STRIIKE DEMAND FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES

CASE NO. C 08-02698 SI

In *McAllister v. South Coast Air Quality Management Dist.*, 183 Cal. App. 3d 653 (1986), a terminated employee sought to recover punitive damages from a public employer. Her complaint alleged causes of action for discrimination in violation of the California Fair Employment and Housing Act, breach of the implied covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress. The court of appeal rejected the plaintiff's claim that misconduct by individual public employees should subject the public employer to liability for punitive damages. "Based on the complaint before us, which only alleges ad hoc acts of misbehavior by employees of a public entity, we find no basis in this case to carve an exception to the general rule prohibiting the imposition of punitive damages." *McAllister*, 183 Cal.App.3d at 661; see also *Inland Mediation Board v. City of Pomona*, 158 F.Supp.2d 1120, 1158-1159 (C.D. Cal. 2001) (specifically rejecting demand for punitive damages against a municipality in the context of a claim under the Fair Employment and Housing Act.)

In the instant case, Plaintiff alleges that individual employees caused him to suffer damages by providing the investigator's report to persons involved in the investigation. Based on statute and public policy, Plaintiff cannot recover punitive damages from the City on these claims. The punitive damage allegations contained at paragraphs 29, 38, 47, 53 and 92 should be stricken from the Complaint.

## IV. CONCLUSION

For each of the foregoing reasons, Defendant respectfully requests that the motion to strike be granted in its entirety. Paragraphs 29, 38, 47, 53, and 92 should be stricken from the Complaint.

DATED: June 11, 2008           KAUFF MCCLAIN & MCGUIRE LLP

By: _____/ s /_____
CHARLES L. THOMPSON IV

Attorneys for Defendant
CITY OF SANTA ROSA

- 5 -

DEFENDANT CITY OF SANTA ROSA'S NOTICE OF MOTION AND MOTION TO STRIIKE
DEMAND FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES                CASE NO. C 08-02698 SI