1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  CHARLES L. THOMPSON IV (State Bar No. 139927)
   Email: thompson@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California  94104
   Telephone:    (415) 421-3111
5  Facsimile:    (415) 421-0938

6  Attorneys for Defendant
   CITY OF SANTA ROSA
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 JAMES A. MITCHEL,                          CASE NO.  C 08-02698 SI

12            Plaintiff,                       **DEFENDANT'S NOTICE OF
                                               MOTION AND SPECIAL MOTION
13 v.                                          TO STRIKE COUNTS 1 AND 2 AND
                                               7 THROUGH 11 OF PLAINTIFF'S
14 CITY OF SANTA ROSA, and DOES 1              COMPLAINT; DEFENDANT'S
   through 50, inclusive,                      REQUEST FOR ATTORNEYS'
15                                             FEES; MEMORANDUM OF
                                               POINTS AND AUTHORITIES IN
16            Defendants.                      SUPPORT THEREOF**

17                                             **DATE:**     August 22, 2008
                                               **TIME:**     9:00 a.m.
18                                             **DEPT:**     Courtroom 10, 19th Floor
                                               **JUDGE:**    Hon. Susan Illston
19
                                               **COMPLAINT FILED:** May 22, 2008
20                                             **TRIAL DATE:** No date set.

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF        CASE NO. C 08-02698 SI

1

# TABLE OF CONTENTS

2

Page

3    INTRODUCTION AND ISSUES TO BE DECIDED ..........................................................2

4    II.    STATEMENT OF FACTS.........................................................................................2

    III.    ARGUMENT............................................................................................................5

5          A.    An Anti-SLAPP Motion Is Properly Made In Federal Court To Strike

6                State Law Claims.........................................................................................5

7          B.    This Lawsuit Interferes With The City's Conduct Of Litigation And
                Hence Meets Prong 1 Of The Anti-SLAPP Test. .......................................6

8          C.    Plaintiff Cannot Meet His Burden Of Showing A Likelihood Of
                Prevailing On His State Law Claims ...........................................................7

9                1.    Counts 1, 2, 7, 8, 9 And 10 Are Barred By The Litigation

10                     Privilege. ...........................................................................................7

11               2.    Plaintiff Cannot Succeed In Establishing A Violation Of His
                      Privacy. ..............................................................................................9

12               3.    The Decision Of The City To Provide The Report In The
                      Context Here Described Was A Discretionary Act Protected

13                    By Gov't Code § 820.2.....................................................................11

14               4.    Plaintiff's Claims For Infliction Of Emotional Distress And
                      Interference With Prospective Economic Advantage Are

                      Otherwise Defective As A Matter Of Law.......................................13

15               5.    Plaintiff Cannot Prevail On His Claim For Gender
                      Discrimination Filed Before He Received An Administrative

16                    Right To Sue, And Without A Basis In Fact Sufficient To
                      Sustain A Finding That His Termination Was A Pretext For

17                    Sex Discrimination. .........................................................................13

18         D.    Defendant Is Entitled To Attorneys' Fees And Costs.................................15

    IV.    CONCLUSION ......................................................................................................15

19

20

21

22

23

24

25

26

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Braunling v. Countrywide Home Loans Inc.,*
  220 F.3d 1154 (9th Cir. 2000)......................................................................13

*Lopez Reyes v. Kenosian & Miele, LLP,*
  525 F.Supp.2d 1158 (N.D. Cal. 2007) .........................................................8

*Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.,*
  271 F.3d 825 (9th Cir. 2001)........................................................................13

*McDonnell Douglas Corp. v. Green,*
  411 U.S. 792 (1973) ....................................................................................14

*Thomas v. Los Angeles Times Communications, LLC,*
  189 F.Supp.2d 1005 (C.D. Cal. 2002) ..........................................................5

*United States ex rel Newsham v. Lockheed Missiles & Space Co., Inc.,*
  190 F.3d 963 (9th Cir. 1999)......................................................................1, 5

*Vess v. Ciba-Geigy Corp.,*
  317 F.3d 1097 (9th Cir. 2003)....................................................................5, 6

*Villiarimo v. Aloha Air, Inc.,*
  281 F.3d 1054 (9th Cir. 2002)......................................................................14

*Welsh v. City and County of San Francisco,*
  887 F.Supp. 1293,1298 (N.D. Cal. 1995) ...................................................10

**STATE CASES**

*Ascherman v. Natanson,*
  23 Cal.App.3d 861 (1972).............................................................................8

*Briggs v. Eden Council for Hope & Opportunity,*
  19 Cal.4th 1106 (1999)..................................................................................6

*Carden v. Getzoff,*
  190 Cal.App.3d 907 (1987)............................................................................9

*Commodore Home Systems, Inc. v. Superior Court,*
  32 Cal.3d 211 (1982)...................................................................................13

*Doctors' Co. Ins. Services v. Superior Court,*
  225 Cal.App.3d 1284 (1990)..........................................................................9

- ii -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

# TABLE OF AUTHORITIES
### (continued)

Page

Guz v. Bechtel Nat'l, Inc.,
  24 Cal.4th 317 (2000)............................................................................................14

