1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  CHARLES L. THOMPSON IV (State Bar No. 139927)
   Email: thompson@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California  94104
   Telephone:   (415) 421-3111
5  Facsimile:   (415) 421-0938

6  Attorneys for Defendant
   CITY OF SANTA ROSA

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMES A. MITCHEL,                    CASE NO.  C 08-02698 SI

12              Plaintiff,               **REQUEST FOR JUDICIAL NOTICE
                                         REGARDING DEFENDANT CITY
13  v.                                   OF SANTA ROSA'S MOTION TO
                                         DISMISS AND SPECIAL MOTION
14  CITY OF SANTA ROSA, and DOES 1       TO STRIKE**
    through 50, inclusive,
15                                       **DATE:**    August 22, 2008
                Defendants.              **TIME**     9:00 a.m.
16                                       **JUDGE:** Hon. Susan Illston
                                         **DEPT:**    Ctrm 10, 19th Floor
17
                                         **COMPLAINT FILED:** May 22, 2008
18                                       **TRIAL DATE:** No date set.

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

REQUEST FOR JUDICIAL NOTICE REGARDING DEFENDANT'S
MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE                CASE NO. C 08-02698 SI

1    Defendant City of Santa Rosa hereby requests that the Court take judicial

2    notice of the following documents pursuant to Federal Rule of Evidence 201(b):

3    **Exhibit A:** Rules and Regulations to the Employer—Employee Relations

4    Ordinance, Section 10, Rule 8.

5    **Exhibit B:** Document Describing Wages, Hours and Other Terms and

6    Conditions of Employment Approved by the Santa Rosa City Council for Employees in

7    the City's Units 10, 11 and 12—Executive Management, Middle Management and

8    Confidential, dated July 1, 2007 through June 30, 2008.

9    **Exhibit C:** Claim Against the City of Santa Rosa of James A. Mitchel,

10    dated May 22, 2008.

11    **Exhibit D:** "SRPD's Number 2 Fired Amid Staff Complaints," published in

12    the Santa Rosa Press Democrat on May 31, 2008.

13    **Exhibit E:** "SRPD's Chief Admits SR Police Divided," published in the

14    Santa Rosa Democrat on June 6, 2008.

15    Judicial Notice is sought pursuant to Evidence Code Sections 201(b) and

16    (d) which require the Court to take judicial notice of a fact "not subject to reasonable

17    dispute in that it is either (1) generally known within the territorial jurisdiction of the trial

18    court or (2) capable of accurate and ready determination by resort to source whose

19    accuracy cannot be reasonably questioned." (Fed. Evid. Code § 201(b).)

20    DATED:    June 11, 2008    Respectfully submitted,

21    KAUFF MCCLAIN & MCGUIRE LLP

22

23    By:_____/s/_____

24    MAUREEN E. MCCLAIN

25    Attorneys for Defendant
     CITY OF SANTA ROSA

26

27    4850-9299-3794.1

28

- 2 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

# EXHIBIT A

# RULES AND REGULATIONS TO THE

## EMPLOYER – EMPLOYEE RELATIONS ORDINANCE

## C O N T E N T S

| | | PAGE |
|---|---|---|
| SECTION 1. | STATEMENT OF PURPOSE | 2 |
| SECTION 2. | DEFINITIONS | 2 |
| SECTION 3. | RULE 1 – UNIT DETERMINATION | 2 |
| SECTION 4. | RULE 2 – REPRESENTATION PROCEEDINGS | 2 |
| SECTION 5. | RULE 3 – DUES CHECK-OFF | 4 |
| SECTION 6. | RULE 4 – REASONABLE TIME OFF TO MEET AND CONFER | 6 |
| SECTION 7. | RULE 5 – ACCESS TO WORK LOCATIONS | 6 |
| SECTION 8. | RULE 6 – USE OF CITY FACILITIES | 7 |
| SECTION 9. | RULE 7 – USE OF BULLETIN BOARDS | 7 |
| SECTION 10. | RULE 8 – AVAILABILITY OF DATA | 8 |
| SECTION 11. | RULE 9 – PEACEFUL PERFORMANCE OF CITY SERVICES | 9 |
| SECTION 12. | RULE 10 – PUBLIC SAFETY EMPLOYEES | 10 |
| SECTION 13. | RULE 11 – UNIFORMITY AND SCOPE OF AGREEMENT BY UNIT | 10 |
| SECTION 14. | RULE 12 – CALENDAR FOR SALARY CONSIDERATION | 11 |
| SECTION 15. | RULE 13 – RESOLUTION OF IMPASSES IN MEETING AND CONFERING | 11 |
| SECTION 16. | RULE 14 – UNFAIR EMPLOYEE RELATIONS PRACTICES | 11 |

C. Unless special arrangements are made with the Municipal Employee Relations Officer, no material other than notices of meetings, social events, elections, appointments and listings of current officers shall be posted on a bulletin board. All material shall be dated and signed by a recognized officer of the employee organization. Material posted should be removed 31 days after the posting date.

