MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
CHARLES L. THOMPSON IV (State Bar No. 139927)
Email: thompson@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
CITY OF SANTA ROSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. C 08-02698 SI<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION TO STRIKE AND REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>DATE: August 22, 2008<br>TIME: 9:00 a.m.<br>DEPT: Courtroom 10, 19th Floor<br>JUDGE: Hon. Susan Illston<br><br>COMPLAINT FILED: May 22, 2008<br>TRIAL DATE: No date set. |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION TO STRIKE AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO. C 08-02698 SI

Defendant City of Santa Rosa's Special Motion to Strike and Request for Attorneys' Fees and Costs came on for hearing on August 22, 2008, in Courtroom 10 of the above-entitled Court, the Honorable Susan Illston presiding. All parties were represented by counsel.

Though the present action, Plaintiff James Mitchel ("Plaintiff") alleges that Defendant City of Santa Rosa ("Defendant" or "the City") has caused him harm by disclosing private information. Specifically, Plaintiff has sued Defendant under various state and federal claims. Presently before the Court is Defendant's Special Motion to Strike pursuant to California Code of Civil Procedure § 425.16, California's anti-SLAPP statute ("Strategic Lawsuit Against Public Participation").

The Court has given full consideration to the evidence, points and authorities, oral arguments of each party, and all other evidence presented to the Court on the Motion and finds as follows:

California's anti-SLAPP law is aimed at curtailing civil actions designed to deter private citizens from exercising their rights of free speech. *United States ex rel Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970 (9th Cir. 1999). Special motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court. *Id.* at 972-973. The federal court is governed by the legislative instruction that the statute should be construed broadly. CCP § 425.16 (a); *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1109 (9th Cir. 2003).

Any such motion raises a two-pronged inquiry: (1) Whether the defendant has made a prima facie showing that plaintiff's suit arises from an act in furtherance of a person's right of petition or right of free speech in connection with a public issue. (2) If yes, whether plaintiff has met his burden of demonstrating a probability of prevailing on the challenged claims. *Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002); *Thomas v. Los Angeles Times Communications, LLC*, 189 F.Supp.2d 1005, 1009-1110 (C.D. Cal. 2002). The defendant need not show that the suit was brought with the intention of

- 1 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION
TO STRIKE AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO. C 08-02698 SI

chilling defendant's speech or that such speech was actually chilled. *Vess v. Ciba-Geigy,* 317 F.3d at 1110 (and cases cited therein).

"[T]he court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." CCP § 425.16 (b) (2). To meet his burden of demonstrating a probability of prevailing on the merits, Plaintiff must show that the complaint is legally sufficient and "supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the Plaintiff is credited". *Rusheen v. Cohen,* 37 Cal.4th 1048, 1056 (2006).

    **1.**    **Defendant's conduct is protected speech.** Section 425.16 (e) (2) defines protected conduct under the anti-SLAPP statute to include "any written or oral statement or writing made in connection with an issue under review by a legislative, executive or judicial body….". Communications in connection with anticipated litigation fall within Section 425.16 (e) (2)'s definition of issues under review by a judicial body. *Neville v. Chudacoff,* 160 Cal.App.4th 1255, 1263 (2008). Communications made preparatory to or in anticipation of litigation fall within the ambit of both the anti-SLAPP provisions and the litigation privilege afforded by Civil Code § 47 (b) (2); *Briggs v. Eden Council for Hope & Opportunity,* 19 Cal.4th 1106, 1115 (1999) ("Just as communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47, subdivision (b), …such statements are equally entitled to the benefits of section 425.16.")

The City's decision to communicate the content of the report to Toni Lisoni and her clients was made in anticipation of litigation and with the goal of resolving the complaints in a settlement discussion format culminating in mediation. The confidentiality agreement establishes the relationship of this communication to anticipated litigation.

