MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
CHARLES L. THOMPSON IV (State Bar No. 139927)
Email: thompson@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 421-3111
Facsimile:  (415) 421-0938

Attorneys for Defendant
CITY OF SANTA ROSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO.  C 08-02698 SI<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Fed.R.Civ.Proc. 12(b)(6), 12(d)**<br><br>**DATE:**     August 22, 2008<br>**TIME:**      9:00 a.m.<br>**DEPT:**      Courtroom 10, 19th Floor<br>**JUDGE:**    Hon. Susan Illston<br><br>**COMPLAINT FILED:** May 22, 2008<br>**TRIAL DATE:** No date set. |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND ISSUES PRESENTED ....................................................2

II.   FACTUAL BACKGROUND ...........................................................................3

    A.   Facts From The Face Of The Complaint ....................................................3

    B.   Additional Facts From Declarations Submitted In Support Of Defendant's Anti-SLAPP Motion. ..................................................................4

III.  ARGUMENT ...............................................................................................5

    A.   Legal Authority ..............................................................................................5

    B.   Plaintiff Has Failed To Comply With The Requirements Of The California Tort Claims Act. ..............................................................................6

    C.   Count 1 Is Properly Dismissed Without Leave To Amend As Plaintiff Cannot As A Matter Of Law State A Claim For The Alleged Breach Of A City Ordinance. ......................................................................................7

    D.   All Privacy-Related Causes Are Subject To Dismissal Without Leave To Amend. ....................................................................................................9

        1.   Counts 3, 4, 5 and 6 Are Subject To Dismissal As Such Allegations Do Not State A Claim For Relief Under 42 U.S.C. Section 1983. .................................................................................9

        2.   Counts 2 Through 10 Are Subject To Dismissal, As California Penal Code Section 832.7 Does Not Give Rise To A Private Cause Of Action. ...........................................................................11

        3.   Plaintiff Had No Reasonable Expectation Of Privacy. ....................12

        4.   There Has Been No Conceivable Breach Of Privacy. ....................13

        5.   Plaintiff's State Law Claims (Counts 1, 2, 7, 8, 9 and 10) Are Barred By The Litigation Privilege Contained In Civil Code Section 47 (b) (2). ...............................................................................14

    E.   Counts 5 And 6 For Conspiracy Are Additionally Barred By The Failure To Allege Essential Elements Of Such A Claim ............................15

    F.   Count 7 For Negligent Infliction Of Emotional Distress Is Additionally Barred By Workers' Compensation Preemption. ......................................16

    G.   Plaintiff's Intentional Infliction Of Emotional Distress Claim (Count 8) Is Barred Also Because Plaintiff Has Not Alleged Any Extreme Or Outrageous Conduct. ..................................................................................16

    H.   The City Cannot Interfere With Its Own Economic Relationship As A Matter Of Law, And Plaintiff's Ninth Count Is Therefore Barred ............17

    I.   Plaintiff's Tort Claims, Including His Assertions Of Municipal Liability In Count 10, Are Barred By Gov't Code Sections 820.2 And 815.2. .........18

    J.   Plaintiff's Claim For Gender Discrimination Is Barred By His Failure To Comply With Mandatory Administrative Prerequisites .........................20

IV.  SUMMARY AND CONCLUSION ..................................................................21

- i -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF                                                      CASE NO. C 08-02698 SI

# TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*Baker v. Howard,*
  419 F.2d 376 (9th Cir. 1969) ............................................................................10, 11

*Blessing v. Arizona Dep't of Economic Security,*
  520 U.S. 329 (1997) ...............................................................................................10

*Braunling v. Countrywide Home Loans Inc.,*
  220 F.3d 1154 (9th Cir. 2000).................................................................................17

*Breed v. US Dist. Ct.,*
  542 F.2d 1114 (9th Cir. 1976).................................................................................13

*Caldeira v. Count,*
  866 F.2d 1175 (9th Cir. 1989).................................................................................16

*Clegg v. Culi Awareness Network,*
  18 F.3d 752 (9th Cir. 1994) ......................................................................................5

*Griswold v. Connecticut,*
  381 U.S. 479 (1965) ..................................................................................................2

*Karim-Panahi v. Los Angeles Police Dept.,*
  839 F.2d 621 (9th Cir. 1988).....................................................................................16

*Kelly v. City of San Jose,*
  114 F.R.D. 653 (N.D. Cal. 1987) .............................................................................13

*Libas v. Carillo,*
  329 F.3d 1128 (9th Cir. 2003) ...................................................................................5

*Marder v. Lopez,*
  450 F.3d 445 (9th Cir. 2006) .....................................................................................5

*Marin Tug & Barge, Inc. v. Westport Petroleum. Inc.,*
  271 F.3d 825 (9th Cir. 2001) ...................................................................................18

*Mustafa v. Clark Community School District,*
  157 F.3d 1169 (9th Cir. 1998)..................................................................................16

*Neveu v. City of Fresno,*
  392 F.Supp.2d 1159 (E.D. Cal. 2005) .......................................................................7

*Oei v. N. Star Capital Acquisitions, LLC,*
  486 F.Supp.2d 1089 (C.D. Cal. 2006) .....................................................................14

- ii -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

*Palko v. Connecticut,*
  320 U.S. 319 (1937) ........................................................................................10

*Paul v. Davis,*
  424 U.S. 693 (1976) ...............................................................................9, 10, 11

*Scheuer v. Rhodes,*
  416 U.S. 232 (1974) ...........................................................................................5

*Thorton v. City of St. Helens,*
  425 F.3d 1158 (9th Cir. 2005)...........................................................................15

*Warren v. Fox Family Worldwide, Inc.,*
  328 F.3d 1136 (9th Cir. 2003)...........................................................................5

*Welsh v. City and County of San Francisco,*
  887 F. Supp. 1293 (N.D. Cal. 1995) .................................................................13

*Wilson-Combs v. California Dept, of Consumer Affairs,*
  __ F.Supp.2d __, 2008 WL 2080764, 3 (E.D. Cal. 2008) ..............................5

**STATE CASES**

*Alliance Financial, et al. v. City and County of San Francisco,*
  64 Cal.App.4th 635 (1998)..................................................................................6

*Bradshaw v. City of Los Angeles,*
  221 Cal.App.3d 908 (1990) ..............................................................................13

*Chalmers v. County of Los Angeles,*
  175 Cal.App.3d 461 (1985) ................................................................................7

*Commodore Home Systems, Inc. v. Superior Court,*
  32 Cal.3d 211 (1982).........................................................................................21

*Copley Press v. Superior Court,*
  39 Cal.4th 1272 (2006) .....................................................................................13

*Della Penna v. Toyota Motor Sales, USA, Inc.,*
  11 Cal.4th 376 (1995) .......................................................................................18

*Fagan v. Superior Court,*
  111 Cal.App.4th 607 (2003)...............................................................................12

*Hart v. Alameda County,*
  76 Cal.App.4th 766 (1999)..................................................................................7

*Hill v. City of Long Beach,*
  33 Cal.App.4th 1684 (1995) ...........................................................................8, 9

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

*Hill v. National Collegiate Athletic Assn.,*
    7 Cal. 4th 1 (1994)......................................................................................13

