MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
CHARLES L. THOMPSON IV (State Bar No. 139927)
Email: thompson@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:   (415) 421-0938

Attorneys for Defendant
CITY OF SANTA ROSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, and DOES 1 through 50, inclusive,<br><br>  Defendants. | CASE NO.  C 08-02698 SI<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS**<br><br>**DATE:**  August 22, 2008<br>**TIME:**  9:00 a.m.<br>**DEPT:**  Crtrm 10, 19th Floor<br>**JUDGE:**  Hon. Susan Illston<br><br>**COMPLAINT FILED:**  May 22, 2008<br>**TRIAL DATE:**  No date set. |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS

CASE NO. C 08-02698 SI

Defendant City of Santa Rosa's Motion to Dismiss, came on for hearing on August 22, 2008, in Courtroom 10 of the above-entitled Court, the Honorable Susan Illston presiding. All parties were represented by counsel.

The Court has given full consideration to the evidence, points and authorities, oral arguments of each party, and all other evidence presented to the Court on the Motion and finds as follows:

1. **Plaintiff James Mitchel's first, second, and seventh through tenth counts are barred by his failure to comply with the requirements of the California Tort Claims Act.** Pursuant to California Government Code Section 945.6, no civil action for money or damages may be filed against a public entity until (1) a claim has been presented to the public entity, and (2) the public entity has either acted upon or rejected the claim. *Alliance Financial, et al. v. City and County of San Francisco,* 64 Cal.App.4th 635, 641 (1998). (A public entity has 45 days to reject or grant the claim, *Chalmers v. County of Los Angeles,* 175 Cal.App.3d 461, 464 (1985). A civil action may be instituted only after the submitted claim has been granted or rejected by the public entity. *Neveu v. City of Fresno,* 392 F.Supp.2d 1159, 1173 (E.D. Cal. 2005); *Hart v. Alameda County,* 76 Cal.App.4th 766, 778 (1999). Plaintiff's civil action is premature since he filed his clam pursuant to the Tort Claim Act on May 22, 2008, and filed his civil action on the same date. His first, second, and seventh through tenth counts are dismissed.

2. **Plaintiff's first count is dismissed without leave to amend for failure to state a claim for breach of a city ordinance.** The first count alleges that defendant City of Santa Rosa breached a city ordinance concerning the confidentiality of data concerning confidential data. Plaintiff alleges in count 1 of the Complaint that the ordinance created a contract to which he is a party pursuant to a memorandum of understanding between the city and various employee bargaining units.[1] Plaintiff's claim

---

[1] The Court grants the City of Santa Rosa's request that it take judicial notice of the Rules and Regulations to the Employer-Employee Relations Ordinance Section 10, Rule 8, and the Document Describing Wages, Hours, and Other Terms and Conditions of Employment Approved

- 2 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS

CASE NO. C 08-02698 SI

is subject to dismissal because he cannot state a claim for breach of contract against the City.

An employee may not sue a municipality in contract for claims arising from employment. *Hill v. City of Long Beach,* 33 Cal.App.4th 1684 (1995). Mitchel's employment with the City is governed by statute, and is not contractual. *Id.* at 1690. Like the plaintiff in *Hill*, Mitchel therefore is "not entitled to contract remedies…His remedies if any, [are] confined to those provided by statute or ordinance." *Id.* Because Plaintiff cannot state a contract claim against the City of Santa Rosa as a matter of law, his second count is dismissed without leave to amend.

3. **Plaintiff's privacy related counts are dismissed without leave to amend.** Plaintiff third, fourth, fifth, sixth and tenth counts all seek to state a claim under 42 U.S.C. Section 1983 predicated on the alleged violation of California Penal Code Section 832.7. However, an alleged violation of state law does not state an actionable claim under Section 1983. *Paul v. Davis,* 424 U.S. 693, 700 (1976). The only federal rights asserted by Mitchel are a federal constitutional right to privacy and an asserted right to due process under the Fourteenth Amendment. Neither of these asserted rights provides a legally cognizable ground for a Section 1983 claim. Plaintiff has failed to allege the "gross abuse" of privacy necessary to give rise to a constitutional claim. *Baker v. Howard,* 419 F.2d 376, 377 (9th Cir. 1969). The Fourteenth Amendment also does not support Mitchel's Section 1983 claims. *Paul v. Davis, supra* at 711-712.

Count two alleges a privacy violation in violation of the California Constitution. The count fails because Mitchel cannot establish that he had a reasonable expectation of privacy. *Rosales v. City of Los Angeles,* 82 Cal.App.4th 419, 426-429 (2000). Mitchel could not reasonably have expected that an investigation report concerning claimed illegal acts on his part would not be subject to disclosure as the City addressed complainants' concerns and defended itself from litigation.

