1  MICHAEL G. MILLER (SBN: 136491)
   SCOTT A. LEWIS (SBN: 149094)
2  PERRY, JOHNSON, ANDERSON,
   MILLER & MOSKOWITZ, LLP
3  438 First Street, Fourth Floor
   Post Office Box 1028
4  Santa Rosa, CA 95404
   Telephone: (707) 525-8800
5  Facsimile: (707) 545-8242

6  Attorneys for Plaintiff JAMES A. MITCHEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL, | CASE NO. C 08-02698 SI |
| Plaintiff, | |
| vs. | **OPPOSITION TO DEFENDANT CITY OF SANTA ROSA'S EX PARTE APPLICATION TO FILE UNDER SEAL** |
| CITY OF SANTA ROSA, and DOES 1 through 50, inclusive, | |
| Defendants. | |

INTRODUCTION

　　As the Court is aware, Defendant City of Santa Rosa has applied to this Court to disclose disciplinary records of Captain Jamie Mitchel, formerly an employee of the Santa Rosa Police Department.

　　California law has a specific process for the release of such records, and a stipulation is not part of the statutory scheme.

　　Also, the application provides only a partial picture of the personnel records to be released. It appears that the City wishes to disclose the statements of employees taken by the City under a promise of confidentiality. Those employees, to Plaintiff's knowledge, have not been informed that the City intends to breach such promise. At a minimum, such notice and opportunity to assert their privacy rights should be made available to them.

---

**Oppo. Ex Parte Motion to Seal**
**C 08-02698 SI**                                                                                                  1

ARGUMENT

Defendant City of Santa Rosa has applied to this Court to disclose Plaintiff's personnel records. In doing so, Defendant has sought Plaintiff's stipulation to disclose the personnel records under seal. Defendant asserts that Plaintiff refuses to so stipulate. However, the proper construction of the procedural issue of this dispute is that Plaintiff has no authority to stipulate.

Two California statutes govern the process to disclose police personnel records. First, Penal Code § 832.7 states as follows:

> (a) Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of peace officers or custodial officers, or an agency or department that employs those officers, conducted by a grand jury, a district attorney's office, or the Attorney General's office.

Evidence Code § 1043 reads as follows in pertinent part:

> (a) In any case in which discovery or disclosure is sought of peace or custodial officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure. Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.

Nothing in either of these two sections of California law allows Plaintiff to stipulate to the release of personnel records.

Further, California law broadly interprets a "personnel file." (Penal Code § 832.8) Here, Defendant contends that it may disclose files of "complaints or investigation of complaints" upon stipulation by Plaintiff. That is not the law.

Thus, Plaintiff simply cannot stipulate to the disclosure of police personnel files.

In addition to those files, Defendant seeks to disclose statements by other officers taken under a promise of confidentiality to those officers. It is Plaintiff's understanding that they have not been notified.

Finally, Defendant argues that federal evidence law is supreme over California evidence law.

1  Those cases are not employment cases. Further, they do not provide authority for Plaintiff to stipulate
2  to the release of personnel records of himself, or other police officers who have not been notified of
3  Defendant's attempts.

5  DATED: June 16, 2008                    PERRY, JOHNSON, ANDERSON,
                                           MILLER & MOSKOWITZ LLP

7                                          /s/ Scott A. Lewis
                                           SCOTT A. LEWIS
8                                          Attorneys for Plaintiff JAMES A. MITCHEL