1  MICHAEL G. MILLER (SBN: 136491)
   SCOTT A. LEWIS (SBN: 149094)
2  PERRY, JOHNSON, ANDERSON,
   MILLER & MOSKOWITZ, LLP
3  438 First Street, Fourth Floor
   Post Office Box 1028
4  Santa Rosa, CA 95404
   Telephone: (707) 525-8800
5  Facsimile: (707) 545-8242

6  Attorneys for Plaintiff JAMES A. MITCHEL

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 JAMES A. MITCHEL,                        CASE NO.  C  08-02698 SI

12         Plaintiff,                       **MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN OPPOSITION TO
13 vs.                                      DEFENDANT'S MOTION TO DISMISS
                                            PLAINTIFF'S COMPLAINT, MOTION
14 CITY OF SANTA ROSA and DOES 1            AND SPECIAL MOTION TO STRIKE
   through 50,                              COUNTS 1 AND 2 AND 7 THROUGH 11
15                                          OF PLAINTIFF'S COMPLAINT AND
           Defendants.                      REQUEST FOR ATTORNEY'S FEES,
16 _____/        AND MOTION TO STRIKE DEMAND
                                            FOR PUNITIVE DAMAGES**
17
                                            Date:     August 22, 2008
18                                          Time:     9:00 a.m.
                                            Location: Courtroom 10, 19th Floor
19                                          Judge:    Hon. Susan Illston

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................. 1

II. RELEVANT FACTS .............................................................. 1

III. THE LAW FAVORS A POLICY OF LIBERALLY ALLOWING
AMENDMENT WHEN CIRCUMSTANCES HAVE CHANGED . .................... 5

IV. PLAINTIFF HAS COMPLIED WITH THE TORT CLAIMS ACT ................... 5

V. CAPTAIN MITCHEL HAS EXHAUSTED HIS
ADMINISTRATIVE REMEDIES .................................................. 6

VI. CAPTAIN MITCHEL HAS STATED A CLAIM BASED ON
BREACH OF CONFIDENTIALITY RIGHTS SECURED
BY ORDINANCE AND STATUTE ................................................. 6

VII. CAPTAIN MITCHEL HAS STATED A CLAIM FOR
VIOLATION OF TITLE 42 U.S.C. SECTION 1983 ............................... 7

VIII. CAPTAIN MITCHEL'S CONSTITUTIONAL CAUSES
OF ACTION ARE NOT PREMISED SOLELY UPON
PENAL CODE SECTION 832.7 ................................................... 8

IX. DEFENDANT CANNOT ESTABLISH THAT DISCLOSURE
WOULD HAVE OCCURRED ANYWAY ........................................... 9

X. THE LITIGATION PRIVILEGE MAY NOT BE USED
TO EXCUSE THE COMMISSION OF CRIMES ................................... 9

XI. CAPTAIN MITCHEL HAS STATED A CAUSE
OF ACTION FOR CONSPIRACY ................................................. 10

XII. THE INDIVIDUAL DEFENDANTS, AS THIRD PARTIES,
WRONGFULLY INTERFERED WITH PLAINTIFF'S EMPLOYMENT ............. 10

XIII. THE IMMUNITY FOR DISCRETIONARY ACTS DOES NOT
PROVIDE A SHIELD FOR WRONGFUL DISCRIMINATION .................... 10

XIV. THE ANTI-SLAPP LAW IS INAPPLICABLE .................................... 11

XV. THE MOTION TO STRIKE THE CLAIM FOR
PUNITIVE DAMAGES SHOULD BE DENIED .................................. 12

XVI. CONCLUSION ................................................................ 12

# TABLE OF AUTHORITIES

FEDERAL CASES

*Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th cir.1988),
cert. Denied, 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989). . . . . . . . . . . . . . . . . . . . . . . . 8

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). . . . . . . . . . . . . . . . . . . . . . 5

*Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir.1994). . . . . . . . . . . . . . . . . . . . 7

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). . . . . . . . . . . . 5

*Hospital Bldg. Co. v. Rex Hospital Trustees*,
425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jenkins v. McKeithen*, 395 U.S. 411, 421,
89 S.Ct. 1843, 23 L.Ed.2d 404, reh'g denied,
396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mason v. Witt*, 74 F.Supp.2d 955, 957 – 958 (E.D. Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Palmer v. Roosevelt Lake Log Owners Ass'n.*, 651 F.2d 1289, 1294 (9th Cir. 1981). . . . . . . . . . . . . 5

