1   MICHAEL G. MILLER (SBN: 136491)
    SCOTT A. LEWIS (SBN: 149094)
2   PERRY, JOHNSON, ANDERSON,
    MILLER & MOSKOWITZ, LLP
3   438 First Street, Fourth Floor
    Post Office Box 1028
4   Santa Rosa, CA 95404
    Telephone: (707) 525-8800
5   Facsimile: (707) 545-8242

6
    Attorneys for Plaintiff JAMES A. MITCHEL
7

8                    UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10

11  JAMES A. MITCHEL,                    CASE NO.  C  08-02698 SI

12            Plaintiff,                 **DECLARATION OF SCOTT A. LEWIS
                                         OPPOSITION TO DEFENDANT'S
13  vs.                                  MOTION TO DISMISS PLAINTIFF'S
                                         COMPLAINT, MOTION AND SPECIAL
14  CITY OF SANTA ROSA and DOES 1        MOTION TO STRIKE COUNTS 1 AND
    through 50,                          2 AND 7 THROUGH 11 OF
15                                       PLAINTIFF'S COMPLAINT AND
            Defendants.                  REQUEST FOR ATTORNEY'S FEES,
16  _____/    AND MOTION TO STRIKE DEMAND
                                         FOR PUNITIVE DAMAGES**
17
                                         Date:      August 22, 2008
18                                       Time:      9:00 a.m.
                                         Location:  Courtroom 10, 19th Floor
19                                       Judge:     Hon. Susan Illston

20          I, SCOTT A. LEWIS, do hereby declare:

21          1.  I am an associate with Perry, Johnson, Anderson, Miller & Moskowitz, LLP, and counsel

22  of record herein for Plaintiff James A. Mitchel.  I have personal knowledge of the facts hereafter set

23  forth and could testify competently hereto if called as a witness in this matter.

24          2.  Nearly continually since the filing of the original Complaint in this matter with the

25  Sonoma County Superior Court, Captain Mitchel and our office has been contacted by reporters for

26  The Press Democrat, Sonoma County's primary newspaper, asking for information.  The responses

27  to all of those requests has been "no comment".

28          3.  Attached hereto as Exhibit A is a true and correct copy of a draft proposed Amended

_____
**DECL. SCOTT LEWIS IN OPPO**
**C 08-02698 SI**                                                    1

1    Complaint.

2        4.   Attached as Exhibit B is a true and correct copy of Section 21 of the City of Santa Rosa

3    Charter.

4        5.   Attached hereto as Exhibit C is a true and correct copy of the July 3, 2008, rejection by the

5    City of Santa Rosa to Captain Mitchel's governmental tort claim.

6        6.   Attached hereto as Exhibit D is a true and correct copy of the June 7, 2008, Right to Sue

7    letter provided Captain Mitchel by the Department of Fair Employment and Housing.

8        7.   To date, no lawsuit has been filed against Defendant by any of the "complainants" nor has

9    there been a mediation between them and Defendants.

10       8.   The original Complaint filed in the Sonoma County Superior Court was filed at the time it

11   was primarily because Defendant and Captain Mitchel were in ongoing settlement discussions to try

12   and resolve his claims while Defendant continued to threaten termination and it was hoped,

13   strategically, its filing would cause Defendant to stop its wrongful efforts to terminate Captain

14   Mitchel and negotiate a fair resolution.  The original Complaint named as individual defendants the

15   Acting City Manager, Caroline Fowler, and the City Manager, Jeff Kolin.  A stipulation was entered

16   into between Defendant and Captain Mitchel that those individual defendants would be removed as

17   parties before its actual filing, with the right to add them later.  This was done in good faith to further

18   the prospects of a fair resolution from the ongoing settlement discussions then occurring.

19       I declare under penalty of perjury under the laws of the United States of America that the

20   foregoing is true and correct.

21   DATED: July 30, 2008

22                               /s/ Scott A. Lewis_____

                                SCOTT A. LEWIS

23                                   Attorneys for Plaintiff JAMES A. MITCHEL

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1   MICHAEL G. MILLER (SBN: 136491)
    SCOTT A. LEWIS (SBN: 149094)
2   PERRY, JOHNSON, ANDERSON,
    MILLER & MOSKOWITZ,  LLP
3   438 First Street, Fourth Floor
    Post Office Box 1028
4   Santa Rosa, CA 95404
    Telephone: (707) 525-8800
5   Facsimile: (707) 545-8242

6   Attorneys for Plaintiff JAMES A. MITCHEL

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMES A. MITCHEL,                      CASE NO.  C  08-02698 SI

12              Plaintiff,                 **[DRAFT] AMENDED COMPLAINT
                                           FOR DAMAGES**
13  vs.

