1   MICHAEL G. MILLER (SBN: 136491)
    SCOTT A. LEWIS (SBN: 149094)
2   PERRY, JOHNSON, ANDERSON,
    MILLER & MOSKOWITZ,  LLP
3   438 First Street, Fourth Floor
    Post Office Box 1028
4   Santa Rosa, CA 95404
    Telephone: (707) 525-8800
5   Facsimile: (707) 545-8242

6   Attorneys for Plaintiff JAMES A. MITCHEL

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   JAMES A. MITCHEL,                    CASE NO.  C  08-02698 SI

12           Plaintiff,                   **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN OPPOSITION TO**
13   vs.                                  **DEFENDANT'S MOTION TO DISMISS
                                          PLAINTIFF'S COMPLAINT, MOTION**
14   CITY OF SANTA ROSA and DOES 1        **AND SPECIAL MOTION TO STRIKE
     through 50,                          COUNTS 1 AND 2 AND 7 THROUGH 11**
15                                        **OF PLAINTIFF'S COMPLAINT AND
             Defendants.                  REQUEST FOR ATTORNEY'S FEES,**
16   _____/     **AND MOTION TO STRIKE DEMAND
                                          FOR PUNITIVE DAMAGES**
17
                                          Date:       August 22, 2008
18                                        Time:       9:00 a.m.
                                          Location:   Courtroom 10, 19th Floor
19                                        Judge:      Hon. Susan Illston

20

21

22

23

24

25

26

27

28

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

1

**TABLE OF CONTENTS**

2      I.      INTRODUCTION .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3      II.     RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4      III.    THE LAW FAVORS A POLICY OF LIBERALLY ALLOWING
               AMENDMENT WHEN CIRCUMSTANCES HAVE CHANGED . . . . . . . . . . . . . . . . . . . 5
5
       IV.     PLAINTIFF HAS COMPLIED WITH THE TORT CLAIMS ACT . . . . . . . . . . . . . . . . . . 5
6
       V.      CAPTAIN MITCHEL HAS EXHAUSTED HIS
7              ADMINISTRATIVE REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8      VI.     CAPTAIN MITCHEL HAS STATED A CLAIM BASED ON
               BREACH OF CONFIDENTIALITY RIGHTS SECURED
9              BY ORDINANCE AND STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10     VII.    CAPTAIN MITCHEL HAS STATED A CLAIM FOR
               VIOLATION OF TITLE 42 U.S.C. SECTION 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
11
       VIII.   CAPTAIN MITCHEL'S CONSTITUTIONAL CAUSES
12             OF ACTION ARE NOT PREMISED SOLELY UPON
               PENAL CODE SECTION 832.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
13
       IX.     DEFENDANT CANNOT ESTABLISH THAT DISCLOSURE
14             WOULD HAVE OCCURRED ANYWAY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15     X.      THE LITIGATION PRIVILEGE MAY NOT BE USED
               TO EXCUSE THE COMMISSION OF CRIMES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
16
       XI.     CAPTAIN MITCHEL HAS STATED A CAUSE
17             OF ACTION FOR CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18     XII.    THE INDIVIDUAL DEFENDANTS, AS THIRD PARTIES,
               WRONGFULLY INTERFERED WITH PLAINTIFF'S EMPLOYMENT . . . . . . . . . . . . . 10
19
       XIII.   THE IMMUNITY FOR DISCRETIONARY ACTS DOES NOT
20             PROVIDE A SHIELD FOR WRONGFUL DISCRIMINATION . . . . . . . . . . . . . . . . . . . 10

21     XIV.    THE ANTI-SLAPP LAW IS INAPPLICABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

22     XV.     THE MOTION TO STRIKE THE CLAIM FOR
               PUNITIVE DAMAGES SHOULD BE DENIED .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
23
       XVI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
24

25

26

27

28

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

1

**TABLE OF AUTHORITIES**

2 FEDERAL CASES

3 *Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th cir.1988),
cert. Denied, 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989). . . . . . . . . . . . . . . . . . . . . . . . 8

