MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
CHARLES L. THOMPSON IV (State Bar No. 139927)
Email: thompson@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
CITY OF SANTA ROSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES A. MITCHEL,

        Plaintiff,

v.

CITY OF SANTA ROSA, and DOES 1 through 50, inclusive,

        Defendants.

CASE NO. C 08-02698 SI

**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE**

DATE: August 22, 2008
TIME: 9:00 a.m.
DEPT: Courtroom 10, 19th Floor
JUDGE: Hon. Susan Illston

COMPLAINT FILED: May 22, 2008
TRIAL DATE: No date set.

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1
II. FACTS ................................................................................................................ 2
III. ARGUMENT ....................................................................................................... 3
   A. Plaintiff's Claims Arise From Defendant's Protected Activity ................. 3
   B. Plaintiff Has Failed To Meet His Burden Of Establishing A Probability Of Success On The Merits. .................................................. 6
      1. Plaintiff Cannot Prevail As To Counts 1 And 2 Of The Original Complaint Or Counts 6, 7, 8 And 10 Of The Amended Complaint Because The City's Actions Are Protected By Privilege. .................................................................................. 6
      2. Plaintiff Cannot Prevail As To Count 2 Of The Original Complaint (Count 6 Of The Amended Complaint) For Breach Of The Right Of Privacy. ........................................................ 7
      3. Plaintiff Cannot Prevail As To His Claims (Counts 7 And 8) For Wrongful Termination In The Amended Complaint. .................... 8
      4. Plaintiff's Tort Claims Are Barred By Government Code Section 820.2 And 815.2 ................................................................ 10
      5. Plaintiff Cannot Prevail As To His Eleventh Cause Of Action For Gender Discrimination (Count 11 In Original Complaint, Count 5 Of Amended Complaint). .................................................. 10
   C. The City Is Entitled To Attorneys' Fees Arising From Plaintiff's Pleading Of Counts 1, 2, And 7-10 In The Original Complaint, And For His Re-Pleading Of Counts 1 And 2 (Now 10 And 6) In The Proffered Amended Complaint And His Assertion Of Counts 7, 8, And 11 In The New Complaint. ................................................................ 11
IV. CONCLUSION ................................................................................................. 12

- i -

Kauff McClain & McGuire LLP
One Post Street
Suite 2600
San Francisco, CA 94104
Telephone (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

eCash Techs, Inc. v. Guagliardo,
  210 F.Supp.2d 1138 (C.D. 2002)..........................................................................5, 11

United States ex rel. Newsham v. Lockheed Missiles & Space Co.,
  190 F.3d 963 (9th Cir. 1999)......................................................................................11

Villiarimo v. Aloha Air, Inc.,
  281 F.3d 1054 (9th Cir. 2002)....................................................................................11

Welsh v. City of County of San Francisco,
  887 F.Supp. 1293 (N. D. Cal. 1995) ............................................................................8

## STATE CASES

Briggs v. Eden Council for Hope and Opportunity,
  19 Cal.4th 1106 (1999)................................................................................................7

Carden v. Getzoff,
  190 Cal.App.3d 907 (1987).........................................................................................7

Carter v. Escondido Union High School District,
  148 Cal.App.4th 922 (2007).........................................................................................9

City of Riverside v. Stansbury,
  155 Cal.App.4th 1582 (2007).......................................................................................6

Hill v. National Collegiate Athletic Assn.,
  7 Cal.4th 1 (1994).........................................................................................................7

Jacobs v. County of Shasta,
  30 Cal.4th 948 (2007)...................................................................................................7

Jennings v. Marralle,
  8 Cal.4th 121 (1994).....................................................................................................9

Ludwig v. Superior Court,
  37 Cal.App.4th 8 (1995)................................................................................................1

Morgan v. Regents of University of California,
  88 Cal.App.4th 52 (2000)...........................................................................................10

Navellier v. Sletten,
  29 Cal.4th 82 (2002)......................................................................................................3

- ii -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS SPECIAL MOTION TO STRIKE                                    CASE NO. C 08-02698 SI

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

**TABLE OF AUTHORITIES**
(continued)

Page

*Neville v. Chudacoff*,
  160 Cal.App.4th 1255 (2008) ............................................................................. 4, 7

