MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
CHARLES L. THOMPSON IV (State Bar No. 139927)
Email: thompson@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:   (415) 421-0938

Attorneys for Defendant
CITY OF SANTA ROSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, and DOES 1 through 50, inclusive,<br><br>            Defendants. | CASE NO.  C 08-02698 SI<br><br>**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES**<br><br>DATE:    August 22, 2008<br>TIME:    9:00 a.m.<br>DEPT:    Courtroom 10, 19th Floor<br>JUDGE:  Hon. Susan Illston<br><br>COMPLAINT FILED: May 22, 2008<br>TRIAL DATE: No date set. |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................. 2

    A. Plaintiff's Proposed Amendments To The Complaint Should Be Rejected As Futile. ............................................................................................. 2

    B. Plaintiff's Attempt To Name City Employees As Individual Defendants Should Also Be Rejected ........................................................... 4

    C. Plaintiff's Gender Discrimination Claim Is Subject To Dismissal ................ 6

    D. Plaintiff's Claims For Interference With Prospective Economic Advantage And Conspiracy Remain Subject To Dismissal Despite The Proposed Amendments To The Complaint ............................................. 6

    E. Plaintiff Has Not Remedied His Failure To Comply With The Tort Claims Act. ............................................................................................................... 7

    F. Plaintiff Cannot State A Claim For Wrongful Termination ............................ 8

        1. Plaintiff's New Assertion That His Termination Was In Violation Of Government Code Section 1222, Does Not Avoid Dismissal Of His Public Policy Claim. ............................................... 8

        2. As A Matter Of Law, Plaintiff Cannot State A Claim For Termination In Violation Of Labor Code Section 1102.5 ................. 9

    G. Plaintiff's 42 U.S.C. Section 1983 Claims Are Barred By His Inability To Identify Any Fundamental Deprivation Of Rights. ................................. 11

        1. Plaintiff Can Show No Violation Of His Right To Privacy ................ 11

        2. Plaintiff Cannot State A Claim For Violation Of His Due Process Rights. .......................................................................................... 11

        3. Plaintiff Cannot State A Claim For Violation Of His Free Speech Rights. ................................................................................................. 13

    H. Plaintiff's Breach Of Confidentiality Claim Should Be Dismissed ............. 14

    I. Plaintiff Cannot State A Claim For Injunctive Relief ..................................... 14

    J. The City's Motion To Strike Plaintiff's Demand For Punitive Damages Should Be Granted ........................................................................ 15

III. CONCLUSION ..................................................................................................... 15

- i -

KAUFF McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Brewster v. Board of Education of Lynwood Unified School Dist.,*
  149 F.3d 971 (9th Cir. 1993) ........................................................................... 5, 13

*Caldeira v. County of Kauai,*
  866 F.2d 1175 (9th Cir. 1989) ................................................................................ 7

*City of Newport v. Fact Concerts, Inc.,*
  453 U.S. 247 (1981) ............................................................................................. 15

*Cleveland Board of Education v. Loudermill,*
  470 U.S. 532 (1985.) ............................................................................................ 12

*Harlow v. Fitzgerald,*
  457 U.S. 800 (1982) ............................................................................................... 5

*Levine v. City of Alameda,*
  525 F.3d 903 (9th Cir. 2008) ......................................................................... 11, 12

*Malley v. Briggs,*
  475 U.S. 335 (1986) ............................................................................................... 5

*Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.,*
  271 F.3d 825 (9th Cir. 2001) ................................................................................ 7

*McKinley v. City of Eloy,*
  705 F.2d 1110 (9th Cir. 1983) ............................................................................. 14

*Paul v. Davis,*
  424 U.S. 693 (1976) ............................................................................................. 11

*Siegert v. Gilley,*
  500 U.S. 226 (1991) ............................................................................................... 5

*Sinaloa Lake Owners Assoc. v. City of Simi Valley,*
  70 F.3d 1095 (9th Cir. 1995) ................................................................................. 5

*The Northern Cheyenne Tribe v. Gale Nortion, et al.,*
  503 F.3d 836 (9th Cir. 2007) .............................................................................. 14

*Thornton v. City of St. Helens,*
  425 F.3d 1158 (9th Cir. 2005) ........................................................................... 6, 7

*Waters v. Churchill,*
  511 U.S. 661 (1994) ............................................................................................. 13

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

# TABLE OF AUTHORITIES
(continued)

Page(s)

