1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  CHARLES L. THOMPSON IV (State Bar No. 139927)
   Email: thompson@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:   (415) 421-3111
5  Facsimile:    (415) 421-0938

6  Attorneys for Defendant
   CITY OF SANTA ROSA

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | JAMES A. MITCHEL,                      | CASE NO. C 08-02698 SI
12 |          Plaintiff,                    | SUPPLEMENTAL DECLARATION
   |                                        | OF CAROLINE FOWLER IN
13 | v.                                     | SUPPORT OF DEFENDANT'S
   |                                        | REPLY RE SPECIAL MOTION TO
14 | CITY OF SANTA ROSA, and DOES 1         | STRIKE
   | through 50, inclusive,
15 |                                        | DATE:   August 22, 2008
   |          Defendants.                   | TIME:   9:00 a.m.
16 |                                        | DEPT:   Courtroom 10, 19th Floor
   |                                        | JUDGE:  Hon. Susan Illston
17
                                            COMPLAINT FILED: May 22, 2008
18                                          TRIAL DATE: No date set.

19        I, Caroline Fowler, do hereby declare:

20        1.     I provide this supplemental declaration in order to submit an update

21 on events addressed in my initial declaration filed on June 11, 2008, and to provide

22 additional excerpts from the City Charter and its Personnel Rules and Regulations. My

23 knowledge of the mediation and arbitration arrangements described below is necessary

24 to the performance of my job responsibilities. I have personal knowledge of these facts.

25        2.     Paragraph 4 of my June 11, 2008 Declaration states that the

26 mediation with complainants represented by Attorney Toni Lisoni had been postponed to

27 the June/July 2008 time frame. Due to scheduling issues, the mediation was eventually

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

SUPPLEMENTAL FOWLER DECLARATION IN SUPPORT OF DEFENDANT'S REPLY RE
SPECIAL MOTION TO STRIKE                                              CASE NO. C 08-02698 SI

deferred until August 22, 2008. It is scheduled to be held on August 22, 2008 before the Hon. Ellen James (Ret.) of JAMS.

3. Paragraph 8 of my June 11, 2008 Declaration states that Captain Mitchel had requested arbitration contesting his discharge pursuant to the City Charter. Individual firefighter and police officer discharge arbitrations are submitted to final and binding arbitration under Section 56 of the City's Charter. A true and correct copy of such section is attached as **Exhibit 1**. The discharged employee also has the option of seeking a hearing before the City's Personnel Board to appeal a discharge decision. That procedure is set forth in Rule 8 of the City's Personnel Rules and Regulations, a true and correct copy of which is attached as **Exhibit 2**. Mitchel has selected binding arbitration under the City Charter.

4. Both the City and Mitchel have appointed representatives to the arbitration panel to decide whether Mitchel's termination was for cause. A third member has been selected to serve as the neutral Arbitrator and Chairperson of the Panel. The Arbitrator's name is Carol Vendrillo. The parties are in discussion with Arbitrator Vendrillo regarding hearing dates in late August and September, 2008.

5. While I anticipated that the arbitration proceeding would be a public hearing when I provided my June 11, 2008 Declaration (see Paragraph 25:25-26), the Arbitrator ruled during a telephone hearing with outside counsel (the City's outside counsel is Maureen McClain; Mitchel's counsel is Scott Lewis) on July 18, 2008 that the hearing would be private. The Arbitrator accepted the City's request that the arbitration be conducted on a private basis given the individualized nature of this dispute <u>and in order to protect the privacy concerns of the complainants and Capt. Mitchel</u>. Mitchel argued that the proceeding should be public.

6. Attached as **Exhibit 3** is a true and correct copy of Sections 18 and 19 of the City Charter defining the responsibilities of the City Manager (Jeff Kolin) and the City Attorney (me).

- 2 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

SUPPLEMENTAL FOWLER DECLARATION IN SUPPORT OF DEFENDANT'S REPLY RE SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

7. While Plaintiff's Opposition papers (the proposed amended complaint, Paragraph 23, page 8:23-28) allege that City Manager Kolin participated in the decision to provide the initial Kreins' report to complainants and their counsel on a confidential basis, such statement is not correct. As described in Paragraph 5 of my June 11, 2008 declaration, this was a decision made by the City's attorneys in furtherance of our attempts to resolve threatened litigation and in a manner we believed to be covered by settlement and mediation protections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of August, 2008, at Santa Rosa, California.

*[signature]*
CAROLINE FOWLER

4835-6601-6002.1

- 3 -

SUPPLEMENTAL FOWLER DECLARATION IN SUPPORT OF DEFENDANT'S REPLY RE SPECIAL MOTION TO STRIKE

CASE NO. C 08-02698 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

**EXHIBIT 1**

**Sec. 56. Impartial and Binding Arbitration For Police and Fire Department Employee Disputes.**

(a) Declaration of Policy. It is hereby declared to be the policy of the City of Santa Rosa that strikes by firefighters and police officers are not in the public interest and should be prohibited, and that a method should be adopted for peacefully and equitably resolving disputes that might otherwise lead to such strikes.

