MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
CHARLES L. THOMPSON IV (State Bar No. 139927)
Email: thompson@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:   (415) 421-0938

Attorneys for Defendant
CITY OF SANTA ROSA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. C 08-02698 SI<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTIONS TO EVIDENCE**<br><br>DATE:    August 22, 2008<br>TIME:    9:00 a.m.<br>DEPT:    Courtroom 10, 19th Floor<br>JUDGE:   Hon. Susan Illston<br><br>COMPLAINT FILED: May 22, 2008<br>TRIAL DATE: No date set. |

Defendant submits this response to Plaintiff's objections to evidence offered by Defendant in support of its Motion to Dismiss and Special Motion to Strike Portions of the Complaint.

As an initial matter, Plaintiff seeks to exclude all evidence submitted by Defendant on the basis that "Defendant's said submission of evidence is inherently improper procedurally in Motions to Dismiss/Strike levied against a Complaint." (Pl. Objections to Evid. at 1:23-24). Plaintiff's objection is misguided. In assessing an anti-SLAPP motion, a court "considers the pleadings *and evidentiary submissions* of both parties." *Taus v. Loftus*, 40 Cal.4th 683, 714 (2007) (emphasis added).

1   Defendant responds to Plaintiff's individual objections as follows:

2   **PLAINTIFF'S OBJECTION NO. 1:**

3   Plaintiff objects to paragraphs 2, 3, 4, and 5 of the Declaration of Greg

4   Scoles in Support of Defendant's Special Motion to Strike Portions of the Complaint.

5   **Plaintiff's Ground for Objection:**

6   Hearsay.

7   *<u>DEFENDANT'S RESPONSE TO OBJECTION NO. 1</u>:*

8   In Paragraphs 2, 3, 4, and 5 of his Declaration, Mr. Scoles recounts

9   information obtained in his review of the findings of the City's investigation. Plaintiff's

10  hearsay objections are improper because Mr. Scoles is not offering the evidence for the

11  truth of the matter asserted. See Fed. R. Evid. § 801(c). See *Skelly v. Richman*, 10

12  Cal.App.3d 844, 858 (Cal. Ct. App. 1970) (Evidence of another's out-of-court statement

13  is not hearsay if it is not offered to prove the truth of the matter stated).

14  **PLAINTIFF'S OBJECTION NO. 2a:**

15  Plaintiff objects to 2:28 through 3:2, 3:6-8 and 4:15-16 of the Declaration of

16  Caroline Fowler in Support of Defendant's Special Motion to Strike Portions of the

17  Complaint.

18  **Plaintiff's Ground for Objection:**

19  Hearsay.

20  *<u>DEFENDANT'S RESPONSE TO OBJECTION NO. 2a:</u>*

21  Plaintiff's hearsay objections are improper because Ms. Fowler is not

22  offering the evidence for the truth of the matter asserted. See Fed. R. Evid. § 801(c).

23  In 2:28 through 3:2, Ms. Fowler declares that in her position as City

24  Attorney, she was told by complainants' counsel Toni Lisoni that "absent a resolution

25  being reached, [Ms. Lisoni] will file suit raising claims under" Title VII. Ms. Fowler is not

26  attesting to the truth of Ms. Lisoni's statement.

27  In 3:6-8 and 4:15-16, Ms. Fowler testifies as to conversations she had with

28  Ms. Lisoni regarding requesting and receiving copies of the report. Again, Ms. Fowler is

- 2 -

Kauff McClain & McGuire LLP
One Post Street
Suite 2600
San Francisco, CA 94104
Telephone (415) 421-3111

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

CASE NO. C 08-02698 SI

not testifying to the truth of Ms. Lisoni's statements. Ms. Fowler's statements therefore do not constitute hearsay. See Fed. R. Evid. § 801(c).

**PLAINTIFF'S OBJECTION NO. 2b:**

Plaintiff objects to 4:27-5:4 of the Declaration of Caroline Fowler in Support of Defendant's Special Motion to Strike Portions of the Complaint.

**Plaintiff's Ground for Objection:**

Lacks Foundation.

**DEFENDANT'S RESPONSE TO OBJECTION NO. 2b:**

Ms. Fowler declares that "Captain Mitchel and/or his counsel on his behalf have extensively lobbied members of the Police Department (such as Associations representing various groups of Department employees) to support him instead of the complainants who were involved in bringing discrimination concerns to the attention of the City." Ms. Fowler lays foundation for this testimony in 5:4-5, wherein she attaches as Exhibit 4 to her Declaration a copy of a letter received from two such Associations.

**PLAINTIFF'S OBJECTION NO. 3a:**

Plaintiff objects to 2:11-13 of the Declaration of Kathleen Warr in Support of Defendant's Special Motion to Strike Portions of the Complaint.

**Plaintiff's Ground for Objection:**

Hearsay.

**DEFENDANT'S RESPONSE TO OBJECTION NO. 3a:**

Plaintiff's hearsay objection is improper because Ms. Warr states that it is her "understanding that the City agreed to provide Ms Lisoni and the claimants with a copy of the report in order to facilitate settlement and mediation." Ms. Warr can testify as to her own state of mind, including her understanding of events. See Fed. R. Evid. § 803.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS

CASE NO. C 08-02698 SI

**PLAINTIFF'S OBJECTION NO. 3b:**

    Plaintiff objects to Exhibit 4 to the Declaration of Kathleen Warr in Support of Defendant's Special Motion to Strike Portions of the Complaint.

**Plaintiff's Ground for Objection:**

    Hearsay, Lack of Foundation, Speculation.

**_DEFENDANT'S RESPONSE TO OBJECTION NO. 3b:_**

    As an initial matter, there is no Exhibit 4 to the Declaration of Kathleen Warr. Presuming Plaintiff is attempting to object to Paragraph 4 of Ms. Warr's Declaration, his objections are improper.

    In Paragraph 4, Ms. Warr declares that Caroline Fowler "handed me a sealed white envelope that I understood to contain a copy of the report." First, there is no hearsay in this paragraph. Ms. Warr can testify as to her state of mind. *See* Fed. R. Evid. § 803. As far as Plaintiff's objections based on foundation and speculation goes, in Paragraphs 7 and 8 of her Declaration, Ms. Warr declares that Ms. Lisoni instructed her not to read the report and Ms. Warr complied with this instruction. Ms Warr never testifies as to what was contained in the report because she never *read* the report. Plaintiff's objections are thus without merit.

DATED: August 8, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /S/
    MAUREEN E. MCCLAIN

Attorneys for Defendant
CITY OF SANTA ROSA

4820-4027-4434.1

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 4 -

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

CASE NO. C 08-02698 SI