LAW OFFICES OF

# Perry, Johnson, Anderson, Miller & Moskowitz LLP

438 First Street, 4th Floor, Santa Rosa, CA 95401
P.O. Box 1028, Santa Rosa, CA 95402

William D. Anderson
David F. Beach
John E. Johnson*
Malcolm T. Manwell
Michael G. Miller
Lawrence A. Moskowitz*
Jeremy L. Olsan
Leslie R. Perry
D. Anthony Wheeldin
Burton H. Fohrman
Roger J. Illsley
Daphne A. Beletsis
Raleigh S. Fohrman
Scott A. Lewis
Mary Jane Schneider
Marla D. Keenan
Anne C. D'Arcy, R.N, J.D.
Glenda R. Carvalho
Sheila A. Schaeffer
Heidi C. Larson
Deborah S. Bull
Joshua A. Myers
Oscar A. Pardo

*Certified Specialist
Family Law,
The State Bar of California
Board of Legal Specialization

TELEPHONE
(707) 525•8800

FACSIMILE
(707) 545•8242

E-MAIL
Lewis@
perrylaw.net

WEBSITE
www.perrylaw.net

August 25, 2008

The Honorable Susan Illston                                  **E-filing**
U. S. D. C., Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    <u>Mitchel v. City of Santa Rosa</u>, Case No. C 08-02698

Dear Judge Illston:

    Please accept this letter in response to defendant City of Santa Rosa's letter of additional argument. In <u>Visher v. City of Malibu</u>, 126 Cal.App. 4th 364 (2005), Malibu residents David and Sandra Visher asked Malibu for a permit to let them build a home on their vacant lot. Malibu rejected their request. Consequently, in August 2003 the Vishers filed a petition for writ of mandate seeking to force Malibu to process their permit.

    Malibu moved to dismiss the Vishers' petition, arguing it was a Strategic Lawsuit Against Public Participation (SLAPP) under the anti-SLAPP statute (Code Civ. Proc., § 425.16, subd. (b)(1).) Alleging the Vishers had filed their petition in response to Malibu's exercising its right to appeal its loss against the Coastal Commission, the city asserted that the petition satisfied the statutory definition of a SLAPP as a "cause of action against a person [[FN1] arising from any act of that person in furtherance of the persons right of petition ... in connection with a public issue...." <u>Visher</u>, 126 Cal.App.4th at 367.

    The court held that the Visher's petition for writ of mandate, by simply applying to the courts for relief, was not a SLAPP and that the city's SLAPP motion was frivolous. Similarly, Plaintiff herein is seeking a judicial determination about the application of a state law to the City of Santa Rosa's conduct which the City knew to be improper after it was so informed.

    Thank you for your consideration.

                                             Very truly yours,

                                             /s/
SAL:mag                                  Scott A. Lewis

cc: Maureen McClain