IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. MITCHEL, | No. C 08-02698 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| CITY OF SANTA ROSA, | |
| Defendant. | |

Defendant has filed a motion to strike plaintiff's state law claims as well as a motion to dismiss plaintiff's complaint. Argument on the matter was heard on August 22, 2008. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion to strike and GRANTS defendant's motion to dismiss.

## BACKGROUND[1]

Plaintiff James Mitchel was hired as a captain in the Santa Rosa Police Department ("SRPD") in June 2005. A few years later, various employees of the SRPD filed internal discrimination complaints against plaintiff and SRPD's police chief, Edwin Flint. The first complaint, filed in January 2007 by Erin Holroyd, was an informal complaint about gender disparity at the SRPD. The second complaint, filed on December 19, 2007 by Sophia Selivanoff, alleged that she was passed over for a promotion because she had supported Holroyd's complaint about gender disparity at the SRPD. Selivanoff's complaint did not mention plaintiff. The third complaint, filed in January 2008 by James

---

[1] Unless otherwise noted, the following background facts are taken from plaintiff's complaint.

Zboralske, alleged claims of discrimination and retaliation by plaintiff and Chief Flint. The fourth and final complaint, filed on February 5, 2008 by Kathy Warr, alleged claims of gender discrimination, hostile work environment, and retaliation by plaintiff and Flint.

On February 7, 2008, plaintiff was informed that defendant, the City of Santa Rosa, had initiated an investigation into the complaints. In connection with that investigation, plaintiff provided an interview to Edward Kreins, the investigator, on February 14, 2008. Plaintiff alleges that he cooperated fully with the investigation, "relying on the duty of confidentiality owed to him by [defendant] and the language of CITY laws and ordinances." Complaint at ¶ 18. On March 14, 2008, plaintiff was provided a copy of the investigator's report. While he was picking up a copy of the report, plaintiff witnessed the city attorney, Caroline Fowler, provide Warr, one of the complainants, with a complete copy of the report, and defendant does not dispute that the report was distributed to Warr and the complainants' lawyer, Toni Lisoni. Defendant's Motion to Strike at 3. Defendant contends that the report was provided, subject to a confidentiality agreement, in order to facilitate settlement discussions with the four claimants against the SRPD. *Id.*; Fowler Decl. at ¶ 5. Defendant also contends that when a lawyer for Chief Flint complained about the distribution of the report, defendant immediately asked complainants' counsel to refrain from reading the report and to return it to defendant. Fowler Decl. at ¶ 7.

Plaintiff filed a complaint in state court on May 22, 2008, alleging multiple causes of action for, *inter alia*, breach of defendant's duty of confidentiality, violation of the privacy provisions of the California constitution, violation of plaintiff's constitutional rights to privacy and due process, infliction of emotional distress, and gender discrimination. All but the gender discrimination claim arose out of defendant's distribution of the investigator's report to Warr and complainants' counsel. Defendant removed the action to federal court on May 29, 2008 on the basis of federal question jurisdiction. After plaintiff filed his original complaint, defendant terminated plaintiff, effective May 30, 2008. Plaintiff alleges that the termination was conducted in retaliation for speaking out about the disclosure of the investigation report and in order to appease those who had made the discrimination complaints. Following the termination and in response to defendant's motion to dismiss, plaintiff filed a draft amended complaint alleging additional claims relating to the termination and amending other claims

2

alleged in the original complaint. Now before the Court are defendant's motion to strike under California's anti-SLAPP statute and defendant's motion to dismiss for failure to state a claim.

# LEGAL STANDARD

## I. Motion to strike

The California Anti-SLAPP statute permits defendants to bring a "special motion to strike" if a cause of action against them arises "from any act . . . in furtherance of the . . . right of petition or free speech . . . in connection with a public issue," unless "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). If a defendant prevails in bringing a motion to strike, that defendant "shall be entitled to recover his or her attorney's fees and costs." *Id.* § 425.16(c). Although it is a state statute, California's Anti-SLAPP protections apply to state law claims brought in federal court. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971-73 (9th Cir. 1999).