Hill v. National Collegiate Athletic Assn.,
  7 Cal. 4th 1 (1994)............................................................................................9, 11

Jacob v. County of Shasta,
  40 Cal.4th 948 (2007)...........................................................................................8

King v. United Parcel Service, Inc.,
  152 Cal.App.4th 426 (2007)..................................................................................14

Miller v. Hoagland,
  247 Cal.App.2d 57 (1966)..........................................................................11, 12, 13

Miller v. United Airlines, Inc.,
  174 Cal.App.3d 878 (1985)...................................................................................13

Navellier v. Sletten,
  29 Cal.4th 82 (2002)..............................................................................................5

Neville v. Chudacoff,
  160 Cal.App.4th 1255 (2008)..................................................................................6

Pettus v. Cole,
  49 Cal. App. 4th 402 (1996)............................................................................10, 11

Ribas v. Clark,
  38 Cal.3d 355 (1985)............................................................................................8

Robomatic, Inc. v. Vetco Offshore,
  225 Cal.App.3d 270 (1990)..................................................................................13

Rosales v. City of Los Angeles,
  82 Cal.App. 4th 419 (2000)..................................................................................10

Rubin v. Green,
  4 Cal.4th 1187 (1993)...........................................................................................8

Rusheen v. Cohen,
  37 Cal.4th 1048 (2006).................................................................................6, 7, 8

Silberg v. Anderson,
  50 Cal.3d 205 (1990)............................................................................................9

- iii -

# TABLE OF AUTHORITIES
### (continued)

Page

*Steiner v. Eikerling*,
  181 Cal.App.3d 639 (1986)........................................................................................9

*Thompson v. City of Lake Elsinore*,
  18 Cal.App.4th 49 (1993).........................................................................................12

*Wimsatt v. Superior Court*,
  152 Cal.App.4th 137 (2007).......................................................................................7


**FEDERAL STATUTES**

Federal Rules of Civil Procedure
  12(b)(6)....................................................................................................................1
  12(d) ........................................................................................................................1
  26(a) .......................................................................................................................10

Federal Rules of Evidence
  408 ...........................................................................................................................7

Section 832.7 (e) (1) .............................................................................................4, 10


**STATE STATUTES**

California Government Code
  § 815.2...................................................................................................................12
  § 820.2............................................................................................................11, 12
  § 12965(b) .............................................................................................................13

California Penal Code
  § 832.7.....................................................................................................................4

California Labor Code
  § 3600, et seq.........................................................................................................13

California Code of Civil Procedure
  § 425.16.........................................................................................................1, 2, 6, 15
  § 425.16 (a) .............................................................................................................5
  § 425.16 (b) (2) ......................................................................................................6
  § 425.16 (e) (2) ......................................................................................................6

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1

## TABLE OF AUTHORITIES
### (continued)

2
Page

3  California Evidence Code
4      §§ 1115-1128 ...................................................................................................7
       § 1119................................................................................................................7
5      § 1152...............................................................................................................7
       § 1154................................................................................................................7
6
   California Civil Code
7      § 47, subdivision (b) .......................................................................................6, 7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1    TO PLAINTIFF AND TO PLAINTIFF'S ATTORNEY OF RECORD:

2           Please take notice that on August 22, 2008, at 9:00 a.m. or as soon

3    thereafter as the matter can be heard in Courtroom 10 of the above-named Court

4    located at 450 Golden Gate Ave., San Francisco, CA, Floor 19, Defendant CITY OF

5    SANTA ROSA ("Defendant" or "City") will, and hereby do, request that the Court

6    specially strike the state law claims (Counts 1, 2, 7, 8, 9, 10 and 11) of Plaintiff's

7    Complaint dated May 22, 2008, and removed by Defendant to this Court based on

8    federal question jurisdiction on May 29, 2008. This motion is made under California

9    Code of Civil Procedure Section 425.16 (the statute governing Strategic Lawsuits

10    against Public Participation or SLAPP) which applies to supplemental state law claims in

11    federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Company,*

12    *Inc.*, 190 F.3d 963, 970-973 (9th Cir. 1999).

13           Pursuant to CCP § 425.16(c), Defendant also respectfully requests that the

14    Court order Plaintiff to pay Defendant an amount equal to the attorneys' fees and costs

15    incurred to strike such portions of the Complaint, subject to Defendant's filing of a motion

16    for recovery of the fees. This motion is based upon the Declarations of Caroline L.

17    Fowler, Greg Scoles (submitted under seal), Toni Lisoni, Kathy Warr and Maureen

18    McClain and Request for Judicial Notice. This motion is filed and served concurrently

19    with Defendant's Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), which

20    Defendant asks the Court to treat as a motion for summary judgment under Rule 12(d),

21    Fed. R. Civ. Proc. At the same time, Defendant also files a Motion to Strike under Rule

22    12(f).