D. The City reserves the right to determine where bulletin boards shall be placed and what portion of them are to be allocated to the employee organizations' materials.

E. An employee organization that does not abide by these rules will forfeit its right to have materials posted on City bulletin boards.

## SECTION 10.    RULE 8 – AVAILABILITY OF DATA

The City will make available to employee organizations such non-confidential information pertaining to employment relations as is contained in the public records of the agency, subject to the limitations and conditions set forth in this rule and Government Code Section 6250, et. Seq.

Such information shall be made available during regular office hours in accordance with the City's rules and procedures for making public records available and after payment of reasonable costs, where applicable.

Information which shall be made available to employee organizations includes regularly published data covering subjects under discussion. Data collected on a promise to keep its source confidential may be made available in statistical summaries, but shall not be made available in such form as to disclose the source.

Nothing in this rule shall be construed to require disclosure of records that are:

A. Personnel, medical and similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy or be contrary to merit system principles;

B. Working papers or memoranda which are not retained in the ordinary course of business or any records where the public interest served by not making the

record available clearly outweighs the public interest served by disclosure of the record;

C. Records pertaining to pending litigation to which the City is a party, or to claims or appeals which have not been settled;

D. Nothing in this rule shall be construed as requiring the City to do research for an inquirer or to do programming or assemble data in a manner other than usually done by the agency.

## SECTION 11.   RULE 9 – PEACEFUL PERFORMANCE OF CITY SERVICES

Participation by any employee in a strike or work stoppage against the City of Santa Rosa is unlawful and shall subject the employee to disciplinary action, including discharge.

No employee organization, its representatives, officers or members engage in, cause, instigate, or participate in a strike or a work stoppage of any kind, against the City of Santa Rosa, in addition to any other lawful remedies or disciplinary actions, the Municipal Employee Relations Officer may recommend that formal recognition of the recognized employee organization be withdrawn, may suspend or cancel any or all payroll deductions payable to such organization, may prohibit the use of bulletin boards, may prohibit the use of City facilities, and may prohibit access to work or duty stations formerly accessible to such organization.

As used in this Section "strike or work stoppage" means the concerted failure to report for duty, the willful absence from one's position, the stoppage of work or the abstinence in whole or in part from the full, faithful performance of the duties of employment for the purpose of inducing, influencing, or coercing a change in the conditions of compensation, or the rights, privileges or obligations of employment.

Any decision of the Municipal Employee Relations Officer made under the provisions of this Section may be appealed to the Board by filing a written Notice of Appeal with the Municipal Employee Relations Officer of the City Clerk, accompanied by a complete statement setting forth all of the grounds upon which the appeal is based.  Such Notice of Appeal must be filed within seven (7) calendar days after the affected employee