    **2.**    **Plaintiff's first, second, and seventh through tenth counts are barred by the litigation privilege codified at California Civil Code section 47(b)(2).** Plaintiff's state law claims are barred because they are premised on communications

- 2 -

[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION TO STRIKE AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

made in anticipation of and in preparation for a mediation session regarding the formal complaints made against Defendant. California Evidence Code §§ 1115-1128, 1152 and 1154; *Wimsatt v. Superior Court,* 152 Cal.App.4th 137, 150-151 (2007); Fed. R. Evid. 408. The report was provided for the purpose of communicating with putative litigants and their counsel in an effort to settle threatened litigation.

Civil Code Section 47(b)(2) makes absolutely privileged any communication with some relation to judicial proceedings, and extends not only to tort claims but to claims based on alleged violation of the California constitution (count 2). *Jacob B. v. County of Shasta,* 40 Cal.4th 946, 1008-1012 (2007); *Rusheen v. Cohen, supra,* at 1063. The privilege attaches to communications in a pre-litigation period. *Ascherman v. Natanson*, 23 Cal.App.3d 861, 865 (1972); *Lopez Reyes v. Kenosian & Miele, LLP,* 525 F.Supp.2d 1158, 1161 (N.D. Cal. 2007); *Rubin v. Green*, 4 Cal.4th 1187 (1993). Plaintiff's state law claims are absolutely barred by the privilege, and Counts 1, 2, and 7 through 10 are stricken without leave to amend.

3. **Plaintiff does not succeed in establishing a violation of his privacy.** Count two fails because Plaintiff cannot establish that he had a reasonable expectation of privacy. *Rosales v. City of Los Angeles,* 82 Cal.App.4th 419, 426-429 (2000). Mitchel could not reasonably have expected that an investigation report concerning claimed illegal acts on his part would not be subject to disclosure as the City addressed complainants' concerns and defended itself from litigation.

In view of his open discussion of the investigation, Plaintiff cannot assert a privacy claim. *Hill v. National Collegiate Athletic Association,* 7 Cal.4th 1, 26 (1994) ("Moreover, the plaintiff in an invasion of privacy case must have conducted himself in a manner consistent with an expectation of privacy, i.e. he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant."); *Pettus v. Cole,* 49 Cal. App. 4th 402, 448-449 (1996)   Plaintiff was present when the report was presented one of the complainants, and did not object. Plaintiff had an opportunity to halt the communication, as seen from the fact that the City immediately

- 3 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION
TO STRIKE AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO. C 08-02698 SI

acted when a lawyer for a different party raised an objection. See, *Pettus v. Cole, supra,* at 441 ("Various factors such as advance notice, customs, practices, justification, physical settings and the presence of an opportunity to consent may inhibit or diminish reasonable expectations of privacy.")

Defendant has established that it contemplated that the complainants' case would be filed in federal court. The report will be subject to discovery by complainants and their lawyers, and in fact, will be required to be produced by Defendant in its initial disclosures, under Fed. Rule Civ. P. 26(a). See, *Rosales v. City of Los Angeles*, 82 Cal.App. 4th 419, 429 (2000); *Welsh v. City and County of San Francisco*, 887 F.Supp. 1293,1298 (N.D. Cal. 1995). Plaintiff has also demanded arbitration of his discharge from the City's employ. The arbitration will be a public proceeding under the City Charter. See, *Welsh v. City and County of San Francisco, supra* at 1300-1301. Public policy favoring settlements preclude this lawsuit. And, no disclosure in any event occurred. The report was returned unread by both recipients, except to the extent that Kathy Warr briefly reviewed the conclusions. Plaintiff cannot prevail on an invasion of privacy claim.

4. **Plaintiff's claim for municipal liability is without basis in law.** Plaintiff's tenth count is styled as one for "municipal liability." The count restates the alleged violations of law set forth elsewhere in the Complaint, and asserts that the City's actions "were taken under color of authority." (Complaint ¶¶ 83-85.) The tenth count does not constitute a distinct claim.