*Jacob B. v. County of Shasta,*
    40 Cal.4th 948 (2007)..................................................................................14

*Kim v. the Regents of the University of California,*
    80 Cal.App.4th 160 (2000) ...........................................................................9

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal.4th 1134 (2003)................................................................................17

*Kupiec v. American International Adjustment Co.,*
    235 Cal.App.3d 1326 (1991)........................................................................15

*Loehr v. Ventura County Community College,*
    147 Cal.App. 3d 1071 (1983)........................................................................7

*Lozada v. City and County of San Francisco,*
    145 Cal.App.4th 1139 (2006)........................................................................7

*Miller v. Hoagland*
    247 Cal.App.2d 57 (1966) ...............................................................18, 19, 20

*Miller v. United Airlines, Inc.,*
    174 Cal.App.3d 878 (1985)..........................................................................20

*Phillips v. Desert Hospital District,*
    49 Cal.3d 699 (1989) ...................................................................................6

*Robomatic, Inc. v. Vetco Offshore,*
    225 Cal.App.3d 270 (1990)..........................................................................16

*Rosales v. City of Los Angeles,*
    82 Cal.App. 4th 419 (2000).....................................................................11, 12

*Ruiz v. Dept. of Corrections,*
    77 Cal.App.4th 891 (2000)...........................................................................21

*Rusheen v. Cohen,*
    37 Cal. 4th 1048 (2006)...............................................................................14

*Silberg v. Anderson,*
    50 Cal.3d 205 (1990)...................................................................................15

*Smith v. City and County of San Francisco,*
    225 Cal.App.3d 38 (1990)............................................................................9

*Thompson v. City of Lake Elsinore,*
    18 Cal.App.4th 49 (1993) ............................................................................19

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

**FEDERAL STATUTES**

Federal Rules of Civil Procedure
12(b)(6)......................................................................................................1, 5
12(d) and 56.....................................................................................................6
12(d).................................................................................................................1

42 U.S.C.
§ 1983...................................................................................................4, 9, 10, 11
§ 1985..............................................................................................................15
§ 1985(3) ........................................................................................................16

**STATE STATUTES**

California Civil Code
§ 47(b)(2).........................................................................................................14

California Gov't Code
§ 815.2.............................................................................................................19
§ 820.2...............................................................................................................6
§ 912.4...............................................................................................................7
§ 945.6...............................................................................................................6
§12965(b) ........................................................................................................20

California Labor Code
§ 3600, et. seq.................................................................................................16

California Penal Code
§ 832.5.............................................................................................................11
§ 832.7 ...................................................................................................... passim

Evidence Code
§ 1043..............................................................................................................12

**OTHER AUTHORITIES**

73 Ops. Cal. Atty. Gen. 90,
1990 WL 484763 (1990) .................................................................................11

California Constitution
(Article 1, § 1) ........................................................................................4, 11, 14

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1    TO PLAINTIFF AND TO PLAINTIFF'S ATTORNEY OF RECORD:

2            PLEASE TAKE NOTICE that on August 22, 2008, in Courtroom 10 of the

3    U.S. District Court, Northern District of California, 450 Golden Gate Avenue, San

4    Francisco, California, at 9:00 a.m., or as soon thereafter as counsel may be heard,

5    Defendant CITY OF SANTA ROSA will move the Court to dismiss this action, pursuant

6    to Fed. R. Civ. Proc. 12(b)(6).  Under Fed. R. Civ. Proc. 12(d), Defendant requests that

7    the Court consider the declarations submitted with its Special Motion to Strike Portions of

8    Plaintiff's Complaint in conjunction with the instant Motion to Dismiss.

9            The motion will be based upon this notice of motion and motion and upon

10    the memorandum of points and authorities, the request for judicial notice, declarations in

11    support of accompanying Special Motion to Strike, the argument of counsel, the

12    pleadings and papers filed herein, and any other matters considered by the Court.

13    DATED:        June 11, 2008                Respectfully submitted,

14                                                        KAUFF MCCLAIN & MCGUIRE LLP

15

16                                                        ˈBy:_____/ S /_____
                                                                    MAUREEN E. MCCLAIN
17
                                                        Attorneys for Defendant
18                                                        CITY OF SANTA ROSA

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                CASE NO. C 08-02698 SI

1    PLEASE TAKE NOTICE that on August 22, 2008, in Courtroom 10 of the

2    U.S. District Court, Northern District of California, 450 Golden Gate Avenue, San

3    Francisco, California, at 9:00 a.m., or as soon thereafter as counsel may be heard,

4    Defendant CITY OF SANTA ROSA will move the Court to dismiss this action, pursuant

5    to Fed. R. Civ. Proc. 12(b)(6).  Under Fed. R. Civ. Proc. 12(d), Defendant requests that

6    the Court consider the declarations submitted with its Special Motion to Strike Portions of

7    Plaintiff's Complaint in conjunction with the instant Motion to Dismiss.

8    The motion will be based upon this notice of motion and motion and upon

9    the memorandum of points and authorities, the request for judicial notice, declarations in

10   support of accompanying Special Motion to Strike, the argument of counsel, the

11   pleadings and papers filed herein, and any other matters considered by the Court.

12   DATED:      June 11, 2008                    Respectfully submitted,

13                                              KAUFF MCCLAIN & MCGUIRE LLP

14

15                                              By:_____/ S /_____
                                                        MAUREEN E. MCCLAIN
16
                                                Attorneys for Defendant
17                                              CITY OF SANTA ROSA

18

19

20

21

22

23

24

25

26

27

28

- 1 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. C 08-02698 SI

1

2

## I.    **INTRODUCTION AND ISSUES PRESENTED**

Plaintiff James Mitchel ("Plaintiff" or "Mitchel'), a former employee of the

Santa Rosa Police Department, has filed a host of legal contentions, all but one (the 11th

count) related to the single act of providing an investigative report to an employee who

complained about discrimination, harassment and retaliation against Mitchel and others

and to the counsel representing such employee (and others) with respect to those

complaints.  The individual cited as the recipient of the report is herself a high level

manager of the Department with routine access to confidential Department information.

The Complaint does not allege that the report was read, nor does it allege public

dissemination of the report.  Plaintiff's Complaint is frivolous on multiple levels.  The core

statutory support for Plaintiff's contention, California Penal Code Section 832.7, does not

permit this lawsuit as it does not give rise to a private cause of action.  The City policy

cited by Mitchel (which Defendant asks the Court to judicially notice) does not support

his reading and cannot, as a matter of law, provide a basis for a contract claim.  The

notion that this claimed incident gives rise to invocation of a federal constitutional right to

privacy (such as was accorded in *Griswold v. Connecticut*, 381 U.S. 479 (1965) to

procreation decisions in marriage) is absurd on its face and in contravention of Ninth

Circuit authority.  If Plaintiff truly believed that his rights were violated by handing a

report on an employee's contentions of discrimination to that employee, he would have

immediately protested.  Yet the Complaint alleges that Plaintiff was present when this

occurred, and noticeably does <u>not </u>allege that he lodged any objection.  (See, Complaint

¶ 20).  Hence, Plaintiff cannot prove a requisite element of having a reasonable

expectation of privacy regarding the report.  Moreover, it is totally foreseeable that a

report concerning discrimination contentions would be relevant to litigation-related

events.  Claimed communication concerning the report is protected by the litigation

privilege set forth in California Civil Code 47 (b) (2).  And, in perhaps the Complaint's

most absurd iteration, Mitchel claims that he, rather than the employees lodging the

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 2 -

1  complaints against him, is the real victim of gender discrimination.  Recognizing that his

2  employment was in jeopardy, Mitchel has apparently decided that the only good defense

3  is a full-scale offense whether or not his claims have legal or factual merit.  We ask the

4  Court to reject this thinly-veiled attack on the ability of employees to raise claims of

5  discrimination and the ability of the City to remediate and resolve such claims.