---

by the Santa Rosa City Counsel for Employees in the City's Units 10, 11, and 12 ("MOU"), Exhibits A and B to the City of Santa Rosa's Request for Judicial Notice.

Kauff McClain & McGuire LLP
One Post Street
Suite 2600
San Francisco, CA 94104
Telephone (415) 421-3111

- 3 -

[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS

CASE NO. C 08-02698 SI

The declarations submitted in support of the motion demonstrate that Mitchel himself has widely discussed the investigation both before the report was issued and afterward. See, Exhibits 2 through 5 to the Request for Judicial Notice. In view of his open discussion of the investigation, Mitchel cannot assert a privacy claim. *Hill v. National Collegiate Athletic Association,* 7 Cal.4th 1, 26 (1994) ("Moreover, the plaintiff in an invasion of privacy case must have conducted himself in a manner consistent with an expectation of privacy, i.e. he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant.")

The fact material submitted in connection with Defendant's motion demonstrates that the city contemplated that the complainants' case would be filed in federal court. State privilege doctrine, whether derived from statute or case law, is not binding on federal courts in civil rights cases. *Breed v. U.S. Dist. Ct.,* 542 F.2d 1114, 1115 (9th Cir. 1976); *Kelly v. City of San Jose,* 114 F.R.D. 653, 655-656 (N.D. Cal. 1987). Public policy favoring settlements preclude this lawsuit. And, no disclosure in any event occurred. The report was returned unread by both recipients, except to the extent that Warr briefly reviewed the conclusions. Count 2 is dismissed without leave to amend.

4.     **Plaintiff's state law claims are barred by the litigation privilege codified at California Civil Code section 47(b)(2).** Plaintiff's state law claims are barred because they are premised on communications made in anticipation of and in preparation for a mediation session regarding the formal complaints made against Defendant. Civil Code Section 47(b)(2) makes absolutely privileged any communication with some relation to judicial proceedings, and extends not only to tort claims but to claims based on alleged violation of the California constitution (count 2). *Jacob B. v. County of Shasta,* 40 Cal.4th 946, 1011-1012 (2007).

Pursuant to section 47(b)(2), communications relating to litigation or other judicial proceedings are absolutely privileged. The privilege shields parties in involved in judicial or quasi-judicial proceedings from liability for *all* torts other than malicious prosecution. *Oei v. N. Star Capital Acquisitions, LLC,* 486 F.Supp.2d 1089,1099 (C.D.

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS

CASE NO. C 08-02698 SI

Cal. 2006). The privilege applies so long as the communication is "(1) made in a judicial or quasi-judicial proceeding, (2) by litigants or other participants authorized by law, in or out of court, (3) to achieve the objects of litigation and (4) has some connection or logical relation to the action." *Kupiec v. American International Adjustment Co.,* 235 Cal.App.3d 1325, 1331 (1991). Plaintiff's state law claims are absolutely barred by the privilege, and counts 1, 2, and 7 through 10 are dismissed without leave to amend.

5. **Plaintiff's conspiracy counts are barred as a matter of law.** Though not clearly pleaded, in counts 5 and 6, Plaintiff appears to allege for conspiracy pursuant 42 U.S.C. Section 1985(3), to violate his rights under color of law pursuant to 42 U.S.C. Section 1983. Section 1985 "creates a civil action for damages caused by two or more persons who 'conspire for the purpose of depriving' the injured person of 'the equal protection of the laws, or of equal privileges and immunities under the laws,' and take or cause to be taken 'any act in furtherance of the object of such conspiracy.'" *Thorton v. City of St. Helens,* 425 F.3d 1158, 1168 (9th Cir. 2005), (citing, 42 U.S.C. Section 1985(3)). Mitchel's inability to make out an underlying claim for deprivation of rights under Section 1983 requires that his Section 1985 conspiracy counts be dismissed as well. *Id.* (citing, *Caldeira v. County of Kauai,* 866 F.2d 1175, 1182 (9th Cir, 1989)).

Plaintiff's conspiracy counts are also barred by his failure to allege facts to support an essential element of the claims. Plaintiff has failed to allege facts supporting a finding that any city employees entered into a conspiracy to deprive him of his rights. A conspiracy claim requires a showing that the parties to the conspiracy had an agreement to engage in the allegedly unlawful conduct. *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 625 (9th Cir, 1988). Plaintiff's conclusory allegations that unnamed individuals "conspire" or "employed a common, agreed upon and illegal plan," are insufficient to avoid dismissal. Counts 5 and 6 are dismissed without leave to amend.