*Peterson v. Minidoka County School Dist. No. 331*, 118 F.3d 1351, 1359 (9th Cir.2000). . . . . . . . . 8

*Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATE CASES

*City of Riverside v. Stansbury* 155 Cal.App.4th 1582. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Crown Coach Corp. v. Superior Court* (1972) 8 Cal.3d 540, 548.. . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hocharian v. Superior Court* (1981) 28 Cal.3d 714, 724. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rosales v. City of Los Angeles*, 82 Cal.App.4th 49, 423. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FEDERAL STATUTES

Labor Code Section 1102.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Penal Code Section 832.7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

42 U.S.C.. Section 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

FEDERAL RULES

Fed.R.Civ.P. 12(b)(6).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I

INTRODUCTION

Drastic changes in circumstances in this matter – specifically the intervening termination of Plaintiff Captain James A. Mitchel's employment with the Santa Rosa Police Department in violation of public policy – require Captain Mitchel to request leave to amend the Complaint substantially. A proposed draft Amended Complaint is attached hereto as Exhibit A to the Declaration of Scott A. Lewis. A comparison of the Complaint and the draft proposed Amended Complaint reveals that the focus of the matter has changed materially, and that the majority of Defendant's contentions regarding its Motions to Dismiss and Strike are moot. For these reasons, it is respectfully requested Defendant's Motions be dismissed and Captain Mitchel be accorded leave to file an Amended Complaint.

II

RELEVANT FACTS

Since the filing of Captain Mitchel's original Complaint, and as now set forth in his proposed draft Amended Complaint, he has been fired in clear violation of Defendant's very own processes and procedures. Defendant's conduct in these regards speaks to the fact that Captain Mitchel was a scapegoat for Defendant's longstanding, known vulnerability to gender discrimination claims within its police department, which existed well before Captain Mitchel was ever hired.

Captain Mitchel, when he learned the investigative report was being illegally disclosed, immediately inquired of his supervisor, the Chief of Police, Ed Flint, as to the impropriety of that disclosure. Immediately, that very same day, Chief Flint and his attorney, Marty Mayer, told Defendant its disclosure of the investigative report was illegal (the same day it was shared with the complainants and their attorney, Toni Lisoni, March 14, 2008). Captain Mitchel's attorney, Robert Aaronson, also spoke to Defendant that same day. Knowing the disclosure was illegal, Defendant immediately, that very same day, asked that the already disclosed report be returned. (See Declaration of Maureen McClain, paragraph 4 and its Exhibit 1 and paragraph 7 of the Declaration of Caroline Fowler) Defendant's contention that none of the complainants or their attorney read any

1  part of the report before returning it, or didn't keep a copy of it is, at best, laughable.

2      Then, to exacerbate its conduct and further emphasize its using Captain Mitchel as a
3  scapegoat in the hopes of avoiding a lawsuit by the complainants (which has not happened, nor has
4  any mediation as Defendant's moving papers admit–see paragraph 4 of the Declaration of Caroline
5  Fowler), Defendant ignored it's own personnel rules and processes in terminating Captain Mitchel.
6  Specifically, besides the Personnel Rules, Defendant's Section 21 of its own City Charter states:

> Sec. 21. Chief of Police. There shall be a Chief of Police appointed by the City Manager. The Chief of Police Shall be head of the Police Department of the City and shall have all powers that are now or may hereafter be conferred upon Sheriffs and other peace offices by the laws of the state. It shall be the duty of the Chief of Police

1  to preserve the public peace and to suppress riots, tumults and disturbances. The
2  Chief of Police shall have such other powers and duties a may be prescribed by the
   Council. <u>The Chief of Police shall appoint and remove all subordinates in the
3  department, in accordance with the applicable rules of the City, and shall make rules
   and regulations for the management of the department.</u> (Emphasis added)

4  After Captain Mitchel expressed his concern that the proper processes were not being

5  followed, and that his privacy rights were being violated, Defendants terminated his employment in

6  order to retaliate against him for his exercise of his first amendment rights and to inhibit any further

7  criticism of their actions.  Chief Flint specifically warned and advised Defendant that Captain