14  CITY OF SANTA ROSA,  individually and  1.    42 U.S.C. § 1983 Violation of U.S.
    as agent for the City of Santa Rosa, and      Constitution Fundamental Rights to
15  JEFF KOLIN, individually and as agent for     Privacy and Free Speech
    the City of Santa Rosa, CAROLINE       2.    42 U.S.C. § 1983 Violation of U.S.
16  FOWLER, individually and as agents, and       Constitution Due Process Rights
    DOES 1 through 50, inclusive,          3     Conspiracy to Violate Civil Right of
17                                               Due Process of Law
                Defendants.                4.    Conspiracy to Violate Right to
18  _____/            Privacy
                                           5.    Wrongful Termination – Gender
19                                               Discrimination
                                           6.    Violation of California Constitution
20                                               Article 1, § 1: Privacy
                                           7.    Wrongful Termination in Violation
21                                               of Public Policy
                                           8.    Wrongful Termination –
22                                               Whistleblower Statutes –
                                                 California Labor Code 1102.5
23                                         9.    Intentional Interference With
                                                 Prospective Economic Relations
24                                         10.   Breach of Duty of Confidentiality:
                                                 Employer-Employee Relations
25                                               Ordinance for City
                                           11.   Temporary and Permanent Injunctive
26                                               Relief

27                                         **DEMAND FOR JURY TRIAL**

28  //

**D R A F T**

PLAINTIFF alleges:

2.      The jurisdiction of this Court is predicated on Title 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff JAMES A. MITCHEL ("PLAINTIFF") was, at all times relevant to the issues herein, a resident of the State of California and an employee of defendant CITY OF SANTA ROSA ("CITY").

4.      CITY is a charter city incorporated as such under the laws of the State of California.

5.      JEFF KOLIN (hereafter "KOLIN") was and is the City Manager of the CITY and the managing agent of his department. Further, KOLIN is responsible for making, deciding and executing policy, practices and customs within his department. KOLIN is fully authorized under the governing body to decide and execute the actions of his department. Further, KOLIN was in complete control of the policy, decision-making and execution of the workings of his department as City Manager.

6.      CAROLINE FOWLER (hereafter "FOWLER") was an Assistant City Attorney and during the times mentioned herein was City Attorney Designate of the CITY and the managing agent of her department. FOWLER is currently serving as the City Attorney. Further, FOWLER is responsible for making, deciding and executing policy, practices and customs within her department. FOWLER is fully authorized under the governing body to decide and execute the actions of her department.  FOWLER had significant input to the policy, decision-making and execution of the workings of her department as the City Attorney Designate.  Further, FOWLER has had direct and extensive involvement with the Santa Rosa Police Department (SRPD) since being hired in 2001. This experience placed her in a position of influence, authority, and complete knowledge of the proper procedures for investigations relevant here.

7.      PLAINTIFF has no knowledge of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore PLAINTIFF sues these DOE defendants by such fictitious names.  PLAINTIFF will amend this Complaint to allege the true names and capacities of these DOE defendants when the same has been ascertained.

8.      Each of the defendants, including the DOE defendants, is responsible in some manner

1   for the occurrences herein alleged, and that each defendant acted as the agent of the other defendants,

2   and that PLAINTIFF'S damages as herein alleged were proximately caused, in whole or in part, by

3   the wrongful acts and/or omissions of these defendants. Each of the defendants herein, including the

4   DOE defendants, gave consent to, ratified, and/or authorized the acts or omissions herein alleged of

5   each of the remaining defendants.

6         9.    PLAINTIFF had been an employee of the Sacramento County Sheriff's Department

7   since 1978 and a law enforcement officer since 1976, in good standing when he retired in March

8   2005. PLAINTIFF was never disciplined for anything, having received positive departmental and

9   public recognition throughout those twenty-nine years.

10         10.    PLAINTIFF was sought out and actively recruited by the CITY as a Police Captain

11   for the SRPD, being hired June 6, 2005. The Command Staff of the SRPD, consisting of lieutenants

12   and other ranking members of the department, was dysfunctional when he arrived to assume his

13   position. The hiring of PLAINTIFF was intended, among other things, to address said dysfunctions

14   as well as problems within SRPD.

15         11.    PLAINTIFF sold his Sacramento residence and purchased one in Sonoma County.

16   Upon his hiring, PLAINTIFF was assigned Commander for the Special Services Division and had

17   two lieutenants reporting directly to him – Jerry Briggs ("BRIGGS") and James Zboralske

18   ("ZBORALSKE").

19         12.    In January 2007, SRPD Officer Erin Holroyd ("HOLROYD") intended to make an

20   informal complaint about gender disparity at the SRPD. HOLROYD made such complaint, but

21   made no specific allegations against PLAINTIFF to ZBORALSKE. ZBORALSKE usurped the

22   chain of command and ordered Sophia Selivanoff ("SELIVANOFF") to take HOLROYD to the City

23   of Santa Rosa Human Resources Department headed by Karen Walker ("WALKER"). Thereafter,

24   ZBORALSKE refused to divulge the substance of HOLROYD'S complaint to the SRPD Chief of

25   Police, Edwin Flint ("FLINT"), or PLAINTIFF.

26         13.    In August 2007, PLAINTIFF, as a part of normal and routine rotations, became

27   Commander of the SRPD Field Services Division. He was then no longer the direct supervisor of

28

1  ZBORALSKE.

2      14.    On December 19, 2007, SELIVANOFF filed a formal complaint of unlawful

3  retaliation against FLINT.  In that two page complaint, SELIVANOFF does not mention any actions

4  on the part of PLAINTIFF, nor does she mention any activities conducted by PLAINTIFF.

5  SELIVANOFF claimed she was not promoted to a coveted SRPD Administrative Services Officer

6  position due to her support of HOLROYD'S complaint of gender disparity.

7      15.    In January 2008, PLAINTIFF was advised by FLINT that ZBORALSKE had filed a

8  twenty-eight page complaint of discrimination against him and PLAINTIFF.  The formal complaint

9  against FLINT and PLAINTIFF alleged unlawful discrimination, hostile work environment, and

10  retaliation.  More than half of the allegations were leveled at FLINT.  A copy of the complaint was

11  sent to ZBORALSKE'S personal attorney, Toni Lisoni ("LISONI").  Upon receipt of said complaint

12  of discrimination, WALKER opined that ZBORALSKE'S complaint was filed for the purpose of

13  obtaining "a financial settlement" when ZBORALSKE left work.  WALKER insisted that the CITY

14  be "very assertive" about keeping ZBORALSKE at work and resolving his complaint.