4

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). . . . . . . . . . . . . . . . . . . . . . 5

5

*Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir.1994). . . . . . . . . . . . . . . . . . . . 7

6

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). . . . . . . . . . . . . 5

7

*Hospital Bldg. Co. v. Rex Hospital Trustees*,
8 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9 *Jenkins v. McKeithen*, 395 U.S. 411, 421,
89 S.Ct. 1843, 23 L.Ed.2d 404, reh'g denied,
10 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 *Mason v. Witt*, 74 F.Supp.2d 955, 957 – 958 (E.D. Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

12 *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

13 *Palmer v. Roosevelt Lake Log Owners Ass'n.*, 651 F.2d 1289, 1294 (9th Cir. 1981). . . . . . . . . . . . . 5

14 *Peterson v. Minidoka County School Dist. No. 331*, 118 F.3d 1351, 1359 (9th Cir.2000). . . . . . . . . . 8

15 *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

16 STATE CASES

17 *City of Riverside v. Stansbury* 155 Cal.App.4th 1582. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 *Crown Coach Corp. v. Superior Court* (1972) 8 Cal.3d 540, 548. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

19 *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

20 *Hocharian v. Superior Court* (1981) 28 Cal.3d 714, 724. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

21 *Rosales v. City of Los Angeles*, 82 Cal.App.4th 49, 423. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

22 FEDERAL STATUTES

23 Labor Code Section 1102.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24 Penal Code Section 832.7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9

25 42 U.S.C.. Section 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

26 FEDERAL RULES

27 Fed.R.Civ.P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28

1

I

2

INTRODUCTION

3          Drastic changes in circumstances in this matter – specifically the intervening termination of

4   Plaintiff Captain James A. Mitchel's employment with the Santa Rosa Police Department in

5   violation of public policy – require Captain Mitchel to request leave to amend the Complaint

6   substantially. A proposed draft Amended Complaint is attached hereto as Exhibit A to the

7   Declaration of Scott A. Lewis.  A comparison of the Complaint and the draft proposed Amended

8   Complaint reveals that the focus of the matter has changed materially, and that the majority of

9   Defendant's contentions regarding its Motions to Dismiss and Strike are moot. For these reasons, it

10  is respectfully requested Defendant's Motions be dismissed and Captain Mitchel be accorded leave

11  to file an Amended Complaint.

12

II

13

RELEVANT FACTS

14         Since the filing of Captain Mitchel's original Complaint, and as now set forth in his proposed

15  draft Amended Complaint, he has been fired in clear violation of Defendant's very own processes

16  and procedures.  Defendant's conduct in these regards speaks to the fact that Captain Mitchel was a

17  scapegoat for Defendant's longstanding, known vulnerability to gender discrimination claims within

18  its police department, which existed well before Captain Mitchel was ever hired.

19         Captain Mitchel, when he learned the investigative report was being illegally disclosed,

20  immediately inquired of his supervisor, the Chief of Police, Ed Flint, as to the impropriety of that

21  disclosure.  Immediately, that very same day, Chief Flint and his attorney, Marty Mayer, told

22  Defendant its disclosure of the investigative report was illegal (the same day it was shared with the

23  complainants and their attorney, Toni Lisoni, March 14, 2008).   Captain Mitchel's attorney, Robert

24  Aaronson, also spoke to Defendant that same day.  Knowing the disclosure was illegal, Defendant

25  immediately, that very same day, asked that the already disclosed report be returned.  (See

26  Declaration of Maureen McClain, paragraph 4 and its Exhibit 1 and paragraph 7 of the Declaration

27  of Caroline Fowler)  Defendant's contention that none of the complainants or their attorney read any

28

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

1

1   part of the report before returning it, or didn't keep a copy of it is, at best, laughable.