*Rohde v. Wolf*,
  154 Cal.App.4th 28 (2007) ................................................................................. 3, 7

*Rosales v. City of Los Angeles*,
  82 Cal.App.4th 419 (2000) ..................................................................................... 9

*Salma v. Capon*,
  161 Cal.App.4th 1275, 1288 (2008) .................................................................... 3, 5

*Steiner v. Eikerling*,
  181 Cal.App.3d 639 (1986) .................................................................................... 7

*Taus v. Loftus*,
  40 Cal.4th 683 (2007) ............................................................................................. 5

*Turner v. Anheuser-Busch*,
  7 Cal.4th 1238 (1994) ............................................................................................. 8

**FEDERAL RULES**

Federal Rules of Evidence 408 .................................................................................. 6

**STATE STATUTES**

Code of Civil Procedure § 425.16(c) ....................................................................... 11

Code of Civil Procedure § 425.16(e) ................................................................. 4, 5, 6

Code of Civil Procedure § 425.16(e)(2) ................................................................ 4, 6

Evidence Code §§ 1115-1128 .................................................................................... 6

Evidence Code § 1152 ............................................................................................... 6

Evidence Code § 1154 ............................................................................................... 6

Evidence Code § 1043 ............................................................................................... 8

Evidence Code § 1046 ............................................................................................... 8

Labor Code § 1102.5 .................................................................................. 3, 8, 9, 10

Civil Code § 47(b) .................................................................................................. 6, 7

- iii -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS SPECIAL MOTION TO STRIKE                                    CASE NO. C 08-02698 SI

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

## TABLE OF AUTHORITIES
### (continued)

Page

Education Code § 49423 .................................................................................................9

Government Code § 815.2...........................................................................................10

Government Code § 820.2...........................................................................................10

Government Code § 1222..............................................................................................9

Penal Code § 832.7 .............................................................................................1, 3, 8, 9

- iv -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

## I. INTRODUCTION

Plaintiff James Mitchel ("Mitchel") seeks to punish his former employer, Defendant the City of Santa Rosa (the "City"), for exercising its protected right to petition. Counts 1, 2 and 7-10 of the Original Complaint must be stricken because they are based on the City's protected act of communicating an internal affairs investigation report regarding Mitchel's alleged unlawful discrimination, harassment, and retaliation, to the attorney who threatened litigation regarding Mitchel's conduct and to one of the individuals who complained. This act is pre-litigation conduct that is privileged pursuant to the litigation privilege and mediation and settlement protections.[1]

Plaintiff cannot escape this motion by asking the court to file an amended complaint. The amended complaint includes Counts 1 and 2 in their entirety and simply renumbers them. Amended Complaint Counts 7 and 8 for wrongful termination also should be rejected because they, too, are based on the City's protected conduct. Plaintiff claims that the City terminated his employment for protesting the communication of the Kreins' report to one of the Complainants and their attorney, in violation of the public policy set forth in Penal Code Section 832.7. Such claims cannot stand, however, because Section 832.7 does not provide for a private right of action or impose sanctions for noncompliance, and thus cannot serve as a basis for public policy.

Nor should Plaintiff's reflexive attempt to amend his complaint succeed in deferring the relief sought by this motion. The intent of the anti-SLAPP statute is to provide a fast and inexpensive unmasking and dismissal of SLAPP suits. *Ludwig v. Superior Court,* 37 Cal.App.4th 8, 16 (1995). Insofar as all state court tort claims in the original and amended versions of the complaint related to the investigative report are subject to dismissal, the mere proffering of an amended complaint in connection with Plaintiff's opposition cannot defeat this motion.

---

[1] Plaintiff's Count 11 for gender discrimination (Count 5 in the proposed amended complaint) should also be dismissed because it is invalid on its face.

-1-

Moreover, as demonstrated below, in opposing this motion, Plaintiff relies largely on unsupported factual assertions and incorrect legal propositions, and has failed to address much of the controlling authority that underlies this motion. Defendant's Special Motion to Strike should thus be granted.

## II. FACTS

In December 2007 and January 2008, members of the Santa Rosa Police Department (the "Complainants") made formal written complaints of gender discrimination, harassment, and retaliation against Plaintiff, amongst others. The Complainants retained an attorney, Toni Lisoni, who informed the City that she would file a federal civil rights lawsuit on the Complainants' behalf against the City should their complaints not be resolved.