### STATE CASES

Arteaga v. Brink's, Inc.,
 163 Cal.App.4th 327 (2008)..................................................................................6

Caldwell v. Montoya,
 10 Cal.4th 972 (1995)............................................................................................4

Carter v. Escondido Union High School District
 148 Cal.App.4th 922 (2007).........................................................................8, 9, 10

Della Penna v. Toyota Motor Sales, USA, Inc.,
 11 Cal.4th 376 (1995)............................................................................................7

Hill v. City of Long Beach,
 33 Cal.App.4th 1684 (1995).................................................................................14

Khajavi v. Feather River Anesthesia Medical Group,
 84 Cal.App.4th 32 (2000.).....................................................................................4

Rosales v. City of Los Angeles,
 82 Cal.App.4th 419 (2000)....................................................................................9

Rusheen v. Cohen,
 37 Cal.4th 1048 (2006)........................................................................................10

### FEDERAL STATUTES

42 U.S.C. § 1983 ........................................................................................... passim

42 U.S.C. § 1985 ..............................................................................................6, 7

### STATE STATUTES

Civil Code § 47(b) ..............................................................................................10

Civil Code § 3294................................................................................................15

Government Code § 818......................................................................................15

Government Code § 820.2.................................................................................1, 4

Government Code § 945.6....................................................................................7

Government Code § 1222..................................................................................1, 8

Labor Code § 1102.5..............................................................................1, 8, 9, 10

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

Penal Code § 832.7 ................................................................................................ passim

### OTHER STATE AUTHORITIES

California Constitution Article I, Section 1: ........................................................... 3, 2, 11

Op.Atty.Gen. No. 99-503 (12/22/99). ............................................................................ 8

### MISCELLANEOUS MUNICIPAL AUTHORITIES

City Charter § 18 ..................................................................................................... 12, 13

City Charter § 21 ........................................................................................................... 12

City Charter § 56 ........................................................................................................... 14

City Ordinance, § 10, Rule 8 ........................................................................................ 10

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

## I. INTRODUCTION

Without citing to legal authority, and providing little factual support, Plaintiff now seeks to avoid dismissal by alleging new, equally unfounded claims in a proposed Amended Complaint. By this Amended Complaint, Plaintiff also seeks leave to name the City Manager, Jeff Kolin, and City Attorney, Caroline Fowler (formerly Assistant City Attorney), as individual defendants. Plaintiff's attempt to name these individuals has no basis in law or fact. *These City officials are not liable on any claim pleaded in the original or proposed Amended Complaint.* The individual City employees are immune from liability on Plaintiff's state law claims under Government Code Section 820.2, as the acts complained of by Plaintiff—disclosure of the investigative report, and termination of his employment—are discretionary acts within the ambit of the statute. Plaintiff's asserted federal law claims also fail. Both the City Manager and City Attorney have qualified immunity for their alleged conduct. And even assuming the allegations of the proposed Amended Complaint to be true, Plaintiff cannot show that these employees violated his constitutional rights. Qualified immunity therefore shields them from liability for Plaintiff's purported claims for conspiracy and violation of 42 U.S.C. Section 1983. Plaintiff's request to amend to add these new parties should be denied.

Plaintiff's request to amend the Complaint to state new claims for relief is equally futile. Plaintiff's claims for wrongful termination in violation of public policy are premised on statutes under which he either has no private right of action (Penal Code § 832.7), or which cannot form the basis of a wrongful termination claim under the facts pleaded. (Government Code § 1222; Labor Code § 1102.5.) Although Plaintiff has apparently cured his failure to exhaust administrative remedies by obtaining a right to sue notice, his gender discrimination claim should be dismissed, as he has conceded that the alleged basis for his termination was unrelated to gender. The conduct he complains of is not actionable under the FEHA. Moreover, the newly-added demand for injunctive relief fails because Plaintiff has an adequate remedy in the arbitration proceeding he invoked. The proposed Amended Complaint should be rejected in all

-1-

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES    CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

respects, and the original Complaint dismissed based on the arguments set forth in the City's motion to dismiss.