(b) Prohibition Against Strikes. No City of Santa Rosa police department employee or fire department employee shall wilfully engage in a strike against the City. Any such employee against whom the City brings charges of failing to report for work as part of a strike shall be subject to dismissal from his or her employment in the event the charges are sustained upon conclusion of the proceedings that are required by law for the imposition of disciplinary action upon said employee.

(c) Obligation to Negotiate in Good Faith. The City, through its duly authorized representatives, shall negotiate in good faith with any employee organization that is recognized by the City as the exclusive representative of a representation unit or representation units comprised solely of employees of the police department and/or fire department, as such units are currently constituted or as they may be amended through negotiation or arbitration as provided in this section, on all matters relating to the wages, hours, and other terms and conditions of City employment, including the establishment of procedures for the resolution of grievances concerning the interpretation or application of any negotiated agreement that includes a provision for binding arbitration of those grievances. Unless and until agreement is reached through negotiations between authorized representatives of the City and said employee organization or a determination is made through the impartial arbitration procedure hereinafter provided, no existing benefit, term or condition of employment for the fire department and/or police department employees represented by said employee organization shall be altered, eliminated or changed.

(d) Impasse Resolution Procedures.

(1) All disputes or controversies pertaining to wages, hours or terms and conditions of employment which remain unresolved after good faith negotiations between the City and said employee organization shall be submitted to a three-member Board of Arbitrators upon the declaration of an impasse by the City or by said employee organization.

(2) Representatives designated by the City and representatives of said employee organization shall each select and appoint one arbitrator to the Board of Arbitrators within three (3) days after either party has notified the other, in writing, that it desires to proceed to arbitration. The third member of the Arbitration Board shall be selected by agreement between the City and the employee organization, and shall serve as the neutral arbitrator and Chairperson of the Board. In the event that the City and the employee organization cannot agree upon the selection of the neutral arbitrator within ten (10) days from the date that either party has notified the other that it has declared an impasse, either party may then request the State Mediation and Conciliation Service of the State of California Department of Industrial Relations to provide a list of seven (7) persons to act as the neutral arbitrator, they shall alternately strike names from the list of nominees until one name remains and that person shall then become the neutral arbitrator and Chairperson of the Arbitration Board.

(3) Any arbitration proceeding convened pursuant to this Article shall be conducted in conformance with, subject to, and governed by Title 9 of Part 3 of the California Code of Civil Procedure. The Arbitration Board shall hold public hearings, receive evidence from the parties and cause a transcript of the proceedings to be prepared. The Arbitration Board, in the exercise of its discretion, may meet privately with the parties and mediate the issues in dispute. The Arbitration Board may also adopt such other procedures that are designed to encourage an agreement between the parties, expedite the arbitration hearing process, or reduce the costs of the arbitration process.

(4) In the event no agreement is reached prior to the conclusion of the arbitration hearings, the Arbitration Board shall direct each of the parties to submit, within such time limit as the Arbitration

Board may establish, a last offer of settlement on each of the remaining issues in dispute. The Arbitration Board shall decide each issue by majority vote by selecting whichever last offer of settlement on that issue it finds most nearly conforms to those factors traditionally taken into consideration in the determination of wages, hours, benefits and terms and conditions of public and private employment, including, but not limited to the following: changes in the average consumer price index for goods and services; the wages, hours, benefits and terms and conditions of employment of employees performing similar services in comparable cities of similar population; and the financial condition of the City of Santa Rosa and its ability to meet the costs of the decision of the Arbitration Board.

(5) After reaching a decision, the Arbitration Board shall mail or otherwise deliver a true copy of its decision to the parties. The decision of the Arbitration Board shall not be publicly disclosed and shall not be binding until ten (10) days after it is delivered to the parties. During that ten (10) day period the parties shall meet privately, attempt to resolve their differences, and by mutual agreement amend or modify the decision of the Arbitration Board. At the conclusion of the ten (10) day period, which may be extended by mutual agreement between the parties, the decision of the Arbitration Board, as it may be modified or amended by the parties, shall be publicly disclosed and shall be binding on the parties. The City and the employee organization shall take whatever action is necessary to carry out and effectuate the arbitration award. No other actions by the City Council or by the electorate to conform or approve the decision of the Arbitration Board shall be permitted or required.

(6) The expenses of any arbitration proceeding convened pursuant to this Article, including the fee for the services of the chairperson of the Arbitration Board and the costs of preparation of the transcript of the proceedings shall be borne equally by the parties. All other expenses which the parties may incur individually are to be borne by the party incurring such expenses.