## II. Motion to dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

3

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Defendant's motion to strike the state law claims**

Defendant first moves to strike the state law claims asserted in plaintiff's original complaint. Defendant brings the motion pursuant to California's anti-SLAPP statute, which was enacted to quash lawsuits "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a); *see also Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 806 (Cal. Ct. App. 2002) ("The goal is to eliminate meritless or retaliatory litigation at an early stage of the proceedings."). California courts have clarified that "[t]he statutory language establishes a two-part test" for courts addressing an anti-SLAPP motion. *Seelig*, 97 Cal. App. 4th at 806. First, courts "determine whether plaintiff's causes of action arose from acts by defendants in furtherance of defendants' rights of petition or free speech in connection with a public issue." *Id.* at 806-07. This is a "threshold condition" to granting a motion to strike under the statute. *Id.* at 807. If a defendant can satisfy the first step, courts "then determine whether plaintiff has established a reasonable probability that she will prevail on her claims at trial." *Id.* In order to survive the motion to strike, a plaintiff must "make a prima facie showing . . . of facts, which, if proved at trial, would support a judgment in her favor." *Id.*

Under the first step, defendant bears the burden of making a *prima facie* showing that plaintiff's claims arise from acts in furtherance of the right of petition or free speech in connection with a public issue. *Thomas v. L.A. Times Communications, LLC*, 189 F. Supp. 2d 1005, 1010 (C.D. Cal. 2002). Defendant argues that plaintiff's claims address defendant's distribution of a written report prepared as part of a pre-litigation investigation into allegations of gender discrimination at the SRPD, and thus arose from a "written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body." Cal. Civ. Proc. Code § 425.16(e)(2). Writings made in connection with an issue under consideration by a judicial body include "communications in connection with *anticipated* litigation," *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1263 (Cal. Ct.

4

1  App. 2008) (emphasis added), so it is of no consequence that litigation regarding the harassment claims
2  had not already been filed at the time defendant distributed copies of the investigative report. Although
3  defendant has presented evidence suggesting that litigation was anticipated regarding the claims of
4  sexual harassment against defendant and other members of the police department, *see* Fowler Decl. at
5  ex. 2, and that the report was written in connection with that anticipated litigation, it is not the contents
6  of the report itself, nor the investigation that led to it, which are at issue in this litigation. Instead, it is
7  defendant's act of handing the report to an attorney and to claimant Warr that led plaintiff to file suit.
8  Although in some circumstances it may be possible to bring an anti-SLAPP motion against claims
9  arising out of similar acts, the Court finds that plaintiff's claims do not arise from a "written or oral
10 statement or writing made in connection with an issue under consideration . . . by a . . . judicial body."
11 Cal. Civ. Proc. Code § 425.16(e)(2). The Court therefore finds that defendant has failed to satisfy the
12 first step of an anti-SLAPP motion, and DENIES defendant's motion to strike.

### II. Defendant's motion to dismiss plaintiff's complaint

Defendant next moves to dismiss plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). After defendant filed the motion to dismiss, plaintiff submitted a draft amended complaint. It appears to the Court that plaintiff had a right to do so pursuant to Federal Rule of Civil Procedure 15(a), which provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." At the time plaintiff filed his amended complaint, defendant had filed only a motion to dismiss and a motion to strike, neither of which constitutes a "responsive pleading." *See Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 977 (9th Cir. 2008) (explaining that "[a] motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)," and that a party has an absolute right to amend prior to the filing of an answer or the entry of final judgment). Accordingly, the Court will examine plaintiff's amended complaint when considering defendant's motion to dismiss.

Defendant first argued that plaintiff's original complaint should be dismissed but, upon amendment by plaintiff, argues in its reply brief that the amended complaint should also be dismissed for the same or similar reasons. Without reaching all of defendant's arguments, the Court agrees with

5

defendant that certain of plaintiff's state law claims must be dismissed as barred by the litigation privilege, and that the other state law claims must be dismissed because plaintiff failed to present his claims to the public entity. The Court also agrees with defendant that the majority of plaintiff's federal law claims must be dismissed for failure to allege a constitutional violation.