23    DATED:      June 11, 2008           Respectfully submitted,

24                              KAUFF MCCLAIN & MCGUIRE LLP

25

26                              By:_____ / s / _____
                                  MAUREEN E. MCCLAIN

27                              Attorneys for Defendant
                             CITY OF SANTA ROSA

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 1 -

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION AND ISSUES TO BE DECIDED**

3    Plaintiff James Mitchel, a former captain with the City of Santa Rosa's

4    Police Department ("City" and "Department"), here uses every conceivable legal label

5    (ranging from claimed constitutional violations to gender discrimination) to divert

6    attention from the misconduct which led to his May 30, 2008 termination, and to attempt

7    to derail the City's ability to address discrimination, harassment and retaliation claims

8    brought against the Department (and Mitchel) by several current Department members.[1]

9    As demonstrated in the concurrently-filed motion to dismiss, his claims are without legal

10   merit, and as demonstrated in this motion, they have been undertaken for the

11   impermissible purpose of interfering with the City's response to litigation claims in a pre-

12   litigation period.  As such, all state-law claims are subject to being stricken under Code

13   of Civil Procedure ("CCP") § 425.16.

14   A.    Do Plaintiff's state law claims arise from challenged activity

15   protected by CCP § 425.16?

16   B.    If the answer to A is yes, can Plaintiff demonstrate the probability of

17   his prevailing on the merits of his state law claims?

18   **II.    STATEMENT OF FACTS**

19   In December 2007 and January 2008, four current Department employees

20   ("complainants") raised allegations of gender and sexual orientation discrimination,

21   harassment and retaliation.  (Scoles Dec., ¶ 2; Complaint ¶¶ 12-14.)  The complaints

22   alleged, inter alia, that Mitchel treated two of the employees with overt and continuing

23   hostility following their assistance, a year earlier, in bringing gender discrimination

24   concerns to the attention of the City's Human Resources Department.  (Scoles Dec., ¶ 2,

25   Complaint ¶ 10.)  Complainants' counsel, Toni Lisoni, has informed the City that she will

---

26   [1] Plaintiff rejected Defendant's stipulation to file the Declaration of Greg Scoles under
     seal.  While Defendant believes that Plaintiff has waived all privacy considerations, we
27   have moved ex parte out of an abundance of caution.  All aspects of these issues will be
     made public in the course of the arbitration concerning Mitchel's discharge.  (Fowler
28   Dec., ¶ 8.)

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF     CASE NO. C 08-02698 SI

1    file suit under Title VII of the 1964 Civil Rights Act should those complaints not be

2    resolved. (Fowler Dec., ¶ 4.) Lisoni and Counsel for the City have engaged in a

3    settlement process to culminate in a mediation before Hon. Ellen James (Ret.). (Fowler

4    Dec., ¶ 4.) As of the time of the events raised in the Complaint, a mediation before

5    Judge James was scheduled to occur on April 21, 2008; it has since been continued to a

6    later time frame. (Fowler Dec., ¶ 4.)

7        The City retained Edward Kreins to conduct an investigation into the

8    allegations raised by the four Department employees. (Fowler Dec., ¶ 3; Complaint ¶

9    17, p. 4:17.) His initial report to the City concerning the complaints was completed as of

10   March 13, 2008. (Fowler Dec., ¶ 5.) On March 14, 2008, the City distributed such report

11   (consisting of some 166 pages) to the managers (one of whom was Mitchel) against

12   whom the complaints had been lodged, the managers' lawyers, the complainants' lawyer

13   and one complainant (Kathy Warr) who is a Division Manager in the Police Department.

14   The report to the complainants' lawyer, Toni Lisoni, was sent by overnight delivery; the

15   reports were hand-provided to Mitchel and Warr at the same time. (Fowler Dec., ¶ 6.)

16   Mitchel, who admits observing Warr's receiving the report (Complaint ¶ 20, p. 4:26), did

17   not object to Warr's receipt of the report. (Fowler Dec., p. 4:1-2.)

18       The report was provided to complainant and complainant's counsel subject

19   to an executed confidentiality agreement operating in a manner similar to a stipulated

20   protective order had the matter been in a litigation as opposed to pre-litigation stage.

21   The confidentiality agreement links communication of the report to "continuing efforts to

22   attempt pre-litigation resolution of the claims", states that it is being provided as part of a

23   settlement and mediation process, commits complainants and their counsel to not

24   discussing or distributing the report "outside of the context of settlement meetings and

25   mediation", and commits that the report will both not be used for any other purpose and

26   will be returned at the conclusion of the settlement process. Additionally both parties

27   preserved all positions as to the discoverability of the report should litigation ensue.

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF          CASE NO. C 08-02698 SI

1  (Exhibit 2 to the Fowler Dec.)  The reason for the distribution was the facilitation of the

2  settlement discussions.  (Fowler Dec., ¶ 5.)