# EXHIBIT B

EXHIBIT "A" TO RESOLUTION NO. <u>26880</u>

DOCUMENT DESCRIBING WAGES, HOURS AND OTHER TERMS AND
CONDITIONS OF EMPLOYMENT

APPROVED BY

THE SANTA ROSA CITY COUNCIL

FOR EMPLOYEES IN THE CITY'S UNITS 10, 11 AND 12

EXECUTIVE MANAGEMENT, MIDDLE-MANAGEMENT AND CONFIDENTIAL

JULY 1, 2007 THROUGH JUNE 30, 2008

1

## TABLE OF CONTENTS

| | | |
|---|---|---|
| ARTICLE 1 | CONTRAVENTION OF LAWS | 4 |
| ARTICLE 2 | TERM | 4 |
| ARTICLE 3 | DEFINITIONS | 4 |
| ARTICLE 4 | PURPOSE | 5 |
| ARTICLE 5 | SCOPE | 5 |
| ARTICLE 6 | SEVERABILITY | 5 |
| ARTICLE 7 | SUPPLEMENT OR MODIFICATION | 6 |
| ARTICLE 8 | MUTUAL RESPONSIBILITY | 6 |
| ARTICLE 9 | RULES AND REGULATIONS | 6 |
| ARTICLE 10 | PAYROLL DEDUCTION | 6 |
| ARTICLE 11 | HOLIDAYS | 9 |
| ARTICLE 12 | VACATION LEAVE | 12 |
| ARTICLE 13 | SICK LEAVE | 14 |
| ARTICLE 14 | SICK LEAVE DEATH BENEFIT | 17 |
| ARTICLE 15 | CATASTROPHIC LEAVE | 18 |
| ARTICLE 16 | INDUSTRIAL INJURY OR ILLNESS LEAVE | 20 |
| ARTICLE 17 | BEREAVEMENT LEAVE | 22 |
| ARTICLE 18 | MILITARY LEAVE | 23 |
| ARTICLE 19 | JURY LEAVE | 23 |
| ARTICLE 20 | LEAVE OF ABSENCE | 23 |
| ARTICLE 21 | UNIFORMS | 24 |
| ARTICLE 22 | OVERTIME | 24 |
| ARTICLE 22 | OVERTIME | 24 |
| ARTICLE 23 | CALL BACK: CONFIDENTIAL EMPLOYEES | 25 |
| ARTICLE 24 | ADMINISTRATIVE LEAVE | 25 |
| ARTICLE 25 | COMMUNITY INVOLVEMENT | 26 |
| ARTICLE 26 | INSURANCE PROGRAMS | 26 |
| ARTICLE 27 | HEALTH INSURANCE | 26 |
| ARTICLE 27 | HEALTH INSURANCE | 26 |
| ARTICLE 28 | DENTAL INSURANCE | 27 |
| ARTICLE 28 | DENTAL INSURANCE | 27 |
| ARTICLE 29 | LIFE INSURANCE | 29 |
| ARTICLE 30 | LONG-TERM DISABILITY INSURANCE | 30 |
| ARTICLE 31 | ADDITIONAL INSURANCE PLANS | 30 |
| ARTICLE 32 | MISCELLANEOUS RETIRED EMPLOYEES HEALTH INSURANCE | 30 |
| ARTICLE 33 | RETIREMENT | 31 |
| ARTICLE 34 | PERS "PICK-UP" | 32 |
| ARTICLE 35 | VISION CARE INSURANCE | 32 |
| ARTICLE 36 | WEEKEND CREW SUPERVISORY PAY | 33 |
| ARTICLE 37 | COMPUTER VISION CARE PLAN (CVC) | 33 |
| ARTICLE 38 | MANAGEMENT SALARY PLAN & PERFORMANCE EVALUATION SYSTEM | 34 |
| ARTICLE 39 | SALARY SCHEDULE | 34 |
| ARTICLE 40 | DEPENDENT CARE ASSISTANCE PROGRAM | 36 |

2

ARTICLE 41    DISCIPLINE FOR FLSA EXEMPT EMPLOYEES ............................... 36
ARTICLE 42    ON CALL POLICE............................................................................... 36
ARTICLE 43    BILINGUAL PAY – MISCELLANEOUS EMPLOYEES ....................... 37
ARTICLE 44    TIME SAVINGS PLAN – CONFIDENTIAL ......................................... 37
ARTICLE 45    RECORDING SECRETARY PAY ...................................................... 37
ARTICLE 46    WORK SCHEDULE – CONFIDENTIAL ............................................. 37

## ADDENDUMS

ADDENDUM A _POLICE SAFETY MANAGEMENT ...................................................... 39
ADDENDUM B _FIRE SAFETY MANAGEMENT ......................................................... 43

**ARTICLE 7**        **SUPPLEMENT OR MODIFICATION**

Any agreement, alteration, understanding, variation, waiver, supplement or modification affecting any of the terms or provisions contained in this Document shall not in any manner be binding upon the CITY unless made and executed in writing by the CITY and, if required, approved by the City Council.

**ARTICLE 8**        **MUTUAL RESPONSIBILITY**

The employees recognize their responsibility to provide the citizens those municipal services deemed appropriate by the CITY.

Employees shall continue to support the CITY and its programs including the maintenance of basic CITY and Management responsibilities to manage, control and operate the CITY.