The tenth count is barred by California Government Code Section 820.2 and 815.2. Section 820.2 operates to bar tort claims based on discretionary acts of public employees. *Miller v. Hoagland*, 247 Cal.App.2d 57, 59 (1966). The provision of the report to participants in the planned mediation was a discretionary act of City employees. A tort action against a municipality based on actions of its employees is also barred. Pursuant to Section 815.2, a public entity may be held liable for the actions of its employees only if "the act or omission would *apart from this section* have given rise to a

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION
TO STRIKE AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO. C 08-02698 SI

cause of action against that public employee or his personal representative." *Thompson v. City of Lake Elsinore,* 18 Cal.App.4th 49, 62 (1993) [Emphasis in the original.] In the absence of individual liability of city employees for the acts complained of in the Complaint, there can be no municipal liability. Plaintiff cannot prevail on Count 10.

**5.  Plaintiff's claims for infliction of emotional distress and interference with prospective economic advantage are defective as a matter of law.** Plaintiff's claim for negligent infliction of emotional distress is preempted by the California Workers' Compensation statute. Cal. Lab. Code § 3600, et seq.; *Robomatic, Inc. v. Vetco Offshore,* 225 Cal.App.3d 270, 274 (1990). Plaintiff's intentional infliction of emotional distress claim fails as the conduct challenged in the Complaint cannot, as a matter of law, be viewed as outrageous. *Braunling v. Countrywide Home Loans Inc.,* 220 F.3d 1154, 1158 (9th Cir. 2000). In addition, Plaintiff's claim for business interference fails as he has not alleged a relationship between himself and a third party. *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.,* 271 F.3d 825, 832 (9th Cir. 2001). Plaintiff cannot prevail on Counts 7, 8 and 9.

**6.  Plaintiff's claim for gender discrimination will fail as he has failed to comply with mandatory administrative prerequisites and lacks sufficient facts to sustain a finding that his termination was a pretextual.** The Court has no jurisdiction to entertain Plaintiff's gender discrimination claim due to his failure to exhaust his administrative remedies. Cal. Gov't Code Section 12965(b); *Miller v. United Airlines, Inc.,* 174 Cal.App.3d 878, 890 (1985). To exhaust administrative remedies a claimant must not only file and administrative charge, but also obtain a right to sue notice. *Commodore Home Systems, Inc. v. Superior Court,* 32 Cal.3d 211, 213-214 (1982).

Plaintiff's claim is not "legally sufficient" nor is it "supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the Plaintiff is credited". Plaintiff cannot establish that Defendant's legitimate, nondiscriminatory reasons for terminating Plaintiff were pretextual. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 356 (2000); *see also, Villiarimo v. Aloha Air, Inc.,* 281 F.3d 1054,

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION
TO STRIKE AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO. C 08-02698 SI

1062 (9th Cir. 2002); *King v. United Parcel Service, Inc.,* 152 Cal.App.4th 426, 433-436 (2007); (Scoles Dec. ¶ 1, Exhs. 2 through 5; Exh. 5 to the Fowler Dec.). Plaintiff does not plead the elements of a prima facie case, and Plaintiff's reference to gender is insufficient to support this claim. (Complaint ¶¶ 21 and 89.) Plaintiff cannot prevail on his gender discrimination claim.

       7.    **Defendant is entitled to the recovery of attorneys' fees and costs.** Pursuant to CCP § 425.16 (c), "[i]n any action subject to subdivision (b) [of § 425.16], a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Therefore, Defendant may submit an application for their attorneys' fees and costs.

       Defendant's Special Motion to Strike Counts 1 and 2 and 7 through 11 of Plaintiff's Complaint and Defendant's request for attorneys' fees and costs is **GRANTED**. The state law claims (Counts 1, 2, 7, 8, 9, 10 and 11) are specially stricken from the Complaint. Defendant is entitled to its attorneys' fees and costs.

**IT IS SO ORDERED.**

DATED: _____, 2008

_____
JUDGE SUSAN ILLSTON

4833-2214-5794.1

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 6 -

[PROPOSED] ORDER GRANTING DEFENDANT'S SPECIAL MOTION
TO STRIKE AND REQUEST FOR ATTORNEYS' FEES AND COSTS

CASE NO. C 08-02698 SI