6  Moreover, as discussed more fully in Defendant's accompanying anti-SLAPP motion,

7  with supporting declarations, the City's action was for the exclusive purpose of fostering

8  settlement with those persons Mitchel is accused of harassing, and hence covered by

9  many protections accorded litigation-related communications.[1]

10  **II.    FACTUAL BACKGROUND**

11  **A.    Facts From The Face Of The Complaint.**

12  As relevant to the motion to dismiss, the Complaint alleges the following

13  facts.  On or about June 6, 2005, Plaintiff was hired by the Santa Rosa Police

14  Department in the position of Captain.  (Complaint ¶ 8).  He initially had oversight over

15  the Special Services Division, and, in August 2007, transferred to the Field Services

16  Division.  (Complaint ¶¶ 9, 11.)

17  In December 2007, Sophia Selivanoff ("Selivanoff") filed a complaint of

18  retaliation against Chief of Police Edwin Flint.  (Complaint ¶¶ 10, 12.)  In January 2008,

19  Plaintiff learned that James Zboralske ("Zboralske"), a Special Services Lieutenant, had

20  filed a complaint against both Flint and Plaintiff.  (Complaint ¶¶ 9, 13.)  In February 2008,

21  Plaintiff learned that Kathy Warr ("Warr"), Manager of the Department's Technical

22  Services Division had filed a complaint of harassment, discrimination, and retaliation

23  against Plaintiff and Flint.  (Complaint ¶ 14.)

24  In February 2008, Plaintiff learned that the Department had begun an

25  internal investigation of the complaints.  (Complaint ¶ 16.)  As part of that investigation,

26  Plaintiff was interviewed by investigator Edward S. Kreins.  (Complaint ¶¶ 17, 18.)  On

27

28  [1] Defendant summarizes this argument here given its request that the Court consider the supporting Declarations in conjunction with this Motion.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. C 08-02698 SI

1  March 14, 2008, Plaintiff was informed by the City Attorney that the investigative report

2  was complete and that Plaintiff could obtain a copy from City Attorney Designate

3  Caroline Fowler ("Fowler"). (Complaint ¶¶ 4, 19.)  Plaintiff was present when Fowler

4  gave a copy of the investigative report to Warr.  (Complaint ¶ 20.)[2]  Plaintiff contends

5  that the disclosure of the investigative report violated city ordinances and policies, as

6  well as state and federal laws and constitutional provisions.  (Id.)  On May 22, 2008,

7  Plaintiff filed the Complaint, in which he alleges inter alia, (1) breach of duty of

8  confidentiality, (2) violation of California Constitution (Article 1, § 1: privacy), (3) violation

9  of 42 U.S.C. § 1983 (right to privacy), (4) violation of 42 U.S.C. § 1983 (denial of due

10  process), (5) conspiracy to violate civil rights under § 1983 (due process), (6) conspiracy

11  to violate civil rights under § 1983 (privacy), (7) negligent infliction of emotional distress,

12  (8) intentional infliction of emotional distress, (9) intentional interference with prospective

13  economic advantage, (10) municipal liability, and (11) gender discrimination.

14  **B.  Additional Facts From Declarations Submitted In Support Of**
    **Defendant's Anti-SLAPP Motion.**

15  Prior to release of the investigative report contested in this lawsuit, Mitchel

16  had disclosed aspects of the investigation to his subordinates in the Police Department.

17  (Scoles Dec., ¶ 4, Exhibits 2-5 thereto.)  Mitchel has continued his public discussion of

18  the complaints against him, his pending termination (which occurred effective May 30,

19  2008) and the fact that his conduct was subject to investigation by lobbying for support

20  and filing this Lawsuit (which in turn has resulted in publicity).  (Fowler Dec., ¶ 9, Exhibits

21  4 and 5 thereto.; Defendant's Request for Judicial Notice, Exhibits D and E thereto.)

22  Providing the investigative report to one of the complainants and her

23  counsel was a communication designed to assist in resolution of the complaints.  (Fowler

24  Dec., ¶ 5.)  The communication was permeated with confidentiality, including being

25

26

27  [2] The allegations that providing the report tainted the investigation are completely illogical.  The report was finalized <u>before</u> the claimed incident occurred.  (Complaint ¶¶

28  27, 34, 44, 58.)

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1  covered by settlement protections and the mediation privilege. (Fowler Dec., ¶ 5; Exhibit
2  2 thereto.)

3        Mitchel had an opportunity to object to Warr's receiving a copy of the report
4  as he was present when the report was handed to her. He raised no objection. None of
5  the contested recipients has read the full 166 page report.[3] Attorney Lisoni read none of
6  it. (Lisoni Dec., ¶ 3.) Warr briefly reviewed only the investigative findings. (Warr Dec., ¶
7  6.)

8  **III.   ARGUMENT**

9      **A.   Legal Authority.**

10        A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)
11  challenges the sufficiency of the Complaint, and therefore "the scope of review…is
12  limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.
13  2006), citing, *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1141 n. 5 (9th Cir.
14  2003). On a motion to dismiss, the court is required to "accept the allegations in the
15  complaint as true, and draw all reasonable inferences in favor of the pleader." *Wilson-*
16  *Combs v. California Dept, of Consumer Affairs,* – F.Supp.2d --, 2008 WL 2080764, 3
17  (E.D. Cal. 2008), citing, *Scheuer v. Rhodes* 416 U.S. 232, 236 (1974). A motion to
18  dismiss should be granted where 'assuming all facts and inferences in favor of the
19  nonmoving party, it appears beyond doubt that [the plaintiff] can prove no set of facts to
20  support [his] claims.' *Marder* at 448, citing, *Libas v. Carillo,* 329 F.3d 1128, 1130 (9th Cir.
21  2003). The court "is not required to accept legal conclusions cast in the form of factual
22  allegations if those conclusions cannot reasonably be drawn from the facts alleged."
23  *Wilson-Combs* at 3, citing, *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th
24  Cir. 1994).

25        Defendant has concurrently filed a Special Motion to Strike Portions of the
26  Complaint. Defendant has submitted the declarations of Greg D. Scoles, Caroline L.

27

28  [3] The length of the report is described in ¶ 6 of the Fowler Declaration. Fowler Dec., p. 3:25.)

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
          CASE NO. C 08-02698 SI

1  Fowler, Maureen McClain, Toni Lisoni and Kathy Warr in Support of the Special Motion

2  to Strike. To the extent that the Court considers the matters set forth in the declarations

3  submitted to the Court, Defendant requests that its motion be considered a motion for

4  summary judgment, pursuant to Fed.R.Civ.Proc. 12(d) and 56.