- 5 -

[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

6. **Plaintiff's negligent infliction of emotional distress claim is barred by workers' compensation exclusivity, and because the conduct complained of was inherently intentional.** California Labor Code Section 3600, et seq. provides that workers' compensation is the exclusive remedy for injuries resulting from conduct that is a normal part of the employment relationship. *Robomatic, Inc. v. Vetco Offshore,* 225 Cal.App.3d 270, 274 (1990). The investigation of the formal complaints made against Plaintiff and the Chief of Police, and the distribution of the investigative report constitute conduct that is a normal part of the employment relationship. Plaintiff's negligent infliction of emotional distress claim is preempted by workers' compensation exclusivity, and is dismissed without leave to amend.

7. **Plaintiff's intentional infliction of emotional distress claim is barred because no extreme and outrageous conduct has been alleged.** Plaintiff alleges in his eighth count that the City's disclosure of the investigative report to caused him to suffer emotional distress. In order to state a claim for intentional infliction of emotional distress, Plaintiff must demonstrate that the City engaged in "extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society." *Braunling v. Countrywide Home Loans, Inc.,* 220 F.3d 1154, 1156 (9th Cir. 2000). The Complaint, in its reference to the provision of a report to complainants involving their complaints of work place misconduct, alleges conduct that does not meet this standard. Plaintiff has not alleged that the City engaged in extreme or outrageous conduct and the count is dismissed.

8. **The intentional interference with an economic relationship claim is barred as a matter of law, since the City of Santa Rosa cannot be held liable in tort for alleged interference with its own alleged contractual relationship.** Plaintiff contends that Defendant "intentionally and illegally interfered with Plaintiff's right to continued public employment with the City." (Complaint ¶ 81.) Plaintiff's claim for intentional interference requires that he plead and prove the existence of an economic relationship between himself and a third party, and that the City intentionally interfered in

- 6 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS

CASE NO. C 08-02698 SI

that economic relationship. However, Plaintiff cannot properly allege that the City is liable for interfering with its own employment relationship with Mitchel. *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc. et al.,* 271 F.3d 825, 827-828 (9th Cir, 2001); *Della Penna v. Toyota Motor Sales, USA, Inc.,* 11 Cal.4th 376, 382 (1995). Plaintiff's intentional interference claim is dismissed without leave to amend.

9. **Plaintiff's claim for municipal liability is without basis in law.** Mitchel's tenth count is styled as one for "municipal liability." The count restates the alleged violations of law set forth elsewhere in the Complaint, and asserts that the City's actions "were taken under color of authority." (Complaint ¶¶ 83-85.) The tenth count does not constitute a distinct claim. It is subject to dismissal on the same grounds as Plaintiff's third, fourth, fifth and sixth claims for relief.

The tenth count is barred by California Government Code Section 820.2 and 815.2. Section 820.2 operates to bar tort claims based on discretionary acts of public employees. *Miller v. Hoagland,* 247 Cal.App.2d 57, 59 (1966). A tort action against a municipality based on actions of its employees is also barred. Pursuant to Section 815.2, a public entity may be held liable for the actions of its employees only if "the act or omission would *apart from this section* have given rise to a cause of action against that public employee or his personal representative." *Thompson v. City of Lake Elsinore,* 18 Cal.App.4th 49, 62 (1993) [Emphasis in the original.] In the absence of individual liability of city employees for the acts complained of in the Complaint, there can be no municipal liability. The tenth count is dismissed without leave to amend.

10. **Plaintiff's claim for gender discrimination is barred by his failure to comply with mandatory administrative prerequisites**. The California Fair Employment and Housing Act requires that a complainant exhaust administrative remedies prior to filing a civil suit for violation of the Act. Cal. Gov't Code Section 12965(b). The failure to exhaust administrative remedies is a "jurisdictional, not procedural, defect." *Miller v. United Airlines, Inc.,* 174 Cal.App.3d 878, 890 (1985). To exhaust administrative remedies a claimant must not only file and administrative charge,

- 7 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS

CASE NO. C 08-02698 SI

but also obtain a right to sue notice. *Commodore Home Systems, Inc. v. Superior Court*, 32 Cal.3d 211, 213-214 (1982). Mitchel concedes in his Complaint that he has not obtained a right to sue letter: "a complaint was timely filed with the Department of Fair Employment and Housing. A right to sue letter is pending." (Complaint ¶ 93.) Plaintiff has not exhausted his administrative remedies. The eleventh count is dismissed.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss in its entirety. The Court further orders:

_____

_____

_____

DATED: _____, 2008       _____
                              JUDGE SUSAN ILLSTON

4845-3003-9810.1

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 8 -

[PROPOSED] ORDER GRANTING DEFENDANT CITY OF SANTA ROSA'S MOTION TO DISMISS

CASE NO. C 08-02698 SI