8  Mitchel had done nothing wrong to warrant termination, that it was not following proper procedures

9  and that it had no authority, under the City Charter, to terminate Captain Mitchel, as such decisions

10 were his alone pursuant to the City Charter.  This conduct of Defendant manifests the misplaced

11 motivation to terminate Captain Mitchel in hopes of appeasing the complainants in order to avoid a

12 gender discrimination lawsuit.  Captain Mitchel had only been employed by Defendant since June

13 2005 and Defendant erroneously calculated that, being a new outsider, he could easily be disposed-

14 of and nobody would care. It was fatefully wrong, as both the Santa Rosa Police Officer's

15 Association and the Santa Rosa Police Management Association came out in support of Captain

16 Mitchel, recognizing that the City was using him as a scapegoat.  (See Exhibit 4 to the Declaration of

17 Caroline Fowler.)

18 Contrary to Defendant's conclusory claims that Captain Mitchel has made public the illegally

19 disclosed investigative report to drum up support (see paragraph 9 of the Declaration of Caroline

20 Fowler), that has not been the case.  It is noteworthy none of the newspaper articles submitted by

21 Defendant (see Exhibit 5 to the Declaration of Caroline Fowler) reference any communication

22 whatsoever to the press from Captain Mitchel or his legal counsel (because both have refused to

23 comment when the press has called – only his Complaint is quoted).

24 Captain Mitchel's original Complaint was filed (in Sonoma County Superior Court and

25 removed by Defendant) with the hope of avoiding his termination because settlement discussions

26 were ongoing at the time with Defendant concerning his employment and claims for his rights

27 having been violated.  This was not successful. It was always anticipated the Complaint would need

28

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI
3

to be amended. Since that original filing, Captain Mitchel had his governmental tort claim against Defendant rejected July 3, 3008.  Captain Mitchel also received a Right to Sue letter from the Department of Fair Employment and Housing on June 7, 2008.  (See Declaration of Scott A. Lewis.)

### III

### THE LAW FAVORS A POLICY OF LIBERALLY ALLOWING AMENDMENT WHEN CIRCUMSTANCES HAVE CHANGED

In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment."[1]  As explained herein, the contentions of Defendant are either moot, without merit, or fully addressed by the proposed Amended Complaint.

> In considering a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404, reh'g denied, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969); *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). Under the basic rule, a motion to dismiss for failure to state a claim should not be granted unless ... it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief." *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n.*, 651 F.2d 1289, 1294 (9th Cir. 1981).[2]

### IV

### PLAINTIFF HAS COMPLIED WITH THE TORT CLAIMS ACT

When Defendant filed its Motions on June 11, 2008, it was aware not only that Captain Mitchel had presented a timely tort claim to Defendant on May 22, 2008,[3] but also that Defendant

---

[1] See *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) [futility is basis for denying amendment under Rule 15]. If the Court wishes, Plaintiff will make a formal Motion for Leave to Amend pursuant to Rule 15 of the Federal Rules of Civil Procedure.

[2] See *Mason v. Witt*, 74 F.Supp.2d 955, 957 – 958 (E.D. Cal. 1999).

[3] See Exhibit C to Defendant's Request for Judicial Notice.

---

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

4

planned to deny that claim and did so on July 3, 2008. Thus, Defendant knew that by the time these Motions were heard, the lead argument in its moving papers would be moot.

As the proposed draft Amended Complaint makes clear, Captain Mitchel's tort claim was denied by Defendant on July 3, 2008, thus there is no longer any procedural reason to prevent the maintenance of this action.[4] For this reason, Defendant's Motion to Dismiss, to the extent that it is based upon failure to comply with the Tort Claims Act, should be denied.

V

CAPTAIN MITCHEL HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES

Similarly, Captain Mitchel has now received a right-to-sue letter from the Department of Fair Employment and Housing, as the proposed draft Amended Complaint recites. Thus, another of Defendant's contentions is moot.

VI

CAPTAIN MITCHEL HAS STATED A CLAIM BASED ON BREACH OF
CONFIDENTIALITY RIGHTS SECURED BY ORDINANCE AND STATUTE

Defendant argues that Captain Mitchel may not state a claim for the breach of a City ordinance which forbade the dissemination of his private information. After making the "throwaway" contention that the ordinance is factually inapplicable, Defendant manufactures its "straw man" by construing this as a claim for breach of contract, though it is not so designated. Defendant then cites authority for the proposition that a public employee may not sue his employer in contract.