15      16.    On February 5, 2008, FOWLER emailed PLAINTIFF, informing him that Kathy Warr

16  ("WARR"), manager of the SRPD Technical Services Division, filed a formal complaint against

17  PLAINTIFF and FLINT alleging gender discrimination, hostile work environment and illegal

18  retaliation.

19      17.    FOWLER told PLAINTIFF she is a personal friend of ZBORALSKE.

20      18.    On February 7, 2008, PLAINTIFF was informed that an internal affairs investigation

21  had commenced regarding the formal complaints of SELIVANOFF, HOLROYD, ZBORALSKE and

22  WARR (collectively "COMPLAINANTS").

23      19.    PLAINTIFF understands that investigator Edward S. Kreins  ("KREINS"), appointed

24  by DEFENDANTS, has a personal connection with LISONI of which DEFENDANTS were aware

25  prior to his appointment.

26      20.    On February 14, 2008, PLAINTIFF was interviewed by KREINS.  PLAINTIFF fully

27  cooperated with KREINS and the investigative process, relying on the duty of confidentiality owed

28

1  to him by DEFENDANTS and the language of CITY rules, ordinances, and other cases and statutes.

2      21.    PLAINTIFF was informed on March 14, 2008, by then Santa Rosa City Attorney,

3  Brien Farrell, that an investigative report ( "REPORT") was complete containing the opinions of the

4  investigator and excerpts of interviews from over 20 other employees besides the

5  COMPLAINANTS. A copy was available for PLAINTIFF because he was the subject of the

6  investigation.  Upon said notice,  PLAINTIFF was sent to pick up his copy of the report directly from

7  FOWLER that same day.

8      22.    In the presence of PLAINTIFF, FOWLER unlawfully gave a full and complete copy

9  of this highly confidential and privileged REPORT to WARR, which constituted a breach of Duty of

10 Confidentiality as cited by CITY Ordinances Chapter 2-36, Personnel Rules and Regulations, as well

11 as blatant, willful, and reckless violations of CITY Anti-Harassment Policy #700-03 C.1.b., City

12 Employer-Employee Relations Ordinance Section 10 Rule 8 (ORDINANCE), California

13 Constitution Article 1, § 1: Privacy, Penal Code § 832.7, Attorney General Opinion 99-503, U.S.

14 Constitutional Right to Privacy, and U.S. Constitutional Due Process Rights. Each of the above laws

15 are incorporated and agreed to by the CITY in Article 9 of PLAINTIFF'S Memorandum of

16 Understanding, Exhibit A to Resolution No. 26880 effective July 1, 2007 through June 30, 2008

17 ("MOU"). In spite of these separate bodies of law and agreement, of which FOWLER had complete

18 knowledge, she willfully violated such laws knowing full well and intending that ZBORALSKE and

19 SELIVANOFF have a copy of the REPORT.  The dissemination of the report and the foreseeable

20 unlawful copying of said document by WARR destroyed PLAINTIFF'S right to impartial witnesses

21 and a fair disciplinary hearing.  PLAINTIFF complained immediately to his superior officer, the

22 Chief of Police, Flint, that the distribution of the report violated CITY rules.

23      23.    It was after conferring with and getting direction from KOLIN that FOWLER

24 provided the REPORT to WARR as a personal favor, with full knowledge as City Attorney that such

25 disclosure violated CITY rules and state law, specifically Penal Code § 832.7 and Attorney General

26 Opinion 99-503, which concludes that a violation of that section can warrant misdemeanor charges

27 under Government Code § 1222.   On March 14, 2008, after PLAINTIFF complained to FLINT of

28

the disclosure, CITY was specifically warned by FLINT'S attorney, Martin Mayer, that FOWLER may have committed a crime by disseminating personal information about PLAINTIFF. That same day after being so warned, CITY acknowledged its wrongdoing and ineffectively asked that the REPORT(s) be returned.  PLAINTIFF has since requested an investigation by the District Attorney of Sonoma County.

24.    DEFENDANTS' counsel herein, Maureen McClain, admitted to allowing all COMPLAINANTS and LISONI to have a copy of the REPORT, repeatedly assuring PLAINTIFF that the COMPLAINANTS had not "read any portion" of the REPORT. However, WARR *admitted* reading almost one third of the REPORT and making unauthorized copies for distribution. (See ¶¶ 5 and 6 of the Declaration of Kathleen Warr.) Though CITY gave PLAINTIFF repeated assurances that it was taking steps to withdraw the REPORT from public distribution, WARR kept the REPORT for almost two weeks. Further, WARR kept copies of the REPORT, only returning the original. (See ¶ 10 of the Declaration of Kathleen Warr.)

25.    CITY has a structure of rules, beginning with the City Charter, that provides for the fair administration of personnel issues. KOLIN and FOWLER violated CITY'S rules for discrimination complaints by distributing the report to WARR and allowing her to make copies, knowing they would be shared with ZBORALSKE and others.

26.    KOLIN violated the City Charter by usurping the separation of powers between the departments of the CITY and interjecting himself into the longstanding discord with SRPD relating to gender discrimination allegations and other issues.