2          Then, to exacerbate its conduct and further emphasize its using Captain Mitchel as a

3   scapegoat in the hopes of avoiding a lawsuit by the complainants (which has not happened, nor has

4   any mediation as Defendant's moving papers admit–see paragraph 4 of the Declaration of Caroline

5   Fowler), Defendant ignored it's own personnel rules and processes in terminating Captain Mitchel.

6   Specifically, besides the Personnel Rules, Defendant's Section 21 of its own City Charter states:

7          Sec. 21. Chief of Police. There shall be a Chief of Police appointed by the City
           Manager. The Chief of Police Shall be head of the Police Department of the City and
8          shall have all powers that are now or may hereafter be conferred upon Sheriffs and
           other peace offices by the laws of the state. It shall be the duty of the Chief of Police
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   to preserve the public peace and to suppress riots, tumults and disturbances. The
    Chief of Police shall have such other powers and duties a may be prescribed by the
2   Council. <u>The Chief of Police shall appoint and remove all subordinates in the
    department, in accordance with the applicable rules of the City, and shall make rules</u>
3   <u>and regulations for the management of the department.</u> (Emphasis added)

4        After Captain Mitchel expressed his concern that the proper processes were not being

5   followed, and that his privacy rights were being violated, Defendants terminated his employment in

6   order to retaliate against him for his exercise of his first amendment rights and to inhibit any further

7   criticism of their actions.  Chief Flint specifically warned and advised Defendant that Captain

8   Mitchel had done nothing wrong to warrant termination, that it was not following  proper procedures

9   and that it had no authority, under the City Charter, to terminate Captain Mitchel, as such decisions

10  were his alone pursuant to the City Charter.  This conduct of Defendant manifests the misplaced

11  motivation to terminate Captain Mitchel in hopes of appeasing the complainants in order to avoid a

12  gender discrimination lawsuit.  Captain Mitchel had only been employed by Defendant  since June

13  2005 and Defendant erroneously calculated that, being a new outsider, he could easily be  disposed-

14  of and nobody would care. It was fatefully wrong, as both the Santa Rosa Police Officer's

15  Association and the Santa Rosa Police Management Association came out in support of Captain

16  Mitchel, recognizing that the City was using him as a scapegoat.  (See Exhibit 4 to the Declaration of

17  Caroline Fowler.)

18       Contrary to Defendant's conclusory claims that Captain Mitchel has made public the illegally

19  disclosed investigative report to drum up support (see paragraph 9 of the Declaration of Caroline

20  Fowler), that has not been the case.  It is noteworthy none of the newspaper articles submitted by

21  Defendant (see Exhibit 5 to the Declaration of Caroline Fowler) reference any communication

22  whatsoever to the press from Captain Mitchel or his legal counsel (because both have refused to

23  comment when the press has called  –  only his Complaint is quoted).

24       Captain Mitchel's original Complaint was filed (in Sonoma County Superior Court and

25  removed by Defendant) with the hope of avoiding his termination because settlement discussions

26  were ongoing at the time with Defendant concerning his employment and claims for his rights

27  having been violated.  This was not successful. It was always anticipated the Complaint would need

28

1   to be amended. Since that original filing, Captain Mitchel had his governmental tort claim against

2   Defendant rejected July 3, 3008.  Captain Mitchel also received a Right to Sue letter from the

3   Department of Fair Employment and Housing on June 7, 2008.  (See Declaration of Scott A. Lewis.)

4                                                              III

5              THE LAW FAVORS A POLICY OF LIBERALLY ALLOWING AMENDMENT

6                              WHEN CIRCUMSTANCES HAVE CHANGED

7              In general, leave to amend is only denied if it is clear that amendment would be futile and

8   "that the deficiencies of the complaint could not be cured by amendment."[1]  As explained herein, the

9   contentions of Defendant are either moot, without merit, or fully addressed by the proposed

10  Amended Complaint.

11           In considering a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P.
             12(b)(6), the court must accept as true the allegations of the complaint in question,
12           construe the pleading in the light most favorable to the party opposing the motion, and
             resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89
13           S.Ct. 1843, 23 L.Ed.2d 404, reh'g denied, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123
             (1969); *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct.
14           1848, 48 L.Ed.2d 338 (1976). Under the basic rule, a motion to dismiss for failure to
             state a claim should not be granted unless ... it appears beyond doubt that plaintiff can
15           prove no set of facts in support of the claim that would entitle him to relief." *See
             Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984),
16           citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see
             also Palmer v. Roosevelt Lake Log Owners Ass'n.*, 651 F.2d 1289, 1294 (9th Cir.
17           1981).[2]