The City retained a former law enforcement official to investigate the allegations. The City provided a copy of the investigation report (the "Kreins' report") to the subject of the investigation and the subject's attorney. Pursuant to a confidentiality agreement and in furtherance of settlement and mediation, the City provided a copy of the Kreins' report to the Complainants' attorney and one of the Complainants. The City immediately retrieved those copies once an attorney for one of the investigation's subjects (not Mitchel) objected. Lisoni did not review the Kreins' report at all, and the Complainant, Kathy Warr, only briefly reviewed some of the report's conclusions.

This lawsuit followed. On May 22, 2008, Plaintiff filed a complaint in Superior Court, County of Sonoma, which Defendant removed on the basis of federal jurisdiction. The original complaint alleged 11 causes of action. Counts 1, 2 and 7-10 all were based on the City's act of providing a copy of the "Kreins' report" in furtherance of settlement and mediation. Additionally, the City argued that Plaintiff could not succeed on his gender discrimination claim, having pled non-gender related reasons for the adverse action (namely, being made a scapegoat). The City filed a Special Motion to Strike these counts pursuant to California's anti-SLAPP statute on the basis that communicating the report was protected activity pursuant to Section 425.16(e)(2), and

- 2 -

Plaintiff could not demonstrate the probability of prevailing on the merits of his state law claims.

In an effort to escape the City's Motion to Strike, Plaintiff has asked for leave to file an amended complaint. The amended complaint does not include the original complaint's causes of action 7, 8 and 10. The amended complaint, however, *does* re-allege *in their entirety* causes of action 1 and 2 from the original complaint, and renumbers them as claims 10 and 6, respectively. Count 11 is now Count 5 in the amended complaint, and now alleges actual termination.

Additionally, the amended complaint adds two new causes of action that are directly based on the alleged protected activity. The Seventh Cause of Action alleges wrongful termination in violation of public policy, while the Eighth Cause of Action alleges wrongful termination in violation of California Labor Code Section 1102.5. In both causes of action, Plaintiff claims he was terminated for protesting that the City violated his rights under California Penal Code Section 832.7.

## III. ARGUMENT

### A. Plaintiff's Claims Arise From Defendant's Protected Activity.

As explained in Defendant's initial Memorandum, courts engage in a two-pronged inquiry when evaluating anti-SLAPP motions. First, the court determines whether the defendant has made a prima facie showing that plaintiff's suit arises from an act in furtherance of a person's right of free speech in connection with a public issue or right of petition. Second, if the defendant does make a prima facie showing, the court determines whether plaintiff has met his burden of demonstrating a probability of prevailing on the challenged claims. *Navellier v. Sletten*, 29 Cal.4th 82, 88 (2002).

The City bears the burden as to the first prong, while Mitchel bears the burden as to the second prong. *Rohde v. Wolf*, 154 Cal.App.4th 28, 34-35 (2007). Mitchel must make his prima facie showing of merit through evidence that is admissible at trial. Unverified allegations in the pleadings cannot make the showing. *Salma v. Capon*, 161 Cal.App.4th 1275, 1288 (2008).

- 3 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE    CASE NO. C 08-02698 SI

Under clearly-established law, the City's conduct satisfies the first inquiry of constituting protected activity under Section 425.16(e)(2). It matters not that litigation had not yet commenced. In *Neville v. Chudacoff*, 160 Cal.App.4th 1255 (2008), an employer's attorney drafted a letter to the employer's customers that accused a former employee of trade secret misappropriation and suggested that the customers not do business with the employee so as to avoid potential involvement in any ensuing litigation. Four months after sending the letters, the employer sued the former employee, who then himself filed a cross-complaint for defamation. The employer moved to strike the cross-complaint under the anti-SLAPP statute. The former employee argued that the letters did not constitute protected activity because (1) the employer did not expressly declare that it contemplated litigation seriously and in good faith at the time the employer sent the letters, and (2) the customers were not parties to any anticipated lawsuit. *Id.* at 1258-1259.