## II. ARGUMENT

### A. Plaintiff's Proposed Amendments To The Complaint Should Be Rejected As Futile.

Plaintiff seeks leave of court to file an Amended Complaint which, he asserts, cures the deficiencies identified in the City's Motion to Dismiss. In the Complaint filed May 22, 2008, Plaintiff purported to allege claims for: (1) breach of duty of confidentiality: employer-employee relations ordinance (City of Santa Rosa); (2) violation of California Constitution Article I, Section 1: privacy; (3) 42 U.S.C. Section 1983 violation of U.S. Constitution fundamental right to privacy; (4) 42 U.S.C Section 1983 violation of U.S. Constitution due process rights; (5) conspiracy to violate civil rights to due process of law; (6) conspiracy to violate right to privacy; (7) negligent infliction of emotional distress; (8) intentional infliction of emotional distress; (9) intentional interference with prospective economic relations; (10) municipal liability; and (11) gender discrimination. (*See*, Complaint.)

The proposed Amended Complaint omits Plaintiff's claims for intentional and negligent infliction of emotional distress, and municipal liability.[1] Plaintiff thereby concedes his inability to state viable claims against the City with respect to these Counts. Counts 1-6, and 9 and 11 of the original Complaint are simply restated in the Amended Complaint. Count 1 of the Complaint, titled "breach of duty of confidentiality: employer-employee relations ordinance (City of Santa Rosa)," is repeated as Count 10 of the Amended Complaint. Count 2 of the Complaint, titled "violation of California Constitution Article 1 Section 1: privacy," is restated as count 6 of the Amended Complaint. Counts 3 and 4 of the Complaint, which allege violations of 42 U.S.C. Section 1983, are repeated as Counts 1 and 2 of the Amended Complaint. Counts 5

---

[1] The proposed Amended Complaint is attached to the Declaration of Scott A. Lewis as Exhibit A.

- 2 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES   CASE NO. C 08-02698 SI

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

and 6 of the Complaint which allege conspiracy to violate Plaintiff's rights to due process and privacy, respectively, are set forth in Counts 3 and 4 of the Amended Complaint. Count 9 of the Complaint, titled "intentional interference with prospective economic advantage," is Count 9 of the Amended Complaint. Count 11 of the Complaint, "gender discrimination," is repleaded as Count 5 of the Amended Complaint.

Plaintiff makes no real effort to refute the arguments in the Motion to Dismiss regarding the claims repeated from the original Complaint. He contends, without citation to authority or evidence, that the recent termination of his employment provides support for these claims. It does not. With the exception of the gender discrimination claim, those defenses set forth in the motion to dismiss apply with equal force to the claims repeated in the Amended Complaint. To wit:

Plaintiff's claim for breach of confidentiality is barred, since there is no private right of action under Penal Code Section 832.7.

Plaintiff cannot state a claim for violation of his right to privacy pursuant to the California Constitution, since it is premised on Section 832.7, under which he has no private right of action. Moreover, Plaintiff had no reasonable expectation of privacy in the investigative report, and himself disclosed information about the investigation to third parties. The claim is also barred by the litigation privilege.

Plaintiff's claims for violation of 42 U.S.C. Section 1983 are barred because he cannot allege a violation of a federal right.

Plaintiff's conspiracy claims are barred because he cannot allege a violation of a federal right, and cannot properly allege that any persons entered into a conspiracy to deprive him of his rights.

Plaintiff's intentional interference with prospective economic advantage claim remains defective, since he cannot identify any person (other than individual employees who were necessarily acting as agents of the City), who interfered with his employment with the City.

- 3 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

### B. Plaintiff's Attempt To Name City Employees As Individual Defendants Should Also Be Rejected.

In addition to adding new claims against the City, the Amended Complaint also names City Manager Jeff Kolin ("Kolin") and City Attorney Caroline Fowler ("Fowler") as individual defendants. The addition of these defendants is a futile effort to cure defects in the original Complaint. Plaintiff fails to even state which claims are pleaded against the individual defendants and cannot, in any event, state any claim for relief as to these City employees. Leave to amend to now add these individuals as parties should be denied.

Plaintiff's proffered claims for wrongful termination in violation of public policy (Counts 7 and 8) are barred as to the individual defendants, because as a matter of law, only an employer may be liable for wrongful termination. *Khajavi v. Feather River Anesthesia Medical Group,* 84 Cal.App.4th 32, 53 (2000.)