**EXHIBIT 2**

**RULE 8**

**PERSONNEL BOARD HEARINGS**

**SECTION 1 - Mediation**

After a hearing before the Personnel Board has been requested, but prior to preparation and delivery of the hearing documents, the Human Resources Director shall schedule a mediation between the two parties, if the parties agree. The mediator shall be someone acceptable to both parties. If the parties resolve the dispute, no hearing is held and no further action is taken.

**SECTION 2 - Request for Hearing**

When it is determined that a Personnel Board hearing is required, the Human Resources Director shall schedule a hearing at the earliest possible time which is agreeable to the Board and the parties to the hearing. The request for a hearing before the Personnel Board must include:

1. The specific issue(s) appealed and

2. The information to be considered by the Personnel Board

All information to be considered by the Personnel Board, including but not limited to printed material, physical evidence, and lists of witnesses, shall be submitted to the Human Resources Department by both parties at least eleven (11) working days prior to the scheduled hearing. This information shall be forwarded to members of the Personnel Board by the Human Resources Department.

**SECTION 3 - Conduct of Hearings**

The Personnel Board may adopt procedures relating to the conduct of appeal hearings and may change the procedures as they deem appropriate.

At least three working days before a Personnel Board hearing, the employee, and/or his or her representative, and representatives from the City, shall meet with the board Chairperson and the attorney for the Personnel Board to endeavor to reach agreements concerning factual issues. In addition, if appropriate, the parties will try to resolve legal issues and what evidence will be presented at the hearing. If agreements are reached, they shall be reported by the attorney for the Personnel Board at the commencement of the hearing.

The Human Resources Director shall coordinate and schedule the appeal hearing and forward the appropriate notices to interested parties. The Board's responsibility includes making findings of fact and forwarding recommendation(s) to the City Manager. The findings of fact

and recommendations of the Personnel Board shall be forwarded within five (5) working days of the completion of the hearing.

## SECTION 4 - City Manager Action

The City Manager shall consider the findings of fact and recommendations of the Personnel Board and impose or authorize the action the City Manager deems appropriate. The action as determined by the City Manager, and the findings of fact and recommendation of the Personnel Board, shall be forwarded to the department head, employee, and/or designated representative within five (5) working days.

The decision of the City Manager shall be final and binding.

| Resolution No. | | | |
|---|---|---|---|
| | 8855 - 12/31/68 | - | Adopting Personnel Rules & Regulations |
| | 9205 - 01/06/70 | - | Amending Rule 5, Section 14 and adding Sections 56 and 57 to Rule I |
| | 11265 - 02/04/75 | - | Amending Rule I, Section 43 and Rule IX, Section 2 |
| | 11545 - 07/29/75 | - | Amending Rule IV, Section 2 |
| | 11603 - 09/02/75 | - | Amending Rule III, Section 2.1 |
| | 13102 - 03/14/78 | - | Repealing and Reenacting Rule VIII |
| | 24870 - 06/19/01 | - | Repeal Rules II, III, IV and V and Reenact Rule II |
| | 25510 - 12/17/02 | - | Revision and Renumbering of all Rules |

**EXHIBIT 3**

**Sec. 18. City Manager.** There shall be a City Manager appointed by the Council who shall be the administrative head of the City government. It shall not be necessary that the City Manager be a resident of the City at the time of his or her appointment. The powers and duties of the City Manager shall be as follows:

(a) To see that all ordinances are enforced.

(b) To appoint, except as otherwise provided, all heads of departments, subordinate officials and employees, and remove the same except as otherwise herein provided, and have general supervision and control over the same.

(c) To exercise general supervision over all privately owned public utilities operating within the City so far as the same are subject to municipal control.

(d) To see that the provisions of all franchises, permits and privileges granted by the City are fully observed and report to the Council any violations thereof.

(e) To act as purchasing agent for the City, except for the Board of Public Utilities, unless requested by such board.

(f) To attend all meetings of the Council unless excused therefrom by the Council or the Mayor.

(g) To examine or cause to be examined, without notice, the conduct of any appointed officer or employee of the City.

(h) To keep the Council advised as to the needs of the City.

(i) To devote his or her entire time to the interests of the City.

(j) To have general supervision of all the public parks and playgrounds of the City.

(k) To appoint such advisory boards as he or she may deem desirable to advise and assist the work of the City Manager, provided such boards shall not receive any compensatio

**Sec. 19. City Attorney.** There shall be a City Attorney appointed by the Council. The City Attorney shall be an attorney-at-law admitted by the bar of the Supreme Court of this state, and one who has been in actual practice in the state for at least three years preceding. All other things being equal, an attorney who has had special training or experience in municipal corporation law shall be appointed to this office if practicable. The City Attorney shall be legal advisor of the Council and all other City officials. The City Attorney shall draft all ordinances, resolutions, contracts or other legal documents or proceedings required by the Council or other officials, except as may be otherwise provided. The City Attorney shall prosecute all violators of City ordinances and represent the City in all legal proceedings. The City Attorney shall attend all meetings of the Council unless excused therefrom by the Council or the Mayor.