The litigation privilege, California Civil Code § 47, "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 955 (2007) (internal quotation marks omitted). The privilege "bars all tort causes of action except malicious prosecution," *id.* at 960, and applies to communicative acts "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action," *id.* at 955. The privilege also applies prior to the filing of a lawsuit when litigation is contemplated. *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1161 (N.D. Cal. 2007).

Plaintiff's only argument regarding the application of the litigation privilege to his state law claims is that defendant cites no authority suggesting that it can violate the privacy rights of its employees by disclosing "their records" whenever litigation is anticipated. Defendant does not seek, however, to apply the litigation privilege to the disclosure of plaintiff's personnel records. Rather, defendant seeks to apply the privilege to the publication and distribution of an investigator's report prepared in response to claims of gender discrimination by defendant's employees. That report is a communication drafted by defendant's investigator regarding potential litigation, and thus is protected by the litigation privilege, such that plaintiff's sixth, ninth, and tenth causes of action, as alleged, cannot state tort claims against defendant insofar as they are based on the publication or distribution of the report.

In addition, defendant correctly notes that plaintiff failed to comply with the California Tort Claims Act prior to filing his state law claims. Under the Act, "no suit for 'money or damages' may be brought against a public entity until a written claim therefor has been presented to the public entity and either has been acted upon or is deemed to have been rejected." *Alliance Fin. v. City and County of San*

*Francisco*, 64 Cal. App. 4th 635, 641 (Cal. Ct. App. 1998). It is undisputed that plaintiff did not present to defendant the state law claims asserted in his original complaint and re-asserted in his amended complaint until May 22, 2008, the same day he filed this action in state court. Thus, plaintiff filed suit on his claims before defendant had a chance to reject or act on them. *See Chalmers v. County of Los Angeles*, 175 Cal. App. 3d 461, 464 (Cal. Ct. App. 1985) ("The public entity has 45 days to grant or deny the claim; if the claim is not acted upon within 45 days, it is deemed rejected."). Although plaintiff argues that he has since received notice that his claims were denied, this post-filing denial is not sufficient, and plaintiff must re-file these claims in a new action. *See Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890 (Cal. Ct. App. 1985) ("The failure to exhaust an administrative remedy is a jurisdictional, not a procedural, defect. Thus, instead of abating an action as premature, a trial court must grant summary judgment and dismiss the suit upon a finding that a party has not exhausted his or her administrative remedies."); *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1173 (E.D. Cal. 2005) ("The California Tort Claims Act ('CTCA') requires plaintiffs to present a written claim to the public entity allegedly responsible for their damage *before* initiating suit on the cause of action.") (emphasis added). The Court GRANTS defendant's motion to dismiss the sixth, ninth, and tenth causes of action of plaintiff's amended complaint, without prejudice to plaintiff refiling these claims now that plaintiff has met the requirements of the California Tort Claims Act.

For the same reasons, the Court must also dismiss plaintiff's seventh and eighth causes of actions, which relate to his termination and were not included in his original complaint. Plaintiff has put forth no evidence that he has presented these termination-related claims to the public entity, or that the public entity has rejected them. The Court therefore GRANTS defendant's motion to dismiss the seventh and eighth causes of action of plaintiff's amended complaint.