3           Following the handing of the report to Warr and Mitchel, outside counsel for

4  the City, Maureen McClain, communicated with the managers' lawyers concerning the

5  report, informing one the lawyers, Martin Mayer, that complainants and their counsel

6  would receive the report, subject to confidentiality protections.  (Fowler Dec., ¶ 7;

7  McClain Dec., ¶ 4.)  When Mayer objected, the City immediately notified complainants'

8  counsel that the report should not be read and should be returned.  This was done to

9  facilitate a further discussion of the issue with the managers' lawyers; the City however,

10  maintained its position that the communication of the report under the circumstances

11  here outlined was both appropriate, and necessary to the important public policy

12  purpose of resolving disputes before a lawsuit is filed.  (Fowler Dec., ¶ 7.)  Lisoni

13  confirmed to the City by an e-mail sent at 4:57 p.m. on March 14, 2008 that neither she

14  nor Kathy Warr had read the report or would read the report.  (Exhibit 3 to the Fowler

15  Dec.)  Both copies of the report were returned to the City.  (Fowler Dec., ¶ 7.)  Lisoni has

16  not read any part of the report.  (Lisoni Dec., ¶ 3.)  Warr did not read the report, but did

17  briefly review the section setting forth the investigator's conclusions as to each

18  allegation.  (Warr Dec., ¶ 6.)  This Warr had a right to do, even assuming the applicability

19  of Penal Code Section 832.7, as Section 832.7 (e) (1) requires notification in writing to

20  the complaining party of the disposition of the complaint.  The circumstances regarding

21  the distribution and retrieval of the report were described to Plaintiff's counsel, Scott

22  Lewis, well before Lewis's filing of this lawsuit.  (McClain Dec. and Exhibit 1 thereto.)

23           Prior to the time the report was finalized on March 13, 2008, Mitchel

24  discussed several aspects of the initial investigation, including his interview with the

25  investigator and his view that he would be exonerated.  (Scoles' Dec., Exhibits 2 and 3.)

26  Since being notified of the possibility of his discharge through receiving a notice of intent

27  to discipline, Mitchel and his counsel have engaged in widespread lobbying of other

28  members of the Department and their Employee Associations.  (Fowler Dec., ¶ 9, Exhibit

- 4 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1   4 thereto.)  The Complaint he filed in this matter makes public many aspects of the

2   investigation which had not before been publicly disclosed by any party.  The Complaint,

3   for example, identifies the complainants and the nature of their complaints and publicly

4   identifies the other Police Department Manager against whom the complaints were

5   lodged.  There has been extensive publicity as a result of Mitchel's filing this lawsuit

6   discussing the complaints against Mitchel, the fact that an investigation occurred, and

7   discussing Mitchel's termination.  (Exhibits D and E to the Request for Judicial Notice.)

8   In short, the complaints and the investigation of such complaints have been discussed

9   for months by Mitchel in an effort to rally support for him to the detriment of the

10  complainants.

11          Effective May 30, 2008, the City terminated Mitchel's employment.  (Scoles

12  Dec., ¶ 1, Exhs. 2 through 5; Exh. 5 to the Fowler Dec.)  Mitchel has demanded

13  arbitration of his discharge; such arbitration will be a public hearing.  (Fowler Dec., ¶ 8.)

14  **III.    ARGUMENT**

15          **A.    An Anti-SLAPP Motion Is Properly Made In Federal Court To Strike
                State Law Claims.**
16

17          California's anti-SLAPP law is aimed at curtailing civil actions designed to

18  deter private citizens from exercising their rights of free speech.  *United States ex rel*

19  *Newsham v. Lockheed Missiles & Space Co., Inc.,* 190 F.3d 963, 970 (9th Cir. 1999).

20  Special motions to strike and entitlement to fees and costs are available to litigants

21  proceeding in federal court.  *Id.* at 972-973.  The federal court is governed by the

22  legislative instruction that the statute should be construed broadly.  CCP § 425.16 (a);

23  *Vess v. Ciba-Geigy Corp.,* 317 F.3d 1097, 1109 (9th Cir. 2003).

24          Any such motion raises a two-pronged inquiry:  (1) Whether the defendant

25  has made a prima facie showing that plaintiff's suit arises from an act in furtherance of a

26  person's right of petition or right of free speech in connection with a public issue.  (2) If

27  yes, whether plaintiff has met his burden of demonstrating a probability of prevailing on

28  the challenged claims.  *Navellier v. Sletten,* 29 Cal.4[th] 82, 88 (2002); *Thomas v. Los*

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1  *Angeles Times Communications, LLC,* 189 F.Supp.2d 1005, 1009-1110 (C.D. Cal.

2  2002).  The defendant need not show that the suit was brought with the intention of

3  chilling defendant's speech or that such speech was actually chilled.  *Vess v. Ciba-*

4  *Geigy,* 317 F.3d at 1110 (and cases cited therein).

5  "In making its determination, the court shall consider the pleadings, and

6  supporting and opposing affidavits stating the facts upon which the liability or defense is

7  based."  CCP § 425.16 (b) (2).  To meet his burden of demonstrating a probability of

8  prevailing on the merits, Plaintiff must show that the complaint is legally sufficient and

9  "supported by a sufficient prima facie showing of facts to sustain a favorable judgment if

10  the evidence submitted by the Plaintiff is credited".  *Rusheen v. Cohen*, 37 Cal.4th 1048,

11  1056 (2006).