**ARTICLE 9**        **RULES AND REGULATIONS**

The following rules and regulations as they exist now or as they may be amended or changed by the CITY shall be applicable to employees unless superseded by any provisions of this Document:

1.    Personnel Rules and Regulations;

2.    Employer-Employee Relations Ordinance.

**ARTICLE 10**        **PAYROLL DEDUCTION**

During the term of this Document and to the extent the laws of the State of California permit, and as provided herein, the CITY will, in addition to deductions required by law, make payroll deductions with the employee's consent for U.S. Savings Bonds, Employee's Credit Union, Employee's Health and Accident Insurance, Life

6

# EXHIBIT C

**RECEIVED**

MAY 2 2 2008

CITY OF SANTA ROSA
RISK MANAGEMENT

*Hand Delivered*
*@ 2:05 pm*
*DN*

## CLAIM AGAINST THE CITY OF SANTA ROSA

1. Name and address of claimant: JAMES A. MITCHEL _____

   CLAIMANT'S ATTORNEY — 438 1ST STREET, FOURTH FLOOR, SANTA ROSA, CA 95401

   Daytime Phone: (707) 525-8800 _____  Evening Phone: N/A _____

2. Claimant's Social Security Number: SEE COUNSEL FOR CONFIDENTIAL INFORMATION

3. Mailing address to which the person presenting the claim desires notices to be sent: (If not filled in, notices will be sent to address provided in No. 1 above)


4. Date and time of day of the incident which gives rise to the claim: ᵴ
   INCIDENTS OF 2008. SEE COMPLAINT DRAFT SENT TO COUNSEL FOR CITY ON MAY 20, 2008

5. Location of the incident. Specify in as much detail as available. (*Example: 7 feet south of north curb line and 123 feet east of east curb line at corner of Acme Street and Zenith Road, Santa Rosa*)
   SEE DRAFT COMPLAINT SENT TO COUNSEL FOR CITY ON MAY 20, 2008

6. Describe what happened:
   SEE DRAFT COMPLAINT SENT TO COUNSEL FOR CITY ON MAY 20, 2008

7. General description of injury (damage or loss) incurred, insofar as is presently known:
   LOST WAGES, HUMILIATION, ETC.

8. Name(s) and department of the public employee(s) causing the injury, damage, or loss, if known:
   JEFFREY KOLIN, CITY MANAGER.  CAROLINE FOWLER, CITY ATTORNEY DESIGNATE

9. Amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage or loss insofar as can be presently calculated, together with the basis of computation of the amount claimed.

| Damages Incurred to Date: | | Estimated Future Damages: | |
|---|---|---|---|
| Injury Claims: | | | |
| Medical Bills | $_____ | Medical Bills | $_____ |
| Lost Wages | $_____ | Lost Wages | $_____ |
| General Damage | $_____ | | |
| Property Damage Claims: | | | |
| Repair Cost Property | $_____ | _____ | $_____ |
| Repair Cost Auto | $_____ | _____ | $_____ |

Total Damages to Date:  $ UNKNOWN AT THIS TIME

Total amount claimed as of date of presentation of this claim: $ UNKNOWN AT THIS TIME (attach documentation, including written estimates, to support your claimed damages).

*5/22/2008*
DATE

*Scott C. Lew*
CLAIMANT'S SIGNATURE

(If the claim is presented by someone on behalf of the claimant, the person making the claim on behalf of the claimant should sign above. A claim presented on behalf of a class of persons must be signed by every member of that class.)

# EXHIBIT D

- ○ WITH PHOTO
- ○ NO PHOTO
- ○ DIGG
- ○ FACEBOOK
- ○     Yahoo! Buzz
- ○ YAHOO
- ○ NEWSVINE
- ○ DEL.ICIO.US

# SRPD's No. 2 fired amid staff complaints

## Capt. Mitchel sues, claiming city conspired to unlawfully dismiss him over 'unfounded' criticism

By L. A. CARTER
THE PRESS DEMOCRAT

Published: Saturday, May 31, 2008 at 4:30 a.m.
Last Modified: Saturday, May 31, 2008 at 5:20 a.m.

A series of discrimination complaints targeting the top brass at the Santa Rosa Police Department has led to the firing of the second-in-command, who is fighting back with a lawsuit against the city claiming his rights were violated.

The events have exposed deep rifts within the Police Department, with some factions expressing dissatisfaction with management styles under Police Chief Ed Flint.