5  **B.    Plaintiff Has Failed To Comply With The Requirements Of The California Tort Claims Act.**

6  As an initial matter, Plaintiff's purported first, second and seventh through

7  tenth claims[4] are barred by his failure to comply with the mandatory requirements of the

8  California Tort Claims Act. (Cal. Gov't Code § 945.6.) Under the Tort Claims Act "no

9  suit for 'money or damages' may be brought against a public entity until a written claim

10 therefore has been presented to the public entity and either has been acted upon or is

11 deemed to have been rejected." *Alliance Financial, et al. v. City and County of San

12 Francisco,* 64 Cal.App.4th 635, 641 (1998). The procedural requirements of the Tort

13 Claims Act reflect public policy encouraging the investigation, and where possible, the

14 informal resolution of claims against public entities. In *Phillips v. Desert Hospital District,*

15 49 Cal.3d 699 (1989), the California Supreme Court reviewed the dismissal of a medical

16 malpractice claim against a public hospital, where the plaintiff failed to allege compliance

17 with the presentation requirements of the Tort Claims Act in the complaint. In affirming

18 the grant of the hospital's demurrer, the Court made note of the policy underlying the

19 Act's statutory provisions: "it is well settled that the purpose of the claims statutes 'is to

20 provide the public entity sufficient information to enable it to adequately investigate

21 claims and to settle them, if appropriate, without the expense of litigation.'" *Phillips* at

22 705.

23 The prerequisites to civil suit prescribed by the Tort Claims Act apply not

24 only where a tort is asserted against a public entity, but  where any claim seeking money

25 or damages is alleged—including a claim sounding in contract:

26

---

27 [4] Count 10 is not a separate claim but is instead a conclusory pleading of why the City should be liable in tort. It is precluded by the Tort Claims Act, the litigation privilege and Section 820.2 of the California Government Code, as explained in the remainder of this

28 memorandum.

- 6 -

KAUFF McCLAIN &
McGuire llp
One Post Street
Suite 2600
San Francisco, CA 94104
Telephone (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1

2

3

4

5

> By its own terms, the filing requirements of the statute extend only to actions for "money or damages." (cit. omit.) Although this term is not defined in the act, it is comprehensive in scope and includes tort claims arising out of negligence, nuisance, breach of statutory duties, and intentional wrongs. (cit. omit.) Actions for breach of contract *also* fall within the scope of claims for "money or damages."

6

*Loehr v. Ventura County Community College,* 147 Cal.App.3d 1071, 1079 (1983); *also*

7

*see, Lozada v. City and County of San Francisco,* 145 Cal.App.4[th] 1139, 1152 (2006).

8

A public entity presented with a claim under the Act has 45 days to reject or grant the

9

claim. *Chalmers v. County of Los Angeles,* 175 Cal.App.3d 461, 464 (1985); (Cal. Gov't

10

Code § 912.4.) Where the entity fails to respond to the claim within 45 days of its

11

submission, the claim is deemed rejected. *Chalmers* at 464. Importantly, a civil action

12

may be instituted only *after* the submitted claim has been granted or rejected (including

13

being deemed rejected) by the public entity. *Neveu v. City of Fresno,* 392 F.Supp.2d

14

1159, 1173 (E.D. Cal. 2005); *Hart v. Alameda County,* 76 Cal.App.4[th] 766, 778 (1999).

15

      In the instant case, Plaintiff has not met all of the prerequisites for pursuing

16

his civil action against the City. On May 22, 2008, Plaintiff presented a claim to the City

17

which was signed by his counsel. (See Exhibit C to Defendant's Request for Judicial

18

Notice.) Plaintiff filed his civil action on the same date. (See, Complaint.) Plaintiff's civil

19

action is therefore premature. His first, second and seventh through tenth causes of

20

action are properly dismissed for failure to fulfill the prerequisites of the Tort Claims Act.

21

    **C.**    **Count 1 Is Properly Dismissed Without Leave To Amend As Plaintiff Cannot As A Matter Of Law State A Claim For The Alleged Breach Of A City Ordinance.**

22

23

Plaintiff's first count is for the City's alleged breach of a City of Santa Rosa

24

Ordinance, which provides in relevant part:

25

> Data collected on a promise to keep its source confidential may be made available in statistical summaries, but shall not be made available in such form as to disclose the source. Nothing in this rule shall be construed to require disclosure of records that are: A. Personnel, medical or similar files, the disclosure of which would constitute an unwarranted

26

27

28

- 7 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

2

> invasion of personal privacy or be contrary to merit
> system principles.

(City of Santa Rosa Rules and Regulations to the Employer-Employee Relations
Ordinance, § 10, Rule 8, Exhibit A to Defendant's Request for Judicial Notice.)  Plaintiff
further alleges that the provisions of the City ordinance were made applicable to his
employment with the City by a Memorandum of Understanding ("MOU") between the
City and City employee bargaining units.  (Complaint ¶ 24; Document Describing Wages,
Hours, and Other Terms and Conditions of Employment Approved by The Santa Rosa
City Counsel for Employees in the City's Units 10, 11 and 12, Exhibit B to Defendant's
Request for Judicial Notice.)

Plaintiff has styled his claim as one for "breach of duty of confidentiality."
(Complaint, p. 5:18.)  While the pleading is not entirely clear, Plaintiff appears to assert
that the ordinance constitutes a contractual agreement between him and the City.  He
further claims that the City breached that contract by providing a complainant and her
representative with the investigatory report.  (Complaint ¶¶ 25, 26.)[5]  Plaintiff seeks
various monetary damages including, compensation for emotional and physical distress,
and an award of punitive damages.  (Complaint ¶¶ 28, 29.)  Plaintiff's claim is subject to
dismissal because the document he references has no applicability on its face to this
situation (it addresses information requests from employee organizations) and because
he cannot, as a matter of law, state a breach of contract claim against the City.

California courts have held that a city employee may not sue a municipality
in contract for claims arising from employment.  In *Hill v. City of Long Beach,* 33
Cal.App.4th 1684 (1995), a city employee sued the City of Long Beach for breach of
contract and breach of the covenant of good faith and fair dealing after he was removed
from his position as an environmental specialist.  *Hill* at 1688-1689.  The court reversed
a lower court finding that the city was liable to the employee in contract.  The court noted

---

[5] If Plaintiff is instead asserting some sort of tort duty of confidentiality in the First Cause,
then that claim would be duplicative of the privacy allegations set forth in Counts 2
through 10, and subject to dismissal under the analysis set forth in Part D of this brief.

- 8 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. C 08-02698 SI

1    that "in California, the terms and conditions of public employment are determined by law,

2    not contract." *Id.* at 1690.  Therefore, "plaintiff, as a matter of law was not entitled to

3    contract remedies…His remedies if any, were confined to those provided by statute or

4    ordinance." *Id.*  The California Supreme Court similarly rejected the claims of a state

5    employee in *Kim v. the Regents of the University of California,* 80 Cal.App.4th 160

6    (2000).  In *Kim,* a university employee claimed that the Regents breached the covenant

7    of good faith and fair dealing by terminating her employment. *Kim* at 163-164.  The

8    Supreme Court rejected her cause of action.  Despite the plaintiff's allegation that she

9    was employed pursuant to contract, the Court held that like any other public employee,

10   her employment was governed by statute.  In that context, she could not state a claim for

11   breach of the covenant of good faith and fair dealing: "[s]ince the good faith covenant is

12   an implied term of a contract, the existence of a contractual relationship is thus a

13   prerequisite for any action for each of the covenants." *Id.* at 164, *citing, Smith v. City*

14   *and County of San Francisco,* 225 Cal.App.3d 38, 49 (1990).