As initially pleaded in Captain Mitchel's Complaint, this claim related to the release of information by Defendant management employees in direct contravention to Defendant's ordinances and Penal Code Section 832.7. The Complaint recites that the ordinance was expressly made applicable to Captain Mitchel's employment with Defendant by a Memorandum of Understanding

---

[4] California law is replete with references to the strong public policy in favor of resolving cases on their merits rather than on technical procedural grounds (e.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; *Crown Coach Corp. v. Superior Court* (1972) 8 Cal.3d 540, 548; *Hocharian v. Superior Court* (1981) 28 Cal.3d 714, 724; see also Code Civ.Proc., § 583.130.)

1  negotiated between Defendant and its employee bargaining units.

2  In addition to retaining the Breach of Confidentiality cause of action, the proposed draft
3  Amended Complaint incorporates this breach as one of the bases for causes of action for violation of
4  Section 1983, wrongful termination, wrongful termination in violation of public policy, and
5  retaliation against a "whistleblower" in violation of Labor Code Section 1102.5, subdivision (b).
6  Captain Mitchel would allege that the termination of his employment was also undertaken for the
7  purpose of retaliating against him for his (1) assertion of his statutory and constitutional rights to
8  confidentiality, (2) objection to the breach of those confidentiality rights by Defendant's employees,
9  (3) report of violations of that law to a law enforcement agency, and (4) exercise of his first
10 amendment rights.

11 Because it is not a claim for breach of contract, and because Defendant has cited no other
12 authority for the requested dismissal of the first cause of action, Defendant's Motion should be
13 denied.

VII

CAPTAIN MITCHEL HAS STATED A CLAIM FOR VIOLATION OF

TITLE 42 U.S.C. SECTION 1983

17 Defendant's attack on the third through sixth causes of action of the initial Complaint are also
18 now moot. Because of the intervening termination of Captain Mitchel's employment with
19 Defendant, the causes of action for violation of Section 1983 require amendment to incorporate that
20 event and the reasons for it. Captain Mitchel now alleges that he was terminated from his
21 employment also in retaliation for the exercise of his first amendment rights, and to chill his future
22 exercise of those rights, as explained above. Captain Mitchel had a property interest in his continued
23 employment which Defendant could not terminate without due process.[5]  Further, Captain Mitchel
24 had a property right in the employment procedures inherent in the administration of his position that
25 was infringed when Defendant violated its own Charter and processes in the manner in which his

---

[5] *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir.1994) ["Discharge assumes [a] constitutional dimension when the employee has a property interest in continued employment ... as a result of which she may not be terminated without due process."].

employment was terminated.[6] Captain Mitchel alleges in the proposed draft Amended Complaint that his termination was procedurally deficient in that the termination purported to be effected by the City Manager (Jeff Kolin) was beyond his powers pursuant to the City Charter.

## VIII

## CAPTAIN MITCHEL'S CONSTITUTIONAL CAUSES OF ACTION ARE NOT PREMISED SOLELY UPON PENAL CODE SECTION 832.7

Defendant argues the second through tenth causes of action of the Complaint should be dismissed as they are dependent on a right of privacy articulated in Penal Code Section 832.7. The proposed draft Amended Complaint makes clear that, given the change in circumstances occasioned by the termination of Captain Mitchel's employment, the invasion of privacy is only one of the constitutional underpinnings of this action. Captain Mitchel now also asserts constitutional violations arising from his violation of statutory and constitutional rights to privacy, exercise of his first amendment rights, retaliation against him for exercising those rights, and deprivations of property rights without substantive or procedural due process. Captain Mitchel would allege that Defendant acted in excess of its abilities and outside of its Charter in effecting his termination.

*Rosales v. City of Los Angeles*,[7] relied upon heavily by Defendant, is distinguishable and should not be dispositive of any issue here. In *Rosales*, the Appellate Court correctly determined that the former employee, having been accused of sexual misconduct with an underage girl, had no right to expect that his records would be exempt from production in that particular civil suit. No such situation existed here. The investigative report, garnered after promises of confidentiality to almost forty employees, was given to a complainant, who made copies and kept it almost two weeks. Captain Mitchel was promised that the report would <u>not</u> be given to the complainants by the City's own anti-harassment rules. In *Rosales*, the officer was no longer employed. Here, Captain Mitchell was employed, and had the prospect of a fair termination hearing with sequestered witnesses.