27.    KOLIN and FOWLER violated the City Charter by disciplining a subordinate member of the SRPD without the consent of the Chief of Police, FLINT.

28.    Thereafter, KOLIN violated CITY'S Personnel Rules and Regulations in the process of terminating PLAINTIFF.

29.    To appease WARR, SELIVANOFF and ZBORALSKE, KOLIN made special arrangements with them that they would receive special favors, promotions and salary increases in the hope of deterring them from filing a lawsuit against CITY.

30.    Though CITY faces extreme budget reductions, SELIVANOFF was promised and has received a special promotion to Administrative Services Officer. Such promotion includes a significant pay raise. WARR and ZBORALSKE have also received special salary increases and perquisites.

31.    WARR, ZBORALSKE and SELIVANOFF were also enticed by KOLIN with a plan for the removal of PLAINTIFF in order to resolve their claims. Motivated to so appease WARR, ZBORALSKE and SELIVANOFF, KOLIN and FOWLER, and to retaliate against PLAINTIFF for his exercise of constitutional right, usurped all rules, ordinances and laws to terminate PLAINTIFF in complete disregard to his due process rights.

32.    In violation of the CITY'S Personnel Rules, KOLIN directed Deputy City Manager, Greg Scoles, to terminate PLAINTIFF, and thereafter ordered the Human Resources Director, Fran Elm, to approve such termination without the approval of the Chief of Police, FLINT, effective May 30, 2008.  FLINT refused to support the termination of PLAINTIFF, and made it clear to KOLIN and FOWLER that doing so was improper procedurally and on the facts.

33.    PLAINTIFF filed a complaint with the Department of Fair Employment and Housing and thereafter received a right to sue letter on June 7, 2008 served on CITY by registered mail June 18, 2008.

34.    PLAINTIFF filed a claim with CITY and thereafter received a Notice of Rejection of Claim under the California Torts Claim Act on July 3, 2008

### FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983 Violation of U.S. Constitutional

### Fundamental Rights to Privacy and Free Speech)

35.    PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33 above.

36.    Title 42 U.S.C. § 1983 provides for protection and remedies to violations of the U.S. Constitution's fundamental Right to Privacy.  This code section states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District

of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

37.    California Penal Code § 832.7(a) provides, "Peace officer or custodial personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code."

38.    CITY'S own Employer-Employee Relations Ordinance provides privacy protections as described in paragraph 24 of this Complaint.

39.    The action that is the basis of the invasion of privacy was the handing over of the full and complete copy of the highly confidential investigative REPORT by FOWLER to WARR, as well as the COMPLAINANTS and their attorney.

40.    The disclosure by DEFENDANTS was a public disclosure to the complaining individuals, and as a result tainted the investigative process as detailed in the CITY Personnel Rule and Regulations which specifically state that such disclosure is "contrary to merit system principles."

41.    The illegal disclosure by DEFENDANTS of the REPORT was offensive and objectionable to PLAINTIFF and to a reasonable person of ordinary sensibilities in that all persons have the right to protect their privacy. The right to such privacy is codified by CITY ordinance. PLAINTIFF exercised his right to free speech by complaining to his superior of the aforesaid violations.  In retaliation for this complaint, PLAINTIFF was terminated.  DEFENDANTS conspired by threat of termination and termination to chill PLAINTIFF'S first amendment rights.

42.    As a proximate result of the above illegal disclosure, PLAINTIFF has been caused great humiliation, embarrassment, hurt feelings, mental anguish, and suffering, all to his general damage in an amount according to proof.

43.    In making the illegal disclosure described above, DEFENDANTS were guilty of oppression, fraud, or malice, in that they made the disclosure with the intent to vex, injure, and

1   annoy PLAINTIFF or willfully and consciously disregarded PLAINTIFF'S rights. PLAINTIFF

2   therefore is entitled to an award of punitive damages.

3                          **SECOND CAUSE OF ACTION**

4        **(42 U.S.C. § 1983 Violation of U.S. Constitutional Due Process Rights)**

5       44.    PLAINTIFF realleges and incorporates herein by reference the allegations contained

6   in paragraphs 1 through 42 above.

7       45.    Section 1 of the Fourteenth Amendment of the United States Constitution provides,

8   "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are

9   citizens of the United States and of the State wherein they reside. No state shall make or enforce any

10  law which shall abridge the privileges or immunities of citizens of the United States; nor shall any

11  State deprive any person of life, liberty, or property, without due process of law; nor deny to any

12  person within its jurisdiction the equal protection of the laws."

13      46.    Title 42 U.S.C. § 1983 provides for protection and remedies to violations of the U.S.

14  Constitution's Right to Due Process.  This code section states, "Every person who, under color of

15  any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of

16  Columbia, subjects, or causes to be subjected, any citizen of the United States or other person  within

17  the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

18  Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

19  proper proceeding for redress."

20      47.    Furthermore, the CITY'S own Personnel Rules and Regulations provide for a very

21  specific and thorough procedure, which was consciously and recklessly disregarded by

22  DEFENDANTS in releasing highly confidential information tainting witnesses and evidence.  In

23  addition, the termination violated PLAINTIFF'S due process rights by DEFENDANTS' failure to

24  follow their own personnel rules and the CITY CHARTER.  PLAINTIFF complained to his

25  superiors about DEFENDANTS' failure to follow the rules, and PLAINTIFF was terminated in

26  retaliation.