18                                                             IV

19               PLAINTIFF HAS COMPLIED WITH THE TORT CLAIMS ACT

20           When Defendant filed its Motions on June 11, 2008, it was aware not only that Captain

21  Mitchel had presented a timely tort claim to Defendant on May 22, 2008,[3] but also that Defendant

22

23

[1]  See *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter
24  Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)); *Poling v. Morgan*, 829 F.2d 882, 886
    (9th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962))
25  [futility is basis for denying amendment under Rule 15]. If the Court wishes, Plaintiff will make a
    formal Motion for Leave to Amend pursuant to Rule 15 of the Federal Rules of Civil Procedure.
26

27  [2]  See *Mason v. Witt*, 74 F.Supp.2d 955, 957 – 958 (E.D. Cal. 1999).

28  [3]  See Exhibit C to Defendant's Request for Judicial Notice.

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI
                                                              4

1    planned to deny that claim and did so on July 3, 2008. Thus, Defendant knew that by the time these

2    Motions were heard, the lead argument in its moving papers would be moot.

3           As the proposed draft Amended Complaint makes clear, Captain Mitchel's tort claim was

4    denied by Defendant on July 3, 2008, thus there is no longer any procedural reason to prevent the

5    maintenance of this action.[4]  For this reason, Defendant's Motion to Dismiss, to the extent that it is

6    based upon failure to comply with the Tort Claims Act, should be denied.

7                                                           V

8              CAPTAIN MITCHEL HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES

9           Similarly, Captain Mitchel has now received a right-to-sue letter from the Department

10   of Fair Employment and Housing, as the proposed draft Amended Complaint recites. Thus, another

11   of Defendant's contentions is moot.

12                                                          VI

13               CAPTAIN MITCHEL HAS STATED A CLAIM BASED ON BREACH OF

14            CONFIDENTIALITY RIGHTS SECURED BY ORDINANCE AND STATUTE

15          Defendant argues that Captain Mitchel may not state a claim for the breach of a City

16   ordinance which forbade the dissemination of his private information. After making the

17   "throwaway" contention that the ordinance is factually inapplicable, Defendant manufactures its

18   "straw man" by construing this as a claim for breach of contract, though it is not so designated.

19   Defendant then cites authority for the proposition that a public employee may not sue his employer in

20   contract.

21          As initially pleaded in Captain Mitchel's Complaint, this claim related to the release of

22   information by Defendant management employees in direct contravention to Defendant's ordinances

23   and Penal Code Section 832.7. The Complaint recites that the ordinance was expressly made

24   applicable to Captain Mitchel's employment with Defendant by a Memorandum of Understanding

25

26   ─────────────────

27   [4]  California law is replete with references to the strong public policy in favor of resolving cases on
     their merits rather than on technical procedural grounds (e.g., *Denham v. Superior Court* (1970) 2
     Cal.3d 557, 566; *Crown Coach Corp. v. Superior Court* (1972) 8 Cal.3d 540, 548; *Hocharian v.*

28   *Superior Court* (1981) 28 Cal.3d 714, 724; see also Code Civ.Proc., § 583.130.)

─────────────────
MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

1   negotiated between Defendant and its employee bargaining units.

2       In addition to retaining the Breach of Confidentiality cause of action, the proposed draft

3   Amended Complaint incorporates this breach as one of the bases for causes of action for violation of

4   Section 1983, wrongful termination, wrongful termination in violation of public policy, and

5   retaliation against a "whistleblower" in violation of Labor Code Section 1102.5, subdivision (b).

6   Captain Mitchel would allege that the termination of his employment was also undertaken for the

7   purpose of retaliating against him for his (1) assertion of his statutory and constitutional rights to

8   confidentiality, (2) objection to the breach of those confidentiality rights by Defendant's employees,

9   (3) report of violations of that law to a law enforcement agency, and (4) exercise of his first

10  amendment rights.