The appellate court rejected the former employee's contentions and found that the letters clearly constituted protected activity under Section 425.16(e)(2), which protects "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body . . . ." It was irrelevant that no litigation actually had been initiated because Section 425.16(e)(2) also protected *pre*-litigation statements as petitioning activity. *Id.* at 1267.

Here, it is undisputed that four currently employed members of the Santa Rosa Police Department (the "Complainants") alleged gender discrimination, sexual orientation discrimination, unlawful harassment, and retaliation. (Scoles Decl., ¶2). It is undisputed that the attorney for the Complainants threatened litigation. (Fowler Decl., ¶4). It is undisputed that the City and the Complainants were engaged in settlement discussions and already had scheduled a mediation at the time the City provided the Kreins' report. (Fowler Decl., ¶4). After being previously scheduled, that mediation has been continued and is to take place on August 22, 2008. (Fowler Suppl. Dec., ¶2). It is undisputed that the City provided a copy of the Kreins' report to the Complainants'

- 4 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

attorney and one of the Complainants for the *specific purpose* of furthering mediation and settlement. (Fowler Decl., ¶5). It is undisputed that the City did so pursuant to a confidentiality agreement that specifically linked disclosure to the "continuing efforts to attempt pre-litigation resolution of the claims." (Fowler Decl., Exh. 2). It is undisputed that the City retrieved the two copies immediately after an attorney for one of the subjects objected. (Fowler Decl. ¶7). It is undisputed that Lisoni did not read the report and that the Complainant, Kathy Warr, reviewed only some of the report's conclusions. (Lisoni Decl., ¶3, Warr Decl., ¶¶6-8).

Instead of legitimately disputing *any* of these basic facts by proffering admissible evidence to support his claims,[2] Plaintiff relies on his draft proposed Amended Complaint and asserts that "the physical act of illegally handing over the…report has nothing to do with the legitimate exercise of Defendant's rights to free speech." (Pl. Opp. at 10:5-6).[3] By focusing on the "physical act" of providing the report, Plaintiff seemingly suggests that no protected communication occurred. Such a notion is absurd. The statute, on its face, embraces "any written or oral statement or writing…." (Cal. Code of Civ. Proc. § 425.16(e)) and there is ample case authority that writings constitute protected communications. *Salma v. Capon*, 161 Cal.App.4th 1275, 1286 (2008) [filing of notice of lis pendens protected writing]; *eCash Techs, Inc. v. Guagliardo*, 210 F.Supp.2d 1138, 1154 (C.D. 2002) [submission of letter protected writing]. Rather than providing any analysis as to whether the City's communication was protected

---

[2] In his objections to evidence, Plaintiff seeks to exclude all evidence submitted by Defendant on the basis that "Defendant's said submission of evidence is inherently improper procedurally in Motions to Dismiss/Strike levied against a Complaint." (Pl. Objections to Evid. at 1:23-24). Plaintiff misunderstands. The law is clear that a court in assessing an anti-SLAPP motion "considers the pleadings *and evidentiary submissions* of both parties." *Taus v. Loftus*, 40 Cal.4th 683, 714 (2007) (emphasis added).

[3] Plaintiff's statement of "relevant facts" is replete with assertions for which no citation to the record is provided. (Pl. Opp. at 1:14-4:3). Moreover, the inferences Plaintiff suggests be drawn – that the City knew the disclosure was unlawful and that the report was read -- are unfounded. The McClain and Fowler declarations disclose precisely the opposite belief that it was protected, and there is no evidence that anything but the findings were reviewed by Complainants' counsel.

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 5 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE    CASE NO. C 08-02698 SI

pursuant to the right to petition under Section 425.16(e)(2),[4] Plaintiff instead cites *City of Riverside v. Stansbury*, 155 Cal.App.4th 1582 (2007), for the general proposition that "the mere fact an action was filed after protected activity took place does not mean it arose from that activity." *Id.* at 1589.