Individual City employees also cannot be liable for the remaining state law claims asserted by Plaintiff—(Counts 5, 6, 9, 10 and 11.) Under Government Section 820.2, public employees are "immune from liability for their discretionary acts within the scope of their employment." *Caldwell v. Montoya,* 10 Cal.4th 972, 978 (1995). The immunity applies even where, as here, a plaintiff alleges that the acts involved were in violation of the FEHA. *Id.* at 986-987. In *Caldwell,* the Court considered a terminated school superintendent's effort to hold individual members of the school board liable for failing to renew his employment contract. Plaintiff alleged both statutory and common-law claims, including wrongful termination, breach of contract, and discrimination in violation of the FEHA. *Id.* at 977. The Court held that Section 820.2 barred the former employee's claims as to the individual board members, noting that "public employees are *immune* for their discretionary acts, even those which constitute breaches of actionable duty, unless a statute otherwise provides." *Id.* at 987. The FEHA contains no such exception removing it from the purview of Section 820.2, therefore, plaintiff's FEHA

- 4 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

claims, like his common law claims for wrongful termination and breach of contract, are barred.

Plaintiff's remaining federal claims (Counts 1, 2, 3 and 4) are also barred as to the individual defendants, by analogous federal immunity granted public employees. "Public officials are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Brewster v. Board of Education of Lynwood Unified School Dist.*, 149 F.3d 971, 977 (9th Cir. 1993), citing, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Brewster*, a terminated teacher sought to hold the district superintendent, assistant superintendent, school principal and board members individually liable for employment actions, including decisions not to renew his contract, and to reduce his salary. The plaintiff claimed that the actions of these employees deprived him of his free speech and due process rights in violation of 42 U.S.C. Section 1983. In holding that the employees were protected by qualified immunity, the Court of Appeal noted:

> The Supreme Court has made clear that qualified immunity provides a protection to government officers that is quite far reaching. Indeed, it safeguards "all but the plainly incompetent or those who knowingly violate the law...[I]f officers of reasonable competence could disagree on th[e] issue [whether a chosen course of conduct is constitutional], immunity should be recognized."

*Id.* at 977, citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986).[2]

As in *Brewster*, Plaintiff cannot avoid the fact that qualified immunity shields these City employees from his federal claims. Plaintiff can only state a claim that avoids the bar of qualified immunity if he "has asserted a violation of a constitutional right." *Brewster* at 978, citing, *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Plaintiff has no claim for violation of privacy. (Mot. 13:10-14:3.) As discussed at Section II.G,

---

[2] The purpose of providing such expansive immunity to public officials is to ensure that they are able to perform their duties without 'potentially disabling threats of liability.' *Sinaloa Lake Owners Assoc. v. City of Simi Valley*, 70 F.3d 1095, 1098-1099 (9th Cir. 1995), citing, *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).

- 5 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

Plaintiff has also failed to plead viable claims for deprivation of his free speech or due process rights.[3]

### C. Plaintiff's Gender Discrimination Claim Is Subject To Dismissal.

Since the filing of the motion to dismiss, Plaintiff has apparently received a right to sue notice from the DFEH. For purposes of this motion, the City concedes that Plaintiff has now exhausted his administrative remedies with respect to the claim that he was terminated in violation of the Fair Employment and Housing Act. However, Plaintiff's restated admission that his termination was not based on gender requires that the claim be dismissed.

The basis of Plaintiff's gender discrimination claim is his allegation that the City disclosed the investigative report and subsequently terminated Plaintiff's employment *in order to "appease" the employees whose complaints triggered the City's investigation.* (Am. Compl. ¶¶ 31, 69.) Based upon this admission that the City's conduct was not in fact based on gender, Plaintiff cannot state a claim for relief under the FEHA. Plaintiff must plead facts showing that the alleged unlawful employment actions were due to his gender or other protected characteristic. *See, Arteaga v. Brink's, Inc.*, 163 Cal.App.4th 327, 343 (2008). Instead, Plaintiff has conceded that the actions were not due to his gender, and has cited no authority for his apparent contention that the FEHA statutory scheme provides him with a remedy for employment actions predicated on the City's alleged desire to "appease" male and female complainants.

### D. Plaintiff's Claims For Interference With Prospective Economic Advantage And Conspiracy Remain Subject To Dismissal Despite The Proposed Amendments To The Complaint.

Plaintiff makes particular mention of Kolin and Fowler in connection with Counts 3, 4, and 9 of the Amended Complaint. Plaintiff apparently believes that he can salvage his claims for intentional interference with prospective economic advantage and

---

[3] The individuals are also not liable on a theory that they *conspired* to violate his rights. A conspiracy claim pursuant to 42 U.S.C. Section 1985 requires an underlying violation of Section 1983. *Thornton v. City of St. Helens,* 425 F.3d 1158, 1168 (9th Cir. 2005).