As for plaintiff's state law claim of gender discrimination, the Court finds that plaintiff has not exhausted his administrative remedies. Prior to filing suit, a plaintiff alleging a claim under the California Fair Employment and Housing Act must receive a right-to-sue letter from the Department of Fair Employment and Housing. *See* Cal. Gov't Code § 12965(b); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 213-14 (1982). Defendant first argued that the discrimination claim should be dismissed because plaintiff did not exhaust his administrative remedies. Defendant now states

that the claim was exhausted because plaintiff received a right-to-sue letter after filing his original complaint. This is incorrect. An individual must exhaust his administrative remedies and receive a right-to-sue letter *before* filing a lawsuit, otherwise the Court lacks jurisdiction. *See Miller*, 174 Cal. App. 3d at 890. Plaintiff did not receive the right-to-sue letter until June 7, 2008, Lewis Decl. at ex. D, a few weeks after he filed his lawsuit on May 22, 2008. The Court therefore lacks jurisdiction over plaintiff's claim for gender discrimination, and he must re-file his claim. *Miller*, 174 Cal. App. 3d at 890. Accordingly, the Court GRANTS defendant's motion to dismiss the fifth cause of action of plaintiff's amended complaint.

As to plaintiff's federal law claims – the first through fourth causes of action of the amended complaint – the Court also finds that dismissal is appropriate. Plaintiff brought these claims under 42 U.S.C. § 1983, alleging that defendant violated plaintiff's constitutional right to privacy and his due process rights, as well as conspired against him to violate these rights, when defendant released the investigator's report regarding allegations of sexual harassment and terminated him from his position. Defendant first argues that the claims must be dismissed because they are predicated on a violation of California law, not federal law. Defendant is correct that plaintiff cannot state a § 1983 claim based on a violation of California law, *see Paul v. Davis*, 424 U.S. 693, 699-700 (1976), such that plaintiff's federal claims must be dismissed to the extent they allege a violation of California Penal Code § 832.7(a), which makes it a crime to disclose the personnel records of police officers in criminal and civil proceedings.

Next, defendant argues that plaintiff cannot assert a violation of his constitutional right to privacy because the actions complained of do not rise to the level of the personal privacy rights that have been recognized previously and that are "fundamental" or "implicit in the concept of ordered liberty." *Id.* at 713. The Court agrees with defendant that, as alleged, plaintiff has stated a potential violation that is "far afield" from the line of decisions providing a substantive due process right to personal privacy in the areas "marriage, procreation, contraception, family relationships, and child rearing and education." *Id.*; *see also Baker v. Howard*, 419 F.2d 376, 377 (9th Cir. 1969) (publication of a false statement suggesting that the plaintiff had committed a crime did not rise to the level of "a gross abuse of privacy" that would "amount to an abridgment of fundamental constitutional

8

guarantees"). For this reason, the Court GRANTS defendant's motion to dismiss plaintiff's federal law and related conspiracy claims to the extent they rely on plaintiff's substantive due process right to privacy under the Fourteenth Amendment.

This leaves potential federal claims for (1) retaliation in violation of plaintiff's First Amendment rights and (2) termination and disclosure of information without due process of law. *See* Amended Complaint at ¶¶ 41, 47, 52. Plaintiff's complaint alleges that defendant terminated plaintiff in retaliation for complaining about the disclosure of the investigation report, that defendant disregarded the procedures laid out in its own personnel rules and regulations when it disclosed the investigator's report, and that defendant disregarded its procedures when it terminated plaintiff. The Court finds that although these bare-bones allegations may be sufficient to survive a motion to dismiss, the inchoate nature of this case leads the Court to conclude that dismissal is appropriate. First, the parties are scheduled to engage in arbitration regarding plaintiff's employment. Second, plaintiff must ensure that he has exhausted his administrative remedies and presentation requirements, including for his newly-alleged causes of action, prior to re-filing many of his state law claims. Under these circumstances, the Court finds it appropriate to dismiss plaintiff's entire complaint without prejudice to refiling at a later date. Accordingly, the Court GRANTS defendant's motion to dismiss the remainder of plaintiff's federal law claims.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to strike plaintiff's state law claims [Docket No. 16]. The Court also GRANTS defendant's motion to dismiss plaintiff's complaint [Docket No. 24]. If plaintiff wishes to do so, he may file a new complaint to take into account the Court's rulings in this order.

**IT IS SO ORDERED.**

Dated: October 7, 2008

SUSAN ILLSTON
United States District Judge

9