12  **B.    This Lawsuit Interferes With The City's Conduct Of Litigation And**
        **Hence Meets Prong 1 Of The Anti-SLAPP Test.**

13

14  Section 425.16 (e) (2) defines protected conduct under the anti-SLAPP

15  statute to include "any written or oral statement or writing made in connection with an

16  issue under review by a legislative, executive or judicial body....".   Communications in

17  connection with anticipated litigation fall within Section 425.16 (e) (2)'s definition of

18  issues under review by a judicial body.  *Neville v. Chudacoff,* 160 Cal.App.4th 1255, 1263

19  (2008).  Communications made preparatory to or in anticipation of litigation fall within the

20  ambit of both the anti-SLAPP provisions and the litigation privilege afforded by CCP § 47

21  (b) (2); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1115 (1999)

22  ("Just as communications preparatory to or in anticipation of the bringing of an action or

23  other official proceeding are within the protection of the litigation privilege of Civil Code

24  section 47, subdivision (b), ...such statements are equally entitled to the benefits of

25  section 425.16.")

26  Here, it is clear that the City's decision to communicate the content of the

27  report to Lisoni and her clients was made in anticipation of litigation and with the goal of

28  resolving the complaints in a settlement discussion format culminating in mediation.  The

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1  confidentiality agreement (Exh. 2 to the Fowler Dec.) clearly establishes the relationship

2  of this communication to anticipated litigation.

3     **C.     Plaintiff Cannot Meet His Burden Of Showing A Likelihood Of
            Prevailing On His State Law Claims.**

4

5     For the reasons set forth in the accompanying motion to dismiss Plaintiff's

6  claims, including those supported by the factual record presented by Defendant (which

7  the Court should consider on the anti-SLAPP motion even if it declines to consider them

8  on the 12 (b) (6) motion), Plaintiff cannot prevail on any state law claims he has raised.

9  A summary of those legal arguments is here set forth.

10     **1.     Counts 1, 2, 7, 8, 9 And 10 Are Barred By The Litigation
            Privilege.**

11

12     It is undisputed that the City provided the investigative report as part of an

13  already scheduled mediation process.  The report was thus covered by mediation

14  confidentiality as defined in California Evidence Code §§ 1115-1128 and the settlement

15  protections of California Evidence Code §§ 1152 and 1154 as well as Fed. R. Evid. 408.

16  Hence the recipients were barred from referencing the report in any way, including in any

17  ensuing litigation until such time as the report was properly discoverable (as it surely

18  would be).  The evidentiary preclusion for mediation information is not limited to

19  communications made in the course of mediation but also applies to communications

20  made "for the purpose of" mediation.  Evidence Code § 1119; *Wimsatt v. Superior Court,*

21  152 Cal.App.4th 137, 150-151 (2007). The nexus to resolution of a threatened lawsuit by

22  providing information clearly relevant to an analysis of claims establishes without

23  question that this communication was related to litigation.

24     As the Court stated in *Rusheen v. Cohen*, 37 Cal.4th at 1063:  "The

25  purposes of section 47, subdivision (b) are to afford litigants and witnesses free access

26  to the courts without fear of being harassed subsequently by derivative tort actions, to

27  encourage open channels of communication and zealous advocacy, to promote

28  complete and truthful testimony, to give finality to judgments and to avoid unending

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 7 -

1  litigation." The purposes are well served in this case where the report was provided for

2  the purpose of communicating with putative litigants and their counsel in an effort to

3  settle threatened litigation. The litigation privilege is "absolute" and applies regardless of

4  malice. *Rusheen v. Cohen, supra,* at 1063. And, it is clear that the privilege attaches to

5  communications in a pre-litigation period. *Ascherman v. Natanson*, 23 Cal.App.3d 861,

6  865 (1972) ("It is also well settled that the absolute privilege in both judicial and quasi-

7  judicial proceedings extends to preliminary conversations and interviews between a

8  prospective witness and an attorney if they are some way related to or connected with a

9  pending or contemplated action."); *Lopez Reyes v. Kenosian & Miele, LLP,* 525

10  F.Supp.2d 1158, 1161 (N.D. Cal. 2007); *Rubin v. Green*, 4 Cal.4th 1187 (1993) (Court

11  dismissed a lawsuit brought by a mobile park owner for unfair business practices arising

12  from a tenant's letter to other residents threatening litigation over how park was run

13  based on the litigation privilege.).

14          The litigation privilege requires dismissal of all of Plaintiff's state law claims

15  arising from the communication of the report (that is, all claims but Plaintiff's FEHA

16  count, which is separately discussed infra). *Jacob v. County of Shasta,* 40 Cal.4th 948,

17  1008-1010 (2007). In *Jacob v. County of Shasta*, the California Supreme Court held that

18  the litigation privilege barred both common law tort claims and a claim based upon a

19  California constitutional right of privacy. *Id.* at 1011-1012. The Court rejected the

20  plaintiff's contention that a letter written to a family law court accusing the plaintiff of

21  having molested his nephew could not be subsumed under the litigation privilege

22  because the letter violated confidentiality laws as it contained information that could not

23  be released without a court order. *Id.* The Court assumed for purposes of the decision

24  that the disclosure violated juvenile record confidentiality laws and further held: "Just as

25  the privilege extends to communications otherwise within section 47 (b)'s reach that are

26  perjurious, it also extends to communications otherwise within its reach that might be