Capt. Jamie Mitchel, 53, the commander of the patrol division, was placed on administrative leave with pay in March and has since cleared out his office. He met with city officials last week in a disciplinary hearing to determine his future and was informed Friday evening that he has been terminated, according to sources close to Mitchel.

Amid the turmoil, the city has created an in-house "chief's advisory board" to help solve internal distress in the department. The city has also hired a consulting firm to advise the chief and other department managers on improving supervisory skills.

According to Mitchel's suit, all of the complaints from employees -- including assertions of unequal treatment of women and discriminatory conduct based on sexual orientation -- also name Flint, who apparently hasn't faced disciplinary proceedings.

Santa Rosa City Manager Jeff Kolin confirmed the city had decided to fire Mitchel following the disciplinary hearing. He declined to discuss the details of the hearing, calling it a personnel matter.

The chief was out of town Friday and didn't return phone calls to his office seeking comment.

Employee complaints lodged with the city in the past year reflect a climate of discontent among Police Department employees, particularly at the management level. Several people in the department have said the dissatisfaction focuses primarily on the perception of unequal treatment of people and arbitrary management styles.

"The Police Department is not a happy place," said one source from within the department. "People want to know what's happening, and the chief is not addressing them."

Several police and city sources said the department is marked by divided camps that support either Mitchel or the other captain on the force, Tom Schwedhelm, a veteran of the department whose name has surfaced as a possible candidate to be the next police chief.

Some members of the department have been seen wearing custom T-shirts that read "Stand your ground" or "The Jamie Mitchel legal defense fund."

Flint was hired in 2004 and his contract expires in January 2009. He was paid $189,398 in 2007. Mitchel was paid $151,956.

Schwedhelm declined to comment Friday about the complaints or any troubles within the department.

Vice Mayor John Sawyer said council members were apprised of the situation last week, but he refused to elaborate. "It's a personnel issue," he said.

According to Mitchel's lawsuit, at least four formal employee complaints were filed between January 2007 and February of this year, all naming Flint. At least two of the complaints also named Mitchel.

The complaints:

A gender disparity claim filed by a female officer, Erin Holroyd.

An allegation that Flint engaged in retaliation, filed by Sophia Selivanoff, a female personnel supervisor who said she wasn't promoted because of her support of Holroyd's complaint.

A claim of discrimination, hostile work environment and retaliation by Flint and Mitchel, filed by James Zboralske, a lieutenant and onetime supervisor of Holroyd who said he was singled out because of his sexual orientation.

A claim of gender discrimination, hostile work environment and retaliation filed against Flint and Mitchel by Kathy Warr, a police technical services department manager.

Mitchel's lawsuit, filed last week in Sonoma County Superior Court, claims that the city -- specifically City Manager Jeff Kolin and incoming City Attorney Caroline Fowler -- conspired to unlawfully terminate him to satisfy "unfounded complaints" of employees "who claim to be in a protected class."

A former Beverly Hills police chief conducted an investigation into the complaints, Mitchel's suit and other sources said. The results of the investigation and the specifics of the complaints are confidential.

The suit alleges Fowler committed a misdemeanor by releasing the results of the investigation to those who filed the complaints. It says such a release violates a city ordinance and state law and infringes on his constitutional privacy rights.

Fowler didn't return calls Friday seeking comment. Outgoing City Attorney Brien Farrell said the city has acted in a legal and appropriate manner. He said the city has moved the case to federal court because of the allegations of constitutional issues and soon will move for dismissal.

The suit seeks unspecified monetary damages for Mitchel's economic losses, infliction of emotional distress and punitive damages against the city.

Mitchel claims city officials engaged in a conspiracy to "wrongfully terminate (his) employment . . . for the sole purpose of appeasing a small group of people who have made unfounded complaints out of concern for SRPD dysfunction that existed" before Mitchel was hired.

The suit also claims that Mitchel was subjected to gender discrimination. It says Mitchel, a white, heterosexual male, is being disciplined as a conciliatory gesture to those who alleged discrimination based on their gender or sexual orientation.

Farrell scoffed at that contention. "That's indicative of the merits of this case," he said.

Kolin declined to comment on the complaints, citing confidentiality of personnel matters.

He said there has been no "management review of the Police Department" and "no review of police practices" in the wake of the complaints.

He acknowledged creating a "chief's advisory board" of police department employees to help resolve issues within police department management and the hiring of a Santa Rosa consulting firm to help with "training, organizational development and facilitation."