15           Notwithstanding Plaintiff's artful pleading of his first claim for relief as one

16   of "breach of confidentiality," it is barred as a matter of law.  As a public employee,

17   Plaintiff cannot plead a claim for breach of contract against the City.

18       **D.    All Privacy-Related Causes Of Action Are Subject To Dismissal**
             **Without Leave To Amend.**
19

20           **1.    Counts 3, 4, 5, and 6 Are Subject To Dismissal As Such**
                   **Allegations Do Not State A Claim For Relief Under 42 U.S.C.**
21                 **Section 1983.**

22           Counts 3, 4, 5 and 6 all seek to state a claim under Section 1983

23   predicated upon an alleged violation of California Penal Code Section 832.7 (which does

24   not in any event give rise to a private right of action; see, infra. Part D (2)).  Moreover, an

25   alleged violation of state law cannot state an actionable claim under Section 1983. *Paul*

26   *v. Davis,* 424 U.S. 693, 700 (1976).  Indeed, even an alleged violation of a federal

27   statute does not provide the basis for a Section 1983 claim.  "In order to seek redress

28   through § 1983, however, a plaintiff must assert the violation of a federal *right,* not

- 9 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                         CASE NO. C 08-02698 SI

1    merely a violation of federal *law*."  *Blessing v. Arizona Dep't of Economic Security,*  520

2    U.S. 329, 340 (1997).  Here, the only asserted federal rights are a claimed federal

3    constitutional right to privacy (Complaint, p. 8:2) and an asserted right to due process

4    under the Fourteenth Amendment (Complaint, p. 9:10).  Neither claimed right, as a

5    matter of law, provides a legally cognizable ground for a Section 1983 claim.

6            A claim that an investigative report concerning conduct alleged to be

7    discriminatory was given to one of the complainants and her counsel cannot, by any

8    stretch of the imagination, constitute the kind of fundamental personal right which has

9    been recognized as within the "zone of privacy" implicated by the United States

10   Constitution.  As the United States Supreme Court stated in *Paul v. Davis, supra at* 713:

11

12            In Roe the Court pointed out that the personal rights found in this
         guarantee of personal privacy must be limited to those which are
13            "fundamental" or "implicit" in the concept of ordered liberty" as
         described in *Palko v. Connecticut*, 320 U.S. 319, 325 (1937).  The
14            activities detailed as being within this definition were ones very
         different from that for which respondent claims constitutional
15            protection—matters relating to marriage, procreation, contraception,
         family relationships, and child rearing and education.  In these areas
16            it has been held that there are limitations on the States' power to
         substantively regulate conduct.
17

18            The *Paul* Court continued by noting that the interest there asserted,

19   relating to public disclosure by a police chief that plaintiff had been arrested (but not

20   convicted) of shoplifting, was "far afield" from the line of decisions recognizing a federal

21   constitutional privacy right.  The fact situation Mitchel alleges is even further afield as the

22   underlying state statute does not recognize a private right of action.  The instant case is

23   governed by the Ninth Circuit decision in *Baker v. Howard,* 419 F.2d 376, 377 (9th Cir.

24   1969) where the Court dismissed a claim that the police had publicized a false statement

25   to the effect that the plaintiff had committed a crime.  The *Baker* court held that only a

26   "gross abuse" of privacy could give rise to a constitutional claim.  Because there is no

27   underlying right of action and given what is alleged to have occurred in the instant

28

- 10 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. C 08-02698 SI

1    Complaint, the *Baker* holding requires dismissal of all privacy-related claims.  Nor does

2    the Fourteenth Amendment provide a basis for the Section 1983 allegations.  *Paul v.*

3    *Davis, supra,* holds clearly that even publicly and incorrectly labeling an individual as a

4    criminal does not give rise to either procedural or substantive protection under the

5    Fourteenth Amendment.  *Paul v. Davis, supra at* 711-712.

6                    **2.    Counts 2 Through 10 Are Subject To Dismissal, As California**
                          **Penal Code Section 832.7 Does Not Give Rise To A Private**
7                          **Cause Of Action.**

8                    Counts 2 through 10 assert privacy violations because the City (through

9    Assistant City Attorney Caroline Fowler) gave a copy of the Kreins' investigative report to

10   one of the complainants, Kathy Warr, who is a high-ranking manager of the Police

11   Department (¶¶ 14 and 20 of the Complaint).  All such claims are fundamentally

12   premised upon California Penal Code Section 832.7 which is either directly referenced or

13   incorporated by reference in each such Count (¶¶ 20, 30, 41, 48, 54, 62, 70, 73, 78, and

14   82 of the Complaint).  For purposes of this motion, Defendant assumes without

15   conceding that Section 832.7, which was enacted to address citizen complaints applies

16   to the investigation here considered which was essentially a workplace investigation of

17   protected-category discrimination, harassment and retaliation claims.[6]  California law

18   clearly holds that, regardless of how the claim is styled, whether pled as a common law

19   tort claim, a claim under the California Constitution, or as a federal constitutional or civil

20   rights claim, Plaintiff does not have a cause of action for alleged violation of the non-

21   disclosure provisions of Section 832.7.  In *Rosales v. City of Los Angeles,* 82 Cal.App.

22   4th 419, 423 (2000), the Court sustained a demurrer without leave to amend to a police

23   officer's lawsuit challenging the provision of the police officer's personnel files, without

24

25   [6] Section 832.7(a) references Penal Code Section 832.5 which requires a police
     department to establish a citizen complaint procedure.  While 73 Ops. Cal. Atty. Gen. 90,
26   1990 WL 484763 (1990) states the opinion of the California Attorney General that
     Section 832.7 prohibits providing a full investigative report to an employee lodging a
27   sexual harassment complaint against a police officer, such opinion is not binding upon
     this Court, and rested in part on an assumption that any such a report could reference
     evaluations or discipline of the police officer.  There is no showing that the report here at
28   issue contained such personnel information.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 11 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                            CASE NO. C 08-02698 SI

1    complying with Evidence Code Section 1043, to a tort plaintiff who accused the police

2    officer of inappropriate sexual conduct.  Holding that Section 832.7 does not give rise to

3    a private right of action, the Court dismissed claims for invasion of privacy, negligence,

4    negligent and intentional infliction of emotional distress and a claim for violation of

5    federal civil rights.  Accord, *Fagan v. Superior Court,* 111 Cal.App.4th 607, 614 (2003).

6              **3.    Plaintiff Had No Reasonable Expectation Of Privacy.**

7              Count 2, alleging a privacy violation of the State Constitution, fails for the

8    additional reason that Plaintiff cannot establish a reasonable expectation of privacy.