---

[6] *Peterson v. Minidoka County School Dist. No. 331*, 118 F.3d 1351, 1359 (9th Cir.2000); *Brady v. Gebbie,* 859 F.2d 1543, 1548 (9th cir.1988), cert. Denied, 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989).

[7] *Rosales v. City of Los Angeles,* 82 Cal.App.4th 49, 423.

1    Though Defendant tries to make much of the complaints that had been filed against Captain
2 Mitchel, there has been no litigation and certainly no suggestion of any criminal conduct by Captain
3 Mitchel. Defendant's arguments here are nothing more than attempts to rationalize its employees'
4 violation of City ordinance and Penal Code Section 832.7. Defendant management employees
5 violated the rights of Captain Mitchel and when he exercised his first amendment rights to object, his
6 employment was terminated.

## IX

## DEFENDANT CANNOT ESTABLISH THAT DISCLOSURE WOULD HAVE OCCURRED ANYWAY

10    Continuing its rationalization process, Defendant next argues that, oh well, disclosure would
11 have undoubtedly occurred anyway, so no harm, no foul. At this pleading stage, Defendant should
12 not be asking the Court to speculate on whether other litigation will ultimately be filed against it and
13 Captain Mitchel requiring disclosure of his records (it hasn't). Captain Mitchel expects to conduct
14 discovery regarding the Defendant's appropriate attempts in other litigation to suppress the requested
15 production of records of its law enforcement personnel, and its success in doing so. If the Court is
16 inclined to consider the argument, it should do so on a factual record exhibiting Defendant's attempts
17 to suppress law enforcement records and its record of success in those efforts.

## X

## THE LITIGATION PRIVILEGE MAY NOT BE USED TO EXCUSE THE COMMISSION OF CRIMES

21    Next, Defendant suggests, without citation to controlling authority, that the litigation
22 privilege allows it to violate the privacy rights of its employees (protected by City ordinances and the
23 Penal Code) by making disclosures of their records whenever it anticipates litigation might be filed.
24 Not surprisingly, this novel theory has not been considered or adopted by any appellate court. Not to
25 mention that not only has there been no lawsuit, there hasn't even been a mediation (See paragraph 4
26 of Declaration of Caroline Fowler).
27 //
28 //

## XI

## CAPTAIN MITCHEL HAS STATED A CAUSE OF ACTION FOR CONSPIRACY

Defendant, assuming its success on the Section 1983 causes of action, derivatively argues that there can be no conspiracy if there is no underlying wrong. As explained above, the termination of Captain Mitchel's employment also in retaliation for the exercise of his constitutional rights now forms the basis of his actions for violation of Section 1983. Particularly with the addition of the individual Defendants to the proposed draft Amended Complaint, the cause of action for conspiracy to violate Captain Mitchel's property right to continued employment in retaliation for his exercise of his first amendment rights is well founded.

## XII

## THE INDIVIDUAL DEFENDANTS, AS THIRD PARTIES,

## WRONGFULLY INTERFERED WITH PLAINTIFF'S EMPLOYMENT

Defendant argues that it may not be held liable for interference with its own economic relationship with Captain Mitchel. In the proposed draft Amended Complaint, Captain Mitchel alleges that the individual Defendants – the City Manager and Acting City Attorney – acted outside the ability of the City to act pursuant to its Charter in wrongfully terminating Captain Mitchel's employment relationship with the City. Because they were acting as third parties in interfering with that economic relationship, they may be held liable in tort for that interference.

## XIII

## THE IMMUNITY FOR DISCRETIONARY ACTS

## DOES NOT PROVIDE A SHIELD FOR WRONGFUL DISCRIMINATION

Defendant contends, with little in the way of argument or support, that the wrongful acts of employment discrimination alleged by Captain Mitchel are all covered by the statutory immunity for discretionary acts. The proposed draft Amended Complaint clearly alleges wrongful acts of employment discrimination undertaken for the express purpose of retaliating against Captain Mitchel for his exercise of his constitutional rights, and without any basis in fact or support in law. Defendant does not provide any support for its argument that these misdeeds are somehow covered by the discretionary act immunity.