27      48.    As an actual and proximate result of DEFENDANTS' conduct, PLAINTIFF has

28

suffered embarrassment, humiliation, mental anguish, depression, loss of self -esteem, situational stress/anxiety, mental anguish, and emotional and physical distress, all to his general damage in an amount according to proof.

49.     By the foregoing wilful acts and/or omissions and the fact that DEFENDANTS have demonstrated "oppression, fraud or malice" within the meaning of California Civil Code section 2394,  PLAINTIFF is entitled to recover punitive damages against DEFENDANTS in addition to his actual damages. In addition, the termination violated PLAINTIFF'S due process rights by the DEFENDANTS' failure to follow their own personnel rules and the CITY CHARTER. PLAINTIFF complained to his superiors about DEFENDANTS' failure to follow the rules, and in order to retaliate against PLAINTIFF for his exercise of constitutional rights, PLAINTIFF was terminated.

### THIRD CAUSE OF ACTION

### (Conspiracy to Violate Civil Right of Due Process of Law)

50.     PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 48 above.

51.     PLAINTIFF has a constitutional right of due process of law and property rights to his continued employment as aforesaid.

52.     DEFENDANTS conspired to violate that right as evidenced by oral and written agreements as set forth above relative to the illegal disclosure of the REPORT, and was terminated in retaliation.

53.     DEFENDANTS employed a common, agreed upon and illegal plan to wrongfully terminate PLAINTIFF'S employment with the CITY for the purposes of appeasing a small group of people (COMPLAINANTS) who have made unfounded complaints out of concern for SRPD dysfunction that existed prior to PLAINTIFF'S hiring by CITY, and in order to retaliate against PLAINTIFF for his exercise of constitutional rights, DEFENDANTS specifically usurped the SRPD chain of command and merit system rules of discipline and made promises to the COMPLAINANTS to terminate PLAINTIFF.

54.     DEFENDANTS knew, or should have known, they were planning to violate

PLAINTIFF'S right to due process of law by depriving PLAINTIFF of objective and impartial investigative procedures. DEFENDANTS agreed among themselves and intended that the violation of due process rights be committed relative to the plan for the illegal disclosure of the REPORT, all to appease COMPLAINANTS, make PLAINTIFF a scapegoat for SRPD dysfunction that preexisted his hiring by the CITY, and to retaliate against PLAINTIFF for his exercise of constitutional rights..

55.    By reason of the above-mentioned conduct of the DEFENDANTS, PLAINTIFF was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and laws enacted thereunder by the State of California and the CITY, in that said illegal disclosure of the REPORT, and retaliatory termination constituted arbitrary and illegal intrusions by DEFENDANTS upon the security of PLAINTIFF'S due process rights not authorized by law and beyond DEFENDANTS' authority as employers.

56.    As a result of such deprivations of PLAINTIFF'S rights caused by the above-mentioned conduct, PLAINTIFF is entitled to relief under Section 1983 of Title 42 of the United States Code .

57.    As a further result of the acts of the DEFENDANTS, PLAINTIFF was subjected to humiliation and indignity, suffering great mental pain and suffering, to his damage in a sum to according to proof.

58.    By the foregoing wilful acts and/or omissions and the fact that all defendants were and continue to be managing agents of CITY, they have demonstrated "oppression, fraud, or malice" within the meaning of California Civil Code section 3294. PLAINTIFF is therefore entitled to recover punitive damages against defendants in addition to his actual damages.

## FOURTH CAUSE OF ACTION

### (Conspiracy to Violate Right to Privacy)

59.    PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 57 above.

60.    PLAINTIFF has a constitutional right to privacy as foresaid.

61.    DEFENDANTS conspired to violate PLAINTIFF'S privacy rights as evidenced by

oral and written agreements, as set forth above relative to the illegal disclosure of the REPORT. When PLAINTIFF complained about the release of private information, he was terminated in retaliation.

62.    DEFENDANTS employed a common, agreed-upon and illegal plan to terminate PLAINTIFF'S employment with the CITY to appease COMPLAINANTS, make PLAINTIFF a scapegoat for SRPD dysfunction that pre-existed his hiring by the CITY, and to retaliate for PLAINTIFF'S exercise of his first amendment rights..

63.    DEFENDANTS knew, or should have known, they were planning to violate PLAINTIFF'S right to privacy by publicly distributing the confidential investigative REPORT, which DEFENDANTS knew would be unlawful.  DEFENDANTS agreed among themselves and intended that the violation of privacy be committed relative to the plan for the illegal disclosure of the REPORT.

64.    By reason of the above-mentioned conduct of the DEFENDANTS, PLAINTIFF was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and laws enacted thereunder by the State of California and Santa Rosa, in that such conduct constituted an arbitrary intrusion by DEFENDANTS upon the security of PLAINTIFF'S privacy right not authorized by law and was beyond DEFENDANTS' authority as employers.

65.    As a result of such deprivations of PLAINTIFF'S privacy rights caused by the above-mentioned conduct, PLAINTIFF is entitled to relief under Section 1983 of Title 42 of the United States Code.

66.    As a further result of the acts of the DEFENDANTS, PLAINTIFF was subjected to humiliation and indignity, suffering great mental pain and suffering, to his damage in a sum according to proof.

### FIFTH CAUSE OF ACTION

### (Wrongful Termination – Gender Discrimination)

67.    PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 65 above.

68.    California Government Code § 12940, *et seq.,* prohibits discrimination on the basis of sex and defines sex discrimination to include discrimination based on "gender."