11      Because it is not a claim for breach of contract, and because Defendant has cited no other

12  authority for the requested dismissal of the first cause of action, Defendant's Motion should be

13  denied.

14                                            VII

15              CAPTAIN MITCHEL HAS STATED A CLAIM FOR VIOLATION OF

16                           TITLE 42 U.S.C. SECTION 1983

17      Defendant's attack on the third through sixth causes of action of the initial Complaint are also

18  now moot. Because of the intervening termination of Captain Mitchel's employment with

19  Defendant, the causes of action for violation of Section 1983 require amendment to incorporate that

20  event and the reasons for it. Captain Mitchel now alleges that he was terminated from his

21  employment also in retaliation for the exercise of his first amendment rights, and to chill his future

22  exercise of those rights, as explained above. Captain Mitchel had a property interest in his continued

23  employment which Defendant could not terminate without due process.[5]  Further, Captain Mitchel

24  had a property right in the employment procedures inherent in the administration of his position that

25  was infringed when Defendant violated its own Charter and processes in the manner in which his

26  _____

27  [5] *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir.1994) ["Discharge assumes [a] constitutional dimension when the employee has a property interest in continued employment ... as a

28  result of which she may not be terminated without due process."].

_____

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

1   employment was terminated.[6]  Captain Mitchel alleges in the proposed draft Amended Complaint

2   that his termination was procedurally deficient in that the termination purported to be effected by the

3   City Manager (Jeff Kolin) was beyond his powers pursuant to the City Charter.

4                                                              VIII

5                        CAPTAIN MITCHEL'S CONSTITUTIONAL CAUSES OF ACTION

6                   ARE NOT PREMISED SOLELY UPON PENAL CODE SECTION 832.7

7            Defendant argues the second through tenth causes of action of the Complaint should be

8   dismissed as they are dependent on a right of privacy articulated in Penal Code Section 832.7. The

9   proposed draft Amended Complaint makes clear that, given the change in circumstances occasioned

10  by the termination of Captain Mitchel's employment, the invasion of privacy is only one of the

11  constitutional underpinnings of this action. Captain Mitchel now also asserts constitutional violations

12  arising from his violation of statutory and constitutional rights to privacy, exercise of his first

13  amendment rights, retaliation against him for exercising those rights, and deprivations of property

14  rights without substantive or procedural due process. Captain Mitchel would allege that Defendant

15  acted in excess of its abilities and outside of its Charter in effecting his termination.

16           *Rosales v. City of Los Angeles*,[7] relied upon heavily by Defendant, is distinguishable and

17  should not be dispositive of any issue here. In *Rosales*, the Appellate Court correctly determined that

18  the former employee, having been accused of sexual misconduct with an underage girl, had no right

19  to expect that his records would be exempt from production in that particular civil suit.  No such

20  situation existed here. The investigative report, garnered after promises of confidentiality to almost

21  forty employees, was given to a complainant, who made copies and kept it almost two weeks.

22  Captain Mitchel was promised that the report would <u>not</u> be given to the complainants by the City's

23  own anti-harassment rules.  In *Rosales*, the officer was no longer employed.  Here, Captain Mitchell

24  was employed, and had the prospect of a fair termination hearing with sequestered witnesses.

25

26  [6]  *Peterson v. Minidoka County School Dist. No. 331*, 118 F.3d 1351, 1359 (9th Cir.2000); *Brady v. Gebbie,* 859 F.2d 1543, 1548 (9th cir.1988), cert. Denied, 489 U.S. 1100, 109 S.Ct. 1577, 103

27  L.Ed.2d 943 (1989).

28  [7]  *Rosales v. City of Los Angeles,* 82 Cal.App.4th 49, 423.