The cited case has no bearing on whether Defendant here engaged in protected activity. In *City of Riverside*, a citizen submitted a proposed initiative that would have limited Riverside's power of eminent domain. In response, Riverside filed a declatory relief action alleging the proposed initiative was invalid, to which Stansbury filed an anti-SLAPP motion. The appellate court held that the anti-SLAPP motion should have been denied because the City's lawsuit arose not from any protected activity but from seeking a judicial determination as to the constitutionality of the ordinance. *Id.* at 1590. At the same time, the Court made clear that a defendant meets his burden of protected activity "by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." *Id.* at 1589. Here, the City of Santa Rosa has shown that the act of providing the Kreins' report to opposing counsel constitutes protected activity within Section 425.16(e)(2), and it is undisputed that many of Mitchel's claims are based precisely on that act.

### B. Plaintiff Has Failed To Meet His Burden Of Establishing A Probability Of Success On The Merits.

#### 1. Plaintiff Cannot Prevail As To Counts 1 And 2 Of The Original Complaint Or Counts 6, 7, 8 And 10 Of The Amended Complaint Because The City's Actions Are Protected By Privilege.

As set forth in its initial memorandum, the City provided the investigative report pursuant to an already-scheduled mediation process. Accordingly, the conduct was protected by the litigation privilege of Civil Code Section 47(b), the mediation confidentiality provisions of Cal. Evid. Code Sections 1115-1128, and the settlement protections of Cal. Evid. Code Sections 1152 and 1154, and FRE 408. Courts recognize

---

[4] Section 425.16 considers both the right to free speech *and* the right to petition to be protected activities.

- 6 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

that privileges such as those in Section 47(b) "may present a substantive defense plaintiff must overcome to demonstrate a probability of prevailing." *Rohde*, 154 Cal.App.4th at 38. To the extent that Plaintiff may argue that his claims are grounded in privacy rights, *Jacobs v. County of Shasta*, 30 Cal.4th 948, 1008-1010 (2007) plainly holds that the litigation privilege encompasses both common law tort claims and claims based on privacy rights.

Plaintiff does not seriously dispute that the City's communication is protected by the mediation and litigation privileges.[5] Instead, Plaintiff complains that "an imaginative city attorney could always come up with some 'threatened' or 'contemplated' litigation to rationalize the disclosure of private facts concerning its employees." (Pl. Opp. at 10:15-17). Plaintiff does not submit any evidence to suggest that the City of Santa Rosa has done so here. Moreover, Plaintiff's protestation that no lawsuit has been filed is unavailing. The litigation privilege and the protections set forth in the anti-SLAPP statute apply to pre-litigation conduct. *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal.4th 1106, 1115 (1999). The law protects against Plaintiff's concerns, as the anti-SLAPP statute and the litigation privilege apply only if the act "is made in anticipation of litigation that is *contemplated in good faith and under serious consideration*." *Neville*, 160 Cal.App.4th at 1267 (emphasis added).

### 2. Plaintiff Cannot Prevail As To Count 2 Of The Original Complaint (Count 6 Of The Amended Complaint) For Breach Of The Right Of Privacy.

Nor can Plaintiff prevail on his claim for breach of privacy because he cannot establish that he had a "reasonable expectation of privacy" that the report would remain confidential. *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 37 (1994)

---

[5] Nor can Plaintiff seriously dispute the application of the litigation privilege to any of his tort claims. The privilege bars all tort claims except for malicious prosecution, and has even been extended to actions predicated on conduct that may be characterized as criminal, such as forgery and perjury. *Carden v. Getzoff*, 190 Cal.App.3d 907, 915 (1987) [perjury]; *Steiner v. Eikerling*, 181 Cal.App.3d 639, 643 (1986) (forgery). As such, Plaintiff's argumentative heading at page 8 of his Opposition Memorandum -- "The Litigation Privilege May Not Be Used to Excuse the Commission of Crimes" – is a misstatement of the law.

- 7 -
DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE    CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

(reasonable expectation is essential element of claim). Plaintiff waived any expectation of privacy while still employed by engaging in a campaign to disparage the Complainants and persuade colleagues to support him. He also failed to protest when he observed the City handing one of the Complainants the report. Moreover, should the Complainants file suit, the Kreins' report will by necessity be produced in discovery.[6] Additionally, Plaintiff chose to appeal his termination through arbitration and has made it clear that he intends to attack the Kreins' report during arbitration. Although the arbitration now is to be conducted privately, Plaintiff expected at the time he filed for arbitration that it would be a public proceeding.