- 6 -
DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES
CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

conspiracy by naming individual employees. Whether named in their official or individual capacities, Fowler and Kolin cannot be held liable under either claim as a matter of law.

The City cannot be liable for disrupting its own employment relationship with Plaintiff. *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 832 (9th Cir. 2001), citing *Della Penna v. Toyota Motor Sales, USA, Inc.*, 11 Cal.4th 376, 382 (1995). In response, Plaintiff asserts—without any legal support—that naming City employees as individual defendants cures any defect in his interference claim. He is mistaken. To the extent the City Attorney and City Manager were involved in the disclosure of the investigative report or termination of Plaintiff's employment, they acted as agents of the City. Their conduct was indistinguishable from that of the City, and privileged. Neither the proposed individual defendants or the City face liability for interference with Plaintiff's employment.

The addition of these individual defendants also fails to cure the defects in his conspiracy counts. Plaintiff cannot make out a claim for conspiracy in violation of the 42 U.S.C. Section 1985 in the absence of an underlying violation of 42 U.S.C. Section 1983. *Thornton v. City of St. Helens,* 425 F.3d 1158, 1168 (9th Cir. 2005), *citing, Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). As further discussed at Section II.G., *supra*, Plaintiff cannot state claims for violation of Section 1983, whether pleaded as violation of free speech, privacy or due process.

E.   **Plaintiff Has Not Remedied His Failure To Comply With The Tort Claims Act.**

Plaintiff does not dispute that, prior to pursuing an action for money damages against the City, he was required to comply with the requirements of the California Tort Claims Act. (Govt. Code § 945.6.) He asserts that he has now remedied his failure to comply because the City officially rejected his May 22, 2008 claim on July 3, 2008. (Pl. Opp. 4:20-5:1.)[4] What Plaintiff neglects to mention is that his May 22nd claim simply incorporated by reference the original Complaint in this action. Therefore, Plaintiff

---

[4] The rejection of claim is attached as Exhibit C to the Declaration of Scott A. Lewis.

- 7 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

has not complied with the requirements of the Tort Claims Act as to any claim pleaded for the first time in the proposed Amended Complaint. Plaintiff's claims for deprivation of his free speech rights (Count 1) and wrongful termination (Counts 7 and 8) are therefore barred and amendment would be improper.

### F. Plaintiff Cannot State A Claim For Wrongful Termination.

In the proposed Amended Complaint, Plaintiff alleges he was wrongfully terminated in violation of the public policy embodied by Labor Code Section 1102.5, Penal Code Section 832.7 and Government Code Section 1222. In order to state such a claim, Plaintiff must plead and prove that the termination "violate[d] a public policy that is 'fundamental,' 'well established,' and 'carefully tethered' to a constitutional or statutory provision. *Carter v. Escondido Union High School District* 148 Cal.App.4th 922, 925 (2007). A termination decision may be "arbitrary, misguided and petty," but no cause of action will lie for violation of public policy if the termination "was not prohibited by law or in contravention of well-established public policy." *Id.* at 926. Plaintiff's claim that the disclosure of the report violated Section 832.7 is essentially unchanged from the original Complaint. What is new is a cursory citation to Government Code Section 1222. This addition fails to resuscitate Count 7 of the proposed Amended Complaint.

#### 1. Plaintiff's New Assertion That His Termination Was In Violation Of Government Code Section 1222, Does Not Avoid Dismissal Of His Public Policy Claim.

Government Code Section 1222 provides:

> Every willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision is made for the punishment of such delinquency, is punishable as a misdemeanor.

(Govt. Code § 1222.)

The California Attorney General has opined that, under this Section, a violation of Section 832.7 "may be prosecuted as a breach of official duty under the terms of Government Code Section 1222." Op.Atty.Gen. No. 99-503 (12/22/99). This is presumably the ground upon which Plaintiff seeks to amend to add Section 1222 as a

- 8 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES    CASE NO. C 08-02698 SI

basis for a wrongful termination claim. The claim, however, remains defective. The fact that in some cases, a violation of Section 832.7 may constitute a criminal offense, does not cure the problem that this Section does not give rise to a private right of action.