27  deemed confidential." *Id.* at 1010; accord *Ribas v. Clark*, 38 Cal.3d 355, 364-365 (1985)

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1  (plaintiff unable to recover damages alleged to have been incurred from arbitration

2  testimony of a conversation which the defendant had unlawfully monitored).[2]

3       The litigation privilege therefore requires dismissal, without leave to

4  amend, of Counts 1, 2 and 7 through 10, and thus forecloses entirely Plaintiff's ability to

5  show that he can prevail on those claims relative to the second prong of the anti-SLAPP

6  inquiry.  As to those counts, the Court need not reach an inquiry beyond the analysis of

7  the litigation privilege.[3]

8          **2.**  **Plaintiff Cannot Succeed In Establishing A Violation Of His Privacy.**

9

10       Plaintiff's allegation that confidentiality toward him was breached is a

11  perversion of what occurred here.  Plaintiff engaged in conduct which led several Police

12  Department employees to contend that he discriminated against them on the basis of

13  gender and sexual orientation, and harassed and retaliated against them because they

14  supported the presentation of discrimination claims to the City.  Plaintiff discussed with

15  his subordinates his views of the outcome of the investigation before the report was

16  issued.  Plaintiff did so in a manner designed to turn employees against those co-

17  workers who had raised or supported discrimination claims.

18       Plaintiff cannot demonstrate that he had a "reasonable expectation of

19  privacy." *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994). "Moreover,

20  the plaintiff in an invasion of privacy case must have conducted himself in a manner

21  consistent with an expectation of privacy, i.e. he or she must not have manifested by his

22  or her conduct a voluntary consent to the invasive actions of defendant." *Id.* at 26.

23

24  [2] Numerous decisions have recognized that the litigation privilege presents a bar to actions, even when based on perjury, forgery, and other types of tortious communications. *See e.g.*, *Silberg v. Anderson*, 50 Cal.3d 205, 218-220 (1990)

25  (misrepresentation); *Doctors' Co. Ins. Services v. Superior Court*, 225 Cal.App.3d 1284, 1300 (1990) (perjury); *Carden v. Getzoff*, 190 Cal.App.3d 907, 915 (1987) (perjury);

26  *Steiner v. Eikerling*, 181 Cal.App.3d 639, 643 (1986) (forgery).
[3] While Defendant has analyzed Count 1 in its motion to dismiss as a contract claim, to

27  the extent that it seeks tort damages, it is barred by the litigation privilege. As to Count 10 for municipal liability, to the extent that such claim seeks to hold the City liable under

28  state law for a tort recovery, it is also subsumed within the privilege.

- 9 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF    CASE NO. C 08-02698 SI

1  Plaintiff was present when the report was presented one of the complainants, and did

2  not object. (Fowler Dec., p. 4:3-4.) He had a full opportunity to halt the communication,

3  as seen from the fact that the City immediately acted when a lawyer for a different party

4  raised an objection. *See, Pettus v. Cole*, 49 Cal. App. 4th 402, 441 (1996) ("Various

5  factors such as advance notice, customs, practices, justification, physical settings and

6  the presence of an opportunity to consent may inhibit or diminish reasonable

7  expectations of privacy.") Notwithstanding that the City believed it was fully justified in

8  providing the report subject to the confidentiality parameters here described, it took steps

9  to retrieve the communication. (Fowler Dec., ¶ 7, Lisoni Dec., ¶ 3, Warr Dec., ¶¶ 6-10.)

10  The 166-page report was not read at all by Lisoni, and only the findings section was

11  reviewed briefly by Warr.[4]

12          Were the complainants to file a federal court lawsuit (which remains a

13  possible occurrence), the report will be subject to discovery by complainants and their

14  lawyers, and in fact, will be required to be produced by Defendant in its initial

15  disclosures, under Fed. Rule Civ. P. 26(a), potentially in the same manner as here was

16  attempted, pursuant to a stipulated protective order, assuming no party asserts that the

17  report should be made fully public. *See, Rosales v. City of Los Angeles*, 82 Cal.App. 4th

18  419, 429 (2000); *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293,1298

19  (N.D. Cal. 1995) where the court commented upon the routine production of police

20  personnel files subject to a protective order without court intervention. Hence, Plaintiff

21  had no reasonable expectation that the report would remain private.

22          Moreover, Plaintiff has demanded arbitration of his May 30, 2008 discharge

23  from the City's employ. Any such arbitration will be a public proceeding under the City

24  Charter. *See, Welsh v. City and County of San Francisco, supra* at 1300-1301 where

25  the Court relied on the possibility of a public hearing being held regarding Plaintiff's

26

27  [4] Assuming arguendo its applicability, Section 832.7 (e) (1) requires that the City notify
   complainants of the disposition of the investigation. Hence, Warr had a right to review

28  the findings.

                                                    - 10 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF          CASE NO. C 08-02698 SI

1  allegations of sexual harassment for a finding that participants in the investigation could

2  not reasonably have concluded that the investigative proceedings would remain private.