The city manager said the consultant "will work with the chief and the command staff, including sworn and non-sworn personnel."

Ken Johnson, head of the Police Officers Association, the union that represents line officers, said his association and the Police Management Association sent a joint letter to the city asking for help solving the department's management conflicts.

"It's not so much a letter in support of Capt. Mitchel, it's that both boards agreed to send it to the city asking them to intervene and resolve any issues in management, instead of terminating one person and thinking this is going to solve any problems there are," he said.

"Personally, I don't think terminating Capt. Mitchel is going to resolve any problems in the department. He's got a lot of support in our department, especially for the short time he's been here."

Flint was a 26-year veteran of the Sacramento County Sheriff's Department with a history of military service in the Army, National Guard and Army Reserves when he was hired in 2004 to take over for former Chief Mike Dunbaugh.

Flint hired Mitchel in 2005 when Mitchel retired from Sacramento County after 27 years there. In his lawsuit, Mitchel says he has been a law enforcement officer since 1976, with no history of discipline.

Mitchel was recently commended by the Sonoma County Latino Peace Officers Association for his commitment to the community. Mitchel is a member of the Latino officers group.

Mitchel said he was brought in to fix dysfunction left over from Dunbaugh's era.

Staff writer Mike McCoy contributed to this report. Staff writer L.A. Carter can be reached at 568-5312 or lori.carter@ pressdemocrat.com.

- -
- -
- 
- 
- Enlarge Text
- Email
- Print
- Share

  - Your Name
  - Your Email
  - Recipient's Email
  - Send

  - WITH PHOTO
  - NO PHOTO
  - DIGG
  - FACEBOOK
  - Yahoo! Buzz
  - YAHOO
  - NEWSVINE
  - DEL.ICIO.US

**DIRECTV Official Site**
Limited Time DIRECTV offer. Get 150 ch pkg for $29.99/mo (1yr). www.directv.com

**Get Digital Satellite TV**
3 Months Free & Free DVR Upgrade. From $19.99/mth. Order DISH TV www.DishNetwork.us

**Satellite Dish Advantage**
No Hidden Fees for Your Satellite Internet - DSL - TV - Phone satellitedishadvan

Ads by Yahoo!

## COMMENTS

Post a comment | View all comments on this topic.

1.  wiseokieson says...
    May 31, 2008 7:40:43 am

    RE: http://www.pressdemocrat.com/article/20080531/NEWS/805310355

# EXHIBIT E

- ○ WITH PHOTO
- ○ NO PHOTO
- ○ DIGG
- ○ FACEBOOK
- ○     Yahoo! Buzz
- ○ YAHOO
- ○ NEWSVINE
- ○ DEL.ICIO.US

# Chief admits SR police divided

## Flint says department experiencing deep rifts, but performance not suffering

By Laura Norton
THE PRESS DEMOCRAT

Published: Friday, June 6, 2008 at 4:30 a.m.
Last Modified: Friday, June 6, 2008 at 12:26 p.m.



Santa Rosa Police Chief Ed Flint

Santa Rosa Police Chief Ed Flint admits that severe strife has made his department dysfunctional, but insists it has not influenced the quality of law enforcement.

The deep divides and mistrust that mark the department hierarchy were thrust into public view last week when city officials fired Capt. James Mitchel, the patrol commander viewed as the chief's second in command.

The firing came in the wake of a series of formal employee complaints directed at Flint and Mitchel alleging gender bias, sexual discrimination and management retaliation.

City Manager Jeff Kolin, who hired Flint in 2003, said the chief has not faced disciplinary action stemming from the turmoil in his department. He also said the city will hire a consulting firm to work with Flint and his commanders to improve personnel and management skills.

The complaints and termination publicly exposed a rift in the department that Flint said has been deepening over the past year.

"The issues of dysfunction surround how we process information, how we make decisions and resolve problems. How we go about that is one of the elements we are looking at closely," Flint said. "But operationally, the department is doing very well."

Flint said this week his concern for the future of the department and community perception of the department has "reached a pinnacle."

"At this point we have a high level of concern as we deal with rumors and complaints," Flint said.

Employee dissatisfaction

He wouldn't characterize the divisions within his command staff, but sources inside the department said some high-ranking employees are dissatisfied with management styles and that many had separated into factions that tended to support either Mitchel or the other captain on the force, Tom Schwedhelm.