9    *Rosales, supra,* 82 Cal.App.4th at 428-429 questions whether any independent cause of

10   action can be stated for an invasion of privacy claim but then dismisses the claim on the

11   additional ground that the police officer could not have expected that his personnel

12   records would not be part of litigation against him for sexual misconduct.  Here, as well,

13   Mitchel could not reasonably have expected that an investigation report concerning

14   claimed illegal acts on his part would not be subject to disclosure as the City addressed

15   complainants' concerns and defended itself from litigation.[7]  Plaintiff's Complaint and

16   ensuing publicity demonstrate that Plaintiff has himself interjected the subject matter of

17   the investigation into the public arena.  Plaintiff's Complaint names the complainants and

18   names a fellow Police Officer against whom the discrimination claims were also lodged.

19   Plaintiff concedes he was present at the time the report was provided to one of the

20   Complainants (¶ 20) and does not allege that he objected.[8]   Moreover, if the Court

21   accepts Defendant's request to treat this motion as one for summary judgment with

22   consideration accorded to the declarations submitted in support of Defendant's anti-

23   SLAPP motion, it is clear that Plaintiff has himself widely discussed the investigation

24   both before the report was issued and afterwards, and has done so in a continuing and

25   [7] On the face of the Complaint, it is clear that the complainants contemplate litigation
26   against the City (and potentially Mitchel as well). The Complaint references the "formal
     complaints" (¶¶ 12, 13, and 14) and the fact that complainants are represented by
27   counsel (¶ 13).
     [8] If this motion is treated as one for summary judgment, the Court is also referred to the
28   Declaration of Caroline Fowler (¶ 6) which confirms Mitchel's failure to object when the
     report was handed to Warr in his presence.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 12 -

1    retaliatory campaign to discredit the complainants.  See, Exhibits 2 through 5 to the

2    Scoles Declaration, Exhibit 4 to the Fowler Declaration, and Exhibits D and E to the

3    Request for Judicial Notice.  Plaintiff's open discussion of the investigation issues

4    precludes him from asserting any privacy claim.  As the Court stated in *Hill v. National*

5    *Collegiate Athletic Assn.,* 7 Cal. 4th 1, 26 (1994): "Moreover, the plaintiff in an invasion of

6    privacy case must have conducted himself in a manner consistent with an expectation of

7    privacy, i.e., he or she must not have manifested by his or her conduct a voluntary

8    consent to the invasive actions of defendant."

9

### 4.    There Has Been No Conceivable Breach Of Privacy.

10    If the Court accepts Defendant's request to consider the fact material

11    submitted with the anti-SLAPP motion, the only possible fact conclusion that can be

12    reached is that the City was correct in its legal judgment that the report could be

13    provided subject to the stringent confidentiality requirements (Exh. 2 to the Fowler Dec.)

14    that governed the release. The City contemplated that the complainants' case would be

15    filed in federal court.  (Fowler Dec., ¶ 4.)  State privilege doctrine, whether derived from

16    statute or case law, is not binding on federal courts in civil rights cases.  *Breed v. US*

17    *Dist. Ct.,* 542 F.2d 1114,1115 (9th Cir. 1976); *Kelly v. City of San Jose,* 114 F.R.D. 653

18    655-656 (N.D. Cal. 1987).  It has been noted by one court in the Northern District of

19    California that police personnel files are routinely produced subject to a protective order

20    without court intervention in police misconduct cases.  *See, Welsh v. City and County of*

21    *San Francisco,* 887 F. Supp. 1293, 1298 (N.D. Cal. 1995).[9]  So, the City did nothing

22    more than would have occurred in litigation.  Public policy favoring settlements (and the

23    City's obligations under non-discrimination law to remediate complaints) preclude this

24

25    [9] In *Welsh,* the defendant police department was arguing against the public disclosure of
a sexual harassment investigation by contending that such reports were usually
26    produced in litigation pursuant to a protective order.  The *Welsh* court found that the
transcript of the investigation should be produced as part of the public record. While the
27    *Welsh* decision cites a now overturned case of *Bradshaw v. City of Los Angeles,* 221
Cal.App.3d 908 (1990) (overruled in part in *Copley Press v. Superior Court,* 39 Cal.4th
28    1272, 1286 (2006)), the citation to the routine use of stipulated protective orders is
unrelated to *Bradshaw* and the Court's holding has alternative grounds.

- 13 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1   lawsuit. And, no disclosure in any event occurred. The report was returned unread by

2   both recipients, except to the extent that Warr briefly reviewed the conclusions which she

3   has a right to do assuming the full panoply of Section 832.7 applied.

4                    **5.    Plaintiff's State Law Claims Regarding The Alleged Disclosure
                             Of The Report (Counts 1, 2, 7, 8, 9 And 10)[10] Are Barred By The**

5                    **Litigation Privilege Contained In Civil Code Section 47 (b) (2).**

6                    From both the face of the complaint and the additional factual material here

7   submitted, it is clear that the challenged activity is a pre-litigation communication

8   completely protected under Civil Code § 47 (b) (2). The protection of Civil Code § 47 (b)

9   (2) is not limited to statements made in court, but extends to steps taken both prior to

10  and following the court proceeding. *Rusheen v. Cohen,* 37 Cal.4th 1048, 1057-1058

11  (2006). Such statute provides in relevant part: "a privileged publication or broadcast is

12  one made...in any...judicial proceeding." (Cal. Civ. Code § 47(b)(2).)

13                   Plaintiff contends that the City engaged in tortious conduct by providing

14  Warr with a copy of the investigative report concerning the complaints of harassment

15  and discrimination against Plaintiff and Chief Flint. (Complaint ¶¶ 20, 71, 74, 79.) The

16  report was generated as part of the City's investigation of several formal complaints

17  against Plaintiff and Chief Flint by other members of the Department. (Complaint ¶ 16.)

18  And, if the Court considers the Declaration of Caroline Fowler, the report was provided to

19  Warr and to her counsel pursuant to the advice of City counsel, and to be used in an

20  already-scheduled mediation process.

21                   Pursuant to Section 47, communications relating to litigation or other

22  judicial proceedings are absolutely privileged. The privilege shields parties involved in

23  judicial or quasi-judicial proceedings from liability for *all* torts other than malicious

24  prosecution. *Oei v. N. Star Capital Acquisitions, LLC,* 486 F.Supp.2d 1089, 1099 (C.D.

25  Cal. 2006). The California Supreme Court has recently reiterated that all such tort

26  liability is barred, including claims predicated upon the California Constitution. *Jacob B.*

27  _____

28  [10] To the extent that Count 1 is alleged as a tort, it is as well covered by the litigation
    privilege. Count 10 for "Municipal Liability", which does appear to state a separate claim
    is also covered to the extent it seeks to hold the City liable for tort allegations.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 14 -

1   *v. County of Shasta,* 40 Cal.4th 948, 1011-1012 (2007).[11]  The privilege is extremely

2   broad in scope.  It "applies to any publication required or permitted by law in the course

3   of a judicial proceeding to achieve the objects of the litigation, even though the

4   publication is made outside the courtroom and no function of the court or its officers is

5   involved." *Silberg v. Anderson,* 50 Cal.3d 205, 212 (1990).  The privilege applies so long

6   as the communication is "(1) made in a judicial or quasi-judicial proceeding, (2) by

7   litigants or other participants authorized by law, in or out of court, (3) to achieve the

8   objects of litigation and (4) has some connection or logical relation to the action." *Kupiec*

9   *v. American International Adjustment Co.,* 235 Cal.App.3d 1326, 1331 (1991).