XIV

THE ANTI-SLAPP LAW IS INAPPLICABLE

Defendant's motion to strike the state law causes of action of the Complaint on the ground that they somehow threaten to impinge upon the first amendment rights of "private citizens" should be denied because (1) the physical act of illegally handing over the confidential investigation report has nothing to do with the legitimate exercise of Defendant's rights to free speech and poses no threat to Defendant's conduct of phantom litigation; and (2) in his proposed draft Amended Complaint, Captain Mitchel has demonstrated a likelihood of success.

Defendant has failed to identify anyone who wishes to exercise their free speech rights to make a protected communication that may somehow be endangered by the existence of the state causes of action presented here. In its perfect world, Defendant would expand the mediation privilege, the litigation privilege and the anti-slapp statutes to destroy cumulatively the privacy rights of whichever of its employees it happens to throw under the bus. The exception proposed by Defendant would surely swallow the existing rules regarding privacy – in every situation warranting an investigation like the one undertaken and disseminated here, an imaginative city attorney could always come up with some "threatened" or "contemplated" litigation to rationalize the disclosure of private facts concerning its employees. It just cannot be that this illegal disclosure was intended to be protected.

In *City of Riverside v. Stansbury*[8], the Appellate Court cautioned that there was a very real difference between legal actions that may have been triggered by certain activity, and the conclusion required to implicate the statute – that they arose from protected activity:

> Stated another way, "[t]hat a cause of action arguably may have been triggered by protected activity does not entail that it is one arising from such. . . . [¶] . . . [T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech. [Citations.] 'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)[7] . . . .' [Citations.]" (Cotati,

---

[8] *City of Riverside v. Stansbury* 155 Cal.App.4th 1582.

1  supra, 29 Cal.4th at p. 78.)[9]

2  Defendant has failed to carry its burden in precisely this regard. As explained throughout this Memorandum, Captain Mitchel has in his draft proposed Amended Complaint demonstrated the likelihood that he will establish the invalidity of Defendant's actions, and will prevail in the state causes of action against it and the individual Defendants. For these reasons, the Motion to Strike the state causes of action should be denied and Capt. Mitchel should be awarded his reasonable attorneys' fees.

XV

THE MOTION TO STRIKE THE CLAIM FOR

PUNITIVE DAMAGES SHOULD BE DENIED

Defendant complains that the Complaint does not state facts warranting the imposition of punitive damages and moves to strike the claim on that ground. Defendant's motion should be denied as Captain Mitchel has demonstrated in the draft proposed Amended Complaint that the imposition of punitive damages is warranted on the new facts alleged. Specifically, Plaintiff has added the names of individual defendants.

In the draft proposed Amended Complaint, Captain Mitchel alleges that the termination of his employment by Defendant without cause and in retaliation for his exercise of his constitutional and statutory rights. It is alleged, and presumed to be true for purposes of this determination, that Defendant had been advised by Chief of Police Flint, that (1) disclosure of the investigative report was improper, (2) there was no cause for terminating Captain Mitchel's employment, and (3) that the sought after termination would be beyond the authority of Defendant pursuant to the City Charter which delegates all personnel decisions within the Santa Rosa Police Department solely to the Chief of Police. It is urged that these facts are sufficient to support the claim for punitive damages. For these reasons, Defendant's Motion to Strike should be denied and the Court should grant Captain Mitchel leave to amend.

XVI

CONCLUSION

Based on the drastically changed circumstances, Captain Mitchel respectfully submits that he

---

[9] *Id.*, at 1589 - 1590.

1  should be entitled to amend as he has cognizable claims, including that he was terminated in violation
2  of public policy. It is manifest Defendants used Captain Mitchel as a scapegoat and when he asserted
3  his constitutional rights to save a job and career he loved and had given his life to, he was wrongfully
4  cast aside. Justice compels he be entitled to proceed.

Dated: July 31, 2008					PERRY, JOHNSON, ANDERSON,
							MILLER & MOSKOWITZ LLP


							BY:	/s/ Scott A. Lewis
								SCOTT A. LEWIS
								Attorneys for Plaintiff