69.    DEFENDANTS, and each of them, planned and conspired to wrongfully terminate PLAINTIFF because of his gender for the purpose of appeasing COMPLAINANTS who claimed to be in a protected class. As part of said scheme, KOLIN and FOWLER sought to ruin PLAINTIFF'S 30 years plus of stellar law enforcement work by making weak and false allegations akin to defamation and slander all for the purposes of appeasing COMPLAINANTS and treating PLAINTIFF differently than others similarly situated.

70.    As an actual and proximate result of enduring the differential treatment described above, PLAINTIFF has suffered substantial lost earnings, bonuses and other compensation, according to proof.

71.    As a further actual and proximate result of enduring the differential treatment described above, PLAINTIFF has suffered embarrassment, humiliation, mental anguish, depression, loss of self-esteem, situational stress/anxiety, mental anguish and emotional and physical distress, all to his general damage in an amount according to proof.

72.    By the foregoing wilful acts and/or omissions and the fact that all defendants were and continue to be managing agents of CITY, they have demonstrated "oppression, fraud, or malice" within the meaning of California Civil Code section 3294.  PLAINTIFF is therefore entitled to recover punitive damages against defendants in addition to his actual damages.

## SIXTH CAUSE OF ACTION

### (Violation of California Constitution Article 1, § 1 Privacy)

73.    PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 71 above.

74.    California Constitution Article 1, § 1 states, "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

75. FOWLER personally, illegally, unlawfully, and knowingly released the REPORT directly to WARR on March 14, 2008, which revealed to WARR confidential investigative material to which she had no legal right to view or receive pursuant to state law, CITY ordinances, and the MOU.

76. KOLIN conspired with FOWLER to release said REPORT in an effort to scapegoat PLAINTIFF and appease COMPLAINANTS.

77. DEFENDANTS publicized private information concerning PLAINTIFF that a reasonable person in PLAINTIFF'S position would consider highly offensive which includes unfounded allegations of wrongdoing. DEFENDANTS knew, or acted with reckless disregard of the fact, that a reasonable person in PLAINTIFF'S position would consider the publicity highly offensive, as the private information was not of legitimate public concern. PLAINTIFF was guaranteed confidentiality by state law and local law. PLAINTIFF was harmed in that witnesses and potential evidence have been tainted or destroyed, and DEFENDANTS' conduct as aforesaid was a substantial factor in causing PLAINTIFF'S harm.

78. Said serious invasion of privacy caused PLAINTIFF to suffer injury, damage, loss or harm. The intentional acts or omissions of DEFENDANTS as set forth herein were extreme and outrageous and made with an intentional or reckless disregard of the possibility that such actions or omissions would cause PLAINTIFF emotional distress.

79. Further, the intentional acts or omissions of DEFENDANTS as set forth herein were in contravention of statutes, violated important public policies, and deviated from standards of acceptable conduct and relationships in the CITY workplace.

80. As a further actual and proximate result of DEFENDANTS' intentional acts or omissions, PLAINTIFF has suffered embarrassment, humiliation, mental anguish, depression, loss of self-esteem situational stress/anxiety, mental anguish and emotional and physical distress, all to his general damage in an amount according to proof.

81. By the foregoing wilful acts and/or omissions, DEFENDANTS have demonstrated "oppression, fraud, or malice" within the meaning of California Civil Code section 3294.

PLAINTIFF is therefore entitled to recover punitive damages against DEFENDANTS in addition to his actual damages.

### SEVENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

82.    PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 80 above.

83.    Upon PLAINTIFF'S complaint that the REPORT was distributed in violation of the California State Penal Code § 832.7 and Government Code § 1222, a misdemeanor,  KOLIN and FOWLER set upon a course to finalize PLAINTIFF'S termination even though such action was forbidden by City Charter.

84.    Penal Code § 832.7 is codified public policy concerning the privacy and due process rights of police officers throughout the state of California to due process of law and privacy in the face of allegations by any California citizen. Said Penal Code section controls the dissemination of private information and protects against witness contamination upon trial of any allegation.  It is the public policy of this state that public entities are institutions of limited powers, such powers created only by charter.  CITY'S power to terminate PLAINTIFF was taken in excess of the powers granted to it by the CITY CHARTER.  Such act is void and contrary to public policy.  As a proximate result of PLAINTIFF'S complaint as described above, and in violation of public policy and CITY CHARTER as set forth in this complaint, CITY terminated PLAINTIFF'S permanent employment.

85.    DEFENDANTS were aware of all these public policies, but actively worked against the law in favor of personal relationships amongst FOWLER and ZBORALSKE.

86.    As a proximate result of DEFENDANT'S conduct, plaintiff has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all to his damage in an amount to be established at trial.

87.    PLAINTIFF alleges DEFENDANTS were negligent, breaching a duty arising out of the employer-employee relationship and afore stated laws and agreements by recklessly handling the investigative process and intentionally releasing the confidential REPORT which COMPLAINANTS

1  were not entitled to have by law.

2      88.    As a result, DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF

3  serious emotional distress in an amount according to proof.

4      89.    In making the illegal disclosure described above, DEFENDANTS were guilty of

5  oppression, fraud, or malice, in that they made the disclosure with the intent to vex, injure, and

6  annoy PLAINTIFF or willfully and consciously disregarded PLAINTIFF'S rights. PLAINTIFF

7  therefore is entitled to an award of punitive damages.