1    Though Defendant tries to make much of the complaints that had been filed against Captain

2  Mitchel, there has been no litigation and certainly no suggestion of any criminal conduct by Captain

3  Mitchel. Defendant's arguments here are nothing more than attempts to rationalize its employees'

4  violation of City ordinance and Penal Code Section 832.7. Defendant management employees

5  violated the rights of Captain Mitchel and when he exercised his first amendment rights to object, his

6  employment was  terminated.

7                                                             IX

8                      DEFENDANT CANNOT ESTABLISH THAT DISCLOSURE

9                            WOULD HAVE OCCURRED ANYWAY

10    Continuing its rationalization process, Defendant next argues that, oh well, disclosure would

11  have undoubtedly occurred anyway, so no harm, no foul. At this pleading stage, Defendant should

12  not be asking the Court to speculate on whether other litigation will ultimately be filed against it and

13  Captain Mitchel requiring disclosure of his records (it hasn't). Captain Mitchel expects to conduct

14  discovery regarding the Defendant's appropriate attempts in other litigation to suppress the requested

15  production of records of its law enforcement personnel, and its success in doing so. If the Court is

16  inclined to consider the argument, it should do so on a factual record exhibiting Defendant's attempts

17  to suppress law enforcement records and its record of success in those efforts.

18                                                             X

19                      THE LITIGATION PRIVILEGE MAY NOT BE USED

20                            TO EXCUSE THE COMMISSION OF CRIMES

21    Next, Defendant suggests, without citation to controlling authority, that the litigation

22  privilege allows it to violate the privacy rights of its employees (protected by City ordinances and the

23  Penal Code) by making disclosures of their records whenever it anticipates litigation might be filed.

24  Not surprisingly, this novel theory has not been considered or adopted by any appellate court.  Not to

25  mention that not only has there been no lawsuit, there hasn't even been a mediation (See paragraph 4

26  of Declaration of Caroline Fowler).

27  //

28  //

---

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

8

XI

CAPTAIN MITCHEL HAS STATED A CAUSE OF ACTION FOR CONSPIRACY

Defendant, assuming its success on the Section 1983 causes of action, derivatively argues that there can be no conspiracy if there is no underlying wrong. As explained above, the termination of Captain Mitchel's employment also in retaliation for the exercise of his constitutional rights now forms the basis of his actions for violation of Section 1983. Particularly with the addition of the individual Defendants to the proposed draft Amended Complaint, the cause of action for conspiracy to violate Captain Mitchel's property right to continued employment in retaliation for his exercise of his first amendment rights is well founded.

XII

THE INDIVIDUAL DEFENDANTS, AS THIRD PARTIES,

WRONGFULLY INTERFERED WITH PLAINTIFF'S EMPLOYMENT

Defendant argues that it may not be held liable for interference with its own economic relationship with Captain Mitchel. In the proposed draft Amended Complaint, Captain Mitchel alleges that the individual Defendants – the City Manager and Acting City Attorney – acted outside the ability of the City to act pursuant to its Charter in wrongfully terminating Captain Mitchel's employment relationship with the City. Because they were acting as third parties in interfering with that economic relationship, they may be held liable in tort for that interference.

XIII

THE IMMUNITY FOR DISCRETIONARY ACTS

DOES NOT PROVIDE A SHIELD FOR WRONGFUL DISCRIMINATION

Defendant contends, with little in the way of argument or support, that the wrongful acts of employment discrimination alleged by Captain Mitchel are all covered by the statutory immunity for discretionary acts. The proposed draft Amended Complaint clearly alleges wrongful acts of employment discrimination undertaken for the express purpose of retaliating against Captain Mitchel for his exercise of his constitutional rights, and without any basis in fact or support in law. Defendant does not provide any support for its argument that these misdeeds are somehow covered by the discretionary act immunity.

XIV

THE ANTI-SLAPP LAW IS INAPPLICABLE

Defendant's motion to strike the state law causes of action of the Complaint on the ground that they somehow threaten to impinge upon the first amendment rights of "private citizens" should be denied because (1) the physical act of illegally handing over the confidential investigation report has nothing to do with the legitimate exercise of Defendant's rights to free speech and poses no threat to Defendant's conduct of phantom litigation; and (2) in his proposed draft Amended Complaint, Captain Mitchel has demonstrated a likelihood of success.