### 3. Plaintiff Cannot Prevail As To His Claims (Counts 7 And 8) For Wrongful Termination In The Amended Complaint.

#### a. Plaintiff Has Not Demonstrated That He Can Prevail Under Either Claim For Wrongful Termination Based On A Violation Of Public Policy Or Violation Of Labor Code Section 1102.5.

Furthermore, applicable privileges notwithstanding, Plaintiff's state claims -- including Plaintiff's newly-proffered state claims for wrongful termination in violation of public policy and Labor Code Section 1102.5 set forth in Counts 7 and 8 -- are defective, and Plaintiff has failed to demonstrate that he can prevail on any of these claims.

In order to establish a claim for public policy wrongful termination, a plaintiff must establish that he suffered an adverse employment action that violated a fundamental public policy of the state. *Turner v. Anheuser-Busch,* 7 Cal. 4th 1238, 1256-1257 (1994). The public policy must be tethered to a specific constitutional or statutory provision. *Id.* Here, Plaintiff tethers his wrongful termination claims to Penal Code Section 832.7. This section provides that police personnel records may not be disclosed in a civil or criminal proceeding except by discovery pursuant to Section 1043 and 1046 of the California Evidence Code. He claims that the City terminated his employment for

---

[6] And that production, if in federal court, will be in the same manner as provided to the Complainants. *Welsh v. City of County of San Francisco,* 887 F.Supp. 1293 (N. D. Cal. 1995) [disclosure of police personnel files subject to protective order procedures.]

- 8 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

complaining that the City had violated Section 832.7 by distributing the report to Lisoni and one of the Complainants. (Amended Complaint ¶¶84, 91).

Section 832.7, however, does not provide peace officers with a private cause of action for its alleged violation. *Rosales v. City of Los Angeles*, 82 Cal.App.4th 419, 426-27 (2000).[7] Given that Section 832.7 does not provide a private cause of action for its violation, Section 832.7 cannot serve as a basis for Plaintiff's 8th cause of action for wrongful termination in violation of public policy.[8] See *Carter v. Escondido Union High School District*, 148 Cal.App.4th 922, at 930 (2007) [absence of any sanctions for noncompliance with statute "strongly suggests" that statute (Education Code Section 49423) does not establish a fundamental public policy that could support a wrongful termination claim.][9]

Furthermore, as more fully discussed in the City's reply in support of its motion to dismiss, Plaintiff's citation of Government Code Section 1222 does not render this claim for wrongful termination viable. The fact that, in some instances, a violation of Section 832.7 may constitute a criminal offense does not cure the fact that this section does not give rise to a private right of action.

To the extent that Plaintiff asserts that his termination was retaliatory and in violation of Labor Code Section 1102.5 (Count 8), his opposition identifies no facts that

---

[7] Plaintiff's attempt to distinguish *Rosales* on its facts is unavailing. The holding in *Rosales* is in no way limited to its facts. In *Rosales*, the court unequivocally held that "violation of the statutory procedures for disclosure of police personnel records does not give rise to a private right of action for damages." *Rosales*, 82 Cal.App.4th at 428. *Rosales* is no less controlling because it involved the production of records of a former employee accused of sexual misconduct.

[8] Although Plaintiff may argue that public policy dictates that he be permitted to prosecute his claims for wrongful termination in this lawsuit, the prevailing public policy is precisely the opposite: it is the City's exercise of the litigation privilege and right to petition that Plaintiff seeks to suppress by arguing that it is somehow related to his termination.

[9] See also *Jennings v. Marralle*, 8 Cal.4th 121, 135-136 (1994) [rejecting claim for wrongful termination in violation of public policy based on age discrimination where employer was exempt from liability for age discrimination under FEHA based on its number of employees, and deeming it "unreasonable to expect employers who are expressly exempted from the FEHA ban on age discrimination to nonetheless realize that they must comply with the law from which they are exempted under pain of possible tort liability."]