In *Rosales v. City of Los Angeles*, 82 Cal.App.4th 419, 423 (2000), the reviewing court rejected a police officer's tort and civil rights claims predicated on a supposed violation of Section 832.7. Although the facts of *Rosales* place it on all fours with the instant case, Plaintiff makes no real effort to distinguish it. In *Rosales*, the plaintiff alleged that his employer violated Section 832.7 by giving his personnel files to a person who alleged police misconduct. As there is no private right of action under Section 832.7, the officer's claims for invasion of privacy, negligence, negligent and intentional infliction of emotional distress, and violation of federal civil rights, were all properly dismissed on demurrer. It is beyond dispute that Plaintiff has no direct right of action under Section 832.7. As such, he should not be able to accomplish indirectly what he cannot do directly by now framing his claim as one for wrongful termination.

### 2. As A Matter Of Law, Plaintiff Cannot State A Claim For Termination In Violation Of Labor Code Section 1102.5.

For the first time in the proposed Amended Complaint, Plaintiff asserts that his employment with the City was terminated in violation of Labor Code Section 1102.5. This Section provides protection for employees who are terminated for reporting to government authorities or law enforcement conduct what they reasonably believe to be a violation of state or federal law, "or a violation of noncompliance with a state or federal rule or regulation." *Carter* at 933. The statute is inapplicable here. Plaintiff cannot be deemed a whistleblower with respect to the disclosure of the investigative report to complainants and their counsel. Plaintiff *acknowledges* in the proposed Amended Complaint that he was not the person who complained about the disclosure of the report. (Am. Compl. ¶ 23) ["...CITY was specifically warned by [another manager's] attorney".] *It was counsel for another manager who complained to the City about the report's*

- 9 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

*distribution—not Plaintiff.* (Fowler Decl. ¶ 7.)[5] That complaint was the catalyst for the City's request that all distributed copies of the report be returned. Plaintiff's belated attempt to characterize himself as a "whistleblower" is not supported by the facts, or the allegations of the proposed Amended Complaint.

Section 1102.5 also cannot support Plaintiff's purported wrongful termination claim because, even assuming Plaintiff had been a whistleblower, his complaint did not amount to disclosure of a "violation of state or federal statue, or a violation or noncompliance with a state or federal rule or regulation." *Carter* at 933. Plaintiff has repeatedly attempted to characterize the disclosure of the investigative report as violative of Penal Code Section 832.7. His Opposition contains no legal authority supporting this contention, just bare assertions that Section 832.7 was violated. (Pl. Opp. 5:21-23; 8: 3-4.) The City's disclosure of the report was privileged as a pre-litigation communication. Civil Code Section 47(b) provides that "a privileged publication or broadcast is one made…in any…judicial proceeding." (Civ. Code § 47(b).) Plaintiff entirely ignores the applicability of the privilege to this case—stating, "there has been no lawsuit." (Pl. Opp. 8:24-25.) The protection of the litigation privilege extends not just to communications occurring in the context of litigation, but also to those that occur in anticipation of litigation. *Rusheen v. Cohen,* 37 Cal.4th 1048, 1057-1058 (2006). In the instant case, the City and complainants were preparing for both a mediation regarding the employees' complaints and anticipated litigation. The privilege unequivocally applies. There was no violation of Section 832.7, and Plaintiff cannot make out a wrongful termination claim.[6]

---

[5] In fact, Plaintiff was present when the report was given to Kathy Warr, one of the complainants' counsel, *and raised no objection whatsoever.*

[6] To the extent that Plaintiff contends his claim is supported by the supposed violation of City Ordinance, § 10, Rule 8, the claim fails. First, a public policy claim is available under Section 1102.5 only where there is an underlying violation of state or federal law or regulation. Moreover, even assuming *arguendo* that the ordinance is within the coverage of Section 1102.5, the ordinance was not violated, as it involves information requests from employee organizations, and the disclosure of the investigative report did not occur in that context.

- 10 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

### G. Plaintiff's 42 U.S.C. Section 1983 Claims Are Barred By His Inability To Identify Any Fundamental Deprivation Of Rights.

#### 1. Plaintiff Can Show No Violation Of His Right To Privacy.

Plaintiff's claim for violation of 42 U.S.C. Section 1983 depends on a showing that he was deprived of a fundamental federal right. In his Opposition, Plaintiff cites no authority that his termination, and the dissemination of the investigative report, violated Section 1983. Plaintiff's claim cannot be premised upon an alleged violation of state law. *Paul v. Davis*, 424 U.S. 693, 700 (1976). To the extent that Plaintiff asserts that the alleged violation of Penal Code Section 832.7 gives rise to liability under Section 1983, his claim fails.[7] Plaintiff had no reasonable expectation of privacy in the investigative report. Given the pending complaints and the anticipated mediation and litigation, Plaintiff could not have reasonably expected that the City's investigative report would not be disclosed. Moreover, there was no breach of Plaintiff's privacy, as Plaintiff himself discussed the investigation with third parties. Plaintiff cannot now assert that the City was precluded from disclosing information to the complainants themselves. The City's prompt action to retrieve the copies of the report, in any event, prevented any actual disclosure. [8]

#### 2. Plaintiff Cannot State A Claim For Violation Of His Due Process Rights.

Plaintiff attempts to salvage his Section 1983 claim by asserting that his termination was in violation of due process. To make out such a claim "a plaintiff must show that he has a protected property interest under the Due Process Clause and that he was deprived of the property without receiving the process that he was constitutionally due." *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008). Even

---

[7] Plaintiff's attempt to plead a violation of Section 1983 based on an alleged violation of Penal Code Section 832.7 also fails because Section 832.7 provides no private right of action.

[8] Plaintiff's privacy claim under the California Constitution, which is repeated as Count 6 of the proposed Amended Complaint, also should be dismissed based on his inability to make out a claim that his privacy was violated by the disclosure of the investigative report to the complainants.

- 11 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES       CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

assuming *arguendo* that Plaintiff could establish a property interest in continued employment, he cannot properly allege that he was deprived of due process. In the context of municipal employment, due process entails "a limited pretermination hearing which is to be followed by a more comprehensive post-termination hearing." *Levine v. City of Alameda*, 525 F.3d 903, 906 (9th Cir. 2008), citing, *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 547 (1985). Plaintiff received a full pretermination hearing. On May 23, 2008, a Skelly hearing was held regarding the City's Notice of Intent to Render Discipline, which informed Plaintiff of the City's intent to terminate his employment. (Scoles Decl. ¶ 1.) Plaintiff also cannot allege that City procedures deny him a post-termination hearing comporting with due process. Plaintiff has opted to participate in final and binding arbitration as provided by the City Charter. (Ex. 1 to Fowler Decl.) That arbitration will afford Plaintiff the opportunity to present witnesses and evidence, and to subject the City's witnesses to cross-examination. *Id.*

Plaintiff's due process claim also appears to be predicated on a specious assertion that, under the City Charter, only the Chief of Police was empowered to terminate Plaintiff's employment. According to Plaintiff, the fact that the City Manager terminated his employment somehow violated Plaintiff's due process rights. This argument, for which Plaintiff provides no legal support, is without merit. Section 21 of the Charter provides:

> **Section 21: Chief of Police.** There shall be a Chief of Police appointed by the City Manager. The Chief of Police shall be head of the Police Department of the City and shall have all powers that are now or may hereafter be conferred upon sheriffs and other peace officers by the laws of the state…The Chief of Police shall appoint and remove all subordinates in the department, in accordance with the applicable rules of the City, and shall make rules and regulations for the management of the department.

(City Charter § 21, Ex. A to Supp. Req. for Jud. Not.) This portion of the Charter does not say that only the Chief of Police is entitled to terminate a Police Captain's employment. Moreover, Plaintiff neglects to mention Section 18 of the Charter, which

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 12 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

vests the City Manager with authority over all City Departments—including the Police Department:

> **Section 18. City Manager.** There shall be a City Manager appointed by the Council who shall be the administrative head of the City government...The powers and duties of the City Manager shall be as follows:
>
> ....
>
> (b) To appoint, except as otherwise provided, all heads of departments, subordinate officials and employees, and remove the same except as otherwise herein provided, and have general supervision and control over the same.

(City Charter § 18, Ex. 3 to Fowler Decl.)

By its terms, then, the City Charter does *not* vest the right to terminate Plaintiff's employment solely in the Chief of Police. And for good reason; the Chief was himself a subject of complaints that triggered the investigation. (Complaint ¶¶ 10, 12-14.) The Chief therefore had a conflict that would preclude him from being involved in disciplinary actions that flowed from that investigation. Plaintiff's due process claim should be dismissed.

### 3. Plaintiff Cannot State A Claim For Violation Of His Free Speech Rights.

Plaintiff asserts in the proposed Amended Complaint that he was terminated in retaliation for a complaint he made to the Chief of Police regarding disclosure of the investigative report. (Am. Compl. ¶ 41.) Plaintiff contends his termination was in violation of his fundamental right to free speech. *Id.* Plaintiff can only state such claim if he can demonstrate that he engaged in constitutionally protected speech. *Brewster*, supra at 978. To do so, he must plead facts demonstrating that "(1) the speech...involve[d] a matter of public concern and (2) [Plaintiff's] interest in expressing himself ...outweigh[ed] the State's interest in promoting workplace efficiency and avoiding workplace disruption." *Id.*, citing *Waters v. Churchill*, 511 U.S. 661, 668 (1994). Although he contends he engaged in protected speech by complaining about the disclosure of the report, he does not and cannot allege that his supposed complaint

- 13 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES

CASE NO. C 08-02698 SI

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

about the report's disclosure even remotely involved a matter of public concern. He asserts in the proposed Amended Complaint that he was humiliated and embarrassed by the disclosure of the report to the complainants. This kind of reputational concern does not support a claim for violation of free speech rights. *McKinley v. City of Eloy,* 705 F.2d 1110, 1114 (9th Cir. 1983) ["Speech by public employees may be characterized as not of 'public concern' when it is clear that such speech deals with individual personnel disputes and grievances and that the information would be of no relevance to the public's evaluation of governmental agencies."]

### H. Plaintiff's Breach Of Confidentiality Claim Should Be Dismissed.

The Amended Complaint repeats the "breach of confidentiality" claim in the original Complaint. For reasons stated in the City's moving papers, the City Ordinance relied upon by Plaintiff does not apply. The ordinance addresses requests for information from employee organizations and such request is at issue. Moreover, Plaintiff essentially contends that the City was contractually bound (through a Memorandum of Understanding) to comply with the ordinance. Plaintiff cannot state a claim against the City that arises in contract. *Hill v. City of Long Beach,* 33 Cal.App.4th 1684, 1690 (1995). The breach of confidentiality claim should be dismissed.

### I. Plaintiff Cannot State A Claim For Injunctive Relief.

The proposed Amended Complaint contains a request for injunctive relief. Although not clearly stated therein, Plaintiff appears to demand an order restoring him to his former position. (Am, Compl. ¶¶ 109-110.) To be entitled to injunctive relief, Plaintiff must plead and prove that he has no other adequate remedy at law. *The Northern Cheyenne Tribe v. Gale Nortion, et al.,* 503 F.3d 836, 843 (9th Cir. 2007). This Plaintiff cannot do. Plaintiff submitted his employment-related disputes to final and binding arbitration pursuant to the City Charter. (Supp. Fowler Decl. ¶3.) The arbitration will provide Plaintiff with the full panoply of remedies should the arbitrator rule in his favor— including reinstatement. (City Charter § 56, Ex. 2 to Fowler Decl..) Plaintiff's demand for injunctive relief is therefore without basis.

- 14 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE DEMAND FOR PUNITIVE DAMAGES    CASE NO. C 08-02698 SI

**J. The City's Motion To Strike Plaintiff's Demand For Punitive Damages Should Be Granted.**

The City also filed a motion to strike Plaintiff's Demand for Punitive Damages. The proposed amendments notwithstanding, Plaintiff cannot state a claim for punitive damages. To the extent Plaintiff seeks an award of punitive damages against the City, his claim is barred as a matter of law. This bar on punitive damages is codified at California Government Code Section 818. ["[A] public entity is not liable for damage awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."] An award of punitive damages against a public entity does not serve the goal of deterrence, and is therefore disallowed. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981).

Plaintiff apparently concedes the point, as he raises no substantive opposition to the City's request to strike the punitive damages demand. Rather, he now contends that the naming of individual defendants in the proposed Amended Complaint is somehow sufficient to resurrect his demand for punitive damages. (Pl. Opp. 11:11-14.) Plaintiff's inability to state a viable claim for relief as to the proposed individual defendants, however, requires that his punitive damages demand be dismissed, with prejudice.

**III. CONCLUSION**

Based on the foregoing, the City of Santa Rosa respectfully requests that the Motion to Dismiss and the Motion to Strike Punitive Damages be granted in their entirety, and that Plaintiff's request to amend the Complaint be denied.

DATED: August 8, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /S/
MAUREEN E. MCCLAIN

Attorneys for Defendant
CITY OF SANTA ROSA

4812-6452-4802.1

- 15 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111