3        Plaintiff's discussion of the circumstances over which privacy is asserted

4  constitutes a waiver of any privacy claim. *Hill v. National Collegiate Athletic Assn.*, 7

5  Cal.4[th] 1, 26 (1994); *Pettus v. Cole*, 49 Cal.App.4[th] at 448-449. Plaintiff's lawsuit (filed

6  even after the circumstances of the communication were described to his counsel)[5] is

7  the height of arrogance, and clearly designed to pressure the City into not proceeding

8  with his discharge.[6] Mitchel waived whatever privacy interest he believed attached to

9  the report when he engaged in a widespread campaign to denigrate the complainants

10 and portray himself as the aggrieved party, a campaign he continues in this Complaint

11 and newspaper accounts of the Complaint.

12        3.    **The Decision Of The City To Provide The Report In The Context
              Here Described Was A Discretionary Act Protected By Gov't**
13            **Code § 820.2.**

14 California Government Code Section 820.2 states:

15        Except as otherwise provided by statute, a public
          employee is not liable for an injury resulting from his
16        act or omission where that act or omission was the
          result of the exercise of the discretion vested in him,
17        whether or not such discretion be abused

18 Section 820.2 operates to bar tort claims based on discretionary acts of public

19 employees. In *Miller v. Hoagland*, 247 Cal.App.2d 57 (1966), a litigant sued a city

20 attorney in tort for sending a letter to a judge presiding over his litigation against the city.

21 According to the plaintiff, the city attorney's letter contained factual misrepresentations

22 that were calculated to obtain a legal decision in favor of the city. *Miller v. Hoagland*,

23 *supra*, at 59. The plaintiff contended that the city attorney was acting outside of the

24 course and scope of his employment, and therefore could not claim immunity from tort

25 liability. *Id.* However, Section 820.2 precluded any tort liability. The statements in the

26 letter were the result of the exercise of discretion on the part of City Attorney Hoagland,

---

[5] McClain Dec., ¶¶ 1-4; Exhibit 1.
[6] This lawsuit was filed on May 22, 2008 before the City had reached a determination to
proceed with the termination, and a day before Mitchel's Skelly hearing was held.

- 11 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF          CASE NO. C 08-02698 SI

1 | even if the constructions adopted by him were erroneous, or were malicious, or were the

2 | result of an abuse of discretion." *Id.* at 62.

3 |      A tort action against a *municipality* based on actions of its employees is

4 | also barred. Pursuant to Government Code section 815.2 a public entity may be held

5 | liable for the actions of its employees:

6

7 | if the act or omission would *apart from this section* have given rise to a cause of action against that public employee or his personal representative.

8

9 | *Thompson v. City of Lake Elsinore*, 18 Cal.App.4th 49, 61 (1993) [Emphasis in the

10 | original.] The *Thompson* case involved a private citizen's claim that the city negligently

11 | denied her a building permit. The court rejected the plaintiff's negligence claim because

12 | there was no statutory provision under which the employee or the city could be held

13 | liable. The court noted:

14 | In the absence of a constitutional requirement, public entities may be held liable *only if a statute* (not

15 | including a charter provision, ordinance, or regulation) *is found declaring them to be liable.* The

16 | practical effect of this section is to *eliminate any common law governmental liability* for damages

17 | arising out of torts.

18 | *Id.* at 62. [Emphasis in the original.]

19

20 |      Plaintiff's tenth claim for relief is broadly framed as one for "municipal

21 | liability." Plaintiff apparently seeks to hold the City liable in tort for the distribution of the

22 | investigative report on a theory of respondeat superior. Government Code sections

23 | 820.2 and 815.2 provide that the City is not liable on Plaintiff's tort claims—(the first,

24 | second, and seventh through tenth claims)—as a matter of law. The provision of the

25 | report to participants in the planned mediation was a discretionary act of City employees.

26 | Plaintiff's claim that employees acted "to advance their own personal interests by helping

27 | and protecting personal friends and their jobs," is unavailing. (Complaint ¶ 86.) The

28 | court of appeal in *Miller* noted that the plaintiff's use of such words as malice and

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF    CASE NO. C 08-02698 SI

1  maliciously did nothing to destroy the immunity accorded to the city attorney, (and

2  therefore to her employer.) *Miller,* 247 Cal.App.2d at 62. The immunity accorded by the

3  Government Code for the acts of public employees applies, "even if discretion is abused

4  by them, and even if their act is malicious and without probable cause, or is an

5  intentional tort." *Id.* Plaintiff cannot state a claim for alleged "municipal liability" as a

6  matter of law, and such claim, together with the tort claims from which it is derived,

7  should be dismissed without leave to amend.

8
9
        **4.**      **Plaintiff's Claims For Infliction Of Emotional Distress And Interference With Prospective Economic Advantage Are Otherwise Defective As A Matter Of Law.**

10        As set forth in Defendant's Motion to Dismiss, Plaintiff's claim for negligent

11  infliction of emotional distress is preempted by the California Workers' Compensation

12  statute. Cal. Lab. Code § 3600, et seq.; *Robomatic, Inc. v. Vetco Offshore*, 225

13  Cal.App.3d 270, 274 (1990). Moreover, Plaintiff's intentional infliction of emotional

14  distress claim fails as the conduct challenged in the Complaint cannot, as a matter of

15  law, be viewed as outrageous. *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d

16  1154, 1158 (9th Cir. 2000). His claim for business interference fails as he has not

17  alleged a relationship between himself and a third party. *Marin Tug & Barge, Inc. v.*

18  *Westport Petroleum, Inc.*, 271 F.3d 825, 832 (9th Cir. 2001).

19
20
21
        **5.**      **Plaintiff Cannot Prevail On His Claim For Gender Discrimination Filed Before He Received An Administrative Right To Sue, And Without A Basis In Fact Sufficient To Sustain A Finding That His Termination Was A Pretext For Sex Discrimination.**

22        As set forth in the accompanying Motion to Dismiss, the Court has no

23  jurisdiction to entertain Plaintiff's gender discrimination claim based on his failure to

24  exhaust his administrative remedies. Cal. Gov't Code § 12965(b); *Commodore Home*

25  *Systems, Inc. v. Superior Court*, 32 Cal.3d 211, 213-214 (1982) (To exhaust

26  administrative remedies a claimant must not only file and administrative charge, but also

27  obtain a right to sue notice.); *Miller v. United Airlines, Inc.*, 174 Cal.App.3d 878, 890

28

- 13 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF      CASE NO. C 08-02698 SI

1   (1985); (Complaint ¶ 93).[7]  Further, an independent basis for disposing of this claim is

2   the absence of any evidence that Defendant's reasons for terminating Plaintiff were

3   pretextual.

4          Under the familiar test set forth in *McDonnell Douglas Corp. v. Green*, 411

5   U.S. 792 (1973), the plaintiff has the initial burden of setting forth a prima facie case of

6   discrimination, which gives rise to a rebuttable presumption of discrimination.  *Guz v.*

7   *Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 354 (2000) (citations omitted).  The burden then shifts

8   to the employer to rebut the presumption by articulating a legitimate, nondiscriminatory

9   reason for the employment decision.  Once this burden is met, the presumption of

10  discrimination disappears.  *Id.* at 355-56.  The plaintiff then has the opportunity to show

11  that the legitimate business reason proffered by the employer is actually a pretext for

12  discrimination, or offer other evidence of a discriminatory motive.  *Id.* at 356.

13         Plaintiff alleges in his eleventh cause of action that the City "planned and

14  conspired to wrongfully terminate Plaintiff because of his gender for the purpose of

15  appeasing COMPLAINANTS who claimed to be in a protected class." (Complaint ¶ 89.)

16  Plaintiff does not plead the elements of a prima facie case, and provides no facts which

17  could support that inference.  He was hired into a senior position just a few years earlier

18  in June 2005 (Complaint ¶ 8) as a male.  Plaintiff's passing reference to gender is

19  insufficient to support this claim.  The fact that others complained of him engaging in

20  harassment and retaliation does involve his gender; it involves his conduct.  Should this

21  case proceed Plaintiff cannot establish that the City's legitimate, nondiscriminatory

22  reasons for his termination were pretextual.  *Villiarimo v. Aloha Air, Inc.,* 281 F.3d 1054,

23  1062 (9th Cir. 2002); *King v. United Parcel Service, Inc.,* 152 Cal.App.4th 426, 433-436

24  (2007); (Scoles Dec. ¶ 1, Exhs. 2 through 5; Exh. 5 to the Fowler Dec.).  Plaintiff's own

25  Complaint asserts that the City's motives are unrelated to any intentional gender bias

26  against Plaintiff; instead, the City acted "for the purpose of appeasing complainants".

27  _____

[7] Similarly Plaintiff's premature filing of tort claims without complying with the Tort Claim
28  Act, as discussed in the Motion to Dismiss, provides yet another ground for dismissal of
such claims.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1    (Complaint ¶¶ 21 and 89.)  This is a nonsensical assertion that should not be used to

2    chill Defendant's right to take investigatory and remedial action when faced with

3    discrimination complaints and a potential lawsuit concerning such complaints.

4        **D.    Defendant Is Entitled To Attorneys' Fees And Costs.**

5            Pursuant to CCP § 425.16 (c), "[i]n any action subject to subdivision (b) [of

6    § 425.16], a prevailing defendant on a special motion to strike shall be entitled to recover

7    his or her attorney's fees and costs."  Defendant asks this Court to order a briefing

8    schedule on the recovery of attorneys' fees and costs if Defendant prevails in this

9    motion.

10   **IV.    CONCLUSION**

11           For the foregoing reasons, Defendant requests that all state law claims

12   pled by Plaintiff be stricken in their entirety under CCP § 425.16.

13   DATED:      June 11, 2008                    Respectfully submitted,

14                                                KAUFF MCCLAIN & MCGUIRE LLP

15

16

17   By:_____/ s /_____
                           MAUREEN E. MCCLAIN

18   Attorneys for Defendant
     CITY OF SANTA ROSA
19

20

21   4835-1849-1650.1

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEF'S NOT OF MTN AND SPEC MTN TO STRIKE COUNTS 1 AND 2 AND 7 THROUGH 11 OF
PLTF'S COMP, INCLUDING DEF'S REQ FOR ATTYS FEES; MPA'S IN SUPPORT THEREOF         CASE NO. C 08-02698 SI