Despite the firing, Mitchel and Flint remain close, according to sources close to them. Mitchel was fired following a hearing that included the city attorney's staff and other city officials.

The intensity of the department's conflicts increased when Flint and Mitchel, 53, were notified in February that an investigation was being conducted into at least four complaints alleging unequal treatment of women and discriminatory conduct based on sexual orientation.

All of the four suits named Flint and at least two named Mitchel. They were filed between January 2007 and February of this year.

Turned in his badge

Mitchel was placed on administrative leave with pay in March. On May 22, he filed a lawsuit against Kolin and incoming city attorney Caroline Fowler. The suit alleges that his constitutional rights were violated when the city turned over the results of the investigation to those who filed the complaints.

Eight days later, on May 30, Fran Elm, the city's director of human resources, told Mitchel he was being terminated. He later received a certified letter from the city, and on Tuesday he turned in his badge.

Mitchel can appeal his termination to an arbitrator, whose decision is binding. A hearing could be held late this summer, according to a source close to Mitchel.

Meanwhile, the city has moved Mitchel's lawsuit to federal court. Santa Rosa has hired a San Francisco law firm, which City Attorney Brien Farrell said will seek to have the suit dismissed within a month.

A case management conference is set for Sept. 3 in San Francisco.

Flint would not comment on Mitchel's termination, including reasons for his departure.

Despite what Flint called a "whirlwind" of problems in his organization, he said he intended to stay with the department. His contract with the city is open-ended.

"I haven't done anything illegal or immoral," he said. "I very much enjoy living and working in Santa Rosa. There is a high level of community support, and I need to resolve these issues to the best of my ability."

Union leaders back Mitchel

Leaders of local police officers unions had opposed Mitchel's termination.

"We do not believe that the removal of Capt. Mitchel is the solution to any dysfunctional issues within our command staff," Ken Johnson of the Santa Rosa Police Officers Association and Steve Fraga of the Santa Rosa Police Management Association wrote in a letter to the city. "We believe the problems will continue if the entire command staff is not held accountable."

Mitchel is not a member of either organization.

Flint referred questions on the employee complaints to the city attorney, but said the issues listed in the complaints -- which he characterized as a perception of unequal treatment of people and poor communication -- were problems plaguing the department.

He also said he agreed with Johnson's and Fraga's assessment that the command staff was dysfunctional.

"We have problems dealing with rumors, working together as a team, around communication and trust issues and conflict resolution," he said. "We're not perfect, and we have a lot to work on."

But Flint said day-to-day policing remained strong and pointed to the department's current caseload of four murder investigations in the past month.

He said the department's performance, particularly in those cases, shows it to be a cohesive operational team.

Lt. Jon Fehlman and Sgt. Eric Litchfield also said the department was operationally strong, but hierarchically weak.

The department at the moment is uncomfortable, Litchfield said, but "operationally, the place is as solid as it's ever been."

Advisory board

Litchfield said plans to move forward with a Chief's Advisory Board were a potential salve for the department.

"I think we're going to get on the right path," he said. "Anything that we do to start communicating and addressing issues is getting us on the right path."

A Police Department memo released Thursday disclosed that Flint has created a steering committee that will set the structure for the Chief's Advisory Board. Flint initially suggested the board's creation in January after releasing the results of an employee survey.

Flint appointed Schwedhelm to lead the steering committee, which will also include six volunteers from the department.

Flint said he hoped the eventual advisory board would brainstorm solutions to complaints and problems in addition to documenting them.

The board also will have the authority to address past complaints that some employees believe were not completely resolved, Flint said.

Flint said he is not concerned that he could become a target of complaints heard by the board or that some of its recommendations could alter his job or performance.

"I have never been bashful of criticism," he said. "When it comes to complaints, the chief is at the top of the organization. If there are things that I did, the responsibility rests with me."

Staff Writer L.A. Carter contributed to this report.

You can reach Staff Writer

Laura Norton at 521-5220 or laura.norton@

pressdemocrat.com.

- _
- _
- _
- Enlarge Text
- Email
- Print
- Share

  o Your Name

  o Your Email

  o Recipient's Email

  o [ Send ]

  o WITH PHOTO
  o NO PHOTO
  o DIGG
  o FACEBOOK
  o    Yahoo! Buzz
  o YAHOO
  o NEWSVINE
  o DEL.ICIO.US