10        Here, Plaintiff seeks to impose tort liability on the City for communications

11  that clearly occurred in anticipation of legal action by persons who had made formal

12  complaints against City employees.

13        **E.    Counts 5 And 6 For Conspiracy Are Additionally Barred By The**
          **Failure To Allege Essential Elements Of Such A Claim.**

14

15        Plaintiff's claims for conspiracy are additionally barred because Plaintiff

16  fails to allege essential elements of a claim that he was subject to a conspiracy to

17  deprive him of his rights under color of state law.  Plaintiff essentially contends that by

18  providing the investigative report to persons involved in the planned mediation of formal

19  complaints, City employees conspired to deprive him of his federal constitutional rights.

20  Although not expressly identified in the body of Counts 5 and 6 of the Complaint, Plaintiff

21  apparently intends to assert a conspiracy claim pursuant to 42 U.S.C. Section 1985.

22  Section 1985 "creates a civil action for damages caused by two or more persons who

23  'conspire...for the purpose of depriving' the injured person of 'the equal protection of the

24  laws, or of equal privileges and immunities under the laws', and take or cause to be

25  taken 'any act in furtherance of the object of such conspiracy.'" *Thorton v. City of St.*

26  _____

27  [11] To the extent that Count 1 is alleged as a tort, it is as well covered by the litigation
    privilege.  Count 10 for "Municipal Liability", which does not appear to state an
    independent claim, is also covered to the extent it seeks to hold the City liable for tort
28  allegations.

- 15 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. C 08-02698 SI

1    *Helens,* 425 F.3d 1158, 1168 (9th Cir. 2005), citing, 42 U.S.C. § 1985(3).  A plaintiff who

2    cannot make out an underlying claim for deprivation of rights pursuant to Section 1983,

3    cannot sustain a Section 1985 conspiracy claim based upon the same facts.  *Id. citing,*

4    *Caldeira v. County of Kauai,* 866 F.2d 1175, 1182 (9th Cir. 1989).  As discussed,

5    Plaintiff's conspiracy claims fail on this basis.

6    Moreover, Plaintiff cannot meet the essential elements of a conspiracy

7    claim.  Plaintiff has failed to allege that any city employees entered into a conspiracy to

8    deprive him of his rights under color of law.  *Mustafa v. Clark Community School District,*

9    157 F.3d 1169, 1181 (9th Cir. 1998).  A conspiracy claim requires a showing that the

10   parties to the conspiracy had an agreement to engage in the allegedly unlawful conduct.

11   *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 625 (9th Cir. 1988).  Plaintiff

12   makes no such allegations.  Plaintiff's conclusory allegations that unnamed individuals

13   "conspired" or "employed a common, agreed upon and illegal plan," do not rescue his

14   claim.  *Id.*  (See, Complaint ¶¶ 56-57, 64-65.)  Plaintiff's conspiracy claims should be

15   dismissed.

16       **F.    Count 7 For Negligent Infliction Of Emotional Distress Is Additionally
             Barred By Workers' Compensation Preemption.**

17

18       Plaintiff's claim for negligent infliction of emotional distress is preempted by

     the provisions of the California Workers' Compensation Act.  (Cal. Lab. Code § 3600, et
19
     seq.)  Under the Act, workers' compensation is the exclusive remedy for injuries resulting
20
     from conduct that is a normal part of the employment relationship.  *Robomatic, Inc. v.*
21
     *Vetco Offshore,* 225 Cal.App.3d 270, 274 (1990).  The Complaint on its face
22
     demonstrates the requisite nexus to the employment relationship.  Plaintiff's negligent
23
     infliction of emotional distress claim is therefore preempted.
24
         **G.    Plaintiff's Intentional Infliction Of Emotional Distress Claim (Count 8)
25              Is Barred Also Because Plaintiff Has Not Alleged Any Extreme Or
                Outrageous Conduct.**
26

27       Plaintiff alleges in his eighth claim for relief that the City's disclosure of the

28   investigative report caused him to suffer emotional distress.  Plaintiff has failed to plead

- 16 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1 sufficient facts to state a claim for relief. In order to state a claim for intentional infliction

2 of emotional distress, Plaintiff must demonstrate that the City engaged in "extreme and

3 outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized

4 society." *Braunling v. Countrywide Home Loans Inc.,* 220 F.3d 1154, 1158 (9th Cir.

5 2000). The Complaint, in its reference to the provision of a report to complainants

6 involving their complaints of workplace misconduct, clearly alleges conduct that does not

7 meet such standard. And, if further evidence is considered, it must be concluded that

8 the distribution of the investigative report to participants in the planned mediation of the

9 complaints of City employees—which was completely privileged—simply does not meet

10 this standard. There is nothing extreme or outrageous about the City's conduct.

11       **H.    The City Cannot Interfere With Its Own Economic Relationship As A**
            **Matter Of Law, And Plaintiff's Ninth Count Is Therefore Barred.**

12

13       Plaintiff alleges in his ninth claim for relief that the City interfered in its own

economic relationship with Plaintiff by engaging in the conduct alleged in the Complaint.

14 (Complaint ¶ 79.) Plaintiff contends that the City "intentionally and illegally interfered

15 with Plaintiff's right to continued public employment with the City." (Complaint ¶ 81.)

16 Under California law, a claim for interference with prospective economic advantage

17 requires a showing of "(1) an economic relationship between the plaintiff and some third

18 party, with the probability of future economic benefit to the plaintiff;" (2) the defendant's

19 knowledge of the relationship; (3) intentional acts on the part of the defendant designed

20 to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic

21 harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co.*

22 *v. Lockheed Martin Corp.,* 29 Cal.4[th] 1134, 1153 (2003). Plaintiff essentially complains

23 that the City intentionally disrupted its own employment relationship with Plaintiff. As a

24 matter of law, this cannot form the basis of an interference claim.

25       Plaintiff must plead and prove the existence of an economic relationship

26 between himself and a third party, and that the City intentionally interfered in that

27 economic relationship. Plaintiff fails to allege the involvement of any third party, and his

28

- 17 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1   claim therefore cannot stand.  California courts have rejected analogous claims.  For

2   example, in *Marin Tug & Barge, Inc. v. Westport Petroleum. Inc.,* 271 F.3d 825 (9th Cir.

3   2001), a barge company brought suit against an oil company for its alleged sale of

4   substandard fuel.  After suit was filed, the oil company refused to continue making sales

5   to the barge company.  In response, the barge company amended its complaint to add a

6   claim for interference with prospective economic advantage.  *Id.* at 827-828.  The court

7   of appeal affirmed the lower court's dismissal of the interference claim noting:

8           California law has long recognized that the core of
            intentional interference business torts is interference
9           with an economic relationship by a third-party
            *stranger* to that relationship, so that an entity with a
10          direct interest or involvement in that relationship is not
            usually liable for harm caused by pursuit of its
11          interests.

12  *Id.* at 832, citing *Della Penna v. Toyota Motor Sales, USA, Inc.,* 11 Cal.4[th] 376, 382

13  (1995).  The same reasoning applies to the instant case.  Plaintiff cannot sustain his

14  claim based on the City's alleged interference with its own economic relationship with

15  him.

16      I.      **Plaintiff's Tort Claims, Including His Assertions Of Municipal Liability
17              In Count 10, Are Barred By Gov't Code Sections 820.2 And 815.2.**

18          Gov't Code § 820.2 provides:

19          Except as otherwise provided by statute, a public
            employee is not liable for an injury resulting from his
20          act or omission where that act or omission was the
            result of the exercise of the discretion vested in him,
21          whether or not such discretion be abused

22  Section 820.2 operates to bar tort claims based on discretionary acts of public

23  employees.  In *Miller v. Hoagland,* 247 Cal.App.2d 57 (1966), a litigant sued a city

24  attorney in tort for sending a letter to a judge presiding over his litigation against the city.

25  According to the plaintiff, the city attorney's letter contained factual misrepresentations

26  that were calculated to obtain a legal decision in favor of the city.  *Miller* at 59.  The

27  plaintiff contended that the city attorney was acting outside of the course and scope of

28

- 18 -

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. C 08-02698 SI

1  his employment, and therefore could not claim immunity from tort liability. *Id.* at 59.

2  However, Section 820.2 precluded any tort liability. The statements in the letter were the

3  result of the exercise of discretion on the part of City Attorney Hoagland, even if the

4  constructions adopted by him were erroneous, or were malicious, or were the result of

5  an abuse of discretion." *Miller* at 62.

6  A tort action against a *municipality* based on actions of its employees is

7  also barred. Pursuant to Government Code section 815.2, a public entity may be held

8  liable for the actions of its employees:

9

10  if the act or omission would *apart from this section*
    have given rise to a cause of action against that
    public employee or his personal representative.

11

12  *Thompson v. City of Lake Elsinore,* 18 Cal.App.4th 49, 61 (1993) [Emphasis in the

13  original.] The *Thompson* case involved a private citizen's claim that the city negligently

14  denied her a building permit. The court rejected the plaintiff's negligence claim because

15  there was no statutory provision under which the employee or the city could be held

16  liable. The court noted:

17  In the absence of a constitutional requirement, public
    entities may be held liable *only if a statute* (not
18  including a charter provision, ordinance, or
    regulation) *is found declaring them to be liable.* The
19  practical effect of this section is to *eliminate any
    common law governmental liability* for damages
20  arising out of torts.

21  *Thompson* at 62. [Emphasis in the original.]

22  Plaintiff's tenth claim for relief is broadly framed as one for "municipal

23  liability." Plaintiff apparently seeks to hold the City liable in tort for the distribution of the

24  investigative report on a theory of respondeat superior. Government Code sections

25  820.2 and 815.2 provide that the City is not liable on Plaintiff's tort claims—(the first,

26  second, and seventh through tenth claims)—as a matter of law. The provision of the

27  report to participants in the planned mediation was a discretionary act of City employees.

28

- 19 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1    Plaintiff's claim that employees acted "to advance their own personal interests by helping

2    and protecting personal friends and their jobs," is unavailing. (Complaint ¶ 86.) The

3    court of appeal in *Miller* noted that the plaintiff's use of such words as malice and

4    maliciously did nothing to destroy the immunity accorded to the city attorney, (and

5    therefore to her employer.) *Miller* at 62. The immunity accorded by the Government

6    Code for the acts of public employees applies, "even if discretion is abused by them, and

7    even if their act is malicious and without probable cause, or is an intentional tort." *Id.*

8    Plaintiff cannot state a claim for alleged "municipal liability" as a matter of law, and the

9    claim should be dismissed without leave to amend.

10    **J.    Plaintiff's Claim For Gender Discrimination Is Barred By His Failure
       To Comply With Mandatory Administrative Prerequisites.**

11

12    Plaintiff alleges in his eleventh claim for relief that the City discriminated

13    against him based on gender "for the purpose of appeasing" persons who asserted

14    claims of discrimination and retaliation against the City. (Complaint ¶¶ 20, 21, 89.) The

15    California Fair Employment and Housing Act requires that a complainant exhaust his or

16    her administrative remedies prior to filing a civil suit for violation of the Act. Government

17    Code Section 12965(b) provides in relevant part:

18        If an accusation is not issued within 150 days after the
          filing of a complaint, or if the department earlier
19        determines that no accusation will issue, the
          department shall promptly notify, in writing, the person
20        claiming to be aggrieved that the department shall
          issue, on his or her request, the right-to-sue notice.
21        This notice shall indicate that the person claiming to
          be aggrieved may bring a civil action under this part
22        against the person, employer, labor organization, or
23        employment agency named in the verified complaint
          within one year from the date of that notice.
24

25    Cal. Gov't Code § 12965(b).

26    California courts have recognized that the failure to exhaust administrative

27    remedies is a "jurisdictional, not procedural, defect." *Miller v. United Airlines, Inc.,* 174

28    Cal.App.3d 878, 890 (1985). To exhaust administrative remedies a claimant must not

- 20 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 08-02698 SI

1   only file an administrative charge, but also obtain a right to sue notice.  *Commodore*

2   *Home Systems, Inc. v. Superior Court,* 32 Cal.3d 211, 213-214 (1982).  Each of these

3   steps must be completed *before* the complainant may file a civil action.  ("If no

4   accusation is issued within 150 days after the filing of the complaint and the matter is not

5   otherwise resolved, the Department must give [the] complainant a right-to-sue letter.

6   Only then may that person sue in the superior court....")  *Id; also see, Ruiz v. Dept. of*

7   *Corrections,* 77 Cal.App.4th 891, 899-900 (2000) (affirming that state employee

8   exhausted administrative remedies, and was entitled to file civil discrimination action,

9   *after* receiving a right to sue letter.)

10          Plaintiff concedes in his Complaint that he has not obtained a right to sue

11  letter: "a complaint was timely filed with the Department of Fair Employment and

12  Housing.  A right to sue letter is pending."  (Complaint ¶ 93.)  Plaintiff did not exhaust his

13  administrative remedies prior to filing the instant action, and his claim for gender

14  discrimination should be dismissed as premature.[12]

15  **IV.    SUMMARY AND CONCLUSION**

16          For the foregoing reasons, Defendant's Motion to Dismiss should be

17  granted in its entirety without leave to amend.

18  DATED:      June 11, 2008                    Respectfully submitted,

19                                              KAUFF MCCLAIN & MCGUIRE LLP

20

21                                              By:_____ / s / _____
                                                      MAUREEN E. MCCLAIN
22

23                                              Attorneys for Defendant
                                                CITY OF SANTA ROSA
24

25  4838-0625-7154.1

26  _____
    [12] For the reasons set forth in Defendant's Special Motion to Strike, at III (c) (5), the
27  dismissal of the gender discrimination claim should be without leave to amend.  Plaintiff's
    allegation that he was terminated to appease complainants (Complaint, ¶ 89) is a
28  concession that the termination was not because of his gender, and should govern over
    the conclusory allegation that he was the victim of sex discrimination.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111