8                        **EIGHTH CAUSE OF ACTION**

9      **(Wrongful Termination – Whistleblower Statutes – California Labor Code 1102.5)**

10     90.    PLAINTIFF realleges and incorporates herein by reference the allegations contained

11 in paragraphs 1 through 88 above.

12     91.    Upon PLAINTIFF'S complaint that the REPORT was distributed in violation of the

13 California State Penal Code § 832.7 and Government Code § 1222, a misdemeanor,  KOLIN and

14 FOWLER set upon a course to terminate PLAINTIFF in retaliation for complaining of such violation

15 of law.

16     92.    Penal Code § 832.7 is codified public policy concerning the privacy and due process

17 rights of police officers throughout the state of California to due process of law and privacy in the

18 face of allegations by any California citizen. Said Penal Code section controls the dissemination of

19 private information and protects against witness contamination upon trial of any allegation. As a

20 proximate result of PLAINTIFF'S complaint as described above, and in violation of public policy

21 and City Charter as set forth in this complaint, CITY terminated PLAINTIFF'S permanent

22 employment.

23     93.    CITY has full knowledge of said ordinances in the Penal Code but actively worked

24 against the law in favor of personal relationships amongst FOWLER and ZBORALSKE.

25     94.     As a proximate result of DEFENDANT'S conduct, plaintiff has suffered harm,

26 including lost earnings and other employment benefits, humiliation, embarrassment, and mental

27 anguish, all to his damage in an amount to be established at trial.

28

---

95.    In making the illegal disclosure described above, DEFENDANTS were guilty of oppression, fraud, or malice, in that they made the disclosure with the intent to vex, injure, and annoy PLAINTIFF or willfully and consciously disregarded PLAINTIFF'S rights. PLAINTIFF therefore is entitled to an award of punitive damages.

## NINTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Relations –

### Against Defendants Kolin and Fowler)

96.    PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 94 above.

97.    PLAINTIFF and CITY were in an economic relationship that would have resulted in continued economic benefit to PLAINTIFF. DEFENDANTS KOLIN and FOWLER knew of said relationship and intended to disrupt it by engaging in said wrongful conduct of violating federal, state, and local privacy and due process laws. PLAINTIFF suffered economic damages as a result of DEFENDANTS' wrongful conduct in an amount according to proof.

98.    Public employees such as PLAINTIFF are not "at will" employees; therefore, absent termination for cause or retirement, the employer cannot end the relationship.

99.    DEFENDANTS KOLIN and FOWLER intentionally and illegally interfered with PLAINTIFF'S right to continued public employment with the CITY.

100.    In taking the actions described above, DEFENDANTS KOLIN and FOWLER were guilty of oppression, fraud, or malice, in that they made the disclosure with the intent to vex, injure, and annoy PLAINTIFF or willfully and consciously disregarded PLAINTIFF'S rights. PLAINTIFF therefore is entitled to an award of punitive damages.

## TENTH CAUSE OF ACTION

### (Breach of Duty of Confidentiality - Employer/Employee Relations Ordinance for City)

101.    PLAINTIFF realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 99 above.

102.    THE ORDINANCE, Section 10, Rule 8, states, "Data collected on a promise to keep

1    its source confidential may be made available in statistical summaries, but shall not be made

2    available in such form as to disclose the source.  Nothing in this rule shall be construed to require

3    disclosure that are: A. Personnel, medical, or similar files, the disclosure of which would constitute

4    an unwarranted invasion of personal privacy or be contrary to merit system principles." Said

5    ORDINANCE is made specifically applicable by the MOU (Article 9) between PLAINTIFF and the

6    CITY.

7         103.    DEFENDANTS are the employer of PLAINTIFF and had information relating to

8    PLAINTIFF (the REPORT) that DEFENDANTS knew or should have known was confidential.

9    DEFENDANTS used said confidential information for their own benefit, to the detriment of

10   PLAINTIFF, and also communicated this confidential information to third parties.  This confidential

11   information was not a matter of general knowledge.

12        104.    Without any express agreement by PLAINTIFF, DEFENDANTS proceeded with an

13   unauthorized release of the REPORT to all four complainants and their attorney specifically to

14   appease them, thus constituting a breach of the Duty of Confidentiality as described by the

15   ORDINANCE and MOU.

16        105.    As a result of said breach, the investigative process was and is tainted, as is potential

17   witness testimony, depriving PLAINTIFF of his privacy and due process rights.

18        106.    As a further actual and proximate result of said breach, PLAINTIFF has suffered

19   embarrassment, humiliation, mental anguish, depression, loss of self-esteem, situational

20   stress/anxiety, mental anguish and emotional and physical distress, all to his general damage in an

21   amount according to proof.

22        107.    DEFENDANTS have demonstrated "oppression, fraud or malice" within the meaning

23   of California Civil Code section 2394.  PLAINTIFF is therefore entitled to recover punitive damages

24   against DEFENDANTS in addition to his actual damages.

25                          **ELEVENTH CAUSE OF ACTION**

26                   **TEMPORARY AND PERMANENT INJUNCTIVE RELIEF**

27        108.    PLAINTIFF incorporates by reference all the allegations in paragraphs 1 through 106

28

1   above as though fully set forth herein.

2       109.    The termination of PLAINTIFF by the Deputy City Manager is an *ultra vires* act in

3   contravention of the CITY CHARTER.

4       110.    Unless and until enjoined and restrained by order of this court, DEFENDANTS' act

5   of terminating PLAINTIFF will cause great and irreparable injury to PLAINTIFF in that he will be

6   deprived of his property rights in his continued employment, and the processes and procedures

7   inherent in the employment, without due process of law; suffer retaliation for the exercise of his

8   constitutional right to freedom of expression; suffer lost wages; incur attorneys fees to defend against

9   the allegations; loss of reputation which will negatively affect his ability to secure gainful

10  employment.

11      111.    PLAINTIFF has no adequate remedy at law for the injuries being suffered as a result

12  of DEFENDANTS' termination of PLAINTIFF.

13      112.    As a direct, foreseeable, and proximate result of DEFENDANTS KOLIN'S and

14  FOWLER'S wrongful conduct, described above, PLAINTIFF has been damaged and has been forced

15  to secure the services of the legal firm of Perry, Johnson, Anderson, Miller, and Moskowitz, LLP to

16  protect his rights.

17      **WHEREFORE**, PLAINTIFF prays for judgment to include:

18      1.    Actual damages according to proof at trial;

19      2.    Punitive damages to punish, deter and make an example of DEFENDANTS;

20      3.    Reasonable attorney's fees pursuant to Government Code section 12900, *et seq.*, and

21  42 U.S.C. § 1988;

22      4.    For costs of suit incurred herein;

23      5.    Prejudgment interest; and

24      6.    An order from the Court restoring PLAINTIFF to his position, with back pay and

25  benefits;

26      7.    For such other and further relief as this Court may deem just and proper.

27  //

28

1

**DEMAND FOR JURY TRIAL**

2        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PLAINTIFF hereby demands

3    trial by jury in this action for all issues so triable.

4

5    DATED:                          PERRY, JOHNSON, ANDERSON,
                                     MILLER & MOSKOWITZ LLP
6

7                                    BY: _____
                                          SCOTT A. LEWIS
8                                    Attorneys for Plaintiff JAMES A. MITCHEL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CHARTER OF THE CITY OF SANTA ROSA (2002)

. . .

**Sec. 21. Chief of Police.** There shall be a Chief of Police appointed by the City Manager. The Chief of Police shall be head of the Police Department of the City and shall have all powers that are now or may hereafter be conferred upon sheriffs and other peace officers by the laws of the state. It shall be the duty of the Chief of Police to preserve the public peace and to suppress riots, tumults and disturbances. The Chief of Police shall have such other powers and duties as may be prescribed by the Council. The Chief of Police shall appoint and remove all subordinates in the department, in accordance with the applicable rules of the City, and shall make rules and regulations for the management of the department.

July 3, 2008

### <u>NOTICE OF REJECTION OF CLAIM</u>

Scott A. Lewis, Esq.
Perry, Johnson, Anderson, Miller
    & Moskovitz
438 First Street, Fourth Floor
P.O. Box 1028
Santa Rosa, CA  95404

**RE:    CLAIM OF JAMES A. MITCHEL**

NOTICE IS HEREBY GIVEN that the claim which you presented to the City of Santa Rosa on May 22, 2008, was rejected on July 3, 2008.

### <u>WARNING</u>

SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE THIS NOTICE WAS PERSONALLY DELIVERED OR DEPOSITED IN THE MAIL TO FILE A COURT ACTION ON YOUR STATE LAW CLAIMS. SEE GOVERNMENT CODE §945.6. (THIS NOTICE DOES NOT APPLY TO ANY CLAIM YOU MAY HAVE UNDER FEDERAL LAW, AND YOUR TIME FOR FILING AN ACTION ON ANY FEDERAL LAW CLAIM MAY BE LESS THAN SIX MONTHS.)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY OF YOUR CHOICE IN CONNECTION WITH THE MATTER. IF YOU DESIRE TO CONSULT AN ATTORNEY, YOU SHOULD DO SO IMMEDIATELY.

<u>PROOF OF SERVICE BY MAIL</u>

I declare that:

I am employed in the County of Sonoma, State of California.

I am over the age of eighteen (18) years and not a party to the within entitled cause, my

business address is 100 Santa Rosa Avenue, Santa Rosa, California, 95404.

On July 3, 2008, I served the attached:

**NOTICE OF REJECTION OF CLAIM**

by placing a true copy therein in a sealed envelope, addressed as follows:

Scott A. Lewis, Esq.
Perry, Johnson, Anderson, Miller
    & Moskovitz
438 First Street, Fourth Floor
P.O. Box 1028
Santa Rosa, CA  95404

I placed such sealed envelope, with postage thereon fully prepaid for first-class mail, for

collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily

familiar with the City of Santa Rosa's practice for processing of correspondence, said practice being

that in the ordinary course of business, correspondence is deposited in the United States Postal

Service the same day as it is placed for processing.

I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct and that this declaration was executed on July 3, 2008, at Santa Rosa, California.

_____
Kathy M. Viall

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973  TTY (800) 700-2320  Fax (510) 622-2952
www.dfeh.ca.gov



June 7, 2008


SCOTT A. LEWIS
ATTORNEY AT LAW
PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ
438 FIRT STREET 4TH FLR
SANTA RODA, CA 95401

RE:    E200708A1162-00-rc
       <u>MITCHEL/CITY OF SANTA ROSA</u>

Dear SCOTT A. LEWIS:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
May 23, 2008 because an immediate right-to-sue notice was requested.  DFEH will
take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator

cc:    Case File

JEFF KOLIN
CITY MANAGER
CITY OF SANTA ROSA
100 SANTA ROSA AVENUE
SANTA ROSA, CA  95404

DFEH-200-43 (06/06)