Defendant has failed to identify anyone who wishes to exercise their free speech rights to make a protected communication that may somehow be endangered by the existence of the state causes of action presented here.  In its perfect world, Defendant would expand the mediation privilege, the litigation privilege and the anti-slapp statutes to destroy cumulatively the privacy rights of whichever of its employees it happens to throw under the bus.  The exception proposed by Defendant would surely swallow the existing rules regarding privacy – in every situation warranting an investigation like the one undertaken and disseminated here, an imaginative city attorney could always come up with some "threatened" or "contemplated" litigation to rationalize the disclosure of private facts concerning its employees.  It just cannot be that this illegal disclosure was intended to be protected.

In *City of Riverside v. Stansbury*[8], the Appellate Court cautioned that there was a very real difference between legal actions that may have been triggered by certain activity, and the conclusion required to implicate the statute – that they arose from protected activity:

> Stated another way, "[t]hat a cause of action arguably may have been triggered by protected activity does not entail that it is one arising from such. . . . [¶] . . . [T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech. [Citations.] 'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)[7] . . . .' [Citations.]" (Cotati,

---

[8]  *City of Riverside v. Stansbury* 155 Cal.App.4th 1582.

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

1    supra, 29 Cal.4th at p. 78.)[9]

2    Defendant has failed to carry its burden in precisely this regard.  As explained throughout this

3    Memorandum, Captain Mitchel has in his draft proposed Amended Complaint demonstrated the

4    likelihood that he will establish the invalidity of Defendant's actions, and will prevail in the state causes

5    of action against it and the individual Defendants.  For these reasons, the Motion to Strike the state

6    causes of action should be denied and Capt. Mitchel should be awarded his reasonable attorneys' fees.

7                                            XV

8                    THE MOTION TO STRIKE THE CLAIM FOR

9                    PUNITIVE DAMAGES SHOULD BE DENIED

10    Defendant complains that the Complaint does not state facts warranting the imposition of

11    punitive damages and moves to strike the claim on that ground.  Defendant's motion should be denied

12    as Captain Mitchel has demonstrated in the draft proposed Amended Complaint that the imposition of

13    punitive damages is warranted on the new facts alleged.  Specifically, Plaintiff has added the names of

14    individual defendants.

15    In the draft proposed Amended Complaint, Captain Mitchel alleges that the termination of his

16    employment by Defendant without cause and in retaliation for his exercise of his constitutional and

17    statutory rights.  It is alleged, and presumed to be true for purposes of this determination, that Defendant

18    had been advised by Chief of Police Flint, that (1) disclosure of the investigative report was improper,

19    (2) there was no cause for terminating Captain Mitchel's employment, and (3) that the sought after

20    termination would be beyond the authority of Defendant pursuant to the City Charter which delegates

21    all personnel decisions within the Santa Rosa Police Department solely to the Chief of Police.  It is urged

22    that these facts are sufficient to support the claim for punitive damages.  For these reasons, Defendant's

23    Motion to Strike should be denied and the Court should grant Captain Mitchel leave to amend.

24                                            XVI

25                                       CONCLUSION

26    Based on the drastically changed circumstances, Captain Mitchel respectfully submits that he

27    _____

28    [9]  *Id.*, at 1589 - 1590.

MPA IN OPPO. DEF.'S MOTIONS
C 08-02698 SI

1   should be entitled to amend as he has cognizable claims, including that he was terminated in violation

2   of public policy.  It is manifest Defendants used Captain Mitchel as a scapegoat and when he asserted

3   his constitutional rights to save a job and career he loved and had given his life to, he was wrongfully

4   cast aside.  Justice compels he be entitled to proceed.

5

6   Dated: July 31, 2008                           PERRY, JOHNSON, ANDERSON,
                                                    MILLER & MOSKOWITZ LLP
7

8                                                  BY:    /s/ Scott A. Lewis
                                                          SCOTT A. LEWIS
9                                                         Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28