- 9 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

suggest he is a "whistleblower" within the meaning of the statute. In order to fall within the purview of the statute, Plaintiff must show that he engaged in protected activity, that he was thereafter subjected to adverse employment action, and that there was a causal link between the two. *Morgan v. Regents of University of California*, 88 Cal.App.4th 52, 69 (2000). Here, there is no evidence that Plaintiff engaged in conduct protected by California's whistleblower statute. There was nothing illegal about the City's conduct in providing the report within the confidential parameters of its distribution. And the individual who raised the issue regarding distribution of the report was the other manager's attorney – not Plaintiff. (Fowler Decl., ¶¶6-7). Plaintiff's own amended complaint concedes as much. (Am. Compl. ¶23.) Plaintiff cannot prevail on his claim for wrongful termination in violation of Labor Code Section 1102.5.

### 4. Plaintiff's Tort Claims Are Barred By Government Code Section 820.2 And 815.2.

Further, as set forth in the City's moving papers, each of Plaintiff's tort claims is barred by Government Code Section 820.2, which operates to bar such claims based on discretionary acts of public employees. There can be no debate that the provision of the report to participants in the planned mediation was a discretionary act, such that all tort claims arising from such conduct – including Counts 7 and 8 of the Amended Complaint -- are barred. Moreover, these tort claims against the City are similarly barred by Government Code Section 815.2. For his part, citing "wrongful acts of employment discrimination" alleged in his amended complaint, Plaintiff merely asserts that the City "does not provide any support for its argument that these misdeeds are somehow covered by the discretionary act immunity."

### 5. Plaintiff Cannot Prevail As To His Eleventh Cause Of Action For Gender Discrimination (Count 11 In Original Complaint, Count 5 Of Amended Complaint).

As set forth also in Defendant's reply to the Motion to Dismiss, Plaintiff also cannot prevail on his state claim for gender discrimination. Plaintiff offers no facts or argument to support a prima facie case, nor any facts or argument to support the notion

- 10 -

that the City's reasons were pretextual. *Villiarimo v. Aloha Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). As amended, the complaint still fails to allege that the City's motives were related to any intentional gender bias. (Am. Compl. ¶69 (alleging termination "for the purpose of appeasing COMPLAINANTS....")). Plaintiff's conclusory allegations of termination "because of ... gender" must give way to this concession of conduct unrelated to gender. The gender discrimination claim fails accordingly.[10]

### C. The City Is Entitled To Attorneys' Fees Arising From Plaintiff's Pleading Of Counts 1, 2, And 7-10 In The Original Complaint, And For His Re-Pleading Of Counts 1 And 2 (Now 10 And 6) In The Proffered Amended Complaint And His Assertion Of Counts 7, 8, And 11 In The New Complaint.

California's anti-SLAPP statute provides for a *mandatory* award of attorneys' fees to a prevailing defendant. "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to his or her attorneys' fees and costs." Section 425.16(c).[11] The Ninth Circuit has determined that the attorneys' fees provision of Section 425.16(c) applies in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir. 1999). Accordingly, should the City prevail on this motion, a briefing schedule and hearing must be set to determine the proper amount of fees to be awarded.

Plaintiff cannot escape his liability for attorney's fees through re-pleading or dismissal. The City should be entitled to fees even as to those claims for negligent and intentional infliction of emotional distress and "municipal liability" that Plaintiff has now dismissed. The right to obtain such fees is triggered by the filing of a special motion to strike, and applies even if a portion of the case is dismissed. *eCash Techs, Inc. v.*

---

[10] To the extent that Plaintiff purports to allege an 11th cause of action for injunctive relief in his proposed amended complaint, insofar he seeks relief predicated on his state claims, in the event that those claims are dismissed, so too should his request for injunctive relief be rejected.

[11] In contrast, a plaintiff is entitled to attorneys' fees *only* if the court finds that a special motion to strike is frivolous or solely intended to cause unnecessary delay. Section 425.16(c). This motion is neither, and Plaintiff does not so allege. Accordingly, even if Plaintiff prevails, he will not be entitled to his fees and costs, notwithstanding his unsupported assertion of entitlement.

- 11 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

*Guagliardo*, 201 F.Supp.2d at 1154-1155. The City's right to obtain a fee award is in no way extinguished by the proffering of the amended complaint.

## IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court grant its Special Motion to Strike in its entirety. Defendant further requests that this Court set a briefing schedule and hearing for an award of attorneys' fees under the anti-SLAPP statute.

DATED: August 8, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /S/
MAUREEN E. MCCLAIN

Attorneys for Defendant
CITY OF SANTA